IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANTONIO HADLEY**

*Plaintiff*,

*v.*

**CITY OF HARTFORD,**

*Defendants.*

Case No. 1:26-cv-02428

Hon.

(Removed from the 36th Circuit Court for the County of Van Buren, Michigan, Case No. 2026-75527-CZ)

**NOTICE OF REMOVAL**

Defendant City of Hartford ("Defendant"), by its attorneys, Curcio Law Firm PLC, and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes the above-captioned action from the 36th Circuit Court for the County of Van Buren, State of Michigan, to the United States District Court for the Western District of Michigan, Southern Division. In support of this Notice of Removal, Defendant states as follows:

1. On or about February 13, 2026, Plaintiff Antonio Hadley ("Plaintiff"), appearing pro se, commenced a civil action against Defendant in the 36th Circuit Court for the County of Van Buren, State of Michigan, captioned *Antonio Hadley v. City of Hartford*, Case No. 2026-75527-CZ (the "State Court Action").

2. Plaintiff's original Complaint asserted three counts, each arising exclusively under Michigan law: Count I, alleging violation of the Michigan Freedom of Information Act, MCL 15.231 et seq.; Count II, styled "Injunctive Relief"; and Count III, alleging abuse of process. The

original Complaint asserted no claim arising under the Constitution, laws, or treaties of the United States, and the action as originally pleaded was not removable.

3. By Opinion and Order dated June 18, 2026, the state court dismissed Count III with prejudice, dismissed Counts I and II as pleaded, and granted Plaintiff twenty-one days to seek leave to amend Counts I and II.

4. Plaintiff moved for leave to amend on June 30, 2026, and, pursuant to the state court's directive, filed and served his proposed First Amended Complaint on July 16, 2026.

5. The proposed First Amended Complaint asserted, for the first time, a federal claim. Specifically, proposed Count II, brought under 42 U.S.C. § 1983, alleged deprivation of a protected utility service interest without due process of law in violation of the Fourteenth Amendment to the United States Constitution, together with a municipal-liability theory under *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

6. By Opinion and Order dated August 18, 2026 (the "August 2026 Order"), the state court denied leave to amend as to Count I as futile, dismissed that count with prejudice, and granted leave to amend as to Count II. A true and correct copy of the August 2026 Order is included in the compilation of state court proceedings attached as **Exhibit A** and **Exhibit B**. The compilation is broken into two parts in order to comply with ECF file-size requirements.

7. As the August 2026 Order expressly states, amended Count II — the § 1983 due process and Monell claim — "is the only claim that remains in the case."

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the sole remaining claim arises under the Constitution and laws of the United States,

namely the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1343(a)(3).

9. This action is therefore removable pursuant to 28 U.S.C. § 1441(a), which permits removal of any civil action brought in a State court of which the district courts of the United States have original jurisdiction, to the district court of the United States for the district and division embracing the place where such action is pending.

10. Where (as here) a case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

11. Because Plaintiff's proposed First Amended Complaint could not take effect unless and until the state court granted leave to amend, this action first became removable upon entry of the August 2026 Order granting leave to amend as to Count II. See, e.g., *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (removal clock runs from the grant of leave to amend, because until then "there is no basis for removal" and the proposed amendment "may never become a part of the case").

12. This Notice of Removal is filed within thirty days of entry of the August 2026 Order and is therefore timely under 28 U.S.C. § 1446(b)(3).

13. Venue is proper in this Court. The State Court Action is pending in the 36th Circuit Court for the County of Van Buren, Michigan. Van Buren County lies within the Southern Division of the Western District of Michigan, see 28 U.S.C. § 102(b)(1), and this Court is accordingly the district and division embracing the place where the action is pending. 28 U.S.C. § 1441(a).

14. Defendant City of Hartford is the sole defendant in this action. Accordingly, all defendants that have been properly joined and served join in and consent to the removal of this action. 28 U.S.C. § 1446(b)(2)(A).

15. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon or filed by Defendant in the State Court Action, including the docket sheet, are attached collectively as Exhibits A and B.

16. Pursuant to 28 U.S.C. § 1446(d), Defendant is promptly filing a written Notice of Filing of Notice of Removal with the Clerk of the 36th Circuit Court for the County of Van Buren, and is serving written notice of this removal upon Plaintiff. A copy of that notice (without exhibits) is attached as **Exhibit C**.

17. By removing this action, Defendant does not waive, and expressly reserves, all defenses, objections, and motions available to it, including without limitation those preserved by the state court's June 18, 2026 and August 18, 2026 Opinions and Orders, all of which remain in full force and effect upon removal pursuant to 28 U.S.C. § 1450.

18. If any question arises as to the propriety of this removal, Defendant respectfully requests the opportunity to submit briefing and argument, and to conduct any discovery necessary, in support of its position that removal is proper.

WHEREFORE, Defendant City of Hartford hereby removes this action from the 36th Circuit Court for the County of Van Buren, State of Michigan, to the United States District Court for the Western District of Michigan, Southern Division.

DATED: August 26, 2026

Respectfully submitted,

By: /s/ *C. Nicholas Curcio*

C. Nicholas Curcio
CURCIO LAW FIRM, PLC
16905 Birchview Drive
Nunica, MI 49448
Telephone: (616) 430-2201