# Exhibit A

# Case Details

Additional Resources

**Case ID**
2026-0000075527-CZ

**Court Location**
36th Circuit Court - Paw Paw

**Case Entitlement**
HADLEY V CITY OF HARTFORD

**Judge of Record**
METZGER,SUSAN,

**Date Filed**
02/12/2026

**Case Status**
OPEN

**Closed Date**

**Balance**

## Parties (2)

**Party Name**
HADLEY,ANTONIO,

**Party Type/Number**
PLAINTIFF - 1

**Attorney Name**

**Alternate Name(s)**

**Answer Date**

**Service Date**

**Disposition**

**Disposition Date**

**Party Name**
CITY OF HARTFORD

**Party Type/Number**
DEFENDANT - 1

**Attorney Name**
CHARLES NICHOLAS CURCIO

**Alternate Name(s)**

**Answer Date**
02/20/2026

**Service Date**

**Disposition**

**Disposition Date**

### Party Action(s)

| Category | Action | Action Date | Action Due Date |
|---|---|---|---|
| PARTY ANSWER | ANSWER, CIVIL | 02/20/2026 | |

## Bonds (0)

## Hearings (2)

**Hearing Type**
MOTION HEARING

**Hearing Date**
07/14/2026

**Hearing Officer**
METZGER, SUSAN

**Hearing Result**
DCRCR3 RECORDER

**Hearing Type**
MOTION FOR SUMMARY DISPOSITION

**Hearing Date**
06/15/2026

**Hearing Officer**
METZGER, SUSAN

**Hearing Result**
DCRCR3 RECORDER

## Financial Orders (0)

## Events (67)

**Event Date**
08/19/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| OPINION AND ORDER | | 73 - VAB |

**Judge**
METZGER,SUSAN,

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| PARTY NOTIFICATION | | 74 - VAB |

**Judge**
METZGER,SUSAN,

**Event Date**
08/07/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| NOTICE | P1 | 71 - VAB |

**Comment**
PLNTF'S SUPPLEMENTAL NOTICE OF CONTINUING CONDUCT BY CITY MANAGER NICOLE BROWN DURING THE PENDENCY OF THIS LITIGATION

**Judge**
METZGER,SUSAN,

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| PROOF OF SERVICE | | 72 - VAB |

**Judge**
METZGER,SUSAN,

**Event Date**
07/30/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| PROOF OF SERVICE | | 70 - BM |

**Judge**
METZGER,SUSAN,

**Event Date**
07/27/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| RESPONSE | D1 | 67 - VAB |

**Comment**
DEFT'S SUPPLEMENTAL RESPONSE TO PLNTF'S MOTIN FOR LEAVE TO FILE 1ST AMENDED COMPLAINT

**Judge**
METZGER,SUSAN,

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| PROOF OF SERVICE | | 68 - VAB |

**Judge**
METZGER,SUSAN,

**Event Date**
07/17/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| NOTICE OF PRESENTMENT - 7 DAY | D1 | 65 - VAB |

| Comment | Judge |
|---|---|
| W/ORIGINAL ORDER ATTACHED (ORDER FOLLOWING JULY 14, 2026 MOTION HEARING) | METZGER,SUSAN, |

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| PROOF OF SERVICE | | 66 - VAB |

**Judge**
METZGER,SUSAN,

**Event Date**
07/16/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| AMENDED COMPLAINT | P1 | 63 - VAB |

| Comment | Judge |
|---|---|
| 1ST AMENDED | METZGER,SUSAN, |

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| PROOF OF SERVICE | | 64 - VAB |

**Judge**
METZGER,SUSAN,

**Event Date**
07/14/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| MOTION HEARING | | 62 - KC |

| Comment | Judge |
|---|---|
| PRESENT IN PERSON ANTONIO HADLEY/ VIA ZOOM NICHOLAS CURCIO/ COURT SWEARS ANTONIO HADLEY/ COURT HEARS COMMENTS OF COUNSEL AND PARTIES/ COURT GRANTS UNTIL FRIDAY FOR MR. HADLEY TO ADMIT AMENDED COMPLAINT/ ATTY CURCIO UNTIL 31ST TO FILE RESPONSE/ COURT TAKES MATTER UNDER ADVISEMENT AND WILL ISSUE WRITTEN OPINION AFTER RECEIVING BOTH PARTIES DOCUMENTS/ | METZGER,SUSAN, |

ATTY CURCIO TO PREPARE ORDER UNDER 7 DAY

**Program/Results**
DCRCR3 RECORDER

**Event Date**
07/09/2026

| Description | Party/Count | Event No./Clerk |
| --- | --- | --- |
| RESPONSE | D1 | 55 - VAB |

**Comment**
DEFTS' RESPONSE IN OPPOSITION TO MOTION TO FILE FIST AMENDED COMPLAINT

**Judge**
METZGER,SUSAN,

| Description | Party/Count | Event No./Clerk |
| --- | --- | --- |
| PROOF OF SERVICE | | 56 - VAB |

**Judge**
METZGER,SUSAN,

| Description | Party/Count | Event No./Clerk |
| --- | --- | --- |
| RESPONSE | P1 | 57 - VAB |

**Comment**
PLNTF'S RESPONSE TO DEFT CITY OF HARTFORD'S MOTION TO STAY DISCOVERY

**Judge**
METZGER,SUSAN,

| Description | Party/Count | Event No./Clerk |
| --- | --- | --- |
| BRIEF FILED | P1 | 58 - VAB |

**Comment**
IN OPPOSITION TO DEFT CITY OF HARTFORD'S MOTION TO STAY DISCOVERY

**Judge**
METZGER,SUSAN,

| Description | Party/Count | Event No./Clerk |
| --- | --- | --- |
| AFFIDAVIT | | 59 - VAB |

**Comment**
OF ANTONIO HADLEY IN SUPPORT OF PLNTF'S RESPONSE AND BRIEF IN OPPOSI- TION TO DEFT'S MOTION TO STAY DISCOVERY

**Judge**
METZGER,SUSAN,

**Description** **Party/Count** **Event No./Clerk**

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| EXHIBIT LIST | P1 | 60 - VAB |
| Judge: METZGER,SUSAN, | | |

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| PROOF OF SERVICE | | 61 - VAB |
| Judge: METZGER,SUSAN, | | |

**Event Date**
07/08/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| MOTION FILED WITH FEE | D1 | 51 - BM |
| Comment: DEFENDANT CITY OF HARTFORD'S MOTION TO STAY DISCOVERY | Judge: METZGER,SUSAN, | |

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| BRIEF IN SUPPORT OF MOTION | D1 | 52 - BM |
| Judge: METZGER,SUSAN, | | |

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| NOTICE OF HEARING | | 53 - BM |
| Judge: METZGER,SUSAN, | | |

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| PROOF OF SERVICE | | 54 - BM |
| Judge: METZGER,SUSAN, | | |

**Event Date**
07/06/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| MOTION FILED WITH FEE | P1 | 44 - JVB |
| Comment: PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS | Judge: METZGER,SUSAN, | |

**Description**
NOTICE OF HEARING

**Party/Count**
P1

**Event No./Clerk**
47 - JVB

**Judge**
METZGER,SUSAN,

**Description**
PROOF OF SERVICE

**Party/Count**
P1

**Event No./Clerk**
48 - JVB

**Judge**
METZGER,SUSAN,

**Description**
SET CASE ON CALENDAR

**Party/Count**

**Event No./Clerk**
49 - KC

**Judge**
METZGER,SUSAN,

**Next Hearing**
07/14/2026 2:30 PM - MOTION HEARING
Hearing Officer - METZGER,SUSAN,
Location - 3
Comment - to compel

**Description**
SET CASE ON CALENDAR

**Party/Count**

**Event No./Clerk**
50 - KC

**Judge**
METZGER,SUSAN,

**Next Hearing**
07/14/2026 2:30 PM - MOTION HEARING
Hearing Officer - METZGER,SUSAN,
Location - 3
Comment - to request stay of discovery

**Event Date**
06/30/2026

**Description**
MOTION FILED WITH FEE

**Party/Count**
P1

**Event No./Clerk**
40 - VAB

**Comment**
PLNTF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**Judge**
METZGER,SUSAN,

**Description**
PROOF OF SERVICE

**Party/Count**

**Event No./Clerk**
41 - VAB

**Judge**
METZGER,SUSAN,

**Description**
PROOF OF SERVICE

**Party/Count**

**Event No./Clerk**
42 - VAB

**Judge**

METZGER,SUSAN,

**Description**
SET CASE ON CALENDAR

**Party/Count**

**Event No./Clerk**
43 - KC

**Judge**
METZGER,SUSAN,

**Next Hearing**
07/14/2026 2:30 PM - MOTION HEARING
Hearing Officer - METZGER,SUSAN,
Location - 3
Comment - for leave to file first amended complaint

**Event Date**
06/24/2026

**Description**
OPINION AND ORDER

**Party/Count**

**Event No./Clerk**
38 - VAB

**Judge**
METZGER,SUSAN,

**Description**
PARTY NOTIFICATION

**Party/Count**

**Event No./Clerk**
39 - VAB

**Judge**
METZGER,SUSAN,

**Event Date**
06/15/2026

**Description**
MOTION FOR SUMMARY DISPOSITION

**Party/Count**

**Event No./Clerk**
37 - KC

**Comment**
present in person Antonio Hadley/ via zoom Atty Curcio/ court hears comments of counsel and parties/ court takes matter under advisement and will issue a written opinion

**Judge**
METZGER,SUSAN,

**Program/Results**
DCRCR3 RECORDER

**Event Date**
06/10/2026

**Description**

**Party/Count**

**Event No./Clerk**

AFFIDAVIT | 36 - VAB

**Comment**
OF ANTONIO HADLEY

**Judge**
METZGER,SUSAN,

**Event Date**
06/02/2026

**Description**
RESPONSE

**Party/Count**
P1

**Event No./Clerk**
34 - VAB

**Comment**
PLNTF'S RESPONSE TO DEFT'S MOTION FOR SUMMARY DISPOSITION W/AFFIDAVIT AND EXHIBITS ATTACHED

**Judge**
METZGER,SUSAN,

**Description**
PROOF OF SERVICE

**Party/Count**

**Event No./Clerk**
35 - VAB

**Judge**
METZGER,SUSAN,

**Event Date**
05/29/2026

**Description**
SET CASE ON CALENDAR

**Party/Count**

**Event No./Clerk**
33 - KC

**Judge**
METZGER,SUSAN,

**Next Hearing**
06/15/2026 1:30 PM - MOTION FOR SUMMARY DISPOSITION
Hearing Officer - METZGER,SUSAN,
Location - 3

**Event Date**
05/21/2026

**Description**
INTERROGATORIES

**Party/Count**
P1

**Event No./Clerk**
30 - VAB

**Comment**
PLNTF'S 1ST INTERROGATORIES TO DEFT CITY OF HARTFORD

**Judge**
METZGER,SUSAN,

**Description**
REQUEST

**Party/Count**
P1

**Event No./Clerk**
31 - VAB

**Comment**
PLNTF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND FIRST REQUESTS FOR ADMISSION TO DEFT CITY OF HARTFORD

**Judge**
METZGER,SUSAN,

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| PROOF OF SERVICE | | 32 - VAB |

**Comment**
CERT OF SERVICE

**Judge**
METZGER,SUSAN,

**Event Date**
05/20/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| RESPONSE | D1 | 28 - VAB |

**Comment**
TO PLNTF'S 1ST REQUESTS FOR ADMISSION W/CERT OF SERVICE ATTACHED

**Judge**
METZGER,SUSAN,

**Event Date**
05/12/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| MOTION FILED WITH FEE | D1 | 24 - VAB |

**Comment**
DEFT CITY OF HARTFORD'S MOTION FOR SUMMARY DISPOSITION

**Judge**
METZGER,SUSAN,

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| BRIEF IN SUPPORT OF MOTION | D1 | 25 - VAB |

**Comment**
FOR SUMMARY DISPOSITION

**Judge**
METZGER,SUSAN,

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| NOTICE OF HEARING | | 26 - VAB |

**Judge**
METZGER,SUSAN,

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| PROOF OF SERVICE | | 27 - VAB |

Judge
METZGER,SUSAN,

Event Date
04/28/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| ORDER | | 23 - VAB |

Comment
DENYING CIVIL CONTEMPT SANCTIONS

Judge
METZGER,SUSAN,

Event Date
04/27/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| PROOF OF SERVICE | P1 | 22 - JVB |

Judge
METZGER,SUSAN,

Event Date
04/10/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| RESPONSE | D1 | 19 - VAB |

Comment
TO MOTION TO ENFORCE ORDER RESTRAINING DEFT AND FOR ORDER TO SHOW CAUSE WHY DEFT SHOULD NOT BE HELD IN CONTEMPT OF COURT

Judge
METZGER,SUSAN,

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| PROOF OF SERVICE | | 20 - VAB |

Comment
CERT OF SERVICE

Judge
METZGER,SUSAN,

Event Date
03/31/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| PROOF OF SERVICE | | 18 - VAB |

Judge

METZGER,SUSAN,

**Event Date**
03/23/2026

**Description**
MOTION FILED WITH FEE

**Party/Count**
P1

**Event No./Clerk**
13 - VAB

**Comment**
TO ENFORCE ORDER RESTRAINING DEFT AND FOR ORDER TO SHOW CAUSE WHY DEFT SHOULD NOT BE HELD IN CONTEMPT OF COURT

**Judge**
METZGER,SUSAN,

**Description**
PROOF OF SERVICE

**Party/Count**

**Event No./Clerk**
14 - VAB

**Judge**
METZGER,SUSAN,

**Description**
SET CASE ON CALENDAR

**Party/Count**

**Event No./Clerk**
15 - KC

**Judge**
METZGER,SUSAN,

**Next Hearing**
04/28/2026 1:30 PM - MOTION HEARING
Hearing Officer - METZGER,SUSAN,
Location - 3
Comment - eo enforce order restraining defendant & order to show cause

**Description**
NOTICE OF HEARING

**Party/Count**
P1

**Event No./Clerk**
16 - JVB

**Judge**
METZGER,SUSAN,

**Event Date**
02/20/2026

**Description**
RESPONSE

**Party/Count**
D1

**Event No./Clerk**
7 - VAB

**Comment**
DEFT'S RESPONSE TO THE COURT'S 2/13/26 EX PARTE ORDER

**Judge**
METZGER,SUSAN,

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| PROOF OF SERVICE | | 8 - VAB |

**Judge**
METZGER,SUSAN,

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| PROOF OF SERVICE | | 9 - VAB |

**Judge**
METZGER,SUSAN,

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| ANSWER, CIVIL | D1 | 10 - VAB |

| Comment | Judge |
|---|---|
| AND AFFIRMATIVE DEFENSES | METZGER,SUSAN, |

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| ORDER | | 11 - VAB |

| Comment | Judge |
|---|---|
| RESTRAINING DEFT DURING THE PENDENCY OF THE SUIT | METZGER,SUSAN, |

**Event Date**
02/13/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| SET CASE ON CALENDAR | | 5 - KC |

| Judge | Next Hearing |
|---|---|
| METZGER,SUSAN, | 02/20/2026 1:30 PM - MOTION HEARING<br>Hearing Officer - METZGER,SUSAN,<br>Location - 3<br>Comment - regarding exparte TRO |

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| ORDER | | 6 - VAB |

| Comment | Judge |
|---|---|
| EX PARTE ORDER GRANTING TEMPORARY RESTRAINING ORDER | METZGER,SUSAN, |

**Event Date**
02/12/2026

| Description | Party/Count | Event No./Clerk |
|---|---|---|

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| FEES WAIVED SUMMONS AND COMPLAINT | P1 | 1 - VAB |
| **Judge** METZGER,SUSAN, | | |

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| COMPLAINT | P1 | 2 - VAB |
| **Comment** AND JURY DEMAND | **Judge** METZGER,SUSAN, | |

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| AFFIDAVIT AND ORDER, SUSPENSION OF FEES/COSTS | P1 | 3 - VAB |
| **Judge** METZGER,SUSAN, | | |

| Description | Party/Count | Event No./Clerk |
|---|---|---|
| MOTION | P1 | 4 - VAB |
| **Comment** FOR EX PARTE TEMPORARY RESTRAINING ORDER | **Judge** METZGER,SUSAN, | |

STATE OF MICHIGAN
IN THE 36TH CIRCUIT COURT
COUNTY OF VAN BUREN

ANTONIO HADLEY,
Plaintiff,

CITY OF HARTFORD
FEB 13 2026
PAID

v.

CITY OF HARTFORD,
Defendant.

Case No. 26-075527-CZ
Hon. Michael T. McKay MTM

---

EX PARTE ORDER GRANTING TEMPORARY RESTRAINING ORDER

At a session of said Court held in the Van Buren County Courthouse, Paw Paw, Michigan, on February 13, 2026, 2026. MTM

PRESENT: Hon. Michael T. McKay MTM
for Judge Susan Metzger MTM

This matter having come before the Court on Plaintiff Antonio Hadley's Ex Parte Motion for Temporary Resaining Order pursuant to MCR 3.310(B), and the Court having reviewed the Motion, Affidavit, and Exhibits, and being otherwise fully advised;

---

THE COURT FINDS:

1. Plaintiff has demonstrated that immediate and irreparable injury will occur before Defendant can be heard in opposition, including the loss of essential residential water service during winter conditions.
2. The lack of water creates ongoing health, sanitation, and safety risks to the household.
3. Temporary injunctive relief is necessary to preserve the status quo pending a full hearing.

---

IT IS HEREBY ORDERED:

. Immediate Restoration of Water Service

he City of Hartford, its Water Department, agents, employees, contractors, and all persons acting in concert with iem, shall immediately restore water service to Plaintiff's residence located at:

!2 Paras Hill Dr
artford, MI 49057

upon receipt of this Order.

Defendant shall treat this as an emergency reconnection and shall not require payment, deposit, fees, or additional conditions as a prerequisite to restoring service pending further order of this Court.

---

**B. Temporary Restraint of Further Shutoff or Enforcement**

Defendant is hereby temporarily restrained from:

- Terminating or interrupting water service;
- Locking, disabling, or obstructing service;
- Initiating further shutoff actions related to the disputed account;

until further order of this Court.

---

**C. Service and Hearing**

Plaintiff shall promptly serve Defendant with the Summons, Complaint, Motion, Affidavit, Exhibits, and this Order.

The Court shall schedule a hearing to determine whether this Temporary Restraining Order shall remain in effect as a Preliminary Injunction. The hearing is scheduled for Friday, February 20, 2026 at 1:30 p.m. before the Hon. Susan Metzger. The parties or their authorized representatives shall appear in person for the hearing at the Van Buren County Courthouse, 212 E. Paw Paw Street, Paw Paw Michigan 49079. [initials]

**D. Bond**

The Court waives the requirement of bond pursuant to MCR 3.310(B), as this matter involves essential residential water service and immediate health considerations.

---

**E. Effective Immediately**

This Order is effective immediately upon signing and shall remain in effect until modified by further order of this Court.

---

IT IS SO ORDERED.

Date: February 13, 2026 [initials]

---

Hon. [signature]

Circuit Court Judge Hon. Michael T. McKay

TRUE COPY
FEB 13 2026
Van Buren County Clerk

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>36th JUDICIAL CIRCUIT<br>Van Buren COUNTY | SUMMONS | CASE NUMBER<br>26-075527-CZ |
|---|---|---|

Court address: 219 E Paw Paw St Paw Paw Michigan 49079

Court telephone number: (269) 657-8211

| Plaintiff's name, address, and telephone number | v | Defendant's name, address, and telephone number |
|---|---|---|
| Antonio Hadley<br>122 Paras Hill Dr<br>Hartford Michigan 49057 | | City of Hartford<br>19 West Main st<br>Hartford Michigan 49057 |
| Plaintiff's attorney bar number, address, and telephone number | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________________

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 2/12/26 | 5/13/2026 | SUZIE ROEHM |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

Summons (3/23)

**Case Number** ____________________

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| | |
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Fee<br>$ | |
|---|---|---|---|
| Incorrect address fee<br>$ | Miles traveled | Fee<br>$ | TOTAL FEE<br>$ |

____________________
Signature

____________________
Name (type or print)

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

____________________ on ____________________.
Attachments (if any) Date and time

____________________ on behalf of ____________________
Signature

____________________
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

**ANTONIO HADLEY,**
**Plaintiff,**

**v.** **Case No.** 26-D75527-CZ
**Hon.** ______________

**CITY OF HARTFORD,**
**Defendant.**
_______________________________________/

**COMPLAINT AND JURY DEMAND**

**NOW COMES Plaintiff, Antonio Hadley, appearing in propria persona, and states as follows:**

---

**GENERAL ALLEGATIONS**

1. Plaintiff resides at 122 Paras Hill Drive, Hartford, Michigan.
2. Defendant City of Hartford is a municipal corporation located in Van Buren County, Michigan.
3. This action arises from a disputed municipal water billing account and Defendant's refusal to provide requested public records under the Michigan Freedom of Information Act ("FOIA"), MCL 15.231 et seq.
4. Defendant has claimed water usage exceeding 234,000 gallons.
5. Defendant's own internal "Harmony Encore" reports dated December 13, 2025 and January 13, 2026 reflect a physical meter reading of 49,940 gallons.
6. Plaintiff disputes the accuracy and legality of Defendant's billing calculations.

---

**COUNT I**

**VIOLATION OF MICHIGAN FOIA (MCL 15.231 et seq.)**

7. On November 4, 2025, Plaintiff submitted a formal FOIA request seeking meter audit logs, billing data, and related usage records.
8. Defendant failed to produce the requested records within the time required by statute.
9. Defendant has withheld the requested records for over ninety (90) days.
10. Defendant's refusal to produce records while simultaneously pursuing enforcement action is arbitrary and capricious.

WHEREFORE, Plaintiff requests:

A. An order compelling production of the requested records;
B. A civil fine of $1,000 pursuant to MCL 15.240(7);
C. A civil fine of $2,500 pursuant to MCL 15.240b for willful and intentional noncompliance;
D. Costs and any further relief permitted by law.

---

**COUNT II**

**INJUNCTIVE RELIEF**

11. On February 10, 2026, Defendant terminated water service to Plaintiff's residence.
12. Minor children reside in the home.
13. The termination occurred during winter conditions.
14. The loss of water service has caused and continues to cause irreparable harm affecting sanitation, hygiene, and health.

WHEREFORE, Plaintiff requests:

A. Immediate restoration of water service;
B. Temporary and permanent injunctive relief as appropriate;
C. Any further equitable relief deemed just.

---

**COUNT III**

**ABUSE OF PROCESS**

15. Defendant obtained and executed an administrative search warrant (Report No. 26-0025) relating to Plaintiff's water service.
16. Plaintiff alleges the warrant was used to enforce a disputed civil billing matter.
17. Plaintiff seeks judicial review of the warrant affidavit and supporting representations.

WHEREFORE, Plaintiff requests:

A. Review of the warrant affidavit;
B. Damages as allowed by law;
C. Any further relief deemed just.

---

**JURY DEMAND**

**Plaintiff demands trial by jury on all issues so triable.**

**Date:** 2-12-26

[signature]

**Antonio Hadley**
**Plaintiff, Pro Se**

TRUE COPY
FEB 12 2026
...Buren County Clerk

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

**ANTONIO HADLEY,**
**Plaintiff,**

**v.** **Case No.** 26-075527-CZ
**Hon.** ______________

**CITY OF HARTFORD,**
**Defendant.**
_______________________________________/

**MOTION FOR EX-PARTE TEMPORARY RESTRAINING ORDER**

**NOW COMES Plaintiff, Antonio Hadley, and pursuant to MCR 3.310(B) moves this Court for a Temporary Restraining Order and states:**

1. On February 10, 2026, Defendant terminated water service to Plaintiff's residence.
2. Minor children reside in the home.
3. Plaintiff has a pending dispute and active litigation concerning the underlying billing and public records.
4. The absence of water creates immediate and irreparable harm.
5. Immediate restoration is necessary to prevent further harm.

WHEREFORE, Plaintiff respectfully requests:

A. Entry of an Ex-Parte Temporary Restraining Order requiring Defendant to immediately restore water service pending further proceedings;
B. Any additional relief the Court deems appropriate.

Date: 2-12-26

Antonio Hadley

**Antonio Hadley**
**Plaintiff, Pro Se**

**AFFIDAVIT IN SUPPORT OF MOTION**

**STATE OF MICHIGAN**
**COUNTY OF VAN BUREN**

**AFFIDAVIT OF ANTONIO HADLEY**

**I, Antonio Hadley, being first duly sworn, state:**

1. I am the Plaintiff in this action and have personal knowledge of the facts stated herein.
2. On November 4, 2025, I submitted a formal FOIA request to the City of Hartford seeking meter audit logs and billing data.
3. The requested records have not been fully produced.
4. Internal "Harmony Encore" reports dated December 13, 2025 and January 13, 2026 reflect a meter reading of 49,940 gallons.
5. The City has billed my account for usage exceeding 234,000 gallons.
6. On February 10, 2026, the City executed a warrant and terminated water service to my residence.
7. Minor children reside in the home.
8. The loss of water is causing immediate hardship affecting sanitation and health.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

___ Antonio Hadley

**Antonio Hadley**

**Subscribed and sworn before me this** 12th **day of** February**, 2026.**

___ Valerie A Beeching

**Notary Public** Valerie A. Beeching
Van Buren County, Michigan

**My commission expires:** Aug 10, 2032

**FOIA VIOLATION NOTICE – IMMEDIATE COMPLIANCE REQUIRED**

**City of Hartford – FOIA Coordinator**
**19 West Main Street**
**Hartford, MI 49057**

RECEIVED
DEC 08 2025
CITY OF HARTFORD

**Dear City Clerk / FOIA Coordinator,**

**This letter serves as a formal notice of violation under the Michigan Freedom of Information Act, MCL 15.231 et seq.**

**On November 26, 2025, I submitted a written FOIA request seeking:**

- **The full water billing ledger for Account #00122-0000-02;**
- **All meter readings and meter test documentation;**
- **All work orders and service notes related to my water account;**
- **All billing adjustments, internal comments, and account activity records.**

**Under MCL 15.235(2), the City was required to respond to my request within 5 business days —by December 2, 2025—by either:**

1. Granting the request;
2. Issuing a written denial; or
3. Issuing a proper written extension.

To date, I have received **no response, no denial, and no extension.**

**This failure to respond is a direct violation of MCL 15.235(2).**

**In addition, the City's non-response is occurring in the context of documented shutoff issues and inconsistent billing, as outlined in Exhibit C – Master Timeline of Violations, attached or referenced with this notice.**

**DEMAND FOR IMMEDIATE COMPLIANCE**

**Pursuant to MCL 15.240(1)(b) and related FOIA enforcement provisions, I hereby demand:**

1. **Immediate production of all requested records in full, unredacted form;**
2. **Written confirmation that all responsive records have been preserved and not destroyed, altered, or withheld;**
3. **A written explanation for the failure to comply with FOIA deadlines, as required by law.**

**If I do not receive the full set of requested documents within 24 hours of your receipt of this notice, I will proceed to:**

- **File a formal FOIA appeal;**
- **Submit a complaint to the Michigan Attorney General; and**
- **Seek all available remedies, including statutory damages and attorney fees, under MCL 15.240.**

**Non-response to this notice will be treated as further evidence of bad-faith withholding and administrative misconduct.**

**Sincerely,**

**Antonio Hadley**
**122 Paras Hill Dr**
**Hartford, MI 49057**
**Account #: 00122-0000-02**
**Phone:** 269-336-9909
**Email:** antoniohadley@gmail.com

**FORMAL ADMINISTRATIVE LIABILITY NOTICE**
**City of Hartford – Office of the City Manager**
**Attn: Nicole Brown, City Manager**
**19 West Main Street**
**Hartford, MI 49057**

RECEIVED
DEC 08 2025
CITY OF HARTFORD

**Re: Account #00122-0000-02 – Water Billing, Shutoff Activity & FOIA Non-Compliance**

**Dear Ms. Brown,**

**This letter is to formally notify you, as City Manager, of a pattern of violations and administrative failures involving my water account and the conduct of the Water Department.**

**As set forth in Exhibit C – Master Timeline of Violations, the following has occurred:**

1. **Improper / Illegal Shutoff During Relief Period**

**Water service was disconnected on November 7, 2025, despite:**

- **An active SER protection window through November 6;**
- **A payment of $534 made on November 6, 2025;**
- **Ongoing assistance through DHS.**

2. **Mishandling of Payments & Conflicting Ledgers**

**After payments of $200, $534, $140, plus DHS payments of $350 and $50, the account still reflected contradictory balances (including $621, $537, and $538) in different statements and communications.**
**This raises serious concerns regarding internal accounting, proper application of payments, and record integrity.**

3. **Improper Shutoff Notice Timing**

**A shutoff notice mailed on or about November 19, 2025 with a November 20, 2025 due date effectively provided only one day for compliance, which is inconsistent with reasonable and required notice standards for termination of essential services.**

4. **FOIA Non-Compliance**

**On November 26, 2025, I submitted a FOIA request for my account records.**
**No written response, denial, or extension was received by the statutory deadline of December 2, 2025, in violation of MCL 15.235(2).**
**This exposes the City to potential liability under MCL 15.240, including damages and costs.**

5. **Failure to Test or Replace the Meter**

**Despite repeated requests over several weeks, my water meter has not been tested or replaced, and no written documentation has been provided.**
**Without proper meter testing, the accuracy of the billing and the legitimacy of the large balances claimed cannot be verified.**

6. **Continuing Shutoff Threats During Dispute**

**A shutoff door tag was placed on my property on December 5, 2025, despite:**

- **Previous payments and assistance;**
- **An open FOIA request;**
- **An unresolved dispute over both billing and meter accuracy.**

---

**REQUESTED RESOLUTION**

**In light of the above, I am requesting that the City of Hartford take the following corrective actions:**

1. **Full review and correction of Account #00122-0000-02, including removal of all improperly assessed fees, duplicate charges, and shutoff-related costs;**
2. **Written confirmation of the corrected balance and an explanation of how prior payments (including DHS assistance) were applied;**
3. **Scheduling and completion of a proper meter test or replacement at no cost to me, with written results provided;**
4. **Immediate suspension of any shutoff activity on this account while these issues are being resolved;**
5. Consideration of **appropriate relief or damages in light of the improper shutoff, stress, and ongoing disruption created by these errors.**

**If these matters are not resolved in writing within five (5) business days, I will move forward with formal complaints to the Michigan Attorney General, applicable state oversight agencies, and will explore all available legal remedies.**

**Sincerely,**

**Antonio Hadley**
**Account #: 00122-0000-02**
**122 Paras Hill Dr**
**Hartford, MI 49057**
**Phone:** 269-336-9909
**Email:** antoniohadley@gmail.com

**FINAL CEASE & DESIST NOTICE – WATER SERVICE & ACCOUNT MISCONDUCT**

**City of Hartford Water Department**
**Attn: Roxanne [Last Name Unknown]**
**19 West Main Street**
**Hartford, MI 49057**

RECEIVED
DEC 0 8 2025
CITY OF HAR[illegible]RD

**Re: Account #00122-0000-02 – 122 Paras Hill Dr, Hartford, MI 49057**

**Dear Ms. Roxanne,**

**This letter serves as a formal and final CEASE & DESIST notice regarding any further attempts to interrupt, disconnect, threaten, or impair water service to the above property while there are unresolved disputes, open assistance activity, and outstanding legal and administrative issues.**

**As documented in Exhibit C – Master Timeline of Violations, the City:**

- **Disconnected my water on November 7, 2025 despite SER protection and a payment made on November 6, 2025;**
- **Issued a one-day shutoff notice (mailed 11/19/25, due 11/20/25), which is not consistent with Michigan's required advance notice standards;**
- **Generated conflicting account balances;**
- **Allowed a shutoff door tag to be posted on December 5, 2025, while FOIA, billing disputes, and SER-related protections were still active;**
- **Has not corrected the account or resolved meter concerns.**

**Because of this pattern, any further attempt to:**

- **Disconnect service;**
- **Post a shutoff notice;**
- **Add new late fees or "shutoff" charges; or**
- **Use the threat of shutoff to pressure payment**

**...will be documented and treated as retaliation, harassment, and misconduct in the context of an ongoing legal and administrative dispute.**

**I am directing you to:**

1. **Cease immediately from any shutoff actions or door tags on this account;**
2. **Cease adding new fees or penalties related to threatened shutoff;**
3. Direct any communication regarding the account to **written form only (no phone pressure).**

**If these actions continue, this matter will be included in an administrative complaint to the Michigan Attorney General, the appropriate state regulators, and, if necessary, a civil action for injunctive relief and damages.**

**Sincerely,**

**Antonio Hadley**
**Account #: 00122-0000-02**
**122 Paras Hill Dr**
**Hartford, MI 49057**
**Phone:** 269-336-9909
**Email:** antoniohadley@gmail.com

**EXHIBIT C — MASTER TIMELINE OF VIOLATIONS**
**City of Hartford Water Department**
**Account #00122-0000-02**
**Antonio Hadley – 122 Paras Hill Dr, Hartford, MI 49057**

RECEIVED
DEC 08 2025
CITY OF HARTFORD

**October 6 – November 6, 2025 — SER Protection Active**
State Emergency Relief (SER) protection was active on the account.
During this period, the account was legally shielded from disconnection under SER rules.

**November 6, 2025 — $534 Payment Made**
I paid $534 at the Hartford City office.
This payment brought the account into compliance during an active SER protection window.

**November 7, 2025 — Improper / Illegal Shutoff**
Despite the November 6 payment and SER protection, the City disconnected my water service on November 7.
This shutoff violated:

- SER protection requirements for households in an active assistance window;
- Michigan's required advance notice rules for shutoffs;
- Basic due process in the handling of an essential service.

**November 7–8, 2025 — Turn-On and DHS Payments**
After the shutoff, I paid an additional $140 to restore service.
Shortly after, DHS paid:

- $350 toward the bill; and
- $50 toward the turn-on fee.

These payments twice cured any claimed delinquency and extended protection under the active SER case.

**November 19, 2025 — Shutoff Notice Mailed (1-Day Deadline)**
The City mailed a shutoff notice dated 11/19/25 with a due date of 11/20/25, effectively providing only one day to respond.
This is inconsistent with Michigan's utility standards, which require meaningful advance notice before termination of service.

**November 20–21, 2025 — Conflicting Balances Issued**
Around this time, I received documents and information showing multiple different balances on the same account period, including $621, $537, and $538.
These contradictions demonstrate serious internal accounting errors or mishandling of ledger entries.

**November 26, 2025 — FOIA Request Submitted**
On November 26, 2025, I submitted a written Freedom of Information Act (FOIA) request for:

- The full billing ledger for Account #00122-0000-02;
- All meter readings and meter test logs;
- All work orders, service notes, and adjustments on the account.

**December 2, 2025 — FOIA Response Deadline Missed**
Under MCL 15.235(2), the City was required to respond to my FOIA request within 5 business days (by December 2, 2025), either granting the request, denying it in writing, or issuing a proper extension.
No response, denial, or extension was issued, putting the City in direct violation of FOIA.

**December 4, 2025 — In-Person Follow-Up, No Correction**
On or about December 4, 2025, I spoke with Roxanne in person regarding my FOIA request and the billing issues. She acknowledged the situation, but no FOIA response or corrective action followed.

**December 5, 2025 — Door Tag Posted During Active Case Window**
On December 5, 2025, a shutoff door tag was posted on my property.
This was done:

- While SER assistance and crisis-resolution activity were still active;
- After significant payments by both myself and DHS;
- While my FOIA request and dispute remained unresolved.

This action shows continuing improper shutoff activity and pressure in the middle of a documented, unresolved dispute.

**Ongoing — Meter Test Requested, Still Not Performed**
Throughout this period, I repeatedly requested that the City test or replace the meter to confirm whether the high usage being billed was accurate.
No meter test, work order, or written result has been provided.
This failure prevents accurate verification of usage and undermines the reliability of the billing that is being enforced against me.

**Summary**
This timeline reflects a pattern of:

- SER protection violations;
- Improper or illegal shutoffs;
- Contradictory account balances;
- Failure to respond to FOIA within statutory deadlines;
- Continued shutoff activity during an unresolved dispute;
- Ongoing refusal to test or replace the meter.

This Exhibit is being prepared for potential submission to state oversight agencies and for legal evaluation.

01/13/2026 11:20 AM
harmony encore

# ANTONIO HADLEY

## ACCOUNT DETAILS

| | | | |
|---|---|---|---|
| CUSTOMER NAME | ANTONIO HADLEY | ELECTRONIC ID | 1349085 |
| CUSTOMER ACCT. NO. | PARA00012200 | METER SN | 01349085 |
| SERVICE ADDRESS | 122 PARAS HILL DRIVE | SERVICE START DATE | N/A |
| ROUTE NUMBER | 1 | LAST READ DATE | 01/13/2026 01:00 AM |
| EMAIL | N/A | LAST READ (Gallons) | 49940 |
| PHONE | N/A | METER STATUS | - |

11/13/2025 - 01/13/2026 Read Frequency Daily

Legend: Alert




Total consumption for report period: 4600 (Gallons)

Legend: Change Out

| Consumption Date | Read (Gallons) | Consumption (Gallons) | Last Read Time | Read Method | Meter Status |
|---|---|---|---|---|---|
| 11/13/2025 | 45570 | 230 | 11/13/2025 11:00 PM | Fixed Network | - |
| 11/14/2025 | 45890 | 320 | 11/14/2025 11:00 PM | Fixed Network | - |
| 11/15/2025 | 46190 | 300 | 11/15/2025 11:00 PM | Fixed Network | - |
| 11/16/2025 | 46510 | 320 | 11/16/2025 11:00 PM | Fixed Network | - |
| 11/17/2025 | 46700 | 190 | 11/17/2025 11:00 PM | Fixed Network | - |
| 11/18/2025 | 46880 | 180 | 11/18/2025 11:00 PM | Fixed Network | - |
| 11/19/2025 | 47080 | 200 | 11/19/2025 11:00 PM | Fixed Network | - |


MASTER METER

# FINAL 24-HOUR WATER SHUT OFF NOTICE

MONDAY-THURSDAY 9AM-5PM
FRIDAY 9AM-4PM
PAY ONLINE AT ALLPAID.COM
USE CODE: 9267
AFTERS HOUR TURN ON FEES APPLY

**Arrangements CANNOT be made over the phone.**

**After hours drop box East side of City Hall**

**Unpaid bills are a lien on the property.**

**Shut off/Turn on Fee:**
**Water Turn on after hours: $100**

***City of Hartford***
***19 W. Main St. - 269-621-2477***

12/19/2025 08:54 AM

harmony encore

## ACCOUNT DETAILS

| | | | |
|---|---|---|---|
| CUSTOMER ACCT. NO. | PARA00012200 | ELECTRONIC ID | 1349085 |
| SERVICE ADDRESS | 122 PARAS HILL DRIVE | METER SN | 01349085 |
| ROUTE NUMBER | 1 | SERVICE START DATE | N/A |
| EMAIL | N/A | LAST READ DATE | 12/19/2025 01:00 AM |
| PHONE | N/A | LAST READ (Gallons) | 49910 |
| | | METER STATUS | - |

10/19/2025 - 12/19/2025 Read Frequency Daily

Legend: Alert




Total consumption for report period: 12520 (Gallons)

Legend: Change Out

| Consumption Date | Read (Gallons) | Consumption (Gallons) | Last Read Time | Read Method | Meter Status |
|---|---|---|---|---|---|
| 10/19/2025 | 37890 | 500 | 10/19/2025 11:00 PM | Fixed Network | - |
| 10/20/2025 | 38090 | 200 | 10/20/2025 11:00 PM | Fixed Network | - |
| 10/21/2025 | 38410 | 320 | 10/21/2025 11:00 PM | Fixed Network | - |
| 10/22/2025 | 38650 | 240 | 10/22/2025 11:00 PM | Fixed Network | - |
| 10/23/2025 | 38910 | 260 | 10/23/2025 11:00 PM | Fixed Network | - |
| 10/24/2025 | 39230 | 320 | 10/24/2025 11:00 PM | Fixed Network | - |
| 10/25/2025 | 39550 | 320 | 10/25/2025 11:00 PM | Fixed Network | - |
| 10/26/2025 | 39970 | 420 | 10/26/2025 11:00 PM | Fixed Network | - |



MASTER METER

| Consumption Date | Read (Gallons) | Consumption (Gallons) | Last Read Time | Read Method | Meter Status |
|---|---|---|---|---|---|
| 10/27/2025 | 40190 | 220 | 10/27/2025 11:00 PM | Fixed Network | - |
| 10/28/2025 | 40580 | 390 | 10/28/2025 11:00 PM | Fixed Network | - |
| 10/29/2025 | 40900 | 320 | 10/29/2025 11:00 PM | Fixed Network | - |
| 10/30/2025 | 40990 | 90 | 10/30/2025 11:00 PM | Fixed Network | - |
| 10/31/2025 | 41170 | 180 | 10/31/2025 11:00 PM | Fixed Network | - |
| 11/01/2025 | 41470 | 300 | 11/01/2025 11:00 PM | Fixed Network | - |
| 11/02/2025 | 42050 | 580 | 11/02/2025 11:00 PM | Fixed Network | - |
| 11/03/2025 | 42580 | 530 | 11/03/2025 11:00 PM | Fixed Network | - |
| 11/04/2025 | 42950 | 370 | 11/04/2025 11:00 PM | Fixed Network | - |
| 11/05/2025 | 43220 | 270 | 11/05/2025 11:00 PM | Fixed Network | - |
| 11/06/2025 | 43590 | 370 | 11/06/2025 11:00 PM | Fixed Network | - |
| 11/07/2025 | 43820 | 230 | 11/07/2025 11:00 PM | Fixed Network | - |
| 11/08/2025 | 44160 | 340 | 11/08/2025 11:00 PM | Fixed Network | - |
| 11/09/2025 | 44570 | 410 | 11/09/2025 11:00 PM | Fixed Network | - |
| 11/10/2025 | 44790 | 220 | 11/10/2025 11:00 PM | Fixed Network | - |
| 11/11/2025 | 45100 | 310 | 11/11/2025 11:00 PM | Fixed Network | - |
| 11/12/2025 | 45340 | 240 | 11/12/2025 11:00 PM | Fixed Network | - |
| 11/13/2025 | 45570 | 230 | 11/13/2025 11:00 PM | Fixed Network | - |
| 11/14/2025 | 45890 | 320 | 11/14/2025 11:00 PM | Fixed Network | - |
| 11/15/2025 | 46190 | 300 | 11/15/2025 11:00 PM | Fixed Network | - |
| 11/16/2025 | 46510 | 320 | 11/16/2025 11:00 PM | Fixed Network | - |
| 11/17/2025 | 46700 | 190 | 11/17/2025 11:00 PM | Fixed Network | - |
| 11/18/2025 | 46880 | 180 | 11/18/2025 11:00 PM | Fixed Network | - |
| 11/19/2025 | 47080 | 200 | 11/19/2025 11:00 PM | Fixed Network | - |
| 11/20/2025 | 47230 | 150 | 11/20/2025 11:00 PM | Fixed Network | - |
| 11/21/2025 | 47420 | 190 | 11/21/2025 11:00 PM | Fixed Network | - |
| 11/22/2025 | 47700 | 280 | 11/22/2025 11:00 PM | Fixed Network | - |
| 11/23/2025 | 48010 | 310 | 11/23/2025 11:00 PM | Fixed Network | - |
| 11/24/2025 | 48250 | 240 | 11/24/2025 11:00 PM | Fixed Network | - |
| 11/25/2025 | 48400 | 150 | 11/25/2025 11:00 PM | Fixed Network | - |
| 11/26/2025 | 48540 | 140 | 11/26/2025 11:00 PM | Fixed Network | - |
| 11/27/2025 | 48650 | 110 | 11/27/2025 11:00 PM | Fixed Network | - |
| 11/28/2025 | 48770 | 120 | 11/28/2025 11:00 PM | Fixed Network | - |
| 11/29/2025 | 48870 | 100 | 11/29/2025 11:00 PM | Fixed Network | - |



MASTER METER

12/19/2025 08:54 AM

harmony encore

| Consumption Date | Read (Gallons) | Consumption (Gallons) | Last Read Time | Read Method | Meter Status |
|---|---|---|---|---|---|
| 11/30/2025 | 49000 | 130 | 11/30/2025 11:00 PM | Fixed Network | - |
| 12/01/2025 | 49120 | 120 | 12/01/2025 11:00 PM | Fixed Network | - |
| 12/02/2025 | 49200 | 80 | 12/02/2025 11:00 PM | Fixed Network | - |
| 12/03/2025 | 49300 | 100 | 12/03/2025 11:00 PM | Fixed Network | - |
| 12/04/2025 | 49400 | 100 | 12/04/2025 11:00 PM | Fixed Network | - |
| 12/05/2025 | 49450 | 50 | 12/05/2025 11:00 PM | Fixed Network | - |
| 12/06/2025 | 49510 | 60 | 12/06/2025 11:00 PM | Fixed Network | - |
| 12/07/2025 | 49590 | 80 | 12/07/2025 11:00 PM | Fixed Network | - |
| 12/08/2025 | 49630 | 40 | 12/08/2025 11:00 PM | Fixed Network | - |
| 12/09/2025 | 49680 | 50 | 12/09/2025 11:00 PM | Fixed Network | - |
| 12/10/2025 | 49750 | 70 | 12/10/2025 11:00 PM | Fixed Network | - |
| 12/11/2025 | 49780 | 30 | 12/11/2025 11:00 PM | Fixed Network | - |
| 12/12/2025 | 49810 | 30 | 12/12/2025 11:00 PM | Fixed Network | - |
| 12/13/2025 | 49840 | 30 | 12/13/2025 11:00 PM | Fixed Network | - |
| 12/14/2025 | 49860 | 20 | 12/14/2025 11:00 PM | Fixed Network | - |
| 12/15/2025 | 49870 | 10 | 12/15/2025 11:00 PM | Fixed Network | - |
| 12/16/2025 | 49890 | 20 | 12/16/2025 11:00 PM | Fixed Network | - |
| 12/17/2025 | 49900 | 10 | 12/17/2025 11:00 PM | Fixed Network | - |
| 12/18/2025 | 49910 | 10 | 12/18/2025 11:00 PM | Fixed Network | - |
| 12/19/2025 | 49910 | 0 | 12/19/2025 01:00 AM | Fixed Network | - |

Total consumption for report period: 12520 (Gallons)



MASTER METER

# HISTORY REGISTER FOR CITY OF HARTFORD

| Created | Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Customer Name / Due Date | Meter Read | Usage / Transaction Type | History Amount |
|---|---|---|---|---|---|---|---|---|
| | | **122 PARAS HILL DRIVE** | | | **ANTONIO HADLEY** | | | |
| 12/17/2025 | | Penalty | | | | 0.00 | 0.00 | 54.78 |
| FF FEE | | | | 0.00 | 12/16/2025 | | Penalty | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 12/16/2025 | | Penalty | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 12/16/2025 | | Penalty | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 12/16/2025 | | Penalty | |
| | WA1-WATER | | | 0.00 | 12/16/2025 | | Penalty | |
| 12/10/2025 | | Bill Adjustment | SHUT OFF FOR NON-P | | | 0.00 | 0.00 | 50.00 |
| FF FEE | | | | 0.00 | 11/19/2025 | | Billing | |
| 11/24/2025 | | Bill Calculated | 10/01/25-10/31/25 | | | 0.00 | 0.00 | 315.17 |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 12/15/2025 | | Billing | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 12/15/2025 | | Billing | |
| | SW1-CITY METERED SW & RE | | | 21,190.00 | 12/15/2025 | | Billing | |
| | WA1-WATER | | | 21,190.00 | 12/15/2025 | | Billing | |
| 11/19/2025 | | Payment Posted | 0000003253 | | | 0.00 | 0.00 | (348.41) |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 11/15/2025 | | Billing | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/15/2025 | | Billing | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 11/15/2025 | | Billing | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/15/2025 | | Billing | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 11/15/2025 | | Billing | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 10/15/2025 | | Billing | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 09/15/2025 | | Billing | |
| | WA1-WATER | | | 0.00 | 11/15/2025 | | Billing | |
| | WA1-WATER | | | 0.00 | 10/15/2025 | | Billing | |
| 11/19/2025 | | Payment Posted | 0000003252 | | | 0.00 | 0.00 | (50.00) |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 09/15/2025 | | Billing | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 09/15/2025 | | Billing | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 09/15/2025 | | Billing | |
| | WA1-WATER | | | 0.00 | 09/15/2025 | | Billing | |
| 11/17/2025 | | Penalty | | | | 0.00 | 0.00 | 35.58 |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 11/16/2025 | | Penalty | |
| | WA1-WATER | | | 0.00 | 11/16/2025 | | Penalty | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 11/16/2025 | | Penalty | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 11/16/2025 | | Penalty | |
| 11/13/2025 | | Payment Posted | 0000002967 | | | 0.00 | 0.00 | (140.00) |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 09/15/2025 | | Billing | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 07/16/2025 | | Billing | |

HISTORY REGISTER FOR CITY OF HARTFORD

| Created |  | Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Customer Name / Due Date | Meter Read | Usage | Transaction Type | History Amount | Ac Hi |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/06/2025 | | | Payment Posted | 0000002750 | | | 0.00 | 0.00 | | (534.00) | |
| | ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/16/2025 | | | Billing | | |
| | ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/16/2025 | | | Billing | | |
| | | SW1-CITY METERED SW & RE | | | 0.00 | 07/16/2025 | | | Billing | | |
| | | SW1-CITY METERED SW & RE | | | 0.00 | 07/03/2025 | | | Billing | | |
| | | WA1-WATER | | | 0.00 | 07/16/2025 | | | Billing | | |
| 11/01/2025 | | | Meter Read | WATER | | | 41,190.00 | 21,190.00 | | 0.00 | |
| 10/24/2025 | | | Bill Calculated | 09/01/25-09/30/25 | | | 0.00 | 0.00 | | 237.17 | |
| | ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 11/15/2025 | | | Billing | | |
| | ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 11/15/2025 | | | Billing | | |
| | | SW1-CITY METERED SW & RE | | | 15,000.00 | 11/15/2025 | | | Billing | | |
| | | WA1-WATER | | | 15,000.00 | 11/15/2025 | | | Billing | | |
| 10/20/2025 | | | Penalty Reversal | DUPLICATE PENALTY | | | 0.00 | 0.00 | | (27.31) | |
| | ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/20/2025 | | | Penalty | | |
| | | WA1-WATER | | | 0.00 | 10/20/2025 | | | Penalty | | |
| | | SW1-CITY METERED SW & RE | | | 0.00 | 10/20/2025 | | | Penalty | | |
| | ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/20/2025 | | | Penalty | | |
| 10/20/2025 | | | Penalty | | | | 0.00 | 0.00 | | 27.31 | |
| | ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/20/2025 | | | Penalty | | |
| | | WA1-WATER | | | 0.00 | 10/20/2025 | | | Penalty | | |
| | | SW1-CITY METERED SW & RE | | | 0.00 | 10/20/2025 | | | Penalty | | |
| | ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/20/2025 | | | Penalty | | |
| 10/20/2025 | | | Penalty | | | | 0.00 | 0.00 | | 27.31 | |
| | ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/20/2025 | | | Penalty | | |
| | | WA1-WATER | | | 0.00 | 10/20/2025 | | | Penalty | | |
| | | SW1-CITY METERED SW & RE | | | 0.00 | 10/20/2025 | | | Penalty | | |
| | ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/20/2025 | | | Penalty | | |
| 10/15/2025 | | | Payment Posted | 0000002341 | | | 0.00 | 0.00 | | (200.00) | |
| | ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/03/2025 | | | Billing | | |
| | ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/03/2025 | | | Billing | | |
| | | SW1-CITY METERED SW & RE | | | 0.00 | 07/03/2025 | | | Billing | | |
| | | WA1-WATER | | | 0.00 | 07/03/2025 | | | Billing | | |
| 10/24/2025 | | | Meter Read | WATER | | | 20,000.00 | 15,000.00 | | 0.00 | |
| 09/23/2025 | | | Bill Calculated | 08/01/25-08/31/25 | | | 0.00 | 0.00 | | 111.17 | |
| | ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/15/2025 | | | Billing | | |
| | ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/15/2025 | | | Billing | | |
| | | SW1-CITY METERED SW & RE | | | 5,000.00 | 10/15/2025 | | | Billing | | |
| | | WA1-WATER | | | 5,000.00 | 10/15/2025 | | | Billing | | |

# HISTORY REGISTER FOR CITY OF HARTFORD

| Created | Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Customer Name / Due Date | Meter Read | Usage / Transaction Type | History Amount |
|---|---|---|---|---|---|---|---|---|
| 09/16/2025 | | Penalty | | | | 0.00 | 0.00 | 10.63 |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 09/16/2025 | | Penalty | |
| | WA1-WATER | | | 0.00 | 09/16/2025 | | Penalty | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 09/16/2025 | | Penalty | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 09/16/2025 | | Penalty | |
| 09/23/2025 | | Meter Read | WATER | | | 5,000.00 | 5,000.00 | 0.00 |
| 08/21/2025 | | Bill Calculated | 07/01/25-07/31/25 | | | 0.00 | 0.00 | 70.85 |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 09/15/2025 | | Billing | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 09/15/2025 | | Billing | |
| | SW1-CITY METERED SW & RE | | | 1,800.00 | 09/15/2025 | | Billing | |
| | WA1-WATER | | | 1,800.00 | 09/15/2025 | | Billing | |
| 08/20/2025 | | Penalty | | | | 0.00 | 0.00 | 91.90 |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 08/20/2025 | | Penalty | |
| | WA1-WATER | | | 0.00 | 08/20/2025 | | Penalty | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 08/20/2025 | | Penalty | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 08/20/2025 | | Penalty | |
| 08/14/2025 | | Bill Adjustment | Conversion Balance | | | 0.00 | 0.00 | 910.55 |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/16/2025 | | Penalty | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/03/2025 | | Billing | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/16/2025 | | Billing | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/16/2025 | | Penalty | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/03/2025 | | Billing | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/16/2025 | | Billing | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 07/16/2025 | | Penalty | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 07/03/2025 | | Billing | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 07/16/2025 | | Billing | |
| | WA1-WATER | | | 0.00 | 07/16/2025 | | Penalty | |
| | WA1-WATER | | | 0.00 | 07/03/2025 | | Billing | |
| | WA1-WATER | | | 0.00 | 07/16/2025 | | Billing | |
| 09/23/2025 | | Meter Read Adj | WATER | | | 0.00 | (122,950.00) | 0.00 |
| 08/06/2025 | | Meter Read | WATER | | | 122,950.00 | 1,800.00 | 0.00 |
| 08/04/2025 | | Meter Read | WATER | | | 122,770.00 | 35,340.00 | 0.00 |
| 07/21/2025 | | Bill Calculated | 2025JUNE | | | 0.00 | 0.00 | 612.63 |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/16/2025 | | Billing | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/16/2025 | | Billing | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 07/16/2025 | | Billing | |
| | WA1-WATER | | | 0.00 | 07/16/2025 | | Billing | |
| 07/16/2025 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | 38.77 |
| | | | | 0.00 | 07/16/2025 | | Billing | |
| 07/03/2025 | | Payment Posted | CASH RKS | | | 0.00 | 0.00 | (115.00) |

HISTORY REGISTER FOR CITY OF HARTFORD

| Created | Rate Name | Service Address / Trx Info | Addl. Info | Customer Name / Billed Usage | Due Date | Meter Read | Usage | Transaction Type | History Amount | Ac Hi |
|---|---|---|---|---|---|---|---|---|---|---|
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/03/2025 | | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/03/2025 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 07/03/2025 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 07/03/2025 | | | Billing | | |
| 07/02/2025 | | Payment Posted | CASH RKS | | | 0.00 | 0.00 | | (300.00) | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/02/2025 | | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/02/2025 | | | Billing | | |
| | | | | 0.00 | 07/02/2025 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 07/02/2025 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 07/02/2025 | | | Billing | | |
| 07/07/2025 | | Meter Read | WATER | | | 119,236.00 | 53,030.00 | | 0.00 | |
| 06/25/2025 | | Bill Calculated | 2025MAY | | | 0.00 | 0.00 | | 258.48 | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 06/16/2025 | | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 06/16/2025 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 06/16/2025 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 06/16/2025 | | | Billing | | |
| 06/16/2025 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | | 42.36 | |
| | | | | 0.00 | 06/16/2025 | | | Billing | | |
| 06/09/2025 | | Meter Read | WATER | | | 113,933.00 | 20,980.00 | | 0.00 | |
| 05/23/2025 | | Meter Read | WATER | | | 111,835.00 | 23,140.00 | | 0.00 | |
| 05/23/2025 | | Bill Calculated | 2025APRIL | | | 0.00 | 0.00 | | 282.35 | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 05/16/2025 | | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 05/16/2025 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 05/16/2025 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 05/16/2025 | | | Billing | | |
| 05/16/2025 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | | 11.86 | |
| | | | | 0.00 | 05/16/2025 | | | Billing | | |
| 05/13/2025 | | Payment Posted | CASH | | | 0.00 | 0.00 | | (200.00) | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 05/12/2025 | | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 05/12/2025 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 05/12/2025 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 05/12/2025 | | | Billing | | |
| 04/21/2025 | | Payment Posted | CASH RKS | | | 0.00 | 0.00 | | (210.00) | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 04/21/2025 | | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 04/21/2025 | | | Billing | | |
| | | | | 0.00 | 04/21/2025 | | | Billing | | |

HISTORY REGISTER FOR CITY OF HARTFORD

| Created | Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Customer Name / Due Date | Meter Read | Usage / Transaction Type | History Amount | Ac / Hi |
|---|---|---|---|---|---|---|---|---|---|
| | SW1-CITY METERED SW & RE | | | 0.00 | 04/21/2025 | | Billing | | |
| | WA1-WATER | | | 0.00 | 04/21/2025 | | Billing | | |
| 04/17/2025 | | Bill Calculated | 2025March | | | 0.00 | 0.00 | 280.14 | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 04/16/2025 | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 04/16/2025 | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 04/16/2025 | | Billing | | |
| | WA1-WATER | | | 0.00 | 04/16/2025 | | Billing | | |
| 04/16/2025 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | 7.77 | |
| | | | | 0.00 | 04/16/2025 | | Billing | | |
| 03/28/2025 | | Meter Read | WATER | | | 109,521.00 | 22,940.00 | 0.00 | |
| 03/18/2025 | | Bill Adjustment | Turn On Fee | | | 0.00 | 0.00 | 25.00 | |
| FF FEE | | | | 0.00 | 03/18/2025 | | Billing | | |
| 03/18/2025 | | Payment Posted | CASH RKS | | | 0.00 | 0.00 | (1,000.00) | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 03/17/2025 | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 03/17/2025 | | Billing | | |
| | | | | 0.00 | 03/17/2025 | | Billing | | |
| FF FEE | | | | 0.00 | 03/17/2025 | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 03/17/2025 | | Billing | | |
| | WA1-WATER | | | 0.00 | 03/17/2025 | | Billing | | |
| 03/17/2025 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | 25.58 | |
| | | | | 0.00 | 03/16/2025 | | Billing | | |
| 03/19/2025 | | Bill Calculated | 2025FEBRUARY | | | 0.00 | 0.00 | 51.85 | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 03/15/2025 | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 03/15/2025 | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 03/15/2025 | | Billing | | |
| | WA1-WATER | | | 0.00 | 03/15/2025 | | Billing | | |
| 03/12/2025 | | Bill Adjustment | Turned off non-pay | | | 0.00 | 0.00 | 25.00 | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 03/12/2025 | | Billing | | |
| | WA1-WATER | | | 0.00 | 03/12/2025 | | Billing | | |
| 03/19/2025 | | Meter Read | WATER | | | 107,227.00 | 2,280.00 | 0.00 | |
| 02/24/2025 | | Bill Calculated | 2025JANUARY | | | 0.00 | 0.00 | 170.52 | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 02/16/2025 | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 02/16/2025 | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 02/16/2025 | | Billing | | |
| | WA1-WATER | | | 0.00 | 02/16/2025 | | Billing | | |

# HISTORY REGISTER FOR CITY OF HARTFORD

| | Created / Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Customer Name / Due Date | Meter Read | Usage / Transaction Type | History Amount | Ac / Hi |
|---|---|---|---|---|---|---|---|---|---|
| | 02/18/2025 | Penalty | Penalty Transactio | | | 0.00 | 0.00 | 27.17 | |
| | | | | 0.00 | 02/16/2025 | | Billing | | |
| | 02/20/2025 | Meter Read | WATER | | | 106,999.00 | 13,020.00 | 0.00 | |
| | 01/21/2025 | Bill Calculated | 2024December | | | 0.00 | 0.00 | 181.13 | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 01/16/2025 | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 01/16/2025 | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 01/16/2025 | | Billing | | |
| | WA1-WATER | | | 0.00 | 01/16/2025 | | Billing | | |
| | 01/16/2025 | Penalty | Penalty Transactio | | | 0.00 | 0.00 | 32.56 | |
| | | | | 0.00 | 01/16/2025 | | Billing | | |
| | 01/15/2025 | Meter Read | WATER | | | 105,697.00 | 13,980.00 | 0.00 | |
| | 12/20/2024 | Bill Calculated | 2024NOVEMBER | | | 0.00 | 0.00 | 217.04 | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 12/16/2024 | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 12/16/2024 | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 12/16/2024 | | Billing | | |
| | WA1-WATER | | | 0.00 | 12/16/2024 | | Billing | | |
| | 12/16/2024 | Penalty | Penalty Transactio | | | 0.00 | 0.00 | 26.67 | |
| | | | | 0.00 | 12/16/2024 | | Billing | | |
| | 12/06/2024 | Meter Read | WATER | | | 104,299.00 | 17,230.00 | 0.00 | |
| | 11/22/2024 | Bill Calculated | 2024OCTOBER | | | 0.00 | 0.00 | 177.82 | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 11/16/2024 | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 11/16/2024 | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 11/16/2024 | | Billing | | |
| | WA1-WATER | | | 0.00 | 11/16/2024 | | Billing | | |
| | 11/18/2024 | Penalty | Penalty Transactio | | | 0.00 | 0.00 | 27.86 | |
| | | | | 0.00 | 11/16/2024 | | Billing | | |
| | 10/31/2024 | Payment Posted | CC EFT202410284859 | | | 0.00 | 0.00 | (348.44) | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/31/2024 | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/31/2024 | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 10/31/2024 | | Billing | | |
| | WA1-WATER | | | 0.00 | 10/31/2024 | | Billing | | |
| | 10/29/2024 | Meter Read | WATER | | | 102,576.00 | 13,680.00 | 0.00 | |
| | 10/22/2024 | Payment Posted | CASH | | | 0.00 | 0.00 | (120.00) | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/22/2024 | | Billing | | |

# HISTORY REGISTER FOR CITY OF HARTFORD

| Created | Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Customer Name / Due Date | Meter Read | Usage | Transaction Type | History Amount | Ac Hi |
|---|---|---|---|---|---|---|---|---|---|---|
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/22/2024 | | | Billing | | |
| | | | | 0.00 | 10/22/2024 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 10/22/2024 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 10/22/2024 | | | Billing | | |
| 10/18/2024 | | Bill Calculated | 2024SEPTEMBER | | | 0.00 | 0.00 | | 185.77 | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/16/2024 | | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/16/2024 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 10/16/2024 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 10/16/2024 | | | Billing | | |
| 10/16/2024 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | | 27.22 | |
| | | | | 0.00 | 10/16/2024 | | | Billing | | |
| 10/01/2024 | | Meter Read | WATER | | | 101,208.00 | 14,400.00 | | 0.00 | |
| 09/20/2024 | | Bill Calculated | 2024AUGUST | | | 0.00 | 0.00 | | 181.46 | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 09/16/2024 | | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 09/16/2024 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 09/16/2024 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 09/16/2024 | | | Billing | | |
| 09/17/2024 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | | 27.40 | |
| | | | | 0.00 | 09/16/2024 | | | Billing | | |
| 08/29/2024 | | Meter Read | WATER | | | 99,768.00 | 14,010.00 | | 0.00 | |
| 08/19/2024 | | Bill Calculated | 2024JULY | | | 0.00 | 0.00 | | 182.67 | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 08/16/2024 | | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 08/16/2024 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 08/16/2024 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 08/16/2024 | | | Billing | | |
| 08/16/2024 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | | 10.03 | |
| | | | | 0.00 | 08/16/2024 | | | Billing | | |
| 07/29/2024 | | Payment Posted | CASH | | | 0.00 | 0.00 | | (300.00) | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/29/2024 | | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/29/2024 | | | Billing | | |
| | | | | 0.00 | 07/29/2024 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 07/29/2024 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 07/29/2024 | | | Billing | | |
| 07/29/2024 | | Meter Read | WATER | | | 98,367.00 | 14,120.00 | | 0.00 | |
| 07/19/2024 | | Bill Calculated | 2024JUNE | | | 0.00 | 0.00 | | 147.93 | |

# HISTORY REGISTER FOR CITY OF HARTFORD

| Created | Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Due Date | Customer Name / Meter Read | Usage | Transaction Type | History Amount | Ac Hi |
|---|---|---|---|---|---|---|---|---|---|---|
| OVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/16/2024 | | | Billing | | |
| TAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/16/2024 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 07/16/2024 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 07/16/2024 | | | Billing | | |
| 07/16/2024 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | | 19.88 | |
| | | | | 0.00 | 07/16/2024 | | | Billing | | |
| 07/02/2024 | | Payment Posted | CASH | | | 0.00 | 0.00 | | (300.00) | |
| OVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/02/2024 | | | Billing | | |
| TAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/02/2024 | | | Billing | | |
| | | | | 0.00 | 07/02/2024 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 07/02/2024 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 07/02/2024 | | | Billing | | |
| 07/01/2024 | | Meter Read | WATER | | | 96,955.00 | 11,670.00 | | 0.00 | |
| 06/20/2024 | | Bill Calculated | 2024MAY | | | 0.00 | 0.00 | | 132.50 | |
| OVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 06/16/2024 | | | Billing | | |
| TAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 06/16/2024 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 06/16/2024 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 06/16/2024 | | | Billing | | |
| 06/17/2024 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | | 16.79 | |
| | | | | 0.00 | 06/16/2024 | | | Billing | | |
| 06/05/2024 | | Meter Read | WATER | | | 95,788.00 | 10,200.00 | | 0.00 | |
| 05/21/2024 | | Bill Calculated | 2024APRIL | | | 0.00 | 0.00 | | 111.92 | |
| OVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 05/16/2024 | | | Billing | | |
| TAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 05/16/2024 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 05/16/2024 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 05/16/2024 | | | Billing | | |
| 05/16/2024 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | | 21.52 | |
| | | | | 0.00 | 05/16/2024 | | | Billing | | |
| 05/06/2024 | | Meter Read | WATER | | | 94,768.00 | 8,240.00 | | 0.00 | |
| 04/19/2024 | | Payment Posted | CASH | | | 0.00 | 0.00 | | (200.00) | |
| OVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 04/18/2024 | | | Billing | | |
| TAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 04/18/2024 | | | Billing | | |
| | | | | 0.00 | 04/18/2024 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 04/18/2024 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 04/18/2024 | | | Billing | | |
| 04/22/2024 | | Bill Calculated | 2024MARCH | | | 0.00 | 0.00 | | 143.42 | |

HISTORY REGISTER FOR CITY OF HARTFORD

| Created | Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Customer Name / Due Date | Meter Read | Usage | Transaction Type | History Amount | Ac Hi |
|---|---|---|---|---|---|---|---|---|---|---|
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 04/16/2024 | | | Billing | | |
| TAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 04/16/2024 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 04/16/2024 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 04/16/2024 | | | Billing | | |
| 04/16/2024 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | | 16.70 | |
| | | | | 0.00 | 04/16/2024 | | | Billing | | |
| 04/01/2024 | | Meter Read | WATER | | | 93,944.00 | 11,240.00 | | 0.00 | |
| 03/20/2024 | | Bill Calculated | 2024FEBRUARY | | | 0.00 | 0.00 | | 111.29 | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 03/16/2024 | | | Billing | | |
| TAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 03/16/2024 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 03/16/2024 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 03/16/2024 | | | Billing | | |
| 03/18/2024 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | | 14.78 | |
| | | | | 0.00 | 03/16/2024 | | | Billing | | |
| 02/29/2024 | | Payment Posted | CASH RKS | | | 0.00 | 0.00 | | (240.00) | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 02/29/2024 | | | Billing | | |
| TAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 02/29/2024 | | | Billing | | |
| | | | | 0.00 | 02/29/2024 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 02/29/2024 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 02/29/2024 | | | Billing | | |
| 03/06/2024 | | Meter Read | WATER | | | 92,820.00 | 8,180.00 | | 0.00 | |
| 02/19/2024 | | Bill Calculated | 2024JANUARY | | | 0.00 | 0.00 | | 98.48 | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 02/16/2024 | | | Billing | | |
| TAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 02/16/2024 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 02/16/2024 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 02/16/2024 | | | Billing | | |
| 02/16/2024 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | | 14.11 | |
| | | | | 0.00 | 02/16/2024 | | | Billing | | |
| 01/31/2024 | | Meter Read | WATER | | | 92,002.00 | 6,960.00 | | 0.00 | |
| 01/21/2024 | | Bill Calculated | 2023DECEMBER | | | 0.00 | 0.00 | | 94.07 | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 01/16/2024 | | | Billing | | |
| TAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 01/16/2024 | | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 01/16/2024 | | | Billing | | |
| | WA1-WATER | | | 0.00 | 01/16/2024 | | | Billing | | |
| 01/16/2024 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | | 21.33 | |

HISTORY REGISTER FOR CITY OF HARTFORD

| Created | Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Customer Name / Due Date | Meter Read | Usage / Transaction Type | History Amount | Ac Hi |
|---|---|---|---|---|---|---|---|---|---|
| | | | | 0.00 | 01/16/2024 | | Billing | | |
| 12/29/2023 | | Meter Read | WATER | | | 91,306.00 | 6,540.00 | 0.00 | |
| 12/21/2023 | | Payment Posted | EFT#20231218399454 | | | 0.00 | 0.00 | (345.35) | |
| ROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 12/21/2023 | | Billing | | |
| ITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 12/21/2023 | | Billing | | |
| | | | | 0.00 | 12/21/2023 | | Billing | | |
| | SW1-CITY METERED SW & RE | | | 0.00 | 12/21/2023 | | Billing | | |
| | WA1-WATER | | | 0.00 | 12/21/2023 | | Billing | | |

# HISTORY REGISTER FOR CITY OF HARTFORD SUMMARY

| | Billing | Sales Tax | Penalty | Interest |
|---|---|---|---|---|
| | 1,549.59 | 0.00 | 73.99 | 0.00 |
| | 3,205.98 | 0.00 | 147.18 | 0.00 |
| FEE | 0.00 | 0.00 | 7.50 | 0.00 |
| | 430.36 | 0.00 | 0.00 | 0.00 |
| L RESERVE | 290.02 | 0.00 | 18.00 | 0.00 |
| EMENT PROJ | 182.02 | 0.00 | 12.30 | 0.00 |
| | 5,657.97 | 0.00 | 258.97 | 0.00 |

ary

| | Billing | Sales Tax | Penalty | Interest |
|---|---|---|---|---|
| | (1,330.41) | 0.00 | 0.00 | 0.00 |
| | (2,724.50) | 0.00 | 0.00 | 0.00 |
| FEE | (25.00) | 0.00 | 0.00 | 0.00 |
| | (410.73) | 0.00 | 0.00 | 0.00 |
| L RESERVE | (284.10) | 0.00 | 0.00 | 0.00 |
| EMENT PROJ | (176.46) | 0.00 | 0.00 | 0.00 |
| | (4,951.20) | 0.00 | 0.00 | 0.00 |

ary

| | Billing | Sales Tax | Penalty | Interest |
|---|---|---|---|---|
| | 12.50 | 0.00 | 0.00 | 0.00 |
| | 12.50 | 0.00 | 0.00 | 0.00 |
| FEE | 75.00 | 0.00 | 0.00 | 0.00 |
| | 100.00 | 0.00 | 0.00 | 0.00 |

on

| | Billing Usage | Adjusted Usage |
|---|---|---|
| | 42,990.00 | 0.00 |
| | 42,990.00 | 0.00 |
| FEE | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| L RESERVE | 0.00 | 0.00 |
| EMENT PROJECT | 0.00 | 0.00 |
| | 85,980.000000 | 0.000000 |

| | Billed | Adjusted | Penalty/Int | Receipt | Credit Xfer |
|---|---|---|---|---|---|
| | 1,285.62 | 288.20 | 62.26 | (1,330.41) | 0.00 |
| | 2,630.21 | 612.91 | 122.54 | (2,724.50) | 0.00 |
| FEE | 0.00 | 75.00 | 7.50 | (25.00) | 0.00 |
| | 0.00 | 0.00 | 430.36 | (410.73) | 0.00 |
| L RESE | 270.00 | 21.52 | 16.50 | (284.10) | 0.00 |
| EMENT | 170.00 | 12.92 | 11.40 | (176.46) | 0.00 |

HISTORY REGISTER FOR CITY OF HARTFORD SUMMARY

| | | | | | |
|---|---|---|---|---|---|
| | 4,355.83 | 1,010.55 | 650.56 | (4,951.20) | 0.00 |

| Consumption Date | Read (Gallons) | Consumption (Gallons) | Last Read Time | Read Method | Meter Status |
|---|---|---|---|---|---|
| 11/20/2025 | 47230 | 150 | 11/20/2025 11:00 PM | Fixed Network | - |
| 11/21/2025 | 47420 | 190 | 11/21/2025 11:00 PM | Fixed Network | - |
| 11/22/2025 | 47700 | 280 | 11/22/2025 11:00 PM | Fixed Network | - |
| 11/23/2025 | 48010 | 310 | 11/23/2025 11:00 PM | Fixed Network | - |
| 11/24/2025 | 48250 | 240 | 11/24/2025 11:00 PM | Fixed Network | - |
| 11/25/2025 | 48400 | 150 | 11/25/2025 11:00 PM | Fixed Network | - |
| 11/26/2025 | 48540 | 140 | 11/26/2025 11:00 PM | Fixed Network | - |
| 11/27/2025 | 48650 | 110 | 11/27/2025 11:00 PM | Fixed Network | - |
| 11/28/2025 | 48770 | 120 | 11/28/2025 11:00 PM | Fixed Network | - |
| 11/29/2025 | 48870 | 100 | 11/29/2025 11:00 PM | Fixed Network | - |
| 11/30/2025 | 49000 | 130 | 11/30/2025 11:00 PM | Fixed Network | - |
| 12/01/2025 | 49120 | 120 | 12/01/2025 11:00 PM | Fixed Network | - |
| 12/02/2025 | 49200 | 80 | 12/02/2025 11:00 PM | Fixed Network | - |
| 12/03/2025 | 49300 | 100 | 12/03/2025 11:00 PM | Fixed Network | - |
| 12/04/2025 | 49400 | 100 | 12/04/2025 11:00 PM | Fixed Network | - |
| 12/05/2025 | 49450 | 50 | 12/05/2025 11:00 PM | Fixed Network | - |
| 12/06/2025 | 49510 | 60 | 12/06/2025 11:00 PM | Fixed Network | - |
| 12/07/2025 | 49590 | 80 | 12/07/2025 11:00 PM | Fixed Network | - |
| 12/08/2025 | 49630 | 40 | 12/08/2025 11:00 PM | Fixed Network | - |
| 12/09/2025 | 49680 | 50 | 12/09/2025 11:00 PM | Fixed Network | - |
| 12/10/2025 | 49750 | 70 | 12/10/2025 11:00 PM | Fixed Network | - |
| 12/11/2025 | 49780 | 30 | 12/11/2025 11:00 PM | Fixed Network | - |
| 12/12/2025 | 49810 | 30 | 12/12/2025 11:00 PM | Fixed Network | - |
| 12/13/2025 | 49840 | 30 | 12/13/2025 11:00 PM | Fixed Network | - |
| 12/14/2025 | 49860 | 20 | 12/14/2025 11:00 PM | Fixed Network | - |
| 12/15/2025 | 49870 | 10 | 12/15/2025 11:00 PM | Fixed Network | - |
| 12/16/2025 | 49890 | 20 | 12/16/2025 11:00 PM | Fixed Network | - |
| 12/17/2025 | 49900 | 10 | 12/17/2025 11:00 PM | Fixed Network | - |
| 12/18/2025 | 49910 | 10 | 12/18/2025 11:00 PM | Fixed Network | - |
| 12/19/2025 | 49920 | 10 | 12/19/2025 11:00 PM | Fixed Network | - |
| 12/20/2025 | 49930 | 10 | 12/20/2025 11:00 PM | Fixed Network | - |
| 12/21/2025 | 49940 | 10 | 12/21/2025 11:00 PM | Fixed Network | - |
| 12/22/2025 | 49940 | 0 | 12/22/2025 11:00 PM | Fixed Network | - |
| 12/23/2025 | 49940 | 0 | 12/23/2025 11:00 PM | Fixed Network | - |

harmony encore

| Consumption Date | Read (Gallons) | Consumption (Gallons) | Last Read Time | Read Method | Meter Status |
|---|---|---|---|---|---|
| 12/24/2025 | 49940 | 0 | 12/24/2025 11:00 PM | Fixed Network | - |
| 12/25/2025 | 49940 | 0 | 12/25/2025 11:00 PM | Fixed Network | - |
| 12/26/2025 | 49940 | 0 | 12/26/2025 11:00 PM | Fixed Network | - |
| 12/27/2025 | 49940 | 0 | 12/27/2025 11:00 PM | Fixed Network | - |
| 12/28/2025 | 49940 | 0 | 12/28/2025 11:00 PM | Fixed Network | - |
| 12/29/2025 | 49940 | 0 | 12/29/2025 11:00 PM | Fixed Network | - |
| 12/30/2025 | 49940 | 0 | 12/30/2025 11:00 PM | Fixed Network | - |
| 12/31/2025 | 49940 | 0 | 12/31/2025 11:00 PM | Fixed Network | - |
| 01/01/2026 | 49940 | 0 | 01/01/2026 11:00 PM | Fixed Network | - |
| 01/02/2026 | 49940 | 0 | 01/02/2026 11:00 PM | Fixed Network | - |
| 01/03/2026 | 49940 | 0 | 01/03/2026 11:00 PM | Fixed Network | - |
| 01/04/2026 | 49940 | 0 | 01/04/2026 11:00 PM | Fixed Network | - |
| 01/05/2026 | 49940 | 0 | 01/05/2026 11:00 PM | Fixed Network | - |
| 01/06/2026 | 49940 | 0 | 01/06/2026 11:00 PM | Fixed Network | - |
| 01/07/2026 | 49940 | 0 | 01/07/2026 11:00 PM | Fixed Network | - |
| 01/08/2026 | 49940 | 0 | 01/08/2026 11:00 PM | Fixed Network | - |
| 01/09/2026 | 49940 | 0 | 01/09/2026 11:00 PM | Fixed Network | - |
| 01/10/2026 | 49940 | 0 | 01/10/2026 11:00 PM | Fixed Network | - |
| 01/11/2026 | 49940 | 0 | 01/11/2026 11:00 PM | Fixed Network | - |
| 01/12/2026 | 49940 | 0 | 01/12/2026 11:00 PM | Fixed Network | - |
| 01/13/2026 | 49940 | 0 | 01/13/2026 01:00 AM | Fixed Network | - |

Total consumption for report period: 4600 (Gallons)



MASTER METER

Gmail **Antonio Hadley <antoniohadley@gmail.com>**

---

**Formal Demand for FOIA Compliance, Delegation Directive, and Cease of Retaliatory Enforcement To: citymanager@cityofhartfordmi.org**

---

**Antonio Hadley** <antoniohadley@gmail.com> Wed, Dec 17, 2025 at 11:00 AM
To: <Citymanager@cityofhartfordmi.org>

Nicole,

This email serves as formal written notice and demand regarding ongoing FOIA non-compliance, improper utility enforcement, and the misuse of police presence at my residence located at 122 Paras Hill Dr.

I am addressing this solely to you because you are the City Manager and the final administrative authority over the Clerk, Utilities/DPW, and Police Department. This matter requires your direct action and delegation.

**1. FOIA NON-COMPLIANCE (MULTIPLE REQUESTS)**

I have submitted multiple written FOIA requests concerning my water account, billing history, meter data, internal communications, and police involvement. These requests were hand-delivered and stamped received on separate occasions and have not received a lawful written response within statutory timelines.

This constitutes denial by operation of law under Michigan FOIA.

I am formally demanding that you immediately direct the appropriate staff to:

- Process all pending FOIA requests in full
- Produce all responsive records
- Identify any withheld records with specific statutory exemptions
- Confirm the identity of the designated FOIA coordinator responsible for compliance

**2. IMPROPER ENFORCEMENT & POLICE INVOLVEMENT**

Police officers have been dispatched to my home in connection with a civil water billing matter, including statements made to me regarding:

- DHS / State Emergency Relief assistance
- My personal billing status
- Threats of arrest in a civil context

This is not a police function. Any police presence related to utility enforcement must be limited to passive standby, if at all. Officers do not have authority to interrogate, threaten, or disclose personal financial information.

You are hereby directed to immediately cease the use of police officers for civil utility enforcement at my residence.

### 3. STATE EMERGENCY RELIEF & BILLING DISPUTE

You are already aware that:

- DHS/SER payments were issued and applied
- I made required payments per DHS instruction
- Billing inconsistencies, meter issues, and ledger discrepancies remain unresolved

Despite this, enforcement actions continued, including shutoff activity and door tags immediately following protected actions such as FOIA requests and formal disputes.

### 4. RETALIATION & TIMING

The sequence of events is unmistakable:

- FOIA requests submitted
- Disputes raised
- SER protections asserted
- Next-day enforcement actions and police presence

This pattern will be treated as retaliatory conduct if it continues.

### 5. DEMAND & DEADLINE

You are hereby directed to do the following no later than five (5) business days from receipt of this email:

1. Issue a written directive ensuring no further police involvement in civil utility matters at my address
2. Delegate and ensure full FOIA compliance for all pending requests
3. Confirm in writing that no utility shutoff or enforcement action will occur while disputes and FOIA matters remain unresolved
4. Preserve all records, communications, audio, video, and logs related to:
    - My account
    - FOIA requests
    - Utility enforcement

- Police involvement

Failure to act will leave me no choice but to pursue formal legal remedies, including court enforcement and external oversight.

This email is sent in good faith to provide the City the opportunity to correct these issues at the managerial level.

I expect your written response.

Antonio Hadley

122 Paras Hill Dr

Hartford, MI 49057

Sent from Gmail Mobile

Gmail **Antonio Hadley <antoniohadley@gmail.com>**

---

# Request for Information on water billing account

4 messages

---

**Roxann Isbrecht** <cityclerk@cityofhartfordmi.org> Wed, Dec 17, 2025 at 5:02 PM
To: antoniohadley@gmail.com <antoniohadley@gmail.com>
Cc: City Manager <citymanager@cityofhartfordmi.org>

Antonio,

1. Attached is your account information. We have switched software companies and you can sign up for an account and view it anytime, free of charge.

https://bsaonline.com/Home/MunicipalityHome?uid=1902 create an account in the top right corner. You can view the same information that is in the attached report.

2. All water bills & shutoff notices are included in the above report.
3. All work orders related to 122 Paras Hill – do not exist.
4. All DHS/Ser communications are confidential and you will need to request the information from DHS/State of Michigan.
5. Email or notes Internal Communications – do not exist.

*RoxAnn Rodney-Isbrecht, Clerk/Assistant Manager*

City of Hartford

19 W Main St

Hartford MI 49057

269-621-2477

269-621-2054 fax

cityclerk@cityofhartfordmi.org

www.cityofhartfordmi.org

**Accounts _ 1713 _ 122parashillpdf.pdf**

---

**City Manager** <citymanager@cityofhartfordmi.org> Wed, Dec 17, 2025 at 5:13 PM
To: Roxann Isbrecht <cityclerk@cityofhartfordmi.org>, antoniohadley@gmail.com <antoniohadley@gmail.com>

Tony,

I want to set up a meeting with you on Monday. Are you available?

Nicol

[Quoted text hidden]

**Antonio Hadley** <antoniohadley@gmail.com>
To: City Manager <citymanager@cityofhartfordmi.org>
Cc: Roxann Isbrecht <cityclerk@cityofhartfordmi.org>

Wed, Dec 17, 2025 at 5:33 PM

RoxAnn,

Thank you for your response and for providing the account history.

I need to formally clarify several points, as the statements in your email raise material discrepancies concerning account actions, penalties, and due process. Additionally, your response references public self-service access through BSA Online. To be clear, my request was a formal Freedom of Information Act (FOIA) request, not a request for access to publicly available portals.

Public access to BSA Online does not satisfy FOIA obligations.

As of this writing, the City has not provided a FOIA-compliant response to several categories of records requested. The following clarifications and disclosures are required to ensure the accuracy and completeness of the municipal record.

---

## 1. Software Migration

You indicated the City switched software companies. Please confirm in writing:

- The date of the migration
- Whether records prior to migration were preserved
- Whether any records were lost, archived, deleted, or destroyed as part of the transition

---

## 2. Work Orders

You stated that "All work orders related to 122 Paras Hill do not exist."

However, the account history reflects:

- Shutoff-related penalties
- Non-payment shutoff references
- Service-related charges

Please clarify how shutoff-related actions or charges were assessed without any corresponding work orders, authorizations, or service documentation.

---

## 3. Shutoff Notices

You stated that all shutoff notices are included in the report. Please confirm:

- Dates of issuance
- Method of delivery
- Proof of service or posting, if applicable

---

## 4. Police Officer Involvement

My FOIA request included all records related to the dispatch or appearance of a police officer at 122 Paras Hill Dr, including:

- Call logs
- Dispatch records
- Incident or activity reports
- Officer identity
- Any request or authorization made by City personnel

Your response did not acknowledge or address this category. Please confirm whether such records exist and, if so, provide them or cite the specific exemption relied upon.

---

## 5. DHS / SER Records

While I understand DHS internal records are confidential, any City records reflecting communication with DHS, receipt of SER funds, account credits, or application of assistance are municipal records and remain subject to disclosure.

Please confirm whether the City possesses any such records for this account.

---

## 6. Internal Communications

You stated that internal emails or notes do not exist. Please confirm whether this means:

- They were never created, or
- They existed but were deleted, purged, or not retained

---

## FOIA Compliance

Your response does not identify:

- Records searched
- Records produced
- Records withheld
- Exemptions claimed

Additionally, no extension under MCL 15.235(2)(d) was asserted, and the statutory response period has elapsed.

Please provide a complete FOIA-compliant response in writing.

This correspondence is being copied to City Manager Nicole Brown for oversight.

Respectfully,

Antonio Hadley

122 Paras Hill Dr

Hartford, MI 49057

Sent from Gmail Mobile
[Quoted text hidden]

---

**Antonio Hadley** <antoniohadley@gmail.com> Wed, Dec 17, 2025 at 6:00 PM
To: City Manager <citymanager@cityofhartfordmi.org>

Nicole,

Thank you for reaching out. I understand your interest in meeting.

At this point, I believe it would be most productive to schedule any meeting after the City provides a complete written response to my pending FOIA request. The information requested is necessary for clarification and accuracy, and I do not want to rely on informal discussion where records should exist.

I am not refusing to meet — I simply want to ensure that any discussion is informed by the full and complete municipal record, provided in writing. Once that information is received, I am open to coordinating a meeting at a mutually convenient time.

Thank you for your understanding.

Respectfully,
Antonio

Sent from Gmail Mobile

[Quoted text hidden]

Gmail

Antonio Hadley <antoniohadley@gmail.com>

---

**FOIA Compliance and Record Clarification – Account 1713 / 122 Paras Hill Dr**

---

**Antonio Hadley** <antoniohadley@gmail.com> Wed, Dec 17, 2025 at 5:34 PM
To: Roxann Isbrecht <cityclerk@cityofhartfordmi.org>

RoxAnn,

Thank you for your response and for providing the account history.

I need to formally clarify several points, as the statements in your email raise material discrepancies concerning account actions, penalties, and due process. Additionally, your response references public self-service access through BSA Online. To be clear, my request was a formal Freedom of Information Act (FOIA) request, not a request for access to publicly available portals.

Public access to BSA Online does not satisfy FOIA obligations.

As of this writing, the City has not provided a FOIA-compliant response to several categories of records requested. The following clarifications and disclosures are required to ensure the accuracy and completeness of the municipal record.

---

## 1. Software Migration

You indicated the City switched software companies. Please confirm in writing:

- The date of the migration
- Whether records prior to migration were preserved
- Whether any records were lost, archived, deleted, or destroyed as part of the transition

---

## 2. Work Orders

You stated that "All work orders related to 122 Paras Hill do not exist."

However, the account history reflects:

- Shutoff-related penalties
- Non-payment shutoff references
- Service-related charges

Please clarify how shutoff-related actions or charges were assessed without any corresponding work orders, authorizations, or service documentation.

---

### 3. Shutoff Notices

You stated that all shutoff notices are included in the report. Please confirm:

- Dates of issuance
- Method of delivery
- Proof of service or posting, if applicable

---

### 4. Police Officer Involvement

My FOIA request included all records related to the dispatch or appearance of a police officer at 122 Paras Hill Dr, including:

- Call logs
- Dispatch records
- Incident or activity reports
- Officer identity
- Any request or authorization made by City personnel

Your response did not acknowledge or address this category. Please confirm whether such records exist and, if so, provide them or cite the specific exemption relied upon.

---

### 5. DHS / SER Records

While I understand DHS internal records are confidential, any City records reflecting communication with DHS, receipt of SER funds, account credits, or application of assistance are municipal records and remain subject to disclosure.

Please confirm whether the City possesses any such records for this account.

---

### 6. Internal Communications

You stated that internal emails or notes do not exist. Please confirm whether this means:

- They were never created, or
- They existed but were deleted, purged, or not retained

---

### FOIA Compliance

Your response does not identify:

- Records searched
- Records produced

- Records withheld
- Exemptions claimed

Additionally, no extension under MCL 15.235(2)(d) was asserted, and the statutory response period has elapsed.

Please provide a complete FOIA-compliant response in writing.

This correspondence is being copied to City Manager Nicole Brown for oversight.

Respectfully,

Antonio Hadley

122 Paras Hill Dr

Hartford, MI 49057

Sent from Gmail Mobile

Gmail

**Antonio Hadley <antoniohadley@gmail.com>**

---

**Formal Demand for Record Certification, Enforcement Freeze, and FOIA Compliance**

---

**Antonio Hadley** <antoniohadley@gmail.com> Thu, Dec 18, 2025 at 4:34 PM
To: City Manager <Citymanager@cityofhartfordmi.org>

Nicole, RoxAnn,

This email constitutes a formal written demand for clarification and certification of municipal records related to my utility account and related enforcement activity.

I am in receipt of a written response asserting that:
• No work orders exist
• No shutoff documentation exists
• No internal communications exist
• No enforcement records exist
and that the only available information is a public billing portal.

That position directly conflicts with documented City actions, including repeated shutoff attempts, police involvement, meter-related activity, and enforcement measures occurring over multiple years.

Accordingly, I am requesting the following, in writing:

1. Certification of Records
Please certify whether the City of Hartford maintains any records—electronic or physical—relating to:
• Water shutoffs or attempted shutoffs at 122 Paras Hill Dr (2021–present)
• Police involvement connected to utility enforcement
• Meter installation, replacement, testing, or adjustment
• Vehicle enforcement actions involving my property
• Internal communications regarding my account or enforcement

If records are asserted not to exist, please identify:
• The individual who conducted the search
• The systems searched
• The applicable record retention policies

2. Designation of System of Record
Please identify which ledger or system constitutes the City's official "system of record" for my account, as multiple conflicting account records have been produced.

3. Enforcement Freeze
Pending reconciliation and FOIA compliance, I am requesting written confirmation that:
• No utility enforcement actions will occur
• No police contact will be initiated
• No shutoff notices or tags will be issued

4. FOIA Compliance
My FOIA requests submitted beginning November 2025 remain unanswered. Directing a requester to a public portal does not satisfy Michigan FOIA obligations. Please advise when a compliant response will be issued.

This request is made to resolve discrepancies procedurally and avoid unnecessary escalation. I am requesting a written response.

Respectfully,
Antonio Hadley
122 Paras Hill Dr
Hartford, MI 49057

Gmail

**Antonio Hadley <antoniohadley@gmail.com>**

---

## FORMAL NOTICE: Ongoing FOIA Violations, Due Process Failures, Coercive Enforcement & Preservation of Evidence

---

**Antonio Hadley** <antoniohadley@gmail.com> Fri, Dec 19, 2025 at 2:12 PM
To: Roxann Isbrecht <cityclerk@cityofhartfordmi.org>, City Manager <Citymanager@cityofhartfordmi.org>

Dear City of Hartford Officials,

This email serves as a formal Notice of Ongoing Legal Violations, Demand for Statutory Compliance, and Preservation of Evidence.

This notice is issued without waiver of any rights, remedies, claims, or defenses, and without agreement to any meeting, negotiation, or informal discussion.

All communications must be in writing.

No in-person or telephonic meeting will occur unless and until statutory compliance is complete, including full compliance with the Michigan Freedom of Information Act.

---

### I. UNRESOLVED FOIA VIOLATIONS

(MCL 15.231 et seq.)

I have submitted lawful Freedom of Information Act requests seeking records directly related to the City's claimed billing, meter data, enforcement actions, and communications regarding my residence.

To date:

- No complete FOIA response has been produced
- No lawful exemption log has been provided
- No proper statutory extension has been issued
- No records sufficient to verify or substantiate the alleged debt have been disclosed

Narratives, ordinances, summaries, explanations, or invitations to "meet" do not satisfy FOIA.

Silence or diversion constitutes a constructive denial.

Each day of non-compliance constitutes a continuing statutory violation.

---

## II. RECORDS THE CITY HAS FAILED OR REFUSED TO PRODUCE

The City has failed or refused to produce records it is legally required to maintain and disclose, including but not limited to:

1. Complete meter chain-of-custody records, including all meter serial numbers, installation/removal dates, and starting/ending reads
2. Work orders, field notes, or service tickets for any meter activity or billing adjustment
3. Meter calibration, testing, or accuracy certifications
4. Internal billing adjustment approvals and reconciliation documentation
5. Utility billing software audit logs and metadata, including user IDs, timestamps, and manual overrides
6. Shutoff, turn-on, and enforcement authorization logs
7. Internal communications (email, text, messaging platforms, memoranda) referencing my account, FOIA requests, DHS/SER, enforcement actions, or law enforcement involvement
8. Police records, including CAD logs, incident reports, body-worn camera footage, dispatch recordings, and communications referencing my residence or account

The City has simultaneously represented that certain records do not exist or were not kept, while continuing to rely on alleged outcomes of those same records for enforcement. That position is legally indefensible.

---

## III. DUE PROCESS & CIVIL RIGHTS VIOLATIONS

(42 U.S.C. § 1983)

The City is attempting to deprive me and my household of a government-controlled essential service—residential water—without constitutionally adequate process, including:

- Enforcement and penalty accrual while records are withheld
- Constructive shutoff and coercive pressure during winter conditions
- Use of law enforcement presence in a disputed civil billing matter
- Denial of any meaningful opportunity to contest the alleged debt because the evidentiary trail has been disabled

These acts constitute violations of procedural due process, retaliation for petitioning the government, arbitrary enforcement, and action under color of law.

---

## IV. CONSTRUCTIVE SHUTOFF, COERCION, AND CHILD IMPACT

Threats of shutoff, penalty stacking, police presence, and forced water-hauling constitute constructive termination of service, particularly during winter and in a household with children.

These actions create foreseeable health, safety, and sanitation risks and elevate this matter beyond any ordinary

billing dispute.

---

## V. SUPERVISORY & MUNICIPAL LIABILITY

City leadership has been placed on notice of:

- FOIA non-compliance
- Missing or nonexistent records
- Continued enforcement during dispute
- Police involvement in a civil billing matter

Failure to correct or halt these actions constitutes policy ratification and deliberate indifference, exposing both the City and supervisory officials to liability.

---

## VI. PRESERVATION / SPOLIATION NOTICE

You are hereby placed on formal notice of your immediate duty to preserve all records, data, and information in your possession, custody, or control that reference, identify, relate to, or can be associated with:

- My full name: Antonio Hadley
- My residential address: 122 Paras Hill Dr, Hartford, Michigan 49057
- My phone number: 269-336-9909
- My email address: antoniohadley@gmail.com
- Any utility account number(s), meter number(s), or internal identifiers linked to my name or address

This preservation obligation applies without limitation to:

- All paper records
- All electronic records (emails, texts, internal messaging platforms)
- Utility system data (billing databases, meter data, adjustments, audit logs, metadata)
- Internal and external communications where my identifying information appears
- Law-enforcement records (CAD logs, reports, body-cam, dispatch recordings)
- Backup systems, archives, cloud storage, and disaster-recovery media

This duty applies regardless of whether the City believes the records are relevant, informal, duplicative, preliminary, or unfavorable.

Deletion, alteration, overwriting, or modification of any such information after receipt of this notice will be treated as intentional spoliation of evidence.

---

## VII. DEMAND

Accordingly, I demand:

1. Immediate and complete statutory compliance with FOIA, including production of all responsive records or a lawful exemption log
2. Immediate cessation of enforcement actions, penalties, shutoff activity, and police involvement pending compliance
3. Written confirmation that all responsive records are being preserved

Absent full compliance, I will proceed without further notice to appropriate judicial and oversight forums.

---

Respectfully,

Antonio Hadley

122 Paras Hill Dr

Hartford, MI 49057

📧 antoniohadley@gmail.com

📞 269-336-9909

Sent from Gmail Mobile

Gmail **Antonio Hadley <antoniohadley@gmail.com>**

---

## FOIA DEFAULT NOTICE — Failure to Respond Within Statutory Deadline (Intent to Enforce)

---

**Antonio Hadley** <antoniohadley@gmail.com> Mon, Jan 5 at 1:01 PM
To: City Manager <Citymanager@cityofhartfordmi.org>

Nicole Pulliam

City Manager

City of Hartford

19 West Main St

Hartford, MI 49057

Cc: City Attorney

Cc: City Council

Cc: City Clerk

From: Antonio Hadley

122 Paras Hill Dr

Hartford, MI 49057

Date: January 6, 2026

---

City Manager Pulliam,

This correspondence serves as formal notice of default under the Michigan Freedom of Information Act (MCL 15.231 et seq.).

On November 4, 2025, I submitted a written FOIA request to the City of Hartford requesting records related to my water account, including but not limited to meter data, billing calculations, usage records, and enforcement activity.

As of today, the City has failed to provide a written response, failed to grant or deny the request, and failed to issue a lawful extension within the time required by statute.

Under MCL 15.235(2), a public body must respond within 5 business days of receipt of a FOIA request, or issue a valid written extension.

The City's failure to respond constitutes a denial by operation of law.

This letter places the City on notice of the following:

1. The City is in violation of the Michigan FOIA for failure to respond within the statutory timeframe.
2. The FOIA request is now deemed denied, triggering my right to appeal and enforce under MCL 15.240.
3. Continued non-response exposes the City to civil enforcement, including statutory damages, attorney fees, and costs.

Accordingly, I hereby demand the following:

- Immediate written acknowledgment of this FOIA default
- Immediate production of all responsive records without further delay
- Written identification of any records claimed as exempt, including the specific statutory basis for each exemption

Please be advised that enforcement actions have already been initiated through external oversight channels, and continued failure to comply will result in further escalation as permitted by law.

This matter can still be resolved without litigation if the City produces the requested records promptly.

I expect written confirmation.

Respectfully,

Antonio Hadley

122 Paras Hill Dr

Hartford, MI 49057

Sent from Gmail Mobile

Gmail **Antonio Hadley <antoniohadley@gmail.com>**

---

## Meter Inspection

2 messages

---

**City Manager** <citymanager@cityofhartfordmi.org> Wed, Jan 7 at 3:39 PM
To: antoniohadley@gmail.com <antoniohadley@gmail.com>
Cc: Hartford Public Works <DPW@cityofhartfordmi.org>

Hello Tony,

Per our telephone conversation, you would like my request in writing. I received an alert from our meter system that the meter at 122 Paras Hill was flagged; therefore, the Department of Public Works needs to inspect it. Per our conversation, the meter is located inside the home; therefore, I would like to send Ricky, the public works superintendent, to your home first thing tomorrow morning. January 8th between 9 am and 11 am. Unfortunately, this cannot wait until Monday for inspection.

What time is good for you tomorrow?

**Nicol S. Pulluiam** **(changed from Brown)**

City Manager

City of Hartford

19 West Main Street

Hartford, MI 49057

**Phone**: 269-621-2477

**Email**:citymanager@cityofhartfordmi.org

**www.cityofhartfordmi.org**

**Antonio Hadley** <antoniohadley@gmail.com>
To: City Manager <citymanager@cityofhartfordmi.org>
Cc: Hartford Public Works <DPW@cityofhartfordmi.org>

Wed, Jan 7 at 4:59 PM

Hello Nicole,

I am following up to formally address the recent statement that the water meter at my address was "flagged" by a City system and to ensure the record accurately reflects the sequence of events to date.

As context, this matter did not begin recently. It has involved ongoing billing disputes, multiple unanswered FOIA requests, and repeated written communications over an extended period. Throughout that time, no system alert, work order, or meter-related issue was identified or disclosed.

Most notably, I was informed by the Water Department that no paperwork or records existed pertaining to my address. Against that backdrop, the recent assertion that the meter is now "flagged" requires clarification and supporting documentation.

If a legitimate system flag exists, there must be a verifiable transition point at which the meter status changed from normal operation to a flagged condition. Accordingly, before any inspection or interior access is contemplated, I am requesting the following be produced in writing:

- The date and time the meter allegedly became flagged
- The specific system or platform that generated the alert
- The nature of the alert (e.g., read error, communication issue, usage anomaly, leak indication, etc.)
- Any associated log entry, work order, or report tying the alert specifically to my address

At this time, I cannot consent to interior access that would generate new readings, photographs, or documentation while the City has not produced its existing records and while FOIA requests remain unanswered. Proceeding otherwise would risk altering the evidentiary baseline before the historical record is established.

This position is not a refusal to cooperate. It is a request for transparency and documentation before further action is taken.

For clarity and recordkeeping, I have outlined below a concise timeline of key communications and actions. This timeline is based on written correspondence, texts, mailed notices, and stamped submissions already in the City's possession.

---

Timeline Summary (For Reference)

- November 4 – Initial FOIA request submitted seeking billing history, meter read data, system logs, and account records.
- November 26 – Follow-up communications sent regarding billing discrepancies and lack of FOIA response.
- December 5 – Cease and desist issued; letter of urgency sent to the City Manager requesting documentation and suspension of enforcement.
- December 8 – Text message received from you requesting a meeting; no mention of a meter issue, emergency, or system flag.
- December 9 (morning) – I responded to the meeting request. Shortly thereafter, I received a text stating that payment of the bill was required.
- December 9 (same day) – Police were sent to my residence in connection with the billing dispute, despite no documented emergency or meter issue.
- December 17 – Formal email sent to the City Manager documenting FOIA violations and due process concerns.
- December 18 – Formal letter of demand sent to the City.
- December 19 – Formal notice sent to you and Roxanne documenting ongoing FOIA violations, coercive enforcement, and preservation of evidence.
- Post–December 19 – I was advised that no paperwork existed for my address; thereafter, the assertion of a newly "flagged" meter was introduced.

---

Given this sequence, the timing of the newly asserted "flag" is unclear and requires documentation before any further steps are taken.

Once the City provides the records supporting its claim and fulfills its outstanding FOIA obligations, I am willing to revisit inspection logistics in a coordinated and transparent manner.

I look forward to your response.

Antonio Hadley
122 Paras Hill Dr

Sent from Gmail Mobile
[Quoted text hidden]

Gmail **Antonio Hadley <antoniohadley@gmail.com>**

---

**Follow-Up on Meter Irregularity Identified in Your Email of January 7**

---

**Antonio Hadley** <antoniohadley@gmail.com> Mon, Jan 12 at 12:29 PM
To: City Manager <Citymanager@cityofhartfordmi.org>

Ms. Brown,

I am following up on your email dated January 7, in which you acknowledged a red flag regarding the water meter associated with my account and indicated that the issue required further review.

As of today, no follow-up communication, findings, documentation, or corrective action has been provided.

This email is to formally document that:
- The meter irregularity was identified by you,
- The issue was acknowledged as requiring attention,
- No resolution or explanation has been issued despite the passage of time, and
- Billing enforcement and account pressure have continued in the absence of clarification.

If any investigation, testing, review, or internal determination was conducted in response to the January 7 red flag, please identify it and provide the corresponding records.
If no follow-up was conducted, please confirm that fact.

This communication is intended solely to ensure the record accurately reflects what was identified, what actions were taken, and what actions were not.

Antonio Hadley

Sent from Gmail Mobile

Gmail **Antonio Hadley <antoniohadley@gmail.com>**

---

**FOIA Supplement – Water System Records, DSMI Classification, and Billing Basis (2021–Present)**

---

**Antonio Hadley** <antoniohadley@gmail.com> Mon, Jan 12 at 12:30 PM
To: Roxann Isbrecht <cityclerk@cityofhartfordmi.org>, City Manager <Citymanager@cityofhartfordmi.org>

FOIA Coordinator,

This email serves as a supplemental request under the Michigan Freedom of Information Act, expanding upon my prior FOIA request(s) to include records that must exist based on the City's own actions, public meetings, contracts, inspections, and enforcement.

This request covers the period January 1, 2021 to present.

Please produce the following:

A. DSMI / Service Line Classification Records
1. All Distribution System Materials Inventory (DSMI) inspection results for my address (interior and exterior).
2. The service line material classification assigned to my address.
3. Any internal lists, flags, or databases identifying properties with galvanized, lead, or unknown service line materials.
4. Any guidance, protocols, or mitigation measures associated with those classifications.

B. Grant, Project, and Governance Records
5. Records related to the Drinking Water Asset Management (DWAM) grant discussed and approved at the November 15, 2021 City Commission meeting.
6. Records showing how DSMI findings were recorded, stored, and used after inspections were completed.
7. Any documents supporting a "no significant impact" determination relied upon for continued billing or enforcement at properties identified through DSMI.

C. Billing and Meter Basis
8. Complete account ledger for my property, including all charges, credits, adjustments, estimates, and corrections.
9. Meter read history with dates, values, and method of collection.
10. Any internal worksheets, software outputs, or calculations used to derive billed usage.
11. Records relating to meter irregularities, investigations, or red flags associated with my account.

D. Enforcement and Communication
12. Records authorizing billing enforcement actions taken while FOIA requests were pending.
13. Communications related to enforcement actions taken during periods of identified meter irregularity.

If any requested records do not exist, please state that explicitly.

If any portion of this request is denied, please cite the specific statutory exemption relied upon.

This request is limited to records that must exist as a result of City actions and public proceedings.

Antonio Hadley

Sent from Gmail Mobile

Gmail **Antonio Hadley <antoniohadley@gmail.com>**

---

**FORMAL RECORD REQUEST & PRESERVATION NOTICE: Utility Account Access, Official Communications, and Project Timeline Transparency**

---

**Antonio Hadley** <antoniohadley@gmail.com> Wed, Jan 21 at 6:36 AM
To: City Manager <Citymanager@cityofhartfordmi.org>, Roxann Isbrecht <cityclerk@cityofhartfordmi.org>

TO:
Mayor Jane Danger
City Manager Nicole Pullman
City Attorney (Unknown)
City Clerk Roxanne Rodney-Isbrecht

Dear Mayor Danger, City Manager Pullman, City Attorney (Unknown), and City Clerk Rodney-Isbrecht,

I am resending this notice to ensure a clean record of delivery and receipt. This correspondence concerns the following two specific incidents:

1) On or about January 14, 2026, Mayor Jane Danger posted a public statement on Facebook referencing my private municipal utility billing/payment status, in direct response to my protected civic speech regarding water quality, service line findings, and disclosure timelines; and
2) On January 15, 2026, the City of Hartford issued a "CITY OF HARTFORD – NEWS RELEASE" titled "CITY OF HARTFORD 2026 WATER IMPROVEMENT PROJECTS," which was posted on Facebook by Mayor Jane Danger.

This email constitutes a formal written record request and a legal preservation notice. It is not a request for social media debate. It is a demand for administrative accountability, documentation, and compliance.

---

## 1) RECEIPT CONFIRMATION & SERVICE
Please reply confirming receipt of this email and the attached screenshots (Exhibit A and Exhibit B).

Additionally, a physical copy of this notice is being sent via Certified Mail (Return Receipt Requested) to the City Clerk's office to establish a complete record of service.

---

## 2) PRESERVATION HOLD — IMMEDIATE IMPLEMENTATION
The City, its elected officials, and its employees are hereby placed on formal notice to preserve all records potentially relevant to this matter, including but not limited to:

A. Utility Account Audit Logs / Access History
- User IDs, timestamps, terminals/devices, and any available access identifiers for any viewing, export, or modification of my utility account records during the relevant time period, including January 12–15, 2026.
- Any account notes, flags, internal comments, annotations, or ledger adjustments created, modified, or reviewed during that same period.

B. Communications
- All emails, texts/SMS, call notes, memoranda, and messages referencing my utility account, my public statements, the Mayor's January 14 Facebook statement, the City's response strategy, or the January 15 News Release.

C. Records on Private Devices / Accounts Used for City Business
This preservation demand expressly includes communications created or stored on private devices, personal email accounts, or private messaging applications (including but not limited to Messenger, WhatsApp, and similar platforms) when used to conduct or discuss City business.

D. Automated Deletion / Disappearing Messages
All auto-delete and disappearing-message settings applicable to relevant threads must be disabled immediately, and

no records may be deleted, edited, or "cleaned up" after notice.

This notice is issued in anticipation of oversight review and foreseeable legal proceedings. Any deletion, alteration, concealment, or failure to preserve records after receipt of this notice may constitute spoliation of evidence.

---

## 3) WRITTEN RECORD REQUEST — UTILITY PRIVACY & DATABASE INTEGRITY
Please provide a written response identifying:

A) The identity (name and title, or unique user ID) of any official or employee who accessed my utility records in connection with the Mayor's January 14, 2026 public Facebook statement.
B) The specific record(s) relied upon to publicly claim that I "have not been paying my bills on time," and that I "have accrued many outstanding late fees."
C) The City's database/records acceptable-use policy (or equivalent policy) governing who may access resident utility accounts and for what purpose—specifically whether the City contends that resident utility data may be used for public commentary or narrative control.
D) If the City contends this information is public record, please cite the specific statute, ordinance, or written policy that makes individual residential billing delinquency and late-fee history publicly accessible without a FOIA request.

---

## 4) PUBLIC HEALTH & PROJECT TIMELINE TRANSPARENCY
For chronological transparency regarding the January 15, 2026 News Release and the financing/actions previously taken by the City, including Resolution 2025–047 (authorizing Water Supply System Revenue Bonds not to exceed $14,000,000), please produce:

- Documentation supporting the service-line findings reflected in the DWAM/Wightman updates (including the "about 67 out of 169" high-risk discoveries), including any engineer certifications or project documentation used for reporting and decision-making;
- Evidence of the date(s) the City issued the legally required resident notifications following identification of lead, galvanized, or unknown service line material; and
- Documentation linking the $14.00 Water Improvement fee and $20.00 Capital Reserve fee (Resolutions 2025–037/038) to the specific timelines and project activity described in the January 15 News Release.

I am seeking to resolve these issues through documentation. If the City complied with required notification windows and handled municipal utility data appropriately, producing the audit logs and supporting records will clarify the matter immediately.

---

## 5) DEADLINE
Please respond in writing within five (5) business days confirming:
1) Receipt of this notice;
2) Implementation of a preservation hold; and
3) The requested identifications and records above (or a written explanation of any claimed legal basis for withholding).

Respectfully,

Antonio Hadley
Antoniohadley@gmail.com

Sent from Gmail Mobile
IMG_1044.png, IMG_1043.png

# SEARCH WARRANT

Police Agency Hartford Police Department
**Report Number:** 26-0025

**TO THE SHERIFF OR ANY PEACE OFFICER:**

Chief Brian Matthews, has sworn to the affidavit regarding the following:

1. The person, place, or thing to be searched is described as and is located at:

122 Paras Hill Drive, Hartford, MI
This residence is located in the City of Hartford, Van Buren County, State of Michigan.
It is a single story residence with a garage on the north side of the home, large white colored picture window on the front of the home. A partial brick facad. A chimney on the roof of the home. The residence is marked with 122 on the home.

2. The PROPERTY/PERSON to be searched for and seized, if found, is specifically described as:

- Administrative Inspection - Water meter located inside house at 122 Paras Hill, Hartford, MI
- Seizure (Vehicle Towing) - White Ford F250 pick truck located partially in the public right of way and partially on private property at 122 Paras Hill, Hartford MI, immediately above the water shutoff valve for the property. The City is granted permission to tow (seize) this vehicle for the limited purpose of moving it less than 20 feet, to a location in the adjacent public right of way, so that the City personnel can shutoff water service to the property due to unpaid water bills.

**IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN:** I have found that probable cause exists and you are commanded to make the search and seize the described property/person. Leave a copy of this warrant and a tabulation (a written inventory) of all property taken with the person from whom property was taken or at the premises. You are further commanded to promptly return this warrant and tabulation the court.

[signature] P50690
Judge/Magistrate signature and date
2/10/2026
@9:34AM

**RETURN AND TABULATION**

Search was made ______________ (Date) and the following property/person was seized:

☐ Continued on other side.

______________
Officer

Copy of warrant and tabulation served on: ______________ (Name)

Tabulation filed: ______________ (Date)

Approved, SCAO
Form MC 231, Rev. 3/10
Page 1 of 1

Distribute form to:
Issuing court
Prosecutor
Serve
Issuing judge

TRUE COPY
FEB 12 2026
Van Buren County Clerk

C|L|F
THE CURCIO LAW FIRM

Nick Curcio | 16905 Birchview Drive | Nunica, MI 49448
616.430.2201 | ncurcio@curciofirm.com

February 17, 2026

Clerk of the Court
36th Circuit Court, 2nd Floor
212 E. Paw Paw Street
Paw Paw, MI 49079

**Re: *Hadley v. City of Hartford*, 22-072479-AA**

Dear Clerk:

Enclosed for filing please find 2 copies of *Defendant's Response to the Court's February 13, 2026, Ex Parte Order* and *Proof of Service* in the above-referenced case. Please contact me if you have any questions.

Sincerely,

Nick Curcio

**STATE OF MICHIGAN**
**36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

ANTONIO HADLEY,

Plaintiff, Hon. Susan Metzger

v. Case No. 2026-75527-CZ

CITY OF HARTFORD,

Defendant,

---

Antonio Hadley, pro per
122 Paras Hill Drive
Hartford, MI 49057
antoniohadley@gmail.com

*Pro Per Plaintiff*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, Michigan 49448
(616) 430-2201
ncurcio@curciofirm.com

*Attorney for City Defendant*

---

**DEFENDANT'S RESPONSE TO THE COURT'S FEBRUARY 13, 2026,**
***EX PARTE* ORDER**

Defendant City of Hartford, by and through its counsel, respectfully submits this response to the *ex parte* order entered by this Court on February 13, 2026.

On February 12, 2026, Plaintiff filed this action asserting claims arising from a dispute over his municipal water account. On February 13, 2026, the Court entered an *ex parte* order requiring the City to restore water service and setting a hearing on the need for further injunctive relief for February 20, 2026. The City has restored water service to the property in full compliance with that order.

As an initial matter, the City does not believe Plaintiff is likely to succeed on the merits of his claims. Plaintiff's central allegation is that the City has billed him for more water than he has actually used, but he has not submitted any evidence to support this claim. While Plaintiff

attached Harmony Encore usage reports and other account information to his pleadings, none of those documents appear to show that he was billed for more water than was reflected in the usage reports, nor that there is any discrepancy between the usage reflected in the reports and Plaintiff's actual consumption. As for the FOIA claim, Plaintiff alleges that he submitted a FOIA request on November 7, but he did not attach any evidence of such a request to his pleadings. The attachments to the complaint instead reflect later requests, to which the City responded by providing responsive records or indicating that such records did not exist. Finally, Plaintiff's abuse of process claim fares no better. It is based entirely on the City's decision to seek an administrative search warrant to inspect its water infrastructure, which is a legitimate exercise of municipal authority, not an improper use of process.

Despite these shortcomings, the City does not oppose entry of an order restraining it from terminating Plaintiff's water service based on current delinquencies while this suit is pending. A proposed order in that vein is attached for the Court's consideration as Exhibit A. The proposed order directly addresses the concerns that prompted Plaintiff's *ex parte* motion — that water service would be terminated during the winter while the billing dispute is pending — by ensuring the City cannot shut off Plaintiff's water based on the disputed balances reflected on invoices issued before the date of the order. This protection would remain in place for the duration of the litigation or until further order of the Court, providing Plaintiff with a durable remedy rather than the temporary relief afforded by the current *ex parte* order. At the same time, the proposed order preserves the City's ordinary authority to bill and collect charges for water service on a going-forward basis — an authority unrelated to the subject matter of this litigation and to which every other ratepayer in the City is subject.

For these reasons, the City respectfully requests that this Court enter the proposed order attached as Exhibit A.

Dated: February 17, 2026

Respectfully Submitted,

*/s/ C. Nicholas Curcio*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, MI 49448
(616) 430-2201

# Exhibit A

**STATE OF MICHIGAN**
**36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

ANTONIO HADLEY,

Plaintiff,

v.

CITY OF HARTFORD,

Defendant,

Hon. Susan Metzger

Case No. 2026-75527-CZ

---

Antonio Hadley, pro per
122 Paras Hill Drive
Hartford, MI 49057
antoniohadley@gmail.com

*Pro Per Plaintiff*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, Michigan 49448
(616) 430-2201
ncurcio@curciofirm.com

*Attorney for City Defendant*

---

**ORDER RESTRAINING DEFENDANT DURING THE PENDENCY OF THE SUIT**

At a session of said Court, held in the Village of Paw Paw,
County of Van Buren, State of Michigan
On: ____________________, 2026

PRESENT: Honorable Susan Metzger, Circuit Court Judge

This matter having come before the Court pursuant to its *ex parte* order issued on February 13, 2026, in response to Plaintiff's motion for a temporary restraining order, and the Court having reviewed the filings of the parties and being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that, during the pendency of this case, defendant City of Hartford is restrained from terminating, interrupting, or disconnecting residential water service to plaintiff's residence located at 122 Paras Hill Drive, Hartford, Michigan 49057, in connection with any charges, balances, or fees reflected on invoices issued before the date of entry of this

Order. This restraint includes, but is not limited to, locking, disabling, or obstructing water service, or posting shutoff notices related to such pre-Order charges.

IT IS FURTHER ORDERED that nothing in this Order shall limit or restrict the City of Hartford's authority to terminate water service for nonpayment of charges for water service first reflected on invoices issued after the date of entry of this Order, in accordance with the City's ordinary policies and procedures.

IT IS FURTHER ORDERED that the *ex parte* temporary restraining order entered on February 13, 2026 is superseded by this Order.

IT IS FURTHER ORDERED that this Order shall remain in effect until further order of this Court. Either party may file a motion requesting modification of this Order for good cause shown.

IT IS FURTHER ORDERED that this Order is entered without prejudice to either party's claims or defenses and shall not be construed as an admission of liability by either party.

Dated: _______________, 2026

_______________________________
Hon. Susan Metzger

**STATE OF MICHIGAN**
**36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

ANTONIO HADLEY,

Plaintiff,

v.

CITY OF HARTFORD,

Defendant,

Hon. Susan Metzger

Case No. 2026-75527-CZ

---

Antonio Hadley, pro per
122 Paras Hill Drive
Hartford, MI 49057
antoniohadley@gmail.com

*Pro Per Plaintiff*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, Michigan 49448
(616) 430-2201
ncurcio@curciofirm.com

*Attorney for City Defendant*

---

**PROOF OF SERVICE**

I, Nicholas Curcio, certify that on February 17, 2026, I caused to be served the foregoing *Defendant's Response to the Court's February 13, 2026, Ex Parte Order* on defendant Antonio Hadley by first-class mail.

Dated: February 17, 2026

Respectfully Submitted,

*/s/ C. Nicholas Curcio*
C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, MI 49448
(616) 430-2201

**STATE OF MICHIGAN**
**36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

ANTONIO HADLEY,

Plaintiff,

v.

CITY OF HARTFORD,

Defendant,

Hon. Susan Metzger

Case No. 2026-75527-CZ

---

Antonio Hadley, pro per
122 Paras Hill Drive
Hartford, MI 49057
antoniohadley@gmail.com

*Pro Per Plaintiff*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, Michigan 49448
(616) 430-2201
ncurcio@curciofirm.com

*Attorney for Defendant*

---

**CITY OF HARTFORD'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

The City of Hartford states as follows in answer to Plaintiff's complaint:

**GENERAL ALLEGATIONS**

1. Plaintiff resides at 122 Paras Hill Drive, Hartford, Michigan.

**Answer:** Admitted.

2. Defendant City of Hartford is a municipal corporation located in Van Buren County, Michigan.

**Answer:** Admitted.

3. This action arises from a disputed municipal water billing account and Defendant's refusal to provide requested public records under the Michigan Freedom of Information Act ("FOIA"), MCL 15.231 et seq.

**Answer:** Denied as stated. The City admits that a dispute exists regarding Plaintiff's water billing account. The City denies that it refused to provide requested public records and states that it responded to Plaintiff's FOIA requests by producing responsive records.

4. Defendant has claimed water usage exceeding 234,000 gallons.

**Answer:** Denied as stated. The City's understanding is that the figure referenced by Plaintiff represents a cumulative meter reading accrued over a period of years, not a single billing charge or a claim of usage during any particular billing period. The City bills based on the difference between consecutive meter readings each billing cycle.

5. Defendant's own internal "Harmony Encore" reports dated December 13, 2025 and January 13, 2026 reflect a physical meter reading of 49,940 gallons.

**Answer:** The City admits that the Harmony Encore reports reflect 49,940 gallons of cumulative usage recorded since a new meter was installed at Plaintiff's service address in the summer of 2025 through January 13, 2026. It does not reflect Plaintiff's total historical usage and is not inconsistent with the City's billing records.

6. Plaintiff disputes the accuracy and legality of Defendant's billing calculations.

**Answer:** The City admits that Plaintiff has asserted a dispute regarding his billing. The City denies that its billing calculations are inaccurate or unlawful.

## COUNT I
## VIOLATION OF MICHIGAN FOIA (MCL 15.231 et seq.)

7. On November 4, 2025, Plaintiff submitted a formal FOIA request seeking meter audit logs, billing data, and related usage records.

**Answer:** The City lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore leaves Plaintiff to his proofs. The City admits that it received later FOIA requests from Plaintiff and responded by producing responsive records.

8. Defendant failed to produce the requested records within the time required by statute.

**Answer:** The City lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore leaves Plaintiff to his proofs.

9. Defendant has withheld the requested records for over ninety (90) days.

**Answer:** Denied. The City has not withheld any records from Plaintiff. To the extent the City has failed to produce records requested on November 4, 2026, it is because the FOIA Coordinator RoxAnn Rodney-Isbrecht was unaware that such a request had been submitted.

10. Defendant's refusal to produce records while simultaneously pursuing enforcement action is arbitrary and capricious.

**Answer:** Denied. To the extent this allegation states a legal conclusion, no response is required.

**COUNT II**
**INJUNCTIVE RELIEF**

11. On February 10, 2026, Defendant terminated water service to Plaintiff's residence.

*Answer:* **Admitted.**

12. Minor children reside in the home.

**Answer:** The City lacks sufficient information to form a belief as to the truth of this allegation and therefore leaves Plaintiff to his proofs.

13. The termination occurred during winter conditions.

**Answer:** Admitted.

14. The loss of water service has caused and continues to cause irreparable harm affecting sanitation, hygiene, and health.

**Answer:** The City lacks sufficient information to form a belief as to the truth of this allegation. By way of further answer, the Court entered an *ex parte* order on February 13, 2025, and the City promptly restored water service in full compliance with that order.

**COUNT III**
**ABUSE OF PROCESS**

15. Defendant obtained and executed an administrative search warrant (Report No. 26-0025) relating to Plaintiff's water service.

**Answer:** Admitted.

16. Plaintiff alleges the warrant was used to enforce a disputed civil billing matter.

*Answer:* Denied. The administrative search warrant authorized the City to inspect its water infrastructure and to remove obstructions to the shutoff valve at Plaintiff's service address, including a vehicle that Plaintiff had positioned to block access. The warrant was obtained for the legitimate purpose of accessing and maintaining the City's water infrastructure.

17. Plaintiff seeks judicial review of the warrant affidavit and supporting representations.

**Answer:** This allegation describes the relief Plaintiff seeks and requires no response.

Dated: February 17, 2026

Respectfully Submitted,

*/s/ C. Nicholas Curcio*
C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, MI 49448

## AFFIRMATIVE DEFENSES

1. **Failure to state a claim (Count II).** Count II fails to state a claim upon which relief can be granted. Injunctive relief is a remedy, not an independent cause of action. Plaintiff has not alleged any underlying statutory or constitutional violation that would entitle him to injunctive relief. He has not alleged a violation of due process, a breach of any statutory duty, or any other cognizable legal theory. A bare request for an injunction, untethered to any substantive right, does not state a claim under Michigan law.

2. **Failure to state a claim (Count III).** Count III fails to state a claim for abuse of process. To establish abuse of process under Michigan law, a plaintiff must show (1) an ulterior purpose and (2) an act in the use of process that is improper in the regular prosecution of the proceeding. The complaint does not allege any ulterior purpose behind the administrative search warrant; it alleges only that the warrant was obtained in connection with a billing dispute. Nor does the complaint allege any improper act in the use of the warrant's process. Plaintiff's real objection is to the City's decision to seek the warrant in the first place, but a challenge to the initiation of process is not a cognizable abuse of process claim.

3. **Mootness (Count I).** To the extent Plaintiff's FOIA claim seeks production of records that the City has already produced in response to Plaintiff's requests, the claim is moot. A court cannot grant meaningful relief where the act sought to be compelled has already occurred.

4. **Statutory compliance (Count I).** The City complied with its obligations under the Michigan Freedom of Information Act by responding to Plaintiff's FOIA requests and producing responsive records or indicating that such records did not exist. To the extent any delay occurred,

it was not the product of willful or intentional noncompliance, and Plaintiff is not entitled to the enhanced civil fines he seeks under MCL 15.240(7) or MCL 15.240b.

5. **Legitimate governmental function (Count III).** The administrative search warrant at issue was obtained through lawful judicial process for the legitimate purpose of inspecting the City's water infrastructure at Plaintiff's service address. The inspection of municipal water meters and related infrastructure is a routine and lawful function of municipal government. The City's exercise of this authority does not give rise to a claim for abuse of process.

6. **No damages (Counts II and III).** Plaintiff has failed to allege cognizable damages arising from either the temporary interruption of water service or the execution of the administrative search warrant.

7. **Plaintiff's own conduct.** To the extent Plaintiff's claims are premised on the assertion that the City's billing is inaccurate, Plaintiff's own water consumption—including high-usage periods attributable to leaks and other causes within Plaintiff's knowledge and control—accounts for the charges at issue. Plaintiff's failure to timely address known conditions affecting his water usage does not give rise to liability on the part of the City.

8. **Reservation.** The City reserves the right to amend this answer and to assert additional affirmative defenses as discovery and further investigation may warrant.

Dated: February 17, 2026

Respectfully Submitted,

*/s/ C. Nicholas Curcio*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, MI 49448

**STATE OF MICHIGAN**
**36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

ANTONIO HADLEY,

Plaintiff, Hon. Susan Metzger

v. Case No. 2026-75527-CZ

CITY OF HARTFORD,

Defendant,

---

Antonio Hadley, pro per
122 Paras Hill Drive
Hartford, MI 49057
antoniohadley@gmail.com

*Pro Per Plaintiff*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, Michigan 49448
(616) 430-2201
ncurcio@curciofirm.com

*Attorney for City Defendant*

---

**CERTIFICATE OF SERVICE**

I, Nicholas Curcio, certify that on March 12, 2026, I caused to be served the foregoing *Initial Disclosures* and *Defendant's First Set of Discovery Requests* (which includes requests for admission) on plaintiff by first-class mail to the address above.

Respectfully submitted,

Dated: March 12, 2026

CURCIO LAW FIRM PLC

<u>*/s/ C. Nicholas Curcio*</u>
C. Nicholas Curcio (P75824)
16905 Birchview Drive
Nunica, MI 49448
(616) 430-2201

TRUE COPY
MAR 1 6 2026
Van Buren County Clerk

**PROOF OF SERVICE**

**I, Antonio Hadley, certify that on March 23, 2026, I served a true and correct copy of the following documents:**

**- Motion to Enforce Order Restraining Defendant and for Order to Show Cause Why Defendant Should Not Be Held in Contempt of Court**
**- Notice of Hearing**
**- All attached Exhibits (A through D)**

**upon Defendant's counsel, C. Nicholas Curcio, by:**

**☑ First-Class U.S. Mail**
**☐ Hand Delivery**
**☐ Electronic Service (if agreed)**

**at the following address:**

**C. Nicholas Curcio (P75824)**
**Curcio Law Firm PLC**
**16905 Birchview Drive**
**Nunica, Michigan 49448**

**I declare under the penalties of perjury that this Proof of Service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.**

**Antonio Hadley**

**Dated: March 23, 2026**

**STATE OF MICHIGAN**
**IN THE 36TH CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

**ANTONIO HADLEY,**
**Plaintiff,**

**v.** **Case No. 2026-75527-CZ**
**Hon. Susan Metzger**

**CITY OF HARTFORD,**
**Defendant.**
______________________________/

**NOTICE OF HEARING**

**TO: C. Nicholas Curcio (P75824)**
**Curcio Law Firm PLC**
**16905 Birchview Drive**
**Nunica, Michigan 49448**

**PLEASE TAKE NOTICE that Plaintiff Antonio Hadley will bring on for hearing the following Motion:**

**Motion to Enforce Order Restraining Defendant and for Order to Show Cause Why Defendant Should Not Be Held in Contempt of Court.**

**The hearing on this Motion has been scheduled as follows:**

**Date: April 28, 2026**
**Time: 1:30 p.m.**
**Before: Hon. Susan Metzger**
**Location: Van Buren County Circuit Court**
**212 Paw Paw Street**
**Paw Paw, Michigan 49079**

**This hearing will be conducted via Zoom or in person.**

**Zoom Meeting ID: 277 444 5820**

**This motion is based on the pleadings and exhibits filed with the Court.**

**Respectfully submitted,**

______________________________

**Antonio Hadley**
**122 Paras Hill Dr**
**Hartford, MI 49057**
**Phone: 269-336-9909**
**Email: antoniohadley@gmail.com**

**Dated: March 23, 2026**

**STATE OF MICHIGAN**
**IN THE 36TH CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

**ANTONIO HADLEY,**
**Plaintiff,**

**v.** **Case No. 2026-75527-CZ**
**Hon. Susan Metzger**

**CITY OF HARTFORD,**
**Defendant.**

**MOTION TO ENFORCE ORDER RESTRAINING DEFENDANT AND FOR ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT OF COURT**

**Plaintiff Antonio Hadley, appearing in propria persona, states as follows:**

**I. BACKGROUND**

1. **On February 20, 2026, this Court entered an "Order Restraining Defendant During the Pendency of the Suit" (the "February 20 Order"). A true and correct copy is attached as Exhibit A.**
2. **The February 20 Order restrains Defendant City of Hartford from terminating, interrupting, or disconnecting residential water service to Plaintiff's residence at 122 Paras Hill Drive, Hartford, Michigan, in connection with any charges, balances, or fees reflected on invoices issued before the date of entry of the Order.**
3. **The Order further restrains Defendant from locking, disabling, or obstructing water service, or posting shutoff notices related to such pre-Order charges, while permitting enforcement only as to charges first reflected on invoices issued after the date of entry of the Order.**

**II. RELEVANT BILLS AND SHUTOFF NOTICES**

4. **On or about February 16, 2026, Defendant issued a utility bill to Plaintiff for the property at 122 Paras Hill Drive, reflecting a billing period of January 1, 2026 through January 31, 2026, with a total amount due of $1,035.15. A true and correct copy is attached as Exhibit B.**
5. **On or about February 20, 2026, Defendant issued a "REMINDER / SHUT OFF NOTICE" stating that $930.28 was past due and warning that service would be disconnected if not paid. A true and correct copy is attached as Exhibit C.**
6. **Plaintiff allowed a reasonable period for Defendant to correct any error and bring its billing into compliance with the February 20 Order.**
7. **Instead of correcting the balance, Defendant added late fees and penalties and, on or about March 20, 2026, issued another "REMINDER / SHUT OFF NOTICE" demanding $1,035.15 and threatening shutoff if not paid by March 20, 2026. A true and correct copy is attached as Exhibit D.**
8. **The March 20, 2026 notice is based on, and directly related to, the same charges reflected in the February 16, 2026 pre-Order bill.**

**III. VIOLATION OF THE FEBRUARY 20 ORDER**

**9. The February 20 Order expressly prohibits Defendant from posting shutoff notices or taking action "in connection with" pre-Order charges.**

**10. The February 16, 2026 bill predates the Court's Order and constitutes pre-Order charges protected by that Order.**

**11. By issuing the March 20, 2026 shutoff notice referencing the same $1,035.15 balance and threatening termination of service, Defendant has both posted a shutoff notice and taken action in connection with pre-Order charges.**

**12. The March 20, 2026 notice therefore constitutes a shutoff notice "related to" pre-Order charges within the meaning of the Court's Order.**

**13. Defendant's continued reliance on a single, unsegregated balance disregards the structure and purpose of the Court's Order.**

**14. Defendant's conduct places Plaintiff in a position where compliance with the Court's Order is unclear or impossible, as Defendant continues to demand payment of a combined balance that includes protected charges under threat of shutoff.**

**15. Defendant's actions violate both the letter and the spirit of the February 20 Order and threaten interruption of essential residential water service.**

**IV. FAILURE TO PROVIDE A COMPLIANT, VERIFIABLE BILL**

**16. On or about February 13, 2026, Defendant installed a new water meter at Plaintiff's residence, which reflected a zero reading at the time of installation.**

**17. Plaintiff documented the installation and subsequent readings, which reflect ordinary residential usage beginning from that zero baseline.**

**18. The February 20 Order establishes a clear dividing line between pre-Order charges and any charges first reflected after the entry of the Order.**

**19. Despite this, Defendant has failed to provide any itemized statement distinguishing pre-Order charges from post-Order usage.**

**20. Defendant has not provided any explanation of how the amounts demanded were calculated or tied to meter readings, billing periods, or applicable rates.**

**21. As a result, Plaintiff cannot determine what portion of the balance, if any, is lawfully due under the Court's Order.**

**22. Plaintiff does not refuse to pay for legitimate post-Order water usage, but cannot reasonably comply where Defendant has failed to produce a clear, itemized, and verifiable bill consistent with the Court's Order.**

**V. SUMMARY OF METER READINGS AND BILLING DISCREPANCY**

**23. Plaintiff has documented the installation of the new water meter and subsequent usage through dated photographs and recorded readings.**

**24. The following table summarizes the relevant meter readings and corresponding events:**

| Date | Time | Meter Reading | Event / Status |
|---|---|---|---|
| Feb 13, 2026 | 2:41 PM | 0.00 USG | New Meter Installed (S/N 23369306) |
| Feb 13, 2026 | — | — | Temporary Restraining Order Issued |
| Feb 16, 2026 | — | — | Defendant Issues $1,035.15 Bill |
| Mar 02, 2026 | 10:53 AM | 3,356.24 USG | Meter Progress Reading |
| Mar 20, 2026 | — | — | Shutoff Notice Issued |
| Mar 23, 2026 | 6:34 AM | 7,411.98 USG | Total Recorded Usage Since |

**Installation**

**25. From the zero reading on February 13, 2026 to March 23, 2026, Plaintiff's total water usage is approximately 7,411.98 gallons.**

**26. Based on Defendant's established rate structure, the cost associated with this level of usage is mathematically inconsistent with the $1,035.15 balance being demanded.**

**27. The discrepancy between actual metered usage and the amount demanded demonstrates that the charges being enforced are not based on post-Order consumption, but instead include pre-Order charges subject to the protections of the February 20 Order.**

**28. Defendant's continued reliance on this unsegregated and unsupported balance further demonstrates non-compliance with the Court's Order.**

## VI. CONTEMPT / SHOW CAUSE

**29. Defendant has actual knowledge of this Court's February 20 Order.**

**30. Defendant has continued conduct inconsistent with the terms of that Order.**

**31. Defendant should be required to appear and show cause why it should not be held in contempt for failure to comply.**

## RELIEF REQUESTED

**WHEREFORE, Plaintiff respectfully requests that this Court:**

**A. Enforce the February 20, 2026 Order by confirming that Defendant may not terminate, interrupt, disconnect, or threaten shutoff of Plaintiff's water service based on any pre-Order charges;**

**B. Issue an Order to Show Cause requiring Defendant and its appropriate representatives to appear and explain why they should not be held in contempt;**

**C. Order Defendant to immediately cease issuing any shutoff notices or termination threats based on pre-Order charges;**

**D. Order Defendant to provide a fully itemized statement clearly separating all pre-Order charges from any charges first reflected after February 20, 2026;**

**E. Order Defendant to produce a written accounting showing how all amounts claimed have been calculated, including meter readings, billing periods, and applicable rate structure;**

**F. Award Plaintiff his costs incurred in bringing this Motion; and**

**G. Grant such further relief as the Court deems just and proper.**

**Respectfully submitted,**

**Antonio Hadley**
**122 Paras Hill Dr**

**Hartford, MI 49057**
**Phone: 269-336-9909**
**Email: antoniohadley@gmail.com**

**Dated: 3/23/26**

**VERIFICATION**

**I declare under penalty of perjury that the facts stated in this Motion and attached exhibits are true to the best of my knowledge, information, and belief.**

**Antonio Hadley**
**Date: 3/23/26**
122 Paras Hill Dr

Hartford, MI 49057

Phone: 269-336-9909

Email: antoniohadley@gmail.com

Dated: 3/23/26

VERIFICATION

I declare under penalty of perjury that the facts stated in this Motion and attached exhibits are true to the best of my knowledge, information, and belief.

 Exhibit A

**STATE OF MICHIGAN**
**36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

ANTONIO HADLEY,

Plaintiff,

v.

CITY OF HARTFORD,

Defendant,

Hon. Susan Metzger

Case No. 2026-75527-CZ

FILED
FEB 20 2026
By Van Buren County Clerk
36th Circuit Court

Antonio Hadley, pro per
122 Paras Hill Drive
Hartford, MI 49057
antoniohadley@gmail.com
*Pro Per Plaintiff*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, Michigan 49448
(616) 430-2201
ncurcio@curciofirm.com
*Attorney for City Defendant*

**ORDER RESTRAINING DEFENDANT DURING THE PENDENCY OF THE SUIT**

At a session of said Court, held in the Village of Paw Paw,
County of Van Buren, State of Michigan
On: February 20, 2026

PRESENT: Honorable Susan Metzger, Circuit Court Judge

This matter having come before the Court pursuant to its *ex parte* order issued on February 13, 2026, in response to Plaintiff's motion for a temporary restraining order, and the Court having reviewed the filings of the parties and being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that, during the pendency of this case, defendant City of Hartford is restrained from terminating, interrupting, or disconnecting residential water service to plaintiff's residence located at 122 Paras Hill Drive, Hartford, Michigan 49057, in connection with any charges, balances, or fees reflected on invoices issued before the date of entry of this

Order. This restraint includes, but is not limited to, locking, disabling, or obstructing water service, or posting shutoff notices related to such pre-Order charges.

IT IS FURTHER ORDERED that nothing in this Order shall limit or restrict the City of Hartford's authority to terminate water service for nonpayment of charges for water service first reflected on invoices issued after the date of entry of this Order, in accordance with the City's ordinary policies and procedures.

IT IS FURTHER ORDERED that the *ex parte* temporary restraining order entered on February 13, 2026 is superseded by this Order.

IT IS FURTHER ORDERED that this Order shall remain in effect until further order of this Court. Either party may file a motion requesting modification of this Order for good cause shown.

IT IS FURTHER ORDERED that this Order is entered without prejudice to either party's claims or defenses and shall not be construed as an admission of liability by either party.

Dated: 2-20, 2026

Hon. Susan Metzger

Exh. B

CITY OF HARTFORD
19 W. MAIN ST.
HARTFORD, MI 49057

TEMP SERVICE REQUESTED

UTILITY BILL

RETURN THIS PORTION WITH PAYMENT

CUSTOMER NAME & ADDRESS
ANTONIO HADLEY
122 PARAS HILL DRIVE

CYCLE 1 SECTION 4G SEQUENCE NO. 4G

ACCOUNT NO.
1713

BILLING DATE 02/16/26 AMOUNT DUE $1035.15

AFTER 03/15/26 PAY THIS LATE AMT. $1050.88

THE NEW LINK TO VIEW YOUR ACCOUNT IS BSAONLINE.COM/HOME/MUNICIPALITYHOME

PROPERTY ADDRESS
122 PARAS HILL DRIVE

CYCLE 1 SECTION 4G ACCOUNT NO. 1713

FROM 01/01/26 TO 01/31/26 31

| CODE | CURR READ | PREV READ | 1000 GALLONS | |
|---|---|---|---|---|
| PB | | | | $930.28 |
| WA | 0 | 0A | 4,500 | $27.62 |
| SW | 0 | 0A | 4,500 | $43.25 |
| CA | | | | $20.00 |
| WI | | | | $14.00 |

BILLING DATE 02/16/2026 AMOUNT DUE $1035.15

AFTER 03/15/2026 PAY THIS LATE AMOUNT $1050.88

**ANTONIO HADLEY**
**122 PARAS HILL DR**
**HARTFORD, MI 49057**

# REMINDER/ SHUT OFF NOTICE

CITY OF HARTFORD
WATER / SEWER SERVICE

GRAND RAPIDS MI 493
25 FEB 2026 PM 4 L

CITY OF HARTFORD
19 W. MAIN ST.
HARTFORD, MI 49057




TEMP SERVICE REQUESTED

WE APPRECIATE YOUR PROMPT ATTENTION

| PROPERTY ADDRESS | | |
|---|---|---|
| 122 PARAS HILL DRIVE | | |
| CYCLE | SECTION | ACCOUNT NUMBER |
| 1 | 4G | PARA-000122-0000-02 |

| DUE DATE | AMOUNT DUE |
|---|---|
| 02/20/26 | $930.28 |

Your account is now PAST DUE. If the amount is not paid by the due date shown above, service will be discontinued. Before service is restored, the total amount due must be paid, plus a reconnect charge of $30.00.

**RETURN THIS PORTION WITH PAYMENT**

CUSTOMER NAME & ADDRESS
ANTONIO HADLEY
122 PARAS HILL DRIVE

| CYCLE | SECTION | SEQUENCE NO. |
|---|---|---|
| 1 | 4G | |

ACCOUNT NUMBER
PARA-000122-0000-02

| DUE DATE | AMOUNT DUE |
|---|---|
| 02/20/26 | $930.28 |

THE NEW LINK TO VIEW YOUR ACCOUNT IS BSAONLINE.COM/HOME/MUNICIPALITYHOME

ANTONIO HADLEY
122 PARAS HILL DR
HARTFORD, MI 49057

49057-1182

Exhibit P

# REMINDER/ SHUT OFF NOTICE

CITY OF HARTFORD
WATER / SEWER SERVICE

CITY OF HARTFORD
HARTFORD, MI 49057

GRAND RAPIDS MI 493
17 MAR 2026 PM 3 L

WE APPRECIATE YOUR PROMPT ATTENTION

TEMP SERVICE REQUESTED

| PROPERTY ADDRESS | | |
|---|---|---|
| 122 PARAS HILL DRIVE | | |
| CYCLE | SECTION | ACCOUNT NUMBER |
| 1 | 4G | PARA-000122-0000-02 |

| DUE DATE | AMOUNT DUE |
|---|---|
| 03/20/26 | $1035.15 |

Your account is now PAST DUE. If the amount is not paid by the due date shown above, service will be discontinued. Before service is restored, the total amount due must be paid, plus a reconnect charge of $30.00.

**RETURN THIS PORTION WITH PAYMENT**

CUSTOMER NAME & ADDRESS

ANTONIO HADLEY
122 PARAS HILL DRIVE

| CYCLE | SECTION | SEQUENCE NO. |
|---|---|---|
| 1 | 4G | |

ACCOUNT NUMBER

PARA-000122-0000-02

| DUE DATE | AMOUNT DUE |
|---|---|
| ~~03/20/26~~ | ~~$1035.15~~ |

THE NEW LINK TO VIEW
YOUR ACCOUNT IS
BSAONLINE.COM/HOME/MUNI
CIPALITYHOME

ANTONIO HADLEY
122 PARAS HILL DR
HARTFORD, MI 49057

TRUE COPY
MAR 23 2026
Van Buren County Clerk

**STATE OF MICHIGAN**
**36TH CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

**ANTONIO HADLEY,**
**Plaintiff,**

**v.** **Case No. 2026-75527-CZ**

**CITY OF HARTFORD,**
**Defendant.**
______________________________________/

**PROOF OF SERVICE**

**I certify that on March 31, 2026, I served a true and correct copy of the following:**

- **Plaintiff's Supplement to Motion for Contempt**
- **Exhibit A – March 16, 2026 Utility Bill**

**upon Defendant's counsel by:**

☒ **First-Class Mail**
☐ **Hand Delivery**
☐ **Electronic Mail**

**to:**

**C. Nicholas Curcio (P75824)**
**Curcio Law Firm PLC**
**16905 Birchview Drive**
**Nunica, Michigan 49448**
**ncurcio@curciofirm.com**

**I declare that the statements above are true to the best of my information, knowledge, and belief.**

[signature]
**Antonio Hadley**
**Plaintiff, In Pro Per**

**Dated: March 31, 2026**

TRUE COPY
MAR 31 2026
Van Buren County Clerk

**STATE OF MICHIGAN**
**36TH CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

**ANTONIO HADLEY,**
**Plaintiff,**

**v.** **Case No. 2026-75527-CZ**
**Hon. Susan Metzger**

**CITY OF HARTFORD,**
**Defendant.**

---

**PLAINTIFF'S SUPPLEMENT TO MOTION FOR CONTEMPT**

**Plaintiff, Antonio Hadley, appearing in propria persona, submits this Supplement to his previously filed Motion for Contempt and states as follows:**

1. On February 20, 2026, this Court entered an Order restraining Defendant from terminating, interrupting, disconnecting, or posting shutoff notices for Plaintiff's residential water service in connection with any charges, balances, or fees reflected on invoices issued before the date of entry of that Order.
2. Plaintiff's Motion for Contempt presented evidence that, after entry of the Court's Order, Defendant issued multiple bills and notices that included or relied upon pre-Order charges.
3. On or about March 16, 2026, Defendant issued a new utility bill to Plaintiff for the account at 122 Paras Hill Drive in the total amount of **$1,194.69, covering the billing period February 1, 2026 through February 28, 2026, as reflected in the attached Exhibit A.**
4. The February 1–February 28, 2026 billing period spans both (a) days prior to the Court's February 20, 2026 Order and (b) days after the Order. The bill presents a single total amount due and does not identify or separate any portion attributable solely to post-Order charges.
5. This bill was issued after Plaintiff filed his Motion for Contempt and after Defendant, through counsel, represented that steps had been taken to address prior billing issues and ensure compliance with the Court's Order.
6. Plaintiff submits this Supplement to demonstrate that the conduct at issue is ongoing and that Defendant continues to issue billing that does not clearly conform to the requirements of the Court's Order.

**WHEREFORE, Plaintiff respectfully requests that this Court consider this supplemental evidence in support of his Motion for Contempt and grant such further relief as the Court deems just and proper.**

**Respectfully submitted,**

**Antonio Hadley**
**Plaintiff, In Pro Per**
**122 Paras Hill Drive**
**Hartford, MI 49057**
**antoniohadley@gmail.com**

**Dated: March 31, 2026**

**EXHIBIT A**

**March 16, 2026 Utility Bill**

**This exhibit consists of a utility bill issued by Defendant City of Hartford, dated March 16, 2026, in the amount of $1,194.69, covering the billing period of February 1, 2026 through February 28, 2026.**

**This exhibit is submitted in support of Plaintiff's Supplement to Motion for Contempt.**

CITY OF HARTFORD
19 W. MAIN ST.
HARTFORD, MI 49057

GRAND RAPIDS MI 493
26 MAR 2026 PM 4 L

TEMP SERVICE REQUESTED

UTILITY BILL

RETURN THIS PORTION WITH PAYMENT

CUSTOMER NAME & ADDRESS
ANTONIO HADLEY
122 PARAS HILL DRIVE

CYCLE 1 SECTION 4G SEQUENCE NO. 4G

ACCOUNT NO. 1713

BILLING DATE 03/16/26

AMOUNT DUE $1194.69

AFTER 04/15/26 PAY THIS LATE AMT. $1216.26

THE NEW LINK TO VIEW YOUR ACCOUNT IS BSAONLINE.COM/HOME/MUNICIPALITYHOME

SERVICE ADDRESS
122 PARAS HILL DRIVE

CYCLE 1 SECTION 4G ACCOUNT NO. 1713

FROM 02/01/26 TO 02/28/26 28




| CODE | CURR READ | PREV READ | 1000 GALLONS | AMOUNT |
|---|---|---|---|---|
| PB | | | | $1050.88 |
| WA | 7590A | 0A | 7,590 | $40.29 |
| SW | 7590A | 0A | 7,590 | $69.52 |
| CA | | | | $20.00 |
| WI | | | | $14.00 |

BILLING DATE 03/16/2026 AMOUNT DUE $1194.69

AFTER 04/15/2026 PAY THIS LATE AMOUNT $1216.26

ANTONIO HADLEY
122 PARAS HILL DR
HARTFORD, MI 49057

26 MAR 2026PM 4 L
GRAND RAPIDS MI 493

TRUE COPY
MAR 3 1 2026
Van Buren County Clerk

**STATE OF MICHIGAN**
**36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

ANTONIO HADLEY,

Plaintiff,

v.

CITY OF HARTFORD,

Defendant,

Hon. Susan Metzger

Case No. 2026-75527-CZ

---

Antonio Hadley, pro per
122 Paras Hill Drive
Hartford, MI 49507
antoniohadley@gmail.com

*Pro Per Plaintiff*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, Michigan 49448
(616) 430-2201
ncurcio@curciofirm.com

*Attorney for City Defendant*

---

**RESPONSE TO MOTION TO ENFORCE ORDER RESTRAINING DEFENDANT AND FOR ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT OF COURT**

At the outset of this case, the City voluntarily consented to an *Order Restraining Defendant During the Pendency of the Suit*, which the Court entered on February 20, 2026. That order restrains the City from "terminating, interrupting, or disconnecting residential water service" to Mr. Hadley's residence "in connection with any charges, balances, or fees reflected on invoices issued before the date of entry of this Order," including "locking, disabling, or obstructing water service, or posting shutoff notices related to such pre-Order charges." The order preserves the City's authority to enforce charges for water service "first reflected on invoices issued after the date of entry of this Order."

On March 23, 2026, Mr. Hadley filed a *Motion to Enforce Order Restraining Defendant and for Order to Show Cause Why Defendant Should Not Be Held in Contempt of Court*, which he later supplemented with an additional document filed on March 31. Together, the filings identify four documents that Mr. Hadley appears to believe violate the Court's February 20 order:

- **February 16, 2026 Utility Bill (Exhibit B to the Motion)** — A regular utility bill issued four days before the Court's February 20 order that covers the billing period from January 1 through 31. It is labeled "Utility Bill" and does not contain any shutoff language or threat of disconnection.
- **February 20, 2026 Reminder/Shutoff Notice (Exhibit C to the Motion)** — A document labeled "Reminder / Shut off Notice" that contains boilerplate language stating that if the outstanding balance of $930.28 is not paid by the due date, service will be disconnected. This document is dated the same day as the Court's February 20 order, and it is unclear whether it was mailed before or after the entry of the order.
- **March 16, 2026 Utility Bill (Exhibit A to the Supplement)** — A regular utility bill that covers the billing period from February 1 through 28. It is labeled "Utility Bill" and does not contain any shutoff language or threat of disconnection.
- **March 20, 2026 Reminder/Shutoff Notice (Exhibit D to the Motion)** — A document labeled "Reminder / Shut off Notice" that contains boilerplate language stating that if the outstanding balance of $1,035.15 is not paid by the due date, service will be disconnected.

Of these four documents, only the March 20, 2026 shutoff notice appears to constitute a violation of the Court's February 20 order. The two utility bills (February 16 and March 16) are ordinary bills that do not contain any shutoff language or threat of disconnection and therefore do not violate the order's prohibition on terminating service or "locking, disabling, or obstructing water service, or posting shutoff notices related to such pre-Order charges." And the February 20 shutoff notice is dated the same day the Court entered its order, and Mr. Hadley has offered no evidence establishing that it was mailed after the order was entered.

As for the March 20 shutoff notice, it was not the product of any deliberate decision by City personnel to violate the Court's order. See Exhibit 1 (Aff. of R. Rodney-Isbrecht). The City's

billing software automatically generates reminder and shutoff notices for all accounts carrying a past-due balance, using standardized language applied uniformly across all accounts. *Id.* The system does not distinguish between accounts subject to court orders and those that are not. *Id.* When the City received Mr. Hadley's motion on March 26, 2026, City Clerk RoxAnn Rodney-Isbrecht immediately made changes to the billing system to ensure that Mr. Hadley would no longer receive automated notices referencing pre-Order charges. *Id.* Going forward, Ms. Rodney-Isbrecht intends to manually generate Mr. Hadley's bills and include only charges for water service first reflected after the date of the Court's order. *Id.*

Because the City has already cured the conduct at issue, the coercive civil contempt sanctions that Mr. Hadley seeks in his motion are inappropriate. Coercive civil contempt sanctions are "proper only when the contemnor, at the time of the contempt proceeding, is in present violation of the court's order." *In re Contempt of Dougherty*, 429 Mich 81, 104; 413 NW2d 392 (1987). Where the contemnor is in actual compliance at the time of the hearing, coercive sanctions are unavailable. *Id.* at 100. The City is now in compliance, and no further action can be compelled.

To the extent Mr. Hadley seeks an award of costs under MCL 600.1721, such relief is unavailable against the City. The Michigan Supreme Court has held that the indemnification remedy under MCL 600.1721 constitutes "tort liability" from which governmental agencies are immune under MCL 691.1407(1). *In re Bradley Estate*, 494 Mich 367, 394; 835 NW2d 545 (2013). The City of Hartford, as a municipal corporation, is entitled to that immunity.

Finally, Mr. Hadley's motion is procedurally deficient. MCR 3.606(A) requires that contempt proceedings for conduct outside the court's presence be initiated "on ex parte motion

supported by affidavits." Under Michigan law, "[a]n affidavit does not become an affidavit until two essential events occur: (1) the affidavit must be signed by the affiant in the presence of a notary and (2) the notary must then attest to the identity of the affiant." *Stumbo v Roe*, 332 Mich App 479, 487; 957 NW2d 830 (2020) (citing MCL 55.285). Mr. Hadley's motion includes only an unsworn verification — not a notarized affidavit. This is fatal. "If an inadequate affidavit is the predicate which underlies the contempt proceeding or if no affidavit at all accompanies the petition, the court lacks jurisdiction over the person of the alleged contemnor." *In re Contempt of Steingold*, 244 Mich App 153, 159; 624 NW2d 504 (2000).

**RELIEF SOUGHT**

For these reasons, the City respectfully requests that the Court deny Mr. Hadley's motion in its entirety and decline to impose any contempt sanctions or award of costs. A proposed order to this effect is attached for the Court's convenience as **Exhibit 2**.

Respectfully submitted,

Dated: April 8, 2026

CURCIO LAW FIRM PLC

*/s/ C. Nicholas Curcio*
C. Nicholas Curcio (P75824)
16905 Birchview Drive
Nunica, MI 49448
(616) 430-2201

# Exhibit 1

**AFFIDAVIT OF ROXANN RODNEY-ISBRECHT**

RoxAnn Rodney-Isbrecht, being sworn, states as follows:

1. I am the City Clerk and Assistant City Manager for the City of Hartford. I oversee the City's utility billing system, including the generation of water and sewer bills, reminder notices, and shutoff notices.

2. The City uses an automated billing system that generates reminder and shutoff notices for all accounts carrying a past-due balance. These notices use standardized language and are not individually reviewed before mailing. The system does not distinguish between accounts subject to court orders and those that are not.

3. The utility bills and shutoff notices identified in *Plaintiff's Motion to Enforce Order Restraining Defendant and for Order to Show Cause Why Defendant Should Not Be Held in Contempt of Court* were automatically generated based on the outstanding balance on Plaintiff's account. They were not issued as the result of any deliberate decision to violate the Court's February 20, 2026 Order.

4. The City received Plaintiff's Motion on March 26, 2026. On that date, the City's counsel advised me of the need to modify billing practices for Plaintiff's account. I immediately made changes to ensure that Plaintiff's account would no longer generate automated notices referencing pre-Order charges.

5. Going forward, I intend to manually generate Plaintiff's utility bills and notices, including only charges for water service first reflected after the date of the Court's February 20, 2026 Order. No automated notice referencing pre-Order charges has been sent to Plaintiff since March 26, 2026.

I have personal knowledge that the statements in the foregoing affidavit are true and correct, and would so testify if called as a witness in a court proceeding.

RoxAnn Rodney-Isbrecht

Signed and sworn to before me this 7th day of April, 2026.

Notary Public, Christopher J. Postello,

Acting in Van Buren County

My commission expires: 11-11-2027

CHRISTOPHER J. POSTELLO
NOTARY PUBLIC - MICHIGAN
Van Buren County
My Commission Expires November 11, 2027

# Exhibit 2

**STATE OF MICHIGAN**
**36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

ANTONIO HADLEY,

Plaintiff,

v.

CITY OF HARTFORD,

Defendant,

Hon. Susan Metzger

Case No. 2026-75527-CZ

---

Antonio Hadley, pro per
122 Paras Hill Drive
Hartford, MI 49057
antoniohadley@gmail.com

*Pro Per Plaintiff*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, Michigan 49448
(616) 430-2201
ncurcio@curciofirm.com

*Attorney for City Defendant*

---

**ORDER DENYING CIVIL CONTEMPT SANCTIONS**

At a session of said Court, held in the Village of Paw Paw,
County of Van Buren, State of Michigan
On: ____________________, 2026

PRESENT: Honorable Susan Metzger, Circuit Court Judge

This matter having come before the Court on Plaintiff's *Motion to Enforce Order Restraining Defendant and for Order to Show Cause Why Defendant Should Not Be Held in Contempt of Court*, and the Court having reviewed the filings of the parties, held a hearing on the matter, and being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that Plaintiff's Motion is DENIED for the reasons stated on the record.

Dated: _______________, 2026

________________________________
Hon. Susan Metzger

**STATE OF MICHIGAN**
**36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

ANTONIO HADLEY,

Plaintiff,

v.

CITY OF HARTFORD,

Defendant,

Hon. Susan Metzger

Case No. 2026-75527-CZ

---

Antonio Hadley, pro per
122 Paras Hill Drive
Hartford, MI 49057
antoniohadley@gmail.com

*Pro Per Defendant*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, Michigan 49448
(616) 430-2201
ncurcio@curciofirm.com

*Attorney for City Defendant*

---

**CERTIFICATE OF SERVICE**

I, Nicholas Curcio, certify that on April 8, 2026, I caused to be served the foregoing *Response to Plaintiff's Motion to Enforce Order Restraining Defendant and for Order to Show Cause Why Defendant Should Not Be Held in Contempt of Court* and this *Certificate of Service* on plaintiff by first-class mail to the address above.

Dated: April 8, 2026

Respectfully submitted,

CURCIO LAW FIRM PLC

*/s/ C. Nicholas Curcio*
C. Nicholas Curcio (P75824)
16905 Birchview Drive
Nunica, MI 49448
(616) 430-2201

**STATE OF MICHIGAN**
**36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

ANTONIO HADLEY,

Plaintiff,

v.

CITY OF HARTFORD,

Defendant,

Hon. Susan Metzger

Case No. 2026-75527-CZ

FILED
APR 2 8 2026
By Van Buren County Clerk
36th Circuit Court

Antonio Hadley, pro per
122 Paras Hill Drive
Hartford, MI 49057
antoniohadley@gmail.com
*Pro Per Plaintiff*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, Michigan 49448
(616) 430-2201
ncurcio@curciofirm.com
*Attorney for City Defendant*

**ORDER DENYING CIVIL CONTEMPT SANCTIONS**

At a session of said Court, held in the Village of Paw Paw,
County of Van Buren, State of Michigan
On: April 28, 2026

PRESENT: Honorable Susan Metzger, Circuit Court Judge

This matter having come before the Court on Plaintiff's *Motion to Enforce Order Restraining Defendant and for Order to Show Cause Why Defendant Should Not Be Held in Contempt of Court*, and the Court having reviewed the filings of the parties, held a hearing on the matter, and being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that Plaintiff's Motion is DENIED for the reasons stated on the record.

Dated: 4-28, 2026

[signature]
Hon. Susan Metzger

**STATE OF MICHIGAN**
**36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

ANTONIO HADLEY,

Plaintiff,

v.

CITY OF HARTFORD,

Defendant,

Hon. Susan Metzger

Case No. 2026-75527-CZ

---

Antonio Hadley, pro per
122 Paras Hill Drive
Hartford, MI 49507
antoniohadley@gmail.com

*Pro Per Plaintiff*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, Michigan 49448
(616) 430-2201
ncurcio@curciofirm.com

*Attorney for City Defendant*

---

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that that the hearing on the *Defendant's Motion for Summary Disposition* will be heard on Monday, June 15, 2026, at 1:30 PM in the courtroom of the Honorable Susan Metzger. Those wishing to participate by Zoom may do so using Meeting ID: 277 444 5820.

Respectfully submitted,
**CURCIO LAW FIRM PLC**

Dated: May 8, 2026

By: */s/ C. Nicholas Curcio*
C. Nicholas Curcio (P75824)
16905 Birchview Drive
Nunica, Michigan 49448
(616) 430-2201

**STATE OF MICHIGAN**
**36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

ANTONIO HADLEY,

Plaintiff,

v.

CITY OF HARTFORD,

Defendant,

Hon. Susan Metzger

Case No. 2026-75527-CZ

---

Antonio Hadley, pro per
122 Paras Hill Drive
Hartford, MI 49057
antoniohadley@gmail.com

*Pro Per Plaintiff*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, Michigan 49448
(616) 430-2201
ncurcio@curciofirm.com

*Attorney for City Defendant*

---

**DEFENDANT CITY OF HARTFORD'S MOTION FOR SUMMARY DISPOSITION**

Defendant City of Hartford moves for summary disposition under MCR 2.116(C)(10) on all three counts of the complaint. In support of its motion, the City states:

1. Count I (Violation of Michigan FOIA) fails as a matter of law because Mr. Hadley has now admitted that he never submitted a written FOIA request on November 4, 2025. Michigan FOIA imposes no obligation on a public body until a written request is received. In the absence of a written request, there is no statutory duty and therefore no violation.

2. Count II (Injunctive Relief) fails because injunctive relief is a remedy, not an independent cause of action, and Mr. Hadley has not pled any substantive right that would support such a remedy. The only theory asserted in complaint that could theoretically support

Mr. Hadley's requested relief is a supposed discrepancy between the 234,000-gallon and 49,940-gallon figures listed on various billing documents issued by the City. In his discovery responses, Mr. Hadley has admitted that these figures pertain to different meters and timeframes and therefore do not establish any inconsistency in the City's billing. His interrogatory responses further confirm that he cannot identify, with any specificity, an incorrect bill, reading, or credit.

3. Count III (Abuse of Process) fails because the complaint does not allege — and Mr. Hadley cannot prove — any improper act committed in the use of the administrative search warrant. The warrant was lawfully issued on a truthful affidavit, was supported by probable cause, and was executed for the purpose stated on its face — to inspect the water meter and move a vehicle blocking the City's shutoff valve so that water service could be terminated for nonpayment. Mr. Hadley does not, and cannot, identify any act the City took beyond what the warrant authorized.

WHEREFORE, the City respectfully requests that this Court grant summary disposition under MCR 2.116(C)(10) on all three counts of the complaint, dismiss this action with prejudice, and award the City such other and further relief as the Court deems just. A proposed order to this effect is attached for the Court's convenience as **Exhibit 7** to the accompanying brief.

Respectfully submitted,

Dated: May 8, 2026

CURCIO LAW FIRM PLC

*<u>/s/ C. Nicholas Curcio</u>*
C. Nicholas Curcio (P75824)
16905 Birchview Drive
Nunica, MI 49448
(616) 430-2201

**STATE OF MICHIGAN**
**36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

ANTONIO HADLEY,

Plaintiff,

v.

CITY OF HARTFORD,

Defendant,

Hon. Susan Metzger

Case No. 2026-75527-CZ

---

Antonio Hadley, pro per
122 Paras Hill Drive
Hartford, MI 49057
antoniohadley@gmail.com

*Pro Per Plaintiff*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, Michigan 49448
(616) 430-2201
ncurcio@curciofirm.com

*Attorney for City Defendant*

---

**BRIEF IN SUPPORT OF DEFENDANT CITY OF HARTFORD'S MOTION FOR SUMMARY DISPOSITION**

## INTRODUCTION

This case arises from a delinquent utility customer's attempt to forestall a lawful shutoff. The complaint asserts three counts: a Freedom of Information Act ("FOIA") claim, a request for injunctive relief based on a supposed billing discrepancy, and an abuse-of-process claim challenging the administrative search warrant by which the City accessed Mr. Hadley's water meter and shutoff valve. None of these counts was viable as pled, and discovery has only confirmed as much. Mr. Hadley has admitted that the FOIA request on which count I rests was not made in writing — as required by the FOIA — and he has disclaimed the only billing-discrepancy theory pled in support of count II. For its part, count III fails on its face because the complaint does not allege that the City executed the search warrant for a purpose other than the purpose for which the district court magistrate issued it. The City is therefore entitled to summary disposition on all three counts.

## STATEMENT OF FACTS

### A. The Water Shut-Off and Meter Inspection

Mr. Hadley is the named account holder for water service at 122 Paras Hill Drive in the City of Hartford. Compl. ¶ 1. Mr. Hadley's water meter was changed in the summer of 2025 as part of a City-wide upgrade in water infrastructure. Ex. 1 (Rodney-Isbrecht Affidavit) ¶ 3. In the latter part of 2025, Mr. Hadley stopped paying his utility bill and began carrying a balance in arrears. *Id.* ¶ 4. The City notified him of his delinquent account several times and sent a series of notices indicating that his water would be shut off if he failed to pay the amount in arrears. *Id.* ¶ 5.

Meanwhile, on January 7, 2026, City Clerk RoxAnn Rodney-Isbrecht noticed a "flag alert" pertaining to Mr. Hadley's account in the City's water metering software, Harmony

Encore. *Id.* ¶ 8; Ex. 2 (Affidavit & Warrant), p 1, ¶ 3. The flag alert indicated that there had been no water usage on the account for approximately two weeks, which is unusual for a residential account and can potentially indicate that the meter is not properly registering water passing through the water main. Ex. 1 (Rodney-Isbrecht Affidavit) ¶ 8; see also Ex. 3 (Harmony Encore Report, 1/7/26). Upon becoming aware of the alert, City staff informed Mr. Hadley of the need to enter his home to access and inspect the meter. Ex. 2 (Affidavit & Warrant), p 1, ¶ 3. Mr. Hadley declined to grant the requested access. *Id.*; see also Ex. 4 (Discovery Responses) at 5 (interrogatory response where Mr. Hadley admits that he told the City Manager that inspectors could not enter his home until the City complied with his "request for transparency").

As Mr. Hadley refused to pay his utility bill or cooperate regarding the requested inspection, City staff devised a plan to address both issues. On February 10, 2026, Police Chief Matthews submitted an affidavit to the Van Buren County District Court requesting a warrant authorizing City staff to: (1) enter the home to inspect the water meter; and (2) tow Mr. Hadley's pickup truck to a location no more than 20 feet up the street, so that staff could access the shutoff valve for his water service. Ex. 2 (Affidavit & Warrant), p 1, ¶ 2. Magistrate James Becker granted that request and issued the warrant, *id.* at p 2, which the City executed later that morning, Ex. 5 (Ricks Affidavit). In doing so, City staff moved Mr. Hadley's truck several feet up the street, shut off his water valve, and entered the home to inspect the meter. Ex. 4 (Discovery Responses) at 5. The inspector determined that the meter was working properly and that the flag alert had been a false alarm. Ex. 5 (Ricks Affidavit).

### B. The Lawsuit

Two days later, Mr. Hadley filed the present lawsuit, which alleges three counts. Count I is a claim under the FOIA, alleging that Mr. Hadley submitted a request to the City on November 4, 2025 seeking "meter audit logs, billing data, and related usage records." Compl. ¶¶ 7–9. It seeks an order compelling production of the records as well as civil fines and costs under MCL 15.240(7) and MCL 15.240b. Id. at 2. Count II is entitled "Injunctive Relief." It alleges that the City's termination of water service to the property has caused irreparable harm because minor children reside in the home and the termination occurred during winter conditions, and it requests an injunction requiring the City to restore water service. Compl. ¶¶ 11–14 & pp 2–3. While the complaint does not clearly articulate a cause of action that would justify such relief, it references a supposed inconsistency between two usage figures contained in City records: a "claimed water usage exceeding 234,000 gallons," *id.* ¶ 4, and a "physical meter reading of 49,940 gallons," *id.* ¶ 5. Finally, count III is an abuse-of-process claim alleging that the search warrant that the City executed on February 10 "was used to enforce a disputed civil billing matter." Compl. ¶ 16. It seeks "judicial review of the warrant affidavit and supporting representations." Compl. ¶ 17.

Discovery in the case is now well underway. In his responses to the City's discovery requests, Mr. Hadley has:

- Admitted that he did not submit a written FOIA request to the City on November 4, 2025, but instead made a verbal request to an individual at City Hall named Rebecca. Ex. 4 (Discovery Responses) at 8-9.

- Admitted that the first written FOIA request he submitted was not until November 26. *Id.* at 9-10.
- Admitted that the City produced records in response to his November 26 request and that he received those records before filing this lawsuit. *Id.* at 10.
- Conceded the factual premise of his billing-discrepancy theory by stating, "I do not contend that the [234,000-gallon and 49,940-gallon] figures should be identical; they are from different meters and time frames." *Id.* at 3.
- Conceded that he is "not in a position to state exact 'correct' amounts that should have been billed for each period." *Id.* at 2.
- Admitted that he has not retained a plumber, engineer, or other qualified person to inspect his water meter or evaluate the City's billing. *Id.* at 11.
- Denied that he is aware of any leak or plumbing condition at the property that resulted in water usage not attributable to ordinary household consumption. *Id.*
- Admitted that on or about the date the administrative search warrant was executed, a vehicle was positioned at or near the City's shutoff valve or water infrastructure at the property. *Id.* at 11-12.

The City now moves for summary disposition based on these admissions, as well as on other undisputed material facts.

## LEGAL STANDARD

A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings,

depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. *Id.* Where the proffered admissible evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. *Id.*

When a summary-disposition motion is brought before the close of discovery, the relevant question "is whether further discovery stands a fair chance of uncovering factual support for the opposing party's position." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). In other words, "a party opposing summary disposition cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence." *Id.*

## ARGUMENT

### A. Count I fails because Mr. Hadley did not submit a written FOIA request on November 4, 2025.

Count I is pled as a violation of the FOIA, MCL 15.231 *et seq.* The complaint specifically states that on November 4, 2025, "Mr. Hadley submitted a formal FOIA request seeking meter audit logs, billing data, and related usage records." Compl. ¶ 7. It then further alleges that the City "failed to produce the requested records within the time required by statute" and "has withheld the requested records for over ninety (90) days." Compl. ¶¶ 8–9.

By its plain text, the FOIA imposes obligations on public bodies only upon receipt of a written request. MCL 15.233(1) expressly conditions a requester's right to receive records on "providing a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record." MCL 15.235(2) likewise

ties the City's response deadline to receipt of a request made in writing. Without a writing, there is no triggering event and no duty to produce documents or take any other action.

In his discovery responses, Mr. Hadley admitted that he did not submit a written FOIA request on November 4, 2025, but that he instead made an oral request to someone named Rebecca. Ex. 4 (Discovery Responses) at 8-9. This admission is dispositive and warrants dismissal of count I.[1]

**B. Count II fails because "injunctive relief" is not a cause of action and because Mr. Hadley cannot identify any specific inaccuracy or deficiency in his utility bills.**

Count II is titled "injunctive relief" and contains four allegations—that the City terminated water service on February 10, 2026, that minor children reside in the home, that the termination occurred in winter, and that the loss of water caused harm. Compl. ¶¶ 11–14. Nowhere in the complaint does Mr. Hadley identify any statutory, constitutional, contractual, or common-law right the City allegedly violated. That is fatal in and of itself. Under Michigan law, injunctive relief is a remedy, not a freestanding cause of action. See *Terlecki v Stewart*, 278 Mich App 644, 663; 754 NW2d 899 (2008). To obtain an injunction, a plaintiff must first identify an underlying substantive right that equity may vindicate.

Further, to the extent count II can be read as a challenge to the shutoff itself, that challenge cannot survive Mr. Hadley's discovery admissions. The complaint offers a single factual theory for the inference that the City's bills were inflated, namely, the gap between a "claimed water usage exceeding 234,000 gallons" and a "physical meter reading of 49,940 gallons." Compl. ¶¶ 4–5. Mr. Hadley has now expressly disclaimed that theory in discovery,

[1] Notably, Mr. Hadley has also stated that he submitted a written FOIA request to the City on or about November 26, and that the City responded to the request by producing responsive records before this suit was filed. Ex. 4 (Discovery Responses) at 9–10. These admissions would doom any future FOIA claim based on the November 26 request.

conceding: "I do not contend that the [234,000-gallon and 49,940-gallon] figures should be identical; they are from different meters and time frames." Ex. 4 (Discovery Responses) at 3. Indeed, the City's records confirm that the 49,940 gallon figure represents cumulative usage on the new meter installed at the property in the summer of 2025, measured through January 7, 2026. Ex. 3 (Harmony Encore Report, 1/7/2026) at 1. The figure Mr. Hadley describes as "exceeding 234,000 gallons," by contrast, is a cumulative meter reading drawn from years of usage on the prior meter that was replaced in the summer of 2025. See Ex. 6 (BSA Register); Answer ¶ 4.

Thus, the only overbilling theory that Mr. Hadley asserted in the complaint has now been debunked, and Mr. Hadley has nothing to replace it. He has admitted, for example, that he is "not in a position to state exact 'correct' amounts that should have been billed for each period." Ex. 4 (Discovery Responses) at 2. He has admitted that he has not retained a plumber, engineer, or other qualified person to inspect the meter or evaluate the City's billing. *Id.* at 11. And he has further admitted that he is unaware of any leak or plumbing condition at the property that would explain water usage beyond ordinary household consumption. *Id.* Without any quantification of the alleged overbilling, any expert evaluation of the meter or the bills, or any identified plumbing condition that could explain the City's readings, Mr. Hadley has no evidentiary basis for the implicit challenge to the shutoff, and no further discovery would change that. This Court should therefore grant summary disposition to the City on count II.

**C. Count III fails because the complaint does not allege — and Mr. Hadley cannot prove — any improper act in the use of the administrative search warrant.**

Under Michigan law, an abuse-of-process claim requires both "an ulterior purpose" and "an act in the use of process which is improper in the regular prosecution of the proceeding."

*Friedman v Dozorc*, 412 Mich 1, 30; 312 NW2d 585 (1981). The improper-act element must be pled "with specificity," *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 322; 788 NW2d 679 (2010), and "there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions," *Three Lakes Ass'n v Whiting*, 75 Mich App 564, 570; 255 NW2d 686 (1977) (quoting Prosser, Torts (4th ed.), § 121, p. 857). The tort lies "for the improper use of process after it has been issued, not for maliciously causing it to issue." *Spear v Pendill*, 164 Mich 620, 623; 130 NW 343 (1911).

Count III pleads neither element. Mr. Hadley alleges only that the City "obtained and executed" the warrant, that the warrant "was used to enforce a disputed civil billing matter," and that he "seeks judicial review of the warrant affidavit." Compl. ¶¶ 15–17. Those allegations go to procurement and motive — not to any specific act in the use of the warrant after it issued. Procurement allegations belong in malicious prosecution, not abuse of process. *Friedman*, 412 Mich at 30. And shutting off water for nonpayment was not a collateral objective in this case; it was the express purpose for which the warrant issued. Ex. 2 (Affidavit & Warrant) at 2. Mr. Hadley has not identified — in his pleading or in discovery — any specific act the City took beyond what the warrant authorized.

Moreover, to the extent Mr. Hadley intends to attack the issuance of the warrant itself, the warrant easily satisfies the standards governing residential administrative inspections. See *Camara v Municipal Court of the City and County of San Francisco*, 387 US 523, 538; 87 S Ct 1727; 18 L Ed 2d 930 (1967) (administrative probable cause may rest on reasonable programmatic standards rather than criminal probable cause). The warrant here was supported by a sworn affidavit citing a January 7, 2026 meter alert, Mr. Hadley's refusal to grant inspection access, and

his decision to position a vehicle at or near the City's shutoff valve, Ex. 2 (Affidavit & Warrant) at 1, ¶¶ 2–3. The City executed the warrant in precisely the manner it authorized, moving Mr. Hadley's vehicle less than 20 feet, shutting off the valve, and inspecting the meter. Compare Ex. 5 (Ricks Affidavit) ¶¶ 3–4, with Ex. 2 (Affidavit & Warrant)) at 2. Mr. Hadley does not dispute that his vehicle was positioned at the City's shutoff infrastructure when the warrant issued. Ex. 4 (Discovery Responses) at 11–12. Executing a warrant for the very purpose for which it was issued does not give rise to an abuse-of-process claim. *Three Lakes Ass'n*, 75 Mich App at 570.

## RELIEF REQUESTED

For these reasons, the City respectfully requests that this Court grant summary disposition in its favor on all three counts of the complaint pursuant to MCR 2.116(C)(10) and dismiss the complaint with prejudice. A proposed order to this effect is attached for the Court's convenience as **Exhibit 7**.

Respectfully submitted,

Dated: May 8, 2026

CURCIO LAW FIRM PLC

*/s/ C. Nicholas Curcio*
C. Nicholas Curcio (P75824)
16905 Birchview Drive
Nunica, MI 49448
(616) 430-2201

# Exhibit 1

**AFFIDAVIT OF ROXANN RODNEY-ISBRECHT**

RoxAnn Rodney-Isbrecht, being sworn, states as follows:

1. I am employed by the City of Hartford as the City Clerk and Assistant City Manager. In that capacity, I am responsible for, among other things, the City's water and sewer utility billing function and the maintenance of customer account records. I also serve as the City's FOIA Coordinator.

2. The City maintains a utility account in the name of Antonio Hadley for water and sewer service at 122 Paras Hill Drive, Hartford, Michigan (the "Account"). Mr. Hadley is, and at all relevant times has been, the named account holder on the Account.

3. In the summer of 2025, the City replaced the water meter serving 122 Paras Hill Drive as part of a City-wide infrastructure upgrade. The prior meter was retired and a new meter was installed at the property in or around July 2025.

4. Mr. Hadley fell behind on his water and sewer bills and began carrying an unpaid balance on the Account in the later part of 2025.

5. Consistent with the City's ordinary practice, the City sent Mr. Hadley a series of notices in late 2025 and early 2026 informing him of the delinquent balance on the Account and notifying him that, absent payment, water service to the property would be terminated.

6. At no point did Mr. Hadley bring the Account current. Instead, Mr. Hadley responded to the City's notices by requesting large amounts of information and documentation through FOIA and by making conclusory assertions that his bill was incorrect.

7. In response to a FOIA request received on or about November 26, 2025, I provided Mr. Hadley all billing and metering records in the City's possession, custody, or control pertaining to the Account, beginning at the time Mr. Hadley first opened it.

*8.* On January 7, 2026, while reviewing water metering records in the City's Harmony Encore software, I noticed a "flag alert" on the Account. The alert stemmed from the fact that there had been no water usage recorded at Mr. Hadley's property for nearly two weeks, as shown in the printout attached as Exhibit 3 to *City's Brief in Support of Motion for Summary Disposition* (the "MSD Brief"). Exhibit 3 is a true and accurate copy of the Harmony Encore record for Mr. Hadley's account as of 2:06 p.m. on January 7. Notably, the printout shows that a total of 49,940 gallons had been consumed at the property since the meter was installed in the summer of 2025. Mr. Hadley cited this number in his complaint in this case.

9. Exhibit 6 to the MSD Brief is a true and accurate copy of the City's BSA History Register for the Account, which is generated and maintained by the City in the ordinary course of its operations.

10. As of February 10, 2026, the date the administrative search warrant was executed, Mr. Hadley's Account was in arrears by $789.

I have personal knowledge that the statements in the foregoing affidavit are true and correct, and would so testify if called as a witness in a court proceeding.

*[Signature on Next Page]*

RoxAnn Rodney-Isbrecht
RoxAnn Rodney-Isbrecht

Signed and sworn to before me this 6 day of May, 2026.

Kristen K. Matthias

Notary Public, STATE OF MICHIGAN,

Acting in VAN BUREN County
My commission expires: 01/13/2033

# Exhibit 2

## AFFIDAVIT FOR SEARCH WARRANT

*Please type or press hard.* *See the other side for instructions.*

Police Agency Report Number: Hartford Police Department 26-0025

Brian Matthews, Police Chief for the City of Hartford MI, affiant(s), state that:

1. The person, place, or thing to be searched is described as and is located at:

122 Paras Hill Drive, Hartford, MI
This residence is located in the City of Hartford, Van Buren County, State of Michigan.
It is a single story residence with a garage on the north side of the home, large white colored picture window on the front of the home. A partial brick facad. A chimney on the roof of the home. The residence is marked with 122 on the home.

2. The PROPERTY/PERSON to be searched for and seized, if found, is specifically described as:

- Administrative Inspection - Water meter located inside house at 122 Paras Hill, Hartford, MI
- Seizure (Vehicle Towing) - White Ford F250 pick truck located partially in the public right of way and partially on private property at 122 Paras Hill, Hartford MI, immediately above the water shutoff valve for the property. The City is requesting permission to tow (seize) this vehicle for the limited purpose of moving it less than 20 feet, to a location in the adjacent public right of way, so that the City personnel can shutoff water service to the property due to unpaid water bills.

3. The FACTS establishing probable cause or the grounds for search are:

On or about January 7, the City received a "flag" alert from the water meter installed within the above-referenced property, which indicates that the meter may not be working properly. In order to appropriately identify and (if necessary) correct any issue with the meter, City DPW personnel need to enter the home to access the meter. The current occupant of the property, Antonio Hadley, had denied requests to access the property for this purpose.

Mr. Hadley is delinquent and is aware that the City intends to shutoff his water service. He appears to have intentionally parked his vehicle in such a manner as to make it difficult for City personnel to access the shut-off valve for his property. His water bill is over $789.00 US dollars in arrears as well.

Officers from the Hartford Police Department have offered to assist Mr. Hadley in this matter but is met with verbal defiance. Mr. Hadley advised police that he will only comply with any order issued by the court and that he will not cooperate in the matter. Efforts have been done in person by the police and through City correspondences.

Upon 02/09/2026 the City of Hartford has still confirmed that the water meter is not showing an active status.

This affidavit consists of 1 pages.

Chief Brian Matthews [signature] 2/10/26
Affiant

Review on ____________
Date

by ____________
Prosecuting official

Subscribed and sworn to before me 2/10/2026
Date

____________ Court

[signature] P50690
Judge/Magistrate signature and date



Distribute form to:
Issuing court
Prosecutor

SRA

# SEARCH WARRANT

**TO THE SHERIFF OR ANY PEACE OFFICER:**

Police Agency Hartford Police Department
**Report Number:** 26-0025

Chief Brian Matthews, has sworn to the affidavit regarding the following:

1. The person, place, or thing to be searched is described as and is located at:

122 Paras Hill Drive, Hartford, MI
This residence is located in the City of Hartford, Van Buren County, State of Michigan.
It is a single story residence with a garage on the north side of the home, large white colored picture window on the front of the home. A partial brick facad. A chimney on the roof of the home. The residence is marked with 122 on the home.

2. The PROPERTY/PERSON to be searched for and seized, if found, is specifically described as:

- Administrative Inspection - Water meter located inside house at 122 Paras Hill, Hartford, MI
- Seizure (Vehicle Towing) - White Ford F250 pick truck located partially in the public right of way and partially on private property at 122 Paras Hill, Hartford MI, immediately above the water shutoff valve for the property. The City is granted permission to tow (seize) this vehicle for the limited purpose of moving it less than 20 feet, to a location in the adjacent public right of way, so that the City personnel can shutoff water service to the property due to unpaid water bills.

**IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN:** I have found that probable cause exists and you are commanded to make the search and seize the described property/person. Leave a copy of this warrant and a tabulation (a written inventory) of all property taken with the person from whom property was taken or at the premises. You are further commanded to promptly return this warrant and tabulation the court.

[signature] P50690
Judge/Magistrate signature and date
2/10/2026
@9:34 AM

**RETURN AND TABULATION**

Search was made ______________ (Date) and the following property/person was seized:

☐ Continued on other side.

______________________________
Officer

Copy of warrant and tabulation served on: ______________________________ (Name)

Tabulation filed: ______________ (Date)

Approved, SCAO
Form MC 231, Rev. 3/10
Page 1 of 1

Distribute form to:
Issuing court
Prosecutor
Serve
Issuing judge

# Exhibit 3

# ANTONIO HADLEY

## ACCOUNT DETAILS

| | | | |
|---|---|---|---|
| CUSTOMER NAME | ANTONIO HADLEY | ELECTRONIC ID | 1349085 |
| CUSTOMER ACCT. NO. | PARA00012200 | METER SN | 01349085 |
| SERVICE ADDRESS | 122 PARAS HILL DRIVE | SERVICE START DATE | N/A |
| ROUTE NUMBER | 1 | LAST READ DATE | 01/07/2026 01:00 AM |
| EMAIL | N/A | LAST READ (Gallons) | 49940 |
| PHONE | N/A | METER STATUS | - |

11/07/2025 - 01/07/2026 Read Frequency Daily Legend: Alert




Total consumption for report period: 6350 (Gallons)

Legend: Change Out

| Consumption Date | Read (Gallons) | Consumption (Gallons) | Last Read Time | Read Method | Meter Status |
|---|---|---|---|---|---|
| 11/07/2025 | 43820 | 230 | 11/07/2025 11:00 PM | Fixed Network | - |
| 11/08/2025 | 44160 | 340 | 11/08/2025 11:00 PM | Fixed Network | - |
| 11/09/2025 | 44570 | 410 | 11/09/2025 11:00 PM | Fixed Network | - |
| 11/10/2025 | 44790 | 220 | 11/10/2025 11:00 PM | Fixed Network | - |
| 11/11/2025 | 45100 | 310 | 11/11/2025 11:00 PM | Fixed Network | - |
| 11/12/2025 | 45340 | 240 | 11/12/2025 11:00 PM | Fixed Network | - |
| 11/13/2025 | 45570 | 230 | 11/13/2025 11:00 PM | Fixed Network | - |

| Consumption Date | Read (Gallons) | Consumption (Gallons) | Last Read Time | Read Method | Meter Status |
|---|---|---|---|---|---|
| 11/14/2025 | 45890 | 320 | 11/14/2025 11:00 PM | Fixed Network | - |
| 11/15/2025 | 46190 | 300 | 11/15/2025 11:00 PM | Fixed Network | - |
| 11/16/2025 | 46510 | 320 | 11/16/2025 11:00 PM | Fixed Network | - |
| 11/17/2025 | 46700 | 190 | 11/17/2025 11:00 PM | Fixed Network | - |
| 11/18/2025 | 46880 | 180 | 11/18/2025 11:00 PM | Fixed Network | - |
| 11/19/2025 | 47080 | 200 | 11/19/2025 11:00 PM | Fixed Network | - |
| 11/20/2025 | 47230 | 150 | 11/20/2025 11:00 PM | Fixed Network | - |
| 11/21/2025 | 47420 | 190 | 11/21/2025 11:00 PM | Fixed Network | - |
| 11/22/2025 | 47700 | 280 | 11/22/2025 11:00 PM | Fixed Network | - |
| 11/23/2025 | 48010 | 310 | 11/23/2025 11:00 PM | Fixed Network | - |
| 11/24/2025 | 48250 | 240 | 11/24/2025 11:00 PM | Fixed Network | - |
| 11/25/2025 | 48400 | 150 | 11/25/2025 11:00 PM | Fixed Network | - |
| 11/26/2025 | 48540 | 140 | 11/26/2025 11:00 PM | Fixed Network | - |
| 11/27/2025 | 48650 | 110 | 11/27/2025 11:00 PM | Fixed Network | - |
| 11/28/2025 | 48770 | 120 | 11/28/2025 11:00 PM | Fixed Network | - |
| 11/29/2025 | 48870 | 100 | 11/29/2025 11:00 PM | Fixed Network | - |
| 11/30/2025 | 49000 | 130 | 11/30/2025 11:00 PM | Fixed Network | - |
| 12/01/2025 | 49120 | 120 | 12/01/2025 11:00 PM | Fixed Network | - |
| 12/02/2025 | 49200 | 80 | 12/02/2025 11:00 PM | Fixed Network | - |
| 12/03/2025 | 49300 | 100 | 12/03/2025 11:00 PM | Fixed Network | - |
| 12/04/2025 | 49400 | 100 | 12/04/2025 11:00 PM | Fixed Network | - |
| 12/05/2025 | 49450 | 50 | 12/05/2025 11:00 PM | Fixed Network | - |
| 12/06/2025 | 49510 | 60 | 12/06/2025 11:00 PM | Fixed Network | - |
| 12/07/2025 | 49590 | 80 | 12/07/2025 11:00 PM | Fixed Network | - |
| 12/08/2025 | 49630 | 40 | 12/08/2025 11:00 PM | Fixed Network | - |
| 12/09/2025 | 49680 | 50 | 12/09/2025 11:00 PM | Fixed Network | - |
| 12/10/2025 | 49750 | 70 | 12/10/2025 11:00 PM | Fixed Network | - |
| 12/11/2025 | 49780 | 30 | 12/11/2025 11:00 PM | Fixed Network | - |
| 12/12/2025 | 49810 | 30 | 12/12/2025 11:00 PM | Fixed Network | - |
| 12/13/2025 | 49840 | 30 | 12/13/2025 11:00 PM | Fixed Network | - |
| 12/14/2025 | 49860 | 20 | 12/14/2025 11:00 PM | Fixed Network | - |
| 12/15/2025 | 49870 | 10 | 12/15/2025 11:00 PM | Fixed Network | - |
| 12/16/2025 | 49890 | 20 | 12/16/2025 11:00 PM | Fixed Network | - |
| 12/17/2025 | 49900 | 10 | 12/17/2025 11:00 PM | Fixed Network | - |



MASTER METER

| Consumption Date | Read (Gallons) | Consumption (Gallons) | Last Read Time | Read Method | Meter Status |
|---|---|---|---|---|---|
| 12/18/2025 | 49910 | 10 | 12/18/2025 11:00 PM | Fixed Network | - |
| 12/19/2025 | 49920 | 10 | 12/19/2025 11:00 PM | Fixed Network | - |
| 12/20/2025 | 49930 | 10 | 12/20/2025 11:00 PM | Fixed Network | - |
| 12/21/2025 | 49940 | 10 | 12/21/2025 11:00 PM | Fixed Network | - |
| 12/22/2025 | 49940 | 0 | 12/22/2025 11:00 PM | Fixed Network | - |
| 12/23/2025 | 49940 | 0 | 12/23/2025 11:00 PM | Fixed Network | - |
| 12/24/2025 | 49940 | 0 | 12/24/2025 11:00 PM | Fixed Network | - |
| 12/25/2025 | 49940 | 0 | 12/25/2025 11:00 PM | Fixed Network | - |
| 12/26/2025 | 49940 | 0 | 12/26/2025 11:00 PM | Fixed Network | - |
| 12/27/2025 | 49940 | 0 | 12/27/2025 11:00 PM | Fixed Network | - |
| 12/28/2025 | 49940 | 0 | 12/28/2025 11:00 PM | Fixed Network | - |
| 12/29/2025 | 49940 | 0 | 12/29/2025 11:00 PM | Fixed Network | - |
| 12/30/2025 | 49940 | 0 | 12/30/2025 11:00 PM | Fixed Network | - |
| 12/31/2025 | 49940 | 0 | 12/31/2025 11:00 PM | Fixed Network | - |
| 01/01/2026 | 49940 | 0 | 01/01/2026 11:00 PM | Fixed Network | - |
| 01/02/2026 | 49940 | 0 | 01/02/2026 11:00 PM | Fixed Network | - |
| 01/03/2026 | 49940 | 0 | 01/03/2026 11:00 PM | Fixed Network | - |
| 01/04/2026 | 49940 | 0 | 01/04/2026 11:00 PM | Fixed Network | - |
| 01/05/2026 | 49940 | 0 | 01/05/2026 11:00 PM | Fixed Network | - |
| 01/06/2026 | 49940 | 0 | 01/06/2026 11:00 PM | Fixed Network | - |
| 01/07/2026 | 49940 | 0 | 01/07/2026 01:00 AM | Fixed Network | - |

Total consumption for report period: 6350 (Gallons)



MASTER METER

# Exhibit 4

STATE OF MICHIGAN
IN THE 36TH CIRCUIT COURT FOR THE COUNTY OF VAN BUREN

ANTONIO HADLEY,
Plaintiff,

v. Case No. 2026-75527-CZ

CITY OF HARTFORD,
Defendant.
_______________________________________/

PLAINTIFF ANTONIO HADLEY'S ANSWERS TO DEFENDANT CITY OF HARTFORD'S FIRST INTERROGATORIES

Plaintiff Antonio Hadley, in propria persona, answers Defendant City of Hartford's First Interrogatories as follows:

GENERAL OBJECTIONS

Plaintiff objects to each interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Nothing in these responses is intended as, or should be construed as, a waiver of any such privilege or protection.

Plaintiff further objects to Defendant's interrogatories to the extent that, when discrete subparts are properly counted, they exceed the numerical limit permitted by MCR 2.309(A)(2). Subject to and without waiving this objection, Plaintiff provides responses to the interrogatories as numbered.

Plaintiff also objects to interrogatories that are vague, ambiguous, overbroad, unduly burdensome, or not proportional to the needs of the case, including to the extent they purport to require a full expert-level reconstruction of Defendant's billing calculations, metering systems, or internal software.

Plaintiff further objects to interrogatories to the extent they misstate or assume disputed facts, adopt Defendant's characterization of events or documents, or call for legal conclusions reserved to the Court.

These responses are based on information reasonably available to Plaintiff at this time. Discovery is ongoing. Plaintiff expressly reserves the right to supplement or amend these

would justify the charges. In response to my December 2025 request, the City's Clerk/Assistant Manager told me that no work orders, no internal communications, and no DHS/SER records were available from the City, and directed me elsewhere for DHS/SER information.

• That response conflicts with the City's present litigation position and prevented me from verifying whether the extreme bills were accurate.

I do not presently contend that payments were mis-credited, subject to change if later documentation shows otherwise.

Explanation / Context:
My dispute is not about minor rounding errors; it is about being billed large amounts—including a bill with 0.00 usage and over $1,000 in charges—without the City providing the underlying meter and work-order documentation. When I requested that documentation, the City's own FOIA/Clerk response said key categories of documents "do not exist." Later, the City used police, an administrative warrant, and public statements to enforce and justify these charges, while still not having squarely addressed the data inconsistencies and the delayed disclosure that my service line was lead/galvanized previously connected to lead, which under state rules should have triggered prompt written notice.

INTERROGATORY NO. 3

For each billing period from January 1, 2025 to present in which you contend you were overbilled, state the amount billed by the City, the amount you contend should have been billed, and the specific basis for any discrepancy you allege, including which meter reading, rate calculation, fee, or charge you contend is incorrect.

Answer:
I contend I was overbilled in multiple billing periods beginning in late 2025, particularly the periods immediately following my SER payment and other payments in October–November 2025. Because the City has not yet produced a complete and clearly reconciled billing and payment history, I am not in a position to state exact "correct" amounts that should have been billed for each period. I generally contend that:

• Several bills issued in late 2025 and early 2026 were abnormally high and inconsistent with ordinary household usage, especially when measured against the combination of:

• my personal payments; and

• assistance from State Emergency Relief.

• At least one bill reflects 0.00 usage with more than $1,000 in charges, which cannot be reconciled with any reasonable understanding of how meter readings should translate into

The combination of a 0.00 entry with extremely high charges demonstrates that the reading and/or its application was not correct.

I also have concerns about the accuracy and allocation of other cumulative readings and usage figures reflected in the records produced by the City (such as the 49,940-gallon cumulative number), but I cannot yet state the exact "correct" substitute reading without a complete and transparent set of logs, which I requested from the City and which were not timely provided.

Explanation / Context:
My concern is not necessarily that a particular digit was mis-typed, but that the meter data as recorded and used for billing do not accurately reflect actual consumption or proper allocation across billing periods. The clearest example is a 0.00 usage reading attached to more than $1,000 in charges. When I asked for supporting work orders, internal notes, and DHS/SER documentation that could explain whether there was a leak, a meter malfunction, or some special circumstance, the City's Clerk/Assistant Manager responded on December 17, 2025 that "All work orders related to 122 Paras Hill – do not exist" and that "Email or notes Internal Communications – do not exist," while also refusing to provide DHS/SER information. In other words, the City has not produced the underlying documentation that would show these readings are reliable, which is part of why I contend they are inaccurate or improperly used.

INTERROGATORY NO. 5

Explain your understanding of the difference between the 234,000-gallon figure referenced in paragraph 4 of your complaint and the 49,940-gallon figure referenced in paragraph 5, including whether you contend that these figures should be the same, and if so, why.

Answer:
My current understanding, based on the City's own descriptions, is:
1. The 234,000-gallon figure referenced in paragraph 4 of my complaint represents a cumulative total usage on a prior meter over an extended period before that meter was replaced in the summer of 2025.
2. The 49,940-gallon figure referenced in paragraph 5 represents cumulative usage recorded on the new meter installed at my service address beginning in the summer of 2025, again over multiple months, not a single billing period.

I do not contend that the two figures should be identical; they are from different meters and time frames. What I do contend is that:
• The City has used these large cumulative numbers to justify extraordinary bills in

Answer:
From January 1, 2025 to the present, I am not aware of any major internal plumbing repairs or catastrophic leaks inside the dwelling that would account for the large volumes of water the City attributes to my Account. Plumbing work and issues at the Property during that time have been limited and ordinary, for example:

• Minor fixture or appliance issues typical of a residence (such as faucet drips or toilet adjustments), which do not explain tens of thousands of gallons of usage in short billing windows;

• Routine checking of visible pipes and fixtures after I received unusually high bills, which did not reveal any significant ongoing leak that would justify the City's claimed consumption.

I have not retained an independent plumber or engineer to perform a forensic leak investigation; my awareness of any water conditions at the Property has been based on visible inspection, lack of pooling/flooding, and ordinary household use.

Explanation / Context:
The City has suggested, in a general way, that high usage could be "attributable to leaks and other causes within Plaintiff's knowledge and control," but it has not identified any specific documented leak, repair, or work order at my Property. In fact, when I asked for work orders through FOIA, the City's own Clerk/Assistant Manager responded on December 17, 2025 that "All work orders related to 122 Paras Hill – do not exist." I have never been shown any City documentation of a major leak at my residence. Without such documentation, and without any observed catastrophic leak on my side, the City's attempt to attribute large cumulative usage to leaks "within my control" is unsupported and inconsistent with its own FOIA responses.

INTERROGATORY NO. 8

Describe in detail the circumstances under which a vehicle was positioned at or near the City's shutoff valve or water infrastructure at the Property on or about the date the administrative search warrant (Report No. 26-0025) was executed, including who parked the vehicle, when it was parked, and the reason it was parked in that location.

Answer:
On or about February 10, 2026, my Ford F-250 truck was parked in my driveway near the area of the underground shutoff valve at 122 Paras Hill.

• I parked the vehicle there myself as part of my ordinary, long-standing use of the driveway for parking.

• The truck had been parked in that general location well before the administrative warrant was obtained and before any officer or City official ever raised the shutoff valve as an issue.
• My reason for parking there was normal residential use and security of my vehicle, not to block water infrastructure.

At no point before the warrant did the City serve me with any civil order or written directive requiring that the truck be moved. Instead, City officials and the Chief of Police moved directly to obtain and execute an administrative search warrant.

In addition, when Chief Matthews arrived on February 10, 2026 to execute the administrative warrant, he did not limit his actions to inspecting the meter or moving my truck. He first told me he was there "to serve a warrant," then immediately shifted to asking about whether my dogs were licensed and issued a dog-license citation in connection with the same visit, before shutting off my water and entering to check the meter. The combination of serving a dog citation, executing a warrant obtained on incomplete information, and terminating water service in one encounter underscores that this was not a neutral inspection, but a multi-purpose enforcement action built on prior misuse of police authority in my civil affairs.

Explanation / Context:
The City's narrative that I "intentionally parked" the truck to obstruct the shutoff valve is inconsistent with the documented sequence of events:
• Through November and December 2025, my communications focused on billing disputes, FOIA violations, and lack of meter/work-order documentation—with no mention from the City of any shutoff-valve obstruction.
• On January 7, 2026, City Manager Nicole Pullulam emailed me that she had "received an alert" that the meter was "flagged" and wanted to send Ricky from DPW to inspect, but still said nothing about my truck blocking access.
• That same day, I responded in writing, requesting documentation of the alleged flag, including the date/time, system that generated it, and any log or work order, and I clearly explained that my position was not a refusal to cooperate, but a request for transparency before any interior access.
• Despite this, on February 10, 2026, Chief Matthews swore out an affidavit for an administrative search warrant that recasts my ordinary parking and my documented request for records as "obstruction" and "verbal defiance," and seeks authority to enter my home and move my truck specifically so the City can shut off water service over unpaid bills.

notice, and use of an administrative warrant and police power directly affect me. Any foreclosure is a separate legal process involving the landlord and does not change the fact that I was the resident account holder during all events described in my complaint.

INTERROGATORY NO. 14

State whether you are aware that the Property is the subject of a foreclosure action or proceeding, and if so, describe your understanding of the status of that proceeding and how it may affect your continued occupancy.

Answer:
To the best of my present knowledge:

- I am aware that the Property is subject to a foreclosure proceeding involving the owner, Jeffrey Hill, not me. My understanding is that this is a matter between Mr. Hill and his lender and/or the county.
- As of the date of this response, the foreclosure has not resulted in my removal from the Property, and I continue to reside there and to be billed by the City for water service.

Based on my current understanding, any foreclosure-related issue does not change the fact that I am the resident and the person billed for water service, and it has not yet affected my continued occupancy. I will supplement this answer if I receive new and concrete information about any foreclosure proceeding that materially affects my occupancy.

Explanation / Context:
Whatever the status of any foreclosure or related proceeding, my claims in this lawsuit are based on events that occurred while I was residing at the Property and was the person responsible for and billed for water service. The City's billing practices, FOIA responses, delayed lead/galvanized notice, and use of an administrative warrant to move my vehicle and shut off water all occurred during that period and caused me direct harm, independent of any separate foreclosure issue.

VERIFICATION

I declare that the foregoing answers are true to the best of my knowledge, information, and belief.

Date: 4-17-26

**STATE OF MICHIGAN**
IN THE 36TH CIRCUIT COURT FOR THE COUNTY OF VAN BUREN

**ANTONIO HADLEY,**
Plaintiff,

v. Case No. 2026-75527-CZ

**CITY OF HARTFORD,**
Defendant.

__________________________________/

**PLAINTIFF ANTONIO HADLEY'S RESPONSES TO DEFENDANT CITY OF HARTFORD'S FIRST DOCUMENT REQUESTS AND REQUESTS FOR ADMISSION**

Plaintiff **Antonio Hadley**, in propria persona, responds to Defendant City of Hartford's First Document Requests and Requests for Admission as follows:

**GENERAL OBJECTIONS**

Plaintiff objects to each request to the extent it seeks information protected by the **attorney-client privilege**, **work-product doctrine**, or any other applicable privilege or protection. Nothing in these responses is intended as, or should be construed as, a waiver of any such privilege or protection.

Plaintiff further objects to each request to the extent it is **vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case, or seeks information equally or more readily available to Defendant** from Defendant's own records, employees, departments, contractors, agents, or counsel.

Plaintiff further objects to each request to the extent it **misstates disputed facts, assumes facts not established, adopts Defendant's characterization of events, records, or legal issues, or calls for a legal conclusion.**

Plaintiff further objects to each document request to the extent it purports to require Plaintiff to **create documents that do not already exist, to reconstruct records not in his possession, custody, or control, or to produce documents not within his possession, custody, or control.**

Plaintiff's responses are based on information reasonably available at this time. **Discovery is ongoing.** Plaintiff expressly reserves the right to supplement or amend these responses as additional information is obtained.

Subject to and without waiving the foregoing General Objections, Plaintiff responds as follows:

**RESPONSES TO DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1**

Produce all documents relating to each FOIA request you contend you submitted to the City, including the FOIA request itself, any proof of delivery or receipt, and all responses received.

**Response:**
Plaintiff will produce non-privileged responsive documents in his possession, custody, or control, if any, including copies of written FOIA requests, stamped documents, and responses received from the City. Plaintiff further states that the **November 4, 2025 request was made in person to Rebecca at City Hall on election day**, and Plaintiff was told **RoxAnn Rodney-Isbrecht** was out due to elections and was handed a ledger. Plaintiff does not possess a written FOIA request or receipt for November 4, 2025 because that request was not submitted in written form. To the extent responsive documents are in Defendant's possession, custody, or control, Plaintiff cannot produce what he does not possess.

**DOCUMENT REQUEST NO. 2**

Produce all documents you contend demonstrate that any meter reading, billing calculation, or charge on the Account was inaccurate or unlawful.

**Response:**
Plaintiff will produce non-privileged responsive documents in his possession, custody, or control, if any, including account ledgers, billing statements, shutoff notices, payment records, FOIA correspondence, City responses, and other documents Plaintiff contends reflect **inaccurate, unexplained, or unsupported billing and charges.** Plaintiff further states that the **absence of work orders and internal communications**, as represented by the City on **December 17, 2025**, is itself part of the basis for Plaintiff's contention that the charges are unsupported.

**DOCUMENT REQUEST NO. 3**

Produce all documents relating to any foreclosure action or proceeding involving the Property, including any notices you have received.

**Response:**
Plaintiff will produce non-privileged responsive documents in his possession, custody, or control, if any, relating to any foreclosure action or proceeding involving the Property, including notices received.

## RESPONSES TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1

Admit that you did not submit a written FOIA request to the City of Hartford on November 4, 2025.

**Response:**
Admit.

### REQUEST FOR ADMISSION NO. 2

Admit that you do not possess a copy of any FOIA request that you submitted to the City of Hartford on November 4, 2025.

**Response:**
Admit.

### REQUEST FOR ADMISSION NO. 3

Admit that you do not possess any receipt, confirmation, or other proof of delivery showing that a FOIA request was received by the City of Hartford on November 4, 2025.

**Response:**
Admit.

### REQUEST FOR ADMISSION NO. 4

Admit that the first written FOIA request you submitted to the City of Hartford was submitted on or about November 26, 2025.

**Response:**
Admit.

**REQUEST FOR ADMISSION NO. 5**

Admit that you did not attach a copy of any November 4, 2025 FOIA request to your complaint filed in this action.

**Response:**
Admit.

**REQUEST FOR ADMISSION NO. 6**

Admit that the City of Hartford produced records to you in response to one or more of your FOIA requests.

**Response:**
Admit.

**REQUEST FOR ADMISSION NO. 7**

Admit that you received records from the City in response to your FOIA requests prior to filing this lawsuit.

**Response:**
Admit.

**REQUEST FOR ADMISSION NO. 8**

Admit that the figure of 234,000 gallons referenced in paragraph 4 of your complaint represents a cumulative meter reading accrued over a period of years, not a charge for usage during a single billing period.

**Response:**
Deny as stated. Plaintiff admits only that **City-generated records appear to show a 234,000-gallon cumulative figure over time**, but Plaintiff lacks **produced** work orders, internal logs, or complete documentation and therefore cannot admit that this figure

**Response:**
Deny. Plaintiff contends that **certain fees, surcharges, and rate applications—including late fees, shutoff/restoration charges, and high-usage charges assessed while under SER protection and during active billing disputes—were improperly assessed and/or applied in a manner inconsistent with applicable ordinances, policies, and due process.**

**REQUEST FOR ADMISSION NO. 16**

Admit that you have not retained a plumber, engineer, or other qualified person to inspect the water meter at the Property or evaluate the accuracy of the City's billing.

**Response:**
Admit.

**REQUEST FOR ADMISSION NO. 17**

Admit that you are aware of at least one water leak or plumbing condition at the Property between January 1, 2025 and the present that resulted in water usage not attributable to ordinary household consumption.

**Response:**
Deny.

**REQUEST FOR ADMISSION NO. 18**

Admit that water service to the Property has been restored and has remained uninterrupted since on or about February 13, 2026.

**Response:**
Admit.

**REQUEST FOR ADMISSION NO. 19**

Admit that on or about the date the administrative search warrant (Report No. 26-0025) was executed, a vehicle was positioned at or near the City's shutoff valve or water infrastructure at the Property.

**Response:**
Admit.

**REQUEST FOR ADMISSION NO. 20**

Admit that the vehicle referenced in Request for Admission No. 19 obstructed access to the City's shutoff valve.

**Response:**
Deny.

**REQUEST FOR ADMISSION NO. 21**

Admit that you have not incurred any out-of-pocket monetary expenses as a direct result of the temporary interruption of water service to the Property.

**Response:**
Deny. Plaintiff has incurred and expects to incur **out-of-pocket costs** related to traveling to City offices and court, copying and organizing documents, dealing with the aftermath of shutoff and enforcement, and other expenses associated with the interruption of service and related enforcement actions, **including disruption of daily household operations.**

**REQUEST FOR ADMISSION NO. 22**

Admit that you have not sought medical treatment for any condition you allege was caused by the temporary interruption of water service to the Property.

**Response:**
Admit.

**REQUEST FOR ADMISSION NO. 23**

Admit that you have not identified any specific statutory or constitutional provision that the City violated as the basis for your claim for injunctive relief in Count II of your complaint.

**Response:**
Deny. Plaintiff has identified, among other provisions, **Article 1, § 11 (searches and seizures)** and **Article 1, §§ 3 and 5 (petition and free speech)** of the **Michigan**

**Constitution**, as well as **Michigan FOIA, MCL 15.231 et seq.**, and **42 U.S.C. § 1983** as a vehicle for enforcement of constitutional violations, as bases for his request for injunctive and declaratory relief.

Respectfully submitted,

Antonio Hadley
**Antonio Hadley**
Plaintiff, in propria persona
122 Paras Hill Drive
Hartford, MI 49057
(269) 336-9909
antoniohadley@gmail.com

Date: 4-17-26

**VERIFICATION**

I, **Antonio Hadley**, declare under penalty of perjury that I have read the foregoing *Plaintiff's Responses to Defendant City of Hartford's First Document Requests and Requests for Admission* and that the factual statements contained therein are true and correct to the best of my knowledge, information, and belief.

Date: 4-17-26

**Antonio Hadley**
Plaintiff, in propria persona

**CERTIFICATE OF SERVICE**

# Exhibit 5

# AFFIDAVIT OF RICHARD RICKS

Richard Ricks, being sworn, states as follows:

1. I am employed by the City of Hartford in the Department of Public Works. My duties include the inspection, maintenance, and servicing of water meters and related infrastructure within the City.

2. On the morning of February 10, 2026, officers of the Hartford Police Department executed an administrative search warrant at 122 Paras Hill Drive, Hartford, Michigan, the residence of Antonio Hadley. I was present at the property in my capacity as a Department of Public Works employee for the purpose of inspecting the water meter and operating the City's shutoff valve, both of which were the subject of the warrant.

3. After officers moved a pickup truck that had been parked at or near the City's underground shutoff valve for the property, I shut off water service to the property at the City's shutoff valve.

4. That same morning, I also entered the residence to inspect the water meter. The inspection was undertaken in response to a "red flag" alert on the City's metering software, Harmony Encore, indicating that the meter at 122 Paras Hill Drive may not have been functioning properly.

5. Upon inspection, I determined that the meter was functioning properly. The "red flag" alert was a false alarm.

I have personal knowledge that the statements in the foregoing affidavit are true and correct, and would so testify if called as a witness in a court proceeding.

*[Signature on Next Page]*

Richard Ricks

Signed and sworn to before me this 6th day of May, 2026.

Notary Public, ______,

ROXANN RODNEY-ISBRECHT
NOTARY PUBLIC – STATE OF MICHIGAN
COUNTY OF VAN BUREN
My Commission Expires February 7, 2030
Acting in the County of Van Buren

Acting in Van Buren County
My commission expires: 2/7/2030

# Exhibit 6

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created / Rate Name | Service Address / Trx Info | Addl. Info | Customer Name / Meter Read / Billed Usage | Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|
| **1713** | | **122 PARAS HILL DRIVE** | | **ANTONIO HADLEY** | | | | **642.70** |
| 12/16/2025 | 12/17/2025 | Penalty | | 0.00 | | 0.00 | 54.78 | 642.70 |
| 01-WATER | WA1-WATER | | | 0.00 | 12/16/2025 | Penalty | | 14.41 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 12/16/2025 | Penalty | | 27.77 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 12/16/2025 | Penalty | | 3.00 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 12/16/2025 | Penalty | | 2.10 |
| 03-TURN ON/OFF FEE | | | | 0.00 | 12/16/2025 | Penalty | | 7.50 |
| 12/10/2025 | 12/10/2025 | Bill Adjustment | SHUT OFF FOR NON-P | 0.00 | | 0.00 | 50.00 | 587.92 |
| 03-TURN ON/OFF FEE | | | | 0.00 | 11/19/2025 | Billing | | 50.00 |
| 11/30/2025 | 12/19/2025 | Meter Read | WATER | 49,000.00 | | 7,810.00 | 0.00 | 537.92 |
| 11/24/2025 | 11/24/2025 | Bill Calculated | 10/01/25-10/31/25 | 0.00 | | 0.00 | 315.17 | 537.92 |
| 01-WATER | WA1-WATER | | | 21,190.00 | 12/15/2025 | Billing | | 96.05 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 21,190.00 | 12/15/2025 | Billing | | 185.12 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 12/15/2025 | Billing | | 20.00 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 12/15/2025 | Billing | | 14.00 |
| 11/19/2025 | 11/19/2025 | Payment Posted | 0000003253 | 0.00 | | 0.00 | (348.41) | 222.75 |
| 01-WATER | WA1-WATER | | | 0.00 | 10/15/2025 | Billing | | (29.67) |
| 01-WATER | WA1-WATER | | | 0.00 | 11/15/2025 | Billing | | (70.67) |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 09/15/2025 | Billing | | (18.63) |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 10/15/2025 | Billing | | (47.50) |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 11/15/2025 | Billing | | (113.94) |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/15/2025 | Billing | | (20.00) |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 11/15/2025 | Billing | | (20.00) |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/15/2025 | Billing | | (14.00) |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 11/15/2025 | Billing | | (14.00) |
| 11/19/2025 | 11/19/2025 | Payment Posted | 0000003252 | 0.00 | | 0.00 | (50.00) | 571.16 |
| 01-WATER | WA1-WATER | | | 0.00 | 09/15/2025 | Billing | | (16.55) |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 09/15/2025 | Billing | | (1.67) |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 09/15/2025 | Billing | | (20.00) |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 09/15/2025 | Billing | | (11.78) |
| 11/16/2025 | 11/17/2025 | Penalty | | 0.00 | | 0.00 | 35.58 | 621.16 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 11/16/2025 | Penalty | | 3.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 11/16/2025 | Penalty | | 19.88 |
| 01-WATER | WA1-WATER | | | 0.00 | 11/16/2025 | Penalty | | 10.60 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 11/16/2025 | Penalty | | 2.10 |
| 11/13/2025 | 11/13/2025 | Payment Posted | 0000002967 | 0.00 | | 0.00 | (140.00) | 585.58 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 07/16/2025 | Billing | | (137.78) |

# HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created | Service Address / Trx Info / Rate Name | Addl. Info | Customer Name / Meter Read / Billed Usage | Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 09/15/2025 | Billing | | (2.22) |
| 11/06/2025 | 11/06/2025 | Payment Posted | 0000002750 | 0.00 | | 0.00 | (534.00) | 725.58 |
| 01-WATER | | WA1-WATER | | 0.00 | 07/16/2025 | Billing | | (185.57) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/03/2025 | Billing | | (59.15) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/16/2025 | Billing | | (273.28) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/16/2025 | Billing | | (10.00) |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/16/2025 | Billing | | (6.00) |
| 11/01/2025 | 11/01/2025 | Meter Read | WATER | 41,190.00 | | 21,190.00 | 0.00 | 1,259.58 |
| 10/24/2025 | 10/24/2025 | Bill Calculated | 09/01/25-09/30/25 | 0.00 | | 0.00 | 237.17 | 1,259.58 |
| 01-WATER | | WA1-WATER | | 15,000.00 | 11/15/2025 | Billing | | 70.67 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 15,000.00 | 11/15/2025 | Billing | | 132.50 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 11/15/2025 | Billing | | 20.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 11/15/2025 | Billing | | 14.00 |
| 10/20/2025 | 10/20/2025 | Penalty Reversal | DUPLICATE PENALTY | 0.00 | | 0.00 | (27.31) | 1,022.41 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 10/20/2025 | Penalty | | (6.00) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 10/20/2025 | Penalty | | (10.18) |
| 01-WATER | | WA1-WATER | | 0.00 | 10/20/2025 | Penalty | | (6.93) |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 10/20/2025 | Penalty | | (4.20) |
| 10/20/2025 | 10/20/2025 | Penalty | | 0.00 | | 0.00 | 27.31 | 1,049.72 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 10/20/2025 | Penalty | | 6.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 10/20/2025 | Penalty | | 10.18 |
| 01-WATER | | WA1-WATER | | 0.00 | 10/20/2025 | Penalty | | 6.93 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 10/20/2025 | Penalty | | 4.20 |
| 10/20/2025 | 10/20/2025 | Penalty | | 0.00 | | 0.00 | 27.31 | 1,022.41 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 10/20/2025 | Penalty | | 6.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 10/20/2025 | Penalty | | 10.18 |
| 01-WATER | | WA1-WATER | | 0.00 | 10/20/2025 | Penalty | | 6.93 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 10/20/2025 | Penalty | | 4.20 |
| 10/15/2025 | 10/15/2025 | Payment Posted | 0000002341 | 0.00 | | 0.00 | (200.00) | 995.10 |
| 01-WATER | | WA1-WATER | | 0.00 | 07/03/2025 | Billing | | (78.40) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/03/2025 | Billing | | (105.56) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/03/2025 | Billing | | (10.02) |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/03/2025 | Billing | | (6.02) |
| 09/30/2025 | 10/24/2025 | Meter Read | WATER | 20,000.00 | | 15,000.00 | 0.00 | 1,195.10 |
| 09/23/2025 | 09/23/2025 | Bill Calculated | 08/01/25-08/31/25 | 0.00 | | 0.00 | 111.17 | 1,195.10 |
| 01-WATER | | WA1-WATER | | 5,000.00 | 10/15/2025 | Billing | | 29.67 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 5,000.00 | 10/15/2025 | Billing | | 47.50 |

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created | Service Address / Trx Info / Rate Name | Addl. Info | Customer Name / Meter Read / Billed Usage | Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 10/15/2025 | Billing | | 20.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 10/15/2025 | Billing | | 14.00 |
| 09/16/2025 | 09/16/2025 | Penalty | | 0.00 | | 0.00 | 10.63 | 1,083.93 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 09/16/2025 | Penalty | | 3.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 09/16/2025 | Penalty | | 3.05 |
| 01-WATER | | WA1-WATER | | 0.00 | 09/16/2025 | Penalty | | 2.48 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 09/16/2025 | Penalty | | 2.10 |
| 08/27/2025 | 09/23/2025 | Meter Read | WATER | 5,000.00 | | 5,000.00 | 0.00 | 1,073.30 |
| 08/21/2025 | 08/21/2025 | Bill Calculated | 07/01/25-07/31/25 | 0.00 | | 0.00 | 70.85 | 1,073.30 |
| 01-WATER | | WA1-WATER | | 1,800.00 | 09/15/2025 | Billing | | 16.55 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 1,800.00 | 09/15/2025 | Billing | | 20.30 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 09/15/2025 | Billing | | 20.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 09/15/2025 | Billing | | 14.00 |
| 08/20/2025 | 08/20/2025 | Penalty | | 0.00 | | 0.00 | 91.90 | 1,002.45 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 08/20/2025 | Penalty | | 1.50 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 08/20/2025 | Penalty | | 61.66 |
| 01-WATER | | WA1-WATER | | 0.00 | 08/20/2025 | Penalty | | 27.84 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 08/20/2025 | Penalty | | 0.90 |
| 08/14/2025 | 08/14/2025 | Bill Adjustment | Conversion Balance | 0.00 | | 0.00 | 910.55 | 910.55 |
| 01-WATER | | WA1-WATER | | 0.00 | 07/16/2025 | Billing | | 185.57 |
| 01-WATER | | WA1-WATER | | 0.00 | 07/03/2025 | Billing | | 78.40 |
| 01-WATER | | WA1-WATER | | 0.00 | 07/16/2025 | Penalty | | 11.73 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/16/2025 | Billing | | 411.06 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/03/2025 | Billing | | 164.71 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/16/2025 | Penalty | | 24.64 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/16/2025 | Billing | | 10.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/03/2025 | Billing | | 10.02 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/16/2025 | Penalty | | 1.50 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/16/2025 | Billing | | 6.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/03/2025 | Billing | | 6.02 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/16/2025 | Penalty | | 0.90 |
| 07/31/2025 | 09/23/2025 | Meter Read Adj | WATER | 0.00 | | (122,950.00) | 0.00 | 910.55 |
| 07/31/2025 | 08/06/2025 | Meter Read | WATER | 122,950.00 | | 1,800.00 | 0.00 | 910.55 |
| 07/31/2025 | 08/04/2025 | Meter Read | WATER | 122,770.00 | | 35,340.00 | 0.00 | 910.55 |
| 07/16/2025 | 07/21/2025 | Bill Calculated | 2025JUNE | 0.00 | | 0.00 | 612.63 | 910.55 |
| 01-WATER | | WA1-WATER | | 0.00 | 07/16/2025 | Billing | | 185.57 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/16/2025 | Billing | | 411.06 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/16/2025 | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/16/2025 | Billing | | 6.00 |
| 07/16/2025 | 07/16/2025 | Penalty | Penalty Transactio | 0.00 | | 0.00 | 38.77 | 297.92 |

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created | Service Address / Trx Info / Rate Name | Addl. Info | Billed Usage | Customer Name / Meter Read / Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|
| 06-PENALTY | | | | 0.00 | 07/16/2025 | Billing | | 38.77 |
| 07/03/2025 | 07/03/2025 | Payment Posted | CASH RKS | | 0.00 | 0.00 | (115.00) | 259.15 |
| 01-WATER | | WA1-WATER | | 0.00 | 07/03/2025 | Billing | | (34.80) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/03/2025 | Billing | | (73.67) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/03/2025 | Billing | | (4.08) |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/03/2025 | Billing | | (2.45) |
| 07/02/2025 | 07/02/2025 | Payment Posted | CASH RKS | | 0.00 | 0.00 | (300.00) | 374.15 |
| 01-WATER | | WA1-WATER | | 0.00 | 07/02/2025 | Billing | | (74.38) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/02/2025 | Billing | | (157.46) |
| 06-PENALTY | | | | 0.00 | 07/02/2025 | Billing | | (54.22) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/02/2025 | Billing | | (8.72) |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/02/2025 | Billing | | (5.22) |
| 06/30/2025 | 07/07/2025 | Meter Read | WATER | | 119,236.00 | 53,030.00 | 0.00 | 674.15 |
| 06/16/2025 | 06/25/2025 | Bill Calculated | 2025MAY | | 0.00 | 0.00 | 258.48 | 674.15 |
| 01-WATER | | WA1-WATER | | 0.00 | 06/16/2025 | Billing | | 78.20 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 06/16/2025 | Billing | | 164.28 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 06/16/2025 | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 06/16/2025 | Billing | | 6.00 |
| 06/16/2025 | 06/16/2025 | Penalty | Penalty Transactio | | 0.00 | 0.00 | 42.36 | 415.67 |
| 06-PENALTY | | | | 0.00 | 06/16/2025 | Billing | | 42.36 |
| 06/03/2025 | 06/09/2025 | Meter Read | WATER | | 113,933.00 | 20,980.00 | 0.00 | 373.31 |
| 05/22/2025 | 05/23/2025 | Meter Read | WATER | | 111,835.00 | 23,140.00 | 0.00 | 373.31 |
| 05/16/2025 | 05/23/2025 | Bill Calculated | 2025APRIL | | 0.00 | 0.00 | 282.35 | 373.31 |
| 01-WATER | | WA1-WATER | | 0.00 | 05/16/2025 | Billing | | 85.44 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 05/16/2025 | Billing | | 180.91 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 05/16/2025 | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 05/16/2025 | Billing | | 6.00 |
| 05/16/2025 | 05/16/2025 | Penalty | Penalty Transactio | | 0.00 | 0.00 | 11.86 | 90.96 |
| 06-PENALTY | | | | 0.00 | 05/16/2025 | Billing | | 11.86 |
| 05/12/2025 | 05/13/2025 | Payment Posted | CASH | | 0.00 | 0.00 | (200.00) | 79.10 |
| 01-WATER | | WA1-WATER | | 0.00 | 05/12/2025 | Billing | | (60.52) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 05/12/2025 | Billing | | (128.05) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 05/12/2025 | Billing | | (7.14) |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 05/12/2025 | Billing | | (4.29) |
| 04/21/2025 | 04/21/2025 | Payment Posted | CASH RKS | | 0.00 | 0.00 | (210.00) | 279.10 |

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created | Service Address / Trx Info / Rate Name | Addl. Info | Billed Usage | Due Date | Customer Name / Meter Read | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|---|
| 01-WATER | | WA1-WATER | | 0.00 | 04/21/2025 | | Billing | | (61.01) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 04/21/2025 | | Billing | | (111.15) |
| 06-PENALTY | | | | 0.00 | 04/21/2025 | | Billing | | (7.77) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 04/21/2025 | | Billing | | (18.80) |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 04/21/2025 | | Billing | | (11.27) |
| 04/16/2025 | 04/17/2025 | Bill Calculated | 2025March | | | 0.00 | 0.00 | 280.14 | 489.10 |
| 01-WATER | | WA1-WATER | | 0.00 | 04/16/2025 | | Billing | | 84.77 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 04/16/2025 | | Billing | | 179.37 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 04/16/2025 | | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 04/16/2025 | | Billing | | 6.00 |
| 04/16/2025 | 04/16/2025 | Penalty | Penalty Transactio | | | 0.00 | 0.00 | 7.77 | 208.96 |
| 06-PENALTY | | | | 0.00 | 04/16/2025 | | Billing | | 7.77 |
| 03/27/2025 | 03/28/2025 | Meter Read | WATER | | | 109,521.00 | 22,940.00 | 0.00 | 201.19 |
| 03/18/2025 | 03/18/2025 | Bill Adjustment | Turn On Fee | | | 0.00 | 0.00 | 25.00 | 201.19 |
| 03-TURN ON/OFF FEE | | | | 0.00 | 03/18/2025 | | Billing | | 25.00 |
| 03/17/2025 | 03/18/2025 | Payment Posted | CASH RKS | | | 0.00 | 0.00 | (1,000.00) | 176.19 |
| 01-WATER | | WA1-WATER | | 0.00 | 03/17/2025 | | Billing | | (257.32) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 03/17/2025 | | Billing | | (509.38) |
| 03-TURN ON/OFF FEE | | | | 0.00 | 03/17/2025 | | Billing | | (25.00) |
| 06-PENALTY | | | | 0.00 | 03/17/2025 | | Billing | | (139.84) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 03/17/2025 | | Billing | | (42.79) |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 03/17/2025 | | Billing | | (25.67) |
| 03/16/2025 | 03/17/2025 | Penalty | Penalty Transactio | | | 0.00 | 0.00 | 25.58 | 1,176.19 |
| 06-PENALTY | | | | 0.00 | 03/16/2025 | | Billing | | 25.58 |
| 03/15/2025 | 03/19/2025 | Bill Calculated | 2025FEBRUARY | | | 0.00 | 0.00 | 51.85 | 1,150.61 |
| 01-WATER | | WA1-WATER | | 0.00 | 03/15/2025 | | Billing | | 15.56 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 03/15/2025 | | Billing | | 20.29 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 03/15/2025 | | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 03/15/2025 | | Billing | | 6.00 |
| 03/12/2025 | 03/12/2025 | Bill Adjustment | Turned off non-pay | | | 0.00 | 0.00 | 25.00 | 1,098.76 |
| 01-WATER | | WA1-WATER | | 0.00 | 03/12/2025 | | Billing | | 12.50 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 03/12/2025 | | Billing | | 12.50 |
| 02/28/2025 | 03/19/2025 | Meter Read | WATER | | | 107,227.00 | 2,280.00 | 0.00 | 1,073.76 |
| 02/16/2025 | 02/24/2025 | Bill Calculated | 2025JANUARY | | | 0.00 | 0.00 | 170.52 | 1,073.76 |
| 01-WATER | | WA1-WATER | | 0.00 | 02/16/2025 | | Billing | | 51.54 |

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created | Rate Name | Service Address / Trx Info | Addl. Info | Customer Name / Billed Usage | Meter Read / Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|---|
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 02/16/2025 | Billing | | 102.98 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 02/16/2025 | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 02/16/2025 | Billing | | 6.00 |
| 02/16/2025 | 02/18/2025 | | Penalty | Penalty Transactio | | 0.00 | 0.00 | 27.17 | 903.24 |
| 06-PENALTY | | | | | 0.00 | 02/16/2025 | Billing | | 27.17 |
| 01/31/2025 | 02/20/2025 | | Meter Read | WATER | | 106,999.00 | 13,020.00 | 0.00 | 876.07 |
| 01/16/2025 | 01/21/2025 | | Bill Calculated | 2024December | | 0.00 | 0.00 | 181.13 | 876.07 |
| 01-WATER | | WA1-WATER | | | 0.00 | 01/16/2025 | Billing | | 54.75 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 01/16/2025 | Billing | | 110.38 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 01/16/2025 | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 01/16/2025 | Billing | | 6.00 |
| 01/16/2025 | 01/16/2025 | | Penalty | Penalty Transactio | | 0.00 | 0.00 | 32.56 | 694.94 |
| 06-PENALTY | | | | | 0.00 | 01/16/2025 | Billing | | 32.56 |
| 01/03/2025 | 01/15/2025 | | Meter Read | WATER | | 105,697.00 | 13,980.00 | 0.00 | 662.38 |
| 12/16/2024 | 12/20/2024 | | Bill Calculated | 2024NOVEMBER | | 0.00 | 0.00 | 217.04 | 662.38 |
| 01-WATER | | WA1-WATER | | | 0.00 | 12/16/2024 | Billing | | 65.64 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 12/16/2024 | Billing | | 135.40 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 12/16/2024 | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 12/16/2024 | Billing | | 6.00 |
| 12/16/2024 | 12/16/2024 | | Penalty | Penalty Transactio | | 0.00 | 0.00 | 26.67 | 445.34 |
| 06-PENALTY | | | | | 0.00 | 12/16/2024 | Billing | | 26.67 |
| 12/06/2024 | 12/06/2024 | | Meter Read | WATER | | 104,299.00 | 17,230.00 | 0.00 | 418.67 |
| 11/16/2024 | 11/22/2024 | | Bill Calculated | 2024OCTOBER | | 0.00 | 0.00 | 177.82 | 418.67 |
| 01-WATER | | WA1-WATER | | | 0.00 | 11/16/2024 | Billing | | 53.75 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 11/16/2024 | Billing | | 108.07 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 11/16/2024 | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 11/16/2024 | Billing | | 6.00 |
| 11/16/2024 | 11/18/2024 | | Penalty | Penalty Transactio | | 0.00 | 0.00 | 27.86 | 240.85 |
| 06-PENALTY | | | | | 0.00 | 11/16/2024 | Billing | | 27.86 |
| 10/31/2024 | 10/31/2024 | | Payment Posted | CC EFT202410284859 | | 0.00 | 0.00 | (348.44) | 212.99 |
| 01-WATER | | WA1-WATER | | | 0.00 | 10/31/2024 | Billing | | (103.88) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 10/31/2024 | Billing | | (212.84) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/31/2024 | Billing | | (19.82) |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/31/2024 | Billing | | (11.90) |

# HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created | Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Customer Name / Meter Read / Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|---|
| 10/29/2024 | 10/29/2024 | | Meter Read | WATER | | 102,576.00 | 13,680.00 | 0.00 | 561.43 |
| 10/22/2024 | 10/22/2024 | | Payment Posted | CASH | | 0.00 | 0.00 | (120.00) | 561.43 |
| 01-WATER | | WA1-WATER | | | 0.00 | 10/22/2024 | Billing | | (16.50) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 10/22/2024 | Billing | | (33.81) |
| 06-PENALTY | | | | | 0.00 | 10/22/2024 | Billing | | (64.65) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/22/2024 | Billing | | (3.15) |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/22/2024 | Billing | | (1.89) |
| 10/16/2024 | 10/18/2024 | | Bill Calculated | 2024SEPTEMBER | | 0.00 | 0.00 | 185.77 | 681.43 |
| 01-WATER | | WA1-WATER | | | 0.00 | 10/16/2024 | Billing | | 56.16 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 10/16/2024 | Billing | | 113.61 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/16/2024 | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/16/2024 | Billing | | 6.00 |
| 10/16/2024 | 10/16/2024 | | Penalty | Penalty Transactio | | 0.00 | 0.00 | 27.22 | 495.66 |
| 06-PENALTY | | | | | 0.00 | 10/16/2024 | Billing | | 27.22 |
| 09/30/2024 | 10/01/2024 | | Meter Read | WATER | | 101,208.00 | 14,400.00 | 0.00 | 468.44 |
| 09/16/2024 | 09/20/2024 | | Bill Calculated | 2024AUGUST | | 0.00 | 0.00 | 181.46 | 468.44 |
| 01-WATER | | WA1-WATER | | | 0.00 | 09/16/2024 | Billing | | 54.85 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 09/16/2024 | Billing | | 110.61 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 09/16/2024 | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 09/16/2024 | Billing | | 6.00 |
| 09/16/2024 | 09/17/2024 | | Penalty | Penalty Transactio | | 0.00 | 0.00 | 27.40 | 286.98 |
| 06-PENALTY | | | | | 0.00 | 09/16/2024 | Billing | | 27.40 |
| 08/29/2024 | 08/29/2024 | | Meter Read | WATER | | 99,768.00 | 14,010.00 | 0.00 | 259.58 |
| 08/16/2024 | 08/19/2024 | | Bill Calculated | 2024JULY | | 0.00 | 0.00 | 182.67 | 259.58 |
| 01-WATER | | WA1-WATER | | | 0.00 | 08/16/2024 | Billing | | 55.22 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 08/16/2024 | Billing | | 111.45 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 08/16/2024 | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 08/16/2024 | Billing | | 6.00 |
| 08/16/2024 | 08/16/2024 | | Penalty | Penalty Transactio | | 0.00 | 0.00 | 10.03 | 76.91 |
| 06-PENALTY | | | | | 0.00 | 08/16/2024 | Billing | | 10.03 |
| 07/29/2024 | 07/29/2024 | | Payment Posted | CASH | | 0.00 | 0.00 | (300.00) | 66.88 |
| 01-WATER | | WA1-WATER | | | 0.00 | 07/29/2024 | Billing | | (77.17) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 07/29/2024 | Billing | | (169.57) |
| 06-PENALTY | | | | | 0.00 | 07/29/2024 | Billing | | (19.88) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/29/2024 | Billing | | (20.86) |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/29/2024 | Billing | | (12.52) |

# HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created | Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Customer Name / Meter Read / Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|---|
| 07/29/2024 | 07/29/2024 | | Meter Read | WATER | | 98,367.00 | 14,120.00 | 0.00 | 366.88 |
| 07/16/2024 | 07/19/2024 | | Bill Calculated | 2024JUNE | | 0.00 | 0.00 | 147.93 | 366.88 |
| 01-WATER | | WA1-WATER | | | 0.00 | 07/16/2024 | Billing | | 40.76 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 07/16/2024 | Billing | | 91.17 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/16/2024 | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/16/2024 | Billing | | 6.00 |
| 07/16/2024 | 07/16/2024 | | Penalty | Penalty Transactio | | 0.00 | 0.00 | 19.88 | 218.95 |
| 06-PENALTY | | | | | 0.00 | 07/16/2024 | Billing | | 19.88 |
| 07/02/2024 | 07/02/2024 | | Payment Posted | CASH | | 0.00 | 0.00 | (300.00) | 199.07 |
| 01-WATER | | WA1-WATER | | | 0.00 | 07/02/2024 | Billing | | (72.08) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 07/02/2024 | Billing | | (155.74) |
| 06-PENALTY | | | | | 0.00 | 07/02/2024 | Billing | | (38.31) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/02/2024 | Billing | | (21.17) |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/02/2024 | Billing | | (12.70) |
| 07/01/2024 | 07/01/2024 | | Meter Read | WATER | | 96,955.00 | 11,670.00 | 0.00 | 499.07 |
| 06/16/2024 | 06/20/2024 | | Bill Calculated | 2024MAY | | 0.00 | 0.00 | 132.50 | 499.07 |
| 01-WATER | | WA1-WATER | | | 0.00 | 06/16/2024 | Billing | | 36.50 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 06/16/2024 | Billing | | 80.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 06/16/2024 | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 06/16/2024 | Billing | | 6.00 |
| 06/16/2024 | 06/17/2024 | | Penalty | Penalty Transactio | | 0.00 | 0.00 | 16.79 | 366.57 |
| 06-PENALTY | | | | | 0.00 | 06/16/2024 | Billing | | 16.79 |
| 06/04/2024 | 06/05/2024 | | Meter Read | WATER | | 95,788.00 | 10,200.00 | 0.00 | 349.78 |
| 05/16/2024 | 05/21/2024 | | Bill Calculated | 2024APRIL | | 0.00 | 0.00 | 111.92 | 349.78 |
| 01-WATER | | WA1-WATER | | | 0.00 | 05/16/2024 | Billing | | 30.82 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 05/16/2024 | Billing | | 65.10 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 05/16/2024 | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 05/16/2024 | Billing | | 6.00 |
| 05/16/2024 | 05/16/2024 | | Penalty | Penalty Transactio | | 0.00 | 0.00 | 21.52 | 237.86 |
| 06-PENALTY | | | | | 0.00 | 05/16/2024 | Billing | | 21.52 |
| 05/02/2024 | 05/06/2024 | | Meter Read | WATER | | 94,768.00 | 8,240.00 | 0.00 | 216.34 |
| 04/18/2024 | 04/19/2024 | | Payment Posted | CASH | | 0.00 | 0.00 | (200.00) | 216.34 |
| 01-WATER | | WA1-WATER | | | 0.00 | 04/18/2024 | Billing | | (46.38) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 04/18/2024 | Billing | | (96.33) |
| 06-PENALTY | | | | | 0.00 | 04/18/2024 | Billing | | (31.48) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 04/18/2024 | Billing | | (16.13) |

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created | Service Address / Trx Info / Rate Name | Addl. Info | Billed Usage | Customer Name / Due Date | Meter Read | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|---|
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 04/18/2024 | | Billing | | (9.68) |
| 04/16/2024 | 04/22/2024 | Bill Calculated | 2024MARCH | | | 0.00 | 0.00 | 143.42 | 416.34 |
| 01-WATER | | WA1-WATER | | 0.00 | 04/16/2024 | | Billing | | 39.52 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 04/16/2024 | | Billing | | 87.90 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 04/16/2024 | | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 04/16/2024 | | Billing | | 6.00 |
| 04/16/2024 | 04/16/2024 | Penalty | Penalty Transactio | | | 0.00 | 0.00 | 16.70 | 272.92 |
| 06-PENALTY | | | | 0.00 | 04/16/2024 | | Billing | | 16.70 |
| 04/01/2024 | 04/01/2024 | Meter Read | WATER | | | 93,944.00 | 11,240.00 | 0.00 | 256.22 |
| 03/16/2024 | 03/20/2024 | Bill Calculated | 2024FEBRUARY | | | 0.00 | 0.00 | 111.29 | 256.22 |
| 01-WATER | | WA1-WATER | | 0.00 | 03/16/2024 | | Billing | | 30.64 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 03/16/2024 | | Billing | | 64.65 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 03/16/2024 | | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 03/16/2024 | | Billing | | 6.00 |
| 03/16/2024 | 03/18/2024 | Penalty | Penalty Transactio | | | 0.00 | 0.00 | 14.78 | 144.93 |
| 06-PENALTY | | | | 0.00 | 03/16/2024 | | Billing | | 14.78 |
| 02/29/2024 | 02/29/2024 | Payment Posted | CASH RKS | | | 0.00 | 0.00 | (240.00) | 130.15 |
| 01-WATER | | WA1-WATER | | 0.00 | 02/29/2024 | | Billing | | (56.34) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 02/29/2024 | | Billing | | (120.51) |
| 06-PENALTY | | | | 0.00 | 02/29/2024 | | Billing | | (35.44) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 02/29/2024 | | Billing | | (17.32) |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 02/29/2024 | | Billing | | (10.39) |
| 02/27/2024 | 03/06/2024 | Meter Read | WATER | | | 92,820.00 | 8,180.00 | 0.00 | 370.15 |
| 02/16/2024 | 02/19/2024 | Bill Calculated | 2024JANUARY | | | 0.00 | 0.00 | 98.48 | 370.15 |
| 01-WATER | | WA1-WATER | | 0.00 | 02/16/2024 | | Billing | | 27.10 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 02/16/2024 | | Billing | | 55.38 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 02/16/2024 | | Billing | | 10.00 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 02/16/2024 | | Billing | | 6.00 |
| 02/16/2024 | 02/16/2024 | Penalty | Penalty Transactio | | | 0.00 | 0.00 | 14.11 | 271.67 |
| 06-PENALTY | | | | 0.00 | 02/16/2024 | | Billing | | 14.11 |
| 01/30/2024 | 01/31/2024 | Meter Read | WATER | | | 92,002.00 | 6,960.00 | 0.00 | 257.56 |
| 01/16/2024 | 01/21/2024 | Bill Calculated | 2023DECEMBER | | | 0.00 | 0.00 | 94.07 | 257.56 |
| 01-WATER | | WA1-WATER | | 0.00 | 01/16/2024 | | Billing | | 25.89 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 01/16/2024 | | Billing | | 52.18 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 01/16/2024 | | Billing | | 10.00 |

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created | Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Customer Name / Due Date | Meter Read | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 01/16/2024 | | Billing | | 6.00 |
| 01/16/2024 | 01/16/2024 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | 21.33 | 163.49 |
| 06-PENALTY | | | | | 0.00 | 01/16/2024 | | Billing | | 21.33 |
| 12/28/2023 | 12/29/2023 | | Meter Read | WATER | | | 91,306.00 | 6,540.00 | 0.00 | 142.16 |
| 12/21/2023 | 12/21/2023 | | Payment Posted | EFT#20231218399454 | | | 0.00 | 0.00 | (345.35) | 142.16 |
| 01-WATER | | WA1-WATER | | | 0.00 | 12/21/2023 | | Billing | | (89.17) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 12/21/2023 | | Billing | | (198.48) |
| 06-PENALTY | | | | | 0.00 | 12/21/2023 | | Billing | | (19.14) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 12/21/2023 | | Billing | | (24.10) |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 12/21/2023 | | Billing | | (14.46) |

# HISTORY REGISTER FOR CITY OF HARTFORD SUMMARY

Billing Summary

| Billing Item | Billing | Sales Tax | Penalty | Interest | Total |
|---|---|---|---|---|---|
| 01-WATER | 1,549.59 | 0.00 | 73.99 | 0.00 | 1,623.58 |
| 02-SEWER | 3,205.98 | 0.00 | 147.18 | 0.00 | 3,353.16 |
| 03-TURN ON/OFF FEE | 0.00 | 0.00 | 7.50 | 0.00 | 7.50 |
| 06-PENALTY | 430.36 | 0.00 | 0.00 | 0.00 | 430.36 |
| 07-SEWER CAPITAL RESERVE | 290.02 | 0.00 | 18.00 | 0.00 | 308.02 |
| 09-WATER IMPROVEMENT PROJ | 182.02 | 0.00 | 12.30 | 0.00 | 194.32 |
| | 5,657.97 | 0.00 | 258.97 | 0.00 | 5,916.94 |

Receipting Summary

| Billing Item | Billing | Sales Tax | Penalty | Interest | Total |
|---|---|---|---|---|---|
| 01-WATER | (1,330.41) | 0.00 | 0.00 | 0.00 | (1,330.41) |
| 02-SEWER | (2,724.50) | 0.00 | 0.00 | 0.00 | (2,724.50) |
| 03-TURN ON/OFF FEE | (25.00) | 0.00 | 0.00 | 0.00 | (25.00) |
| 06-PENALTY | (410.73) | 0.00 | 0.00 | 0.00 | (410.73) |
| 07-SEWER CAPITAL RESERVE | (284.10) | 0.00 | 0.00 | 0.00 | (284.10) |
| 09-WATER IMPROVEMENT PROJ | (176.46) | 0.00 | 0.00 | 0.00 | (176.46) |
| | (4,951.20) | 0.00 | 0.00 | 0.00 | (4,951.20) |

Adjustment Summary

| Billing Item | Billing | Sales Tax | Penalty | Interest | Total |
|---|---|---|---|---|---|
| 01-WATER | 12.50 | 0.00 | 0.00 | 0.00 | 12.50 |
| 02-SEWER | 12.50 | 0.00 | 0.00 | 0.00 | 12.50 |
| 03-TURN ON/OFF FEE | 75.00 | 0.00 | 0.00 | 0.00 | 75.00 |
| | 100.00 | 0.00 | 0.00 | 0.00 | 100.00 |

Other Information

| Billing Item | Billing Usage | Adjusted Usage | Billing Units |
|---|---|---|---|
| 01-WATER | 42,990.00 | 0.00 | 26.00 |
| 02-SEWER | 42,990.00 | 0.00 | 26.00 |
| 03-TURN ON/OFF FEE | 0.00 | 0.00 | 2.00 |
| 06-PENALTY | 0.00 | 0.00 | 19.00 |
| 07-SEWER CAPITAL RESERVE | 0.00 | 0.00 | 25.00 |
| 09-WATER IMPROVEMENT PROJECT | 0.00 | 0.00 | 25.00 |
| | 85,980.000000 | 0.000000 | 123.00 |

GRAND TOTALS

| Billing Item | Billed | Adjusted | Penalty/Int | Receipt | Credit Xfer | Total |
|---|---|---|---|---|---|---|
| 01-WATER | 1,285.62 | 288.20 | 62.26 | (1,330.41) | 0.00 | 305.67 |
| 02-SEWER | 2,630.21 | 612.91 | 122.54 | (2,724.50) | 0.00 | 641.16 |
| 03-TURN ON/OFF FEE | 0.00 | 75.00 | 7.50 | (25.00) | 0.00 | 57.50 |
| 06-PENALTY | 0.00 | 0.00 | 430.36 | (410.73) | 0.00 | 19.63 |
| 07-SEWER CAPITAL RESE | 270.00 | 21.52 | 16.50 | (284.10) | 0.00 | 23.92 |
| 09-WATER IMPROVEMENT | 170.00 | 12.92 | 11.40 | (176.46) | 0.00 | 17.86 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 4,355.83 | 1,010.55 | 650.56 | (4,951.20) | 0.00 | 1,065.74 |

# Exhibit 7

**STATE OF MICHIGAN**
**36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

ANTONIO HADLEY,

Plaintiff,

v.

CITY OF HARTFORD,

Defendant,

Hon. Susan Metzger

Case No. 2026-75527-CZ

---

Antonio Hadley, pro per
122 Paras Hill Drive
Hartford, MI 49057
antoniohadley@gmail.com

*Pro Per Plaintiff*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, Michigan 49448
(616) 430-2201
ncurcio@curciofirm.com

*Attorney for City Defendant*

---

**FINAL ORDER GRANTING SUMMARY DISPOSITION TO THE CITY**

At a session of said Court, held in the Village of Paw Paw,
County of Van Buren, State of Michigan
On: ____________________, 2026

PRESENT: Honorable Susan Metzger, Circuit Court Judge

This matter having come before the Court on *Defendant City of Hartford's Motion for Summary Disposition*, and the Court having reviewed the filings of the parties, held a hearing on the matter, and being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that Defendant's motion is GRANTED for the reasons stated on the record. The claims alleged in Plaintiff's complaint are therefore DISMISSED WITH PREJUDICE.

This is a final order that disposes of all claims and closes the case.

Dated: _______________, 2026

________________________________
Hon. Susan Metzger

**STATE OF MICHIGAN**
**36th CIRCUIT COURT FOR THE COUNTY OF VAN BUREN**

ANTONIO HADLEY,

Plaintiff,

v.

CITY OF HARTFORD,

Defendant,

Hon. Susan Metzger

Case No. 2026-75527-CZ

---

Antonio Hadley, pro per
122 Paras Hill Drive
Hartford, MI 49057
antoniohadley@gmail.com

*Pro Per Defendant*

C. Nicholas Curcio (P75824)
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, Michigan 49448
(616) 430-2201
ncurcio@curciofirm.com

*Attorney for City Defendant*

---

**PROOF OF SERVICE**

I, Nicholas Curcio, certify that on May 8, 2026, I caused to be served the foregoing *Defendant City of Hartford's Motion for Summary Disposition*, an accompanying *Brief in Support*, a *Notice of Hearing*, and this *Proof of Service* on plaintiff by first-class mail to the address above.

Respectfully submitted,

Dated: May 8, 2026

CURCIO LAW FIRM PLC

*/s/ C. Nicholas Curcio*
C. Nicholas Curcio (P75824)
16905 Birchview Drive
Nunica, MI 49448
(616) 430-2201

STATE OF MICHIGAN
IN THE 36TH JUDICIAL CIRCUIT COURT
FOR THE COUNTY OF VAN BUREN

ANTONIO HADLEY,
Plaintiff,

v. Case No. 2026-75527-CZ
Hon. Susan Metzger

CITY OF HARTFORD,
Defendant.
_________________________________/

**PLAINTIFF'S NOTICE OF SERVICE AND RE-SERVICE**

**OF DISCLOSURES AND DISCOVERY**

PLEASE TAKE NOTICE that on ____5-21-____, 2026, Plaintiff Antonio Hadley served the following documents upon counsel for Defendant City of Hartford, C. Nicholas Curcio (P75824), Curcio Law Firm PLC, 16905 Birchview Drive, Nunica, Michigan 49448, by depositing true and correct copies in the United States Mail, first-class postage prepaid, and/or by electronic mail to ncurcio@curciofirm.com:

1. Plaintiff's Initial Disclosures pursuant to MCR 2.302(A);
2. Plaintiff's First Interrogatories to Defendant City of Hartford (re-served);
3. Plaintiff's First Requests for Production of Documents to Defendant City of Hartford (re-served); and
4. Plaintiff's First Requests for Admission to Defendant City of Hartford (re-served).

These discovery materials are being re-served in conjunction with Plaintiff's Initial Disclosures and continuing discovery efforts.

I certify that the foregoing is true to the best of my knowledge, information, and belief.

Date: ____5-21-____, 2026

Antonio Hadley
Plaintiff, In Pro Per
122 Paras Hill Drive
Hartford, MI 49057
(269) 336-9909
antoniohadley@gmail.com

Date: 5-21-, 2026

C. Nicholas Curcio
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, Michigan 49448

Re: Hadley v. City of Hartford, Case No. 2026-75527-CZ

Dear Mr. Curcio:

I write regarding your recent correspondence concerning the timing of discovery requests in relation to the initial disclosure requirements under the Michigan Court Rules, and regarding the City's Motion for Summary Disposition.

In conjunction with Plaintiff's continuing participation in discovery and disclosure obligations under the Michigan Court Rules, I am serving the following materials on you today:

1. Plaintiff's Initial Disclosures pursuant to MCR 2.302(A);

2. Plaintiff's First Interrogatories to Defendant City of Hartford (re-served);

3. Plaintiff's First Requests for Production of Documents to Defendant City of Hartford (re-served); and

4. Plaintiff's First Requests for Admission to Defendant City of Hartford (re-served).

These discovery requests were previously served and are being re-served in conjunction with Plaintiff's Initial Disclosures and ongoing discovery efforts.

Please confirm that the City will provide responses to the re-served interrogatories, requests for production, and requests for admission within the applicable time period calculated from today's date of service.

Thank you.

Sincerely,

Antonio Hadley

Antonio Hadley
Plaintiff in Pro Per

STATE OF MICHIGAN
IN THE 36TH JUDICIAL CIRCUIT COURT
FOR THE COUNTY OF VAN BUREN

ANTONIO HADLEY,
Plaintiff,

v. Case No. 2026-75527-CZ
Hon. Susan Metzger

CITY OF HARTFORD,
Defendant.
_________________________________/

PLAINTIFF'S NOTICE OF RE-SERVICE
OF INITIAL DISCLOSURES AND WRITTEN DISCOVERY

TO: Counsel for Defendant City of Hartford

PLEASE TAKE NOTICE that, pursuant to MCR 2.302(A), 2.309, 2.310, and 2.312, Plaintiff is re-serving the following documents on Defendant City of Hartford:

1. Plaintiff's Initial Disclosures Under MCR 2.302(A);

2. Plaintiff's First Interrogatories to Defendant City of Hartford;

3. Plaintiff's First Requests for Production of Documents to Defendant City of Hartford; and

4. Plaintiff's First Requests for Admission to Defendant City of Hartford.

These materials were served on counsel for Defendant on May 21, 2026, by first-class United States mail, postage prepaid.

Dated: May 21, 2026

[signature]
Antonio Hadley
Plaintiff, in propria persona
122 Paras Hill Drive
Hartford, MI 49057
(269) 336-9909
antoniohadley@gmail.com

CERTIFICATE OF SERVICE

I certify that on May 21, 2026, I served a copy of
Plaintiff's Notice of Re-Service of Initial Disclosures and Written Discovery, together with:

- Plaintiff's Initial Disclosures Under MCR 2.302(A);
- Plaintiff's First Interrogatories to Defendant City of Hartford;
- Plaintiff's First Requests for Production of Documents to Defendant City of Hartford; and
- Plaintiff's First Requests for Admission to Defendant City of Hartford,

on counsel for Defendant City of Hartford by first-class United States mail, postage prepaid, addressed as follows:

C. Nicholas Curcio
Curcio Law Firm PLC
16905 Birchview Drive
Nunica, MI 49448-9328

Antonio Hadley
Plaintiff, in propria persona

TRUE COPY
MAY 21 2026
Van Buren County Clerk

STATE OF MICHIGAN
IN THE 36TH JUDICIAL CIRCUIT COURT
FOR THE COUNTY OF VAN BUREN

ANTONIO HADLEY,
Plaintiff,

v. Case No. 2026-75527-CZ
Hon. Susan Metzger

CITY OF HARTFORD,
Defendant.
_________________________________/

PLAINTIFF'S INITIAL DISCLOSURES UNDER MCR 2.302(A)

Plaintiff Antonio Hadley, in propria persona, provides the following initial disclosures pursuant to MCR 2.302(A). These disclosures are based on information reasonably available to Plaintiff at this time and will be supplemented as appropriate under the Court Rules.

I. FACTUAL BASIS AND LEGAL THEORIES

Plaintiff's claims arise from the City of Hartford's handling of his residential water account at 122 Paras Hill Drive, including billing, application of SER/DHS assistance, shutoff and enforcement activity, FOIA responses, and the use of police and the administrative warrant process in connection with a disputed civil utility matter. Plaintiff alleges that (1) the City failed to timely and fully respond to written FOIA requests; (2) billing and usage records, including Harmony/Encore and BS&A data, contain discrepancies and were not adequately explained or documented; and (3) the City used police involvement and the administrative warrant process in connection with a disputed civil utility matter in a manner Plaintiff contends exceeded the stated technical purpose of the inspection.

Legally, Plaintiff's claims include a violation of the Michigan Freedom of Information Act based on alleged failures to timely produce requested public records, as well as claims for injunctive and other relief related to water shutoff and account handling, and theories related to abuse of process and alleged improper use of administrative enforcement procedures based on the alleged use of an administrative search warrant and related enforcement steps for purposes Plaintiff contends extended beyond those stated on the warrant and affidavit. Plaintiff reserves the right to further articulate and refine specific causes of action and legal theories as discovery progresses and as ordered by the Court.

II. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

The following individuals are likely to have discoverable information that Plaintiff may use to support his claims or defenses, along with a brief description of the subjects of that information:

1. Antonio Hadley (Plaintiff)
122 Paras Hill Drive
Hartford, MI 49057
Subject: Plaintiff's water account history, payments, SER/DHS assistance, billing disputes, FOIA requests and responses, interactions with City staff and police, the December 9, 2025

and January 2026 police visits, the warrant execution on February 10, 2026, dog-related citations, and resulting impacts.

2. Kelly Lowe
Address: 1844 Harmonia road Springfield, MI 49037
Subject: Witness to the December 9, 2025 interaction with Officer Marcus Hamre; FaceTime observer and/or recorder of the DHS/SER-related interaction and related statements or conduct; knowledge of Plaintiff's contemporaneous reactions and statements.

3. Casey Rowe
Address: 122 Paras Hill Drive Hartford Michigan 49057
Subject: Witness to the November 6, 2025 payment; recipient of the informal "Shadow Billing" note from Nicole (Nicol) Brown; knowledge regarding payment-related events, "shadow billing" practices as discussed with Plaintiff, and related City communications.

4. Charline Sikes
Address: 208 North Maple St Hartford Michigan 49057
Subject: Witness to the January 2026 "We Love Hartford Michigan" Facebook thread in which Mayor Jane Danger publicly referenced Plaintiff's water-billing status; posted comments in substance asking, "What does that have to do with this post?" and questioning whether the Mayor should have made that comment about Plaintiff's water bill; knowledge of the content, context, and public reaction to the Mayor's statements about Plaintiff's account.

5. Nicole Brown (City Manager)
c/o City of Hartford
Subject: Decisions and communications regarding Plaintiff's water billing and shutoffs; application of SER/DHS payments; communications and actions relating to shutoff activity; communications with Plaintiff about meetings, payments, and "shadow billing"; December 2025 and January 2026 communications; and use of police officers in connection with utility collection and enforcement.

6. RoxAnn Rodney-Isbrecht (City Clerk / Assistant City Manager / FOIA Coordinator)
c/o City of Hartford
Subject: Maintenance of water/sewer billing records for 122 Paras Hill; Harmony/Encore and BS&A records; November 2025 account ledgers; December 2025 records showing 49,940 and 85,980 gallons; FOIA handling and responses to Plaintiff; December 17 and December 19, 2025 emails; and statements that certain records "do not exist."

7. Brian Matthews (Chief of Police)
c/o Hartford Police Department
Subject: December 9, 2025 involvement of Officer Hamre in contact with Plaintiff; January 2026 visit to Plaintiff's residence; discussions about Plaintiff's water account; preparation and submission of the January 22, 2026 and February 10, 2026 warrant affidavits; communications with Plaintiff regarding the water account dispute; February 2, 2026 animal-ordinance correspondence; February 10, 2026 warrant execution; dog-related citations; and related enforcement activity.

8. Officer Marcus Hamre (Hartford Police Department)
c/o Hartford Police Department
Subject: December 9, 2025 visit to Plaintiff's residence; communications with Plaintiff about the water bill, SER/DHS assistance, and possible shutoff; role and instructions received from the City Manager or other City officials regarding that visit and any follow-up; observations of Plaintiff and any statements made during that contact.

9. Officer Orvis (Hartford Police Department)
c/o Hartford Police Department
Subject: January 13, 2026 visit to Plaintiff's residence with Chief Matthews; observations of the interaction; any body-camera use; participation in the February 10, 2026 warrant execution; issuance of dog-related citations; and communications with other officers or City officials concerning Plaintiff.

10. Jane Danger (Mayor of Hartford)
c/o City of Hartford
Subject: Knowledge of Plaintiff's billing dispute, FOIA complaints, and water-quality concerns; January 2026 Facebook thread; Mayor's public comments about Plaintiff's alleged late fees and account status; response to Plaintiff's December 17, 2025 oversight email; awareness of lead/PFAS timeline and disclosure practices; and public statements referencing Plaintiff's account.

11. Relevant SER/DHS caseworker(s)
Names and contact information to be identified through discovery.
Subject: SER/DHS assistance awarded on Plaintiff's account; timing and amounts of payments; any communications with the City of Hartford regarding shutoff, protection periods, and use of assistance funds; any records of contact with Plaintiff regarding water-utility assistance.

12. Department of Public Works personnel to be identified
c/o City of Hartford
Subject: Meter installation and replacement at 122 Paras Hill; Harmony/Encore usage records and red-flag alerts; field shutoff and restoration actions in October–November 2025 and February 2026; any attempts or requests to inspect Plaintiff's meter prior to the February 10, 2026 warrant; observations made at the property; and internal communications regarding Plaintiff's account.

III. DOCUMENTS, ESI, AND TANGIBLE THINGS IN PLAINTIFF'S POSSESSION, CUSTODY, OR CONTROL

The following categories of documents, electronically stored information, and tangible things are in Plaintiff's possession, custody, or control and may be used to support his claims:

1. Copies of Plaintiff's water and sewer bills, shutoff notices, and account statements for 122 Paras Hill Drive during 2024–2026, including but not limited to:
- October 16, 2025 high-usage bill;
- November 19, 2025 shutoff notice for $621.16; and
- History Detail Lists showing "Total Usage: 0.00."

2. Copies of Harmony/Encore and BS&A account printouts, ledgers, and screenshots provided by the City to Plaintiff in November and December 2025, including records reflecting 0.00 usage, 49,940 gallons, and 85,980 gallons.

3. Plaintiff's written FOIA requests and follow-up correspondence, including:
- December 8, 2025 FOIA request;
- December 17 and December 19, 2025 emails to the Clerk/FOIA Coordinator;
- oversight email to Mayor Danger dated December 17, 2025; and
- subsequent FOIA-related emails and responses.

4. Text messages between Plaintiff and Nicole Brown regarding payments, SER protection, shutoff notices, and meetings, including messages dated November 13, November 14, November 24, December 8, and December 9, 2025.

5. Letters and notices from SER/DHS reflecting approval, payment amounts, and protection dates for Plaintiff's water account.

6. The formal lead-service-line letter received December 31, 2025, and related materials reflecting the timing of the City's lead and/or galvanized findings at Plaintiff's premises.

7. Screenshots of Plaintiff's January 10, 2026 Facebook post regarding water safety and disclosure timeline, and screenshots of the January 2026 "We Love Hartford Michigan" Facebook thread, including Mayor Danger's comments about Plaintiff's billing status and late fees.

8. Copies of Attorney General and EGLE complaints filed by Plaintiff regarding Hartford's water practices, billing, and enforcement conduct.

9. Copies of Chief Matthews's February 2, 2026 animal-related directive, Plaintiff's written response, and any follow-up emails or letters.

10. Dog-related citations issued to Plaintiff during or following the February 10, 2026 warrant execution.

11. Photographs or video recordings made by Plaintiff related to shutoff notices, meter readings, warrant execution, and police visits to his residence.

12. Audio recordings and/or transcripts of communications involving City officials and police personnel relating to Plaintiff's water account, meter-access discussions, enforcement activity, and related disputes.

13. USPS Informed Delivery screenshots reflecting dates of receipt or mailing of shutoff notices, utility bills, and related correspondence.

Plaintiff will make these materials available for inspection and copying at a mutually convenient time and will produce copies of specifically requested items in response to formal Requests for Production.

IV. DOCUMENTS, ESI, AND TANGIBLE THINGS NOT IN PLAINTIFF'S POSSESSION, CUSTODY, OR CONTROL

The following categories of documents, electronically stored information, and tangible things are not presently in Plaintiff's possession, custody, or control, but may be used to support Plaintiff's claims or defenses:

1. Complete utility billing histories, payment histories, account ledgers, adjustment records, and transaction records for 122 Paras Hill Drive maintained by the City of Hartford.
Person or entity believed to have possession, custody, or control: City of Hartford, c/o City Clerk / Assistant City Manager / FOIA Coordinator, and related municipal personnel.

2. Complete Harmony/Encore data, including raw usage logs, read histories, alerts, red-flag records, meter timestamps, and related system records concerning 122 Paras Hill Drive.

Person or entity believed to have possession, custody, or control: City of Hartford and/or its Department of Public Works personnel, and any vendor or contractor maintaining such records for the City.

3. Complete BS&A utility billing records, history registers, audit trails, adjustment logs, and related account records for Plaintiff's property.
Person or entity believed to have possession, custody, or control: City of Hartford and personnel responsible for municipal utility billing records.

4. Internal emails, notes, text messages, work orders, dispatch records, and communications among City officials, Department of Public Works personnel, and police personnel concerning Plaintiff's account, shutoff activity, meter-access issues, FOIA requests, police visits, and warrant-related activity.
Person or entity believed to have possession, custody, or control: City of Hartford, Hartford Police Department, Department of Public Works, and relevant employees or officials.

5. Body-camera footage, dash-camera footage, dispatch audio, incident reports, and related law-enforcement records concerning the December 9, 2025 and January 13, 2026 contacts and the February 10, 2026 warrant execution.
Person or entity believed to have possession, custody, or control: Hartford Police Department and related municipal personnel.

6. The January 22, 2026 and February 10, 2026 warrant application materials and related court records, to the extent not already in Plaintiff's possession.
Person or entity believed to have possession, custody, or control: Hartford Police Department, City of Hartford, and/or the issuing court.

7. SER/DHS communications, payment transmittals, account-crediting records, and related materials concerning assistance applied or intended to be applied to Plaintiff's utility account.
Person or entity believed to have possession, custody, or control: Michigan Department of Health and Human Services and/or City of Hartford personnel who received or processed such information.

8. Records concerning lead-service-line identification, notification timing, mailing, and related water-quality communications for Plaintiff's property.
Person or entity believed to have possession, custody, or control: City of Hartford, its water-system personnel, and any outside contractor or consultant involved in lead-service-line review or notification.

9. Metadata associated with electronically stored utility records, emails, photographs, and communications.
Person or entity believed to have possession, custody, or control: City of Hartford, Hartford Police Department, Department of Public Works, relevant municipal personnel, and any vendor, contractor, or service provider maintaining or exporting such electronically stored information.

V. COMPUTATION OF DAMAGES

Plaintiff seeks the following categories of damages and relief, subject to further computation as discovery progresses:

1. Out-of-pocket financial losses related to the disputed billing and enforcement actions, including:
- overpayments, if any, once proper billing is determined;
- costs associated with shutoff and restoration, including fees and related charges; and

• costs of obtaining records, copies, and travel associated with pursuing FOIA and complaint processes.

2. Non-economic impacts arising from the events at issue, including disruption to home and family life, stress, inconvenience, reputational harm, and related non-economic impacts associated with:
- water shutoff and threatened shutoff during critical periods;
- use of police and an administrative warrant in connection with a utility billing dispute;
- public disclosure of alleged late fees and billing status; and
- dog-related criminal charges arising from the warrant execution.

3. Any statutory damages, costs, fees, or other relief authorized by statute, including but not limited to relief available under the Michigan Freedom of Information Act and any other applicable statutes, to the extent established by law and supported by the evidence.

At this time, Plaintiff is not able to provide a precise dollar computation of all categories of damages because the underlying billing and account records remain disputed and incomplete. Plaintiff will supplement this computation after the City produces complete billing, payment, and internal records through discovery.

VI. INSURANCE

Plaintiff is not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a judgment in this action or to indemnify or reimburse for payments made to satisfy a judgment.

VII. ANTICIPATED SUBJECT AREAS OF EXPERT TESTIMONY

Plaintiff has not retained any expert at this time. Plaintiff anticipates that, if expert testimony becomes necessary, possible subject areas may include municipal utility billing practices, water-meter operation and data interpretation, lead-service-line notification practices, and damages or impacts related to the events at issue. Plaintiff reserves the right to supplement this disclosure in accordance with the Court Rules and any scheduling order entered by the Court.

Respectfully submitted,

Date: 5-21-, 2026

[signature]

Antonio Hadley, Plaintiff in Pro Per
122 Paras Hill Drive
Hartford, MI 49057
(269) 336-9909
antoniohadley@gmail.com

TRUE COPY
MAY 21 2026
Van Buren County Clerk

STATE OF MICHIGAN
IN THE 36TH CIRCUIT COURT FOR THE COUNTY OF VAN BUREN

ANTONIO HADLEY,
Plaintiff,

v. Case No. 2026-75527-CZ

CITY OF HARTFORD,
Defendant.
______________________________/

PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT CITY OF HARTFORD

Plaintiff Antonio Hadley, in propria persona, propounds the following Interrogatories to Defendant City of Hartford pursuant to MCR 2.309, to be answered separately and fully in writing under oath within the time provided by the Michigan Court Rules.

DEFINITIONS AND INSTRUCTIONS

A. "City" or "Defendant" means the City of Hartford, together with all of its departments, divisions, boards, commissions, officers, elected officials, employees, agents, contractors, attorneys, and representatives, acting or purporting to act on its behalf.

B. "Plaintiff" means Antonio Hadley.

C. "122 Paras Hill" means 122 Paras Hill Drive, Hartford, Michigan 49057, together with the water account, meter, service line, service address, and associated records relating to that property.

D. "Document" or "documents" means any written, recorded, electronically stored, or graphic matter of any kind, whether original or copy, including but not limited to correspondence, emails, text messages, instant messages, social-media posts, comments, direct messages, memoranda, notes, logs, reports, ledgers, bills, work orders, service tickets, photographs, videos, recordings, spreadsheets, databases, electronically stored information, metadata, and any draft or non-identical copy.

E. "Communication" means any oral, written, electronic, or recorded transmission of information, including but not limited to conversations, meetings, telephone calls, letters, emails, text messages, instant messages, and social-media communications.

F. "Identify," when referring to a person, means to state the person's full name, job title or position, employer, and last known business address and telephone number.

G. "Identify," when referring to a document, means to state the date, author, recipient(s), type of document, general subject matter, and present custodian or location of the document.

H. "Identify," when referring to a communication, means to state the date, the persons involved, the form of the communication, and the general subject matter.

I. "Social media" includes Facebook posts, comments, replies, direct messages, and any other communications or content published or transmitted through a social-media platform.

J. "SER" means State Emergency Relief, and includes related communications or actions involving the Michigan Department of Health and Human Services or any successor agency.

K. "Administrative warrant" means the administrative search warrant referenced in Report No. 26-0025, including the application, affidavit, issuance, execution, and all actions taken pursuant to it.

L. Unless otherwise stated, the relevant time period for these Interrogatories is January 1, 2023 to the present.

M. Each Interrogatory shall be answered separately and fully. If Defendant objects to any Interrogatory, Defendant shall state the specific basis for the objection and answer the remainder to the fullest extent possible.

N. If Defendant contends that any responsive information is unavailable, Defendant shall state why it is unavailable and identify the person(s) with knowledge of its unavailability.

O. If Defendant withholds any information based on privilege, work-product protection, or any other protection, Defendant shall identify the nature of the withheld information in a manner sufficient to permit assessment of the claim without disclosing the protected information itself.

INTERROGATORY NO. 1 – PERSONS ANSWERING

State each person who participated in preparing Defendant's answers to these Interrogatories, including for each:
(a) name;
(b) job title and employer; and
(c) the specific interrogatories or subject areas for which that person supplied information.

INTERROGATORY NO. 2 – ACCOUNT, METER, AND SYSTEM IDENTIFICATION

State the water account number(s), meter number(s), and meter-reading system(s) (e.g., Harmony, Encore, or any predecessor/successor system) used for water service at 122 Paras Hill Drive, Hartford, Michigan 49057, from January 1, 2023 to present, and for each:
(a) state the dates during which it was in use for that address; and
(b) identify all City departments that had access to its data.

INTERROGATORY NO. 3 – ALLEGED PRIOR METER / NEW METER

State whether Defendant contends that a "prior meter" at 122 Paras Hill was removed and a "new meter" installed in or around the summer of 2025. If so, for each such meter state:
(a) manufacturer, model, and serial number;
(b) date of installation and, if applicable, removal;
(c) reason for removal or replacement; and
(d) the identity of all documents (by title and approximate date) that evidence the installation, removal, or replacement.

INTERROGATORY NO. 4 – ABNORMAL BILL WITH 0.00 USAGE

For the billing period in which the City issued a bill to Plaintiff reflecting 0.00 usage and charges exceeding $1,000 for the 122 Paras Hill account, state:
(a) the billing period start and end dates;
(b) the total amount billed;
(c) all meter readings or usage data Defendant contends support that bill;

(d) whether any part of that bill was estimated rather than based on an actual read, and the basis for any estimate; and
(e) whether any manual adjustment, override, or correction was made for that bill, and if so, by whom and why.

INTERROGATORY NO. 5 – ALLOCATION OF LARGE CUMULATIVE USAGE

State how Defendant allocated the 234,000-gallon and 49,940-gallon cumulative figures associated with 122 Paras Hill across specific billing periods, including:
(a) the date ranges to which each portion of those cumulative totals was assigned;
(b) the methodology used to allocate cumulative usage into individual bills; and
(c) whether any manual reallocation or back-billing occurred, and if so, identify who authorized it and why.

INTERROGATORY NO. 6 – WORK ORDERS, LEAK INVESTIGATIONS, AND ABSENCE OF RECORDS

State all work orders, service tickets, field notes, or leak-investigation records Defendant contends exist or ever existed for 122 Paras Hill from January 1, 2023 to present. For each, state:
(a) the date opened and closed;
(b) the nature of the work (e.g., leak investigation, meter replacement, shutoff, restoration);
(c) the employees or contractors who performed the work; and
(d) whether the record is currently in the City's possession, and if not, explain its absence.

If Defendant contends that no such records exist for a category (e.g., leak investigation), state that position expressly and explain why.

INTERROGATORY NO. 7 – FOIA RESPONSES AND SEARCHES FOR RESPONSIVE RECORDS

With respect to Plaintiff's FOIA and records requests in November-December 2025, including the December 17, 2025 email from RoxAnn Rodney-Isbrecht, and with respect to Plaintiff's written discovery requests in this lawsuit, state:
(a) Defendant's position as to whether any work orders for 122 Paras Hill existed as of December 17, 2025;
(b) Defendant's position as to whether any internal emails or notes regarding Plaintiff's account existed as of that date;
(c) Defendant's position as to whether any DHS/SER communications existed in City files as of that date;
(d) the person(s) who searched for records responsive to Plaintiff's FOIA requests and to Plaintiff's discovery requests;
(e) the systems, locations, devices, or files that were searched for responsive records;
(f) the date or dates on which such searches were conducted;
(g) whether any responsive records were located but withheld; and
(h) whether Defendant contends that any responsive records requested by Plaintiff through FOIA or discovery no longer exist.

INTERROGATORY NO. 8 – SER/DHS AND SHUTOFF DECISIONS

State all communications or interactions Defendant had with DHS or State Emergency Relief (SER) concerning Plaintiff's water account from October 1, 2025 to March 1, 2026, including:
(a) dates and participants;
(b) any shutoff holds, protections, or conditions requested or applied;
(c) the amounts and dates of any SER/DHS payments or pledges applied to the account; and

(d) how those payments were reflected in the City's ledger and shutoff decisions.

INTERROGATORY NO. 9 – USE OF POLICE IN PLAINTIFF'S WATER ACCOUNT

State each person involved in authorizing, approving, directing, or participating in the involvement of police officers in connection with Plaintiff's civil water-account dispute, including:
(a) who decided that the Chief of Police or any officer should visit Plaintiff's home in January 2026 regarding his water bill;
(b) who decided that the Chief of Police should sign the administrative warrant affidavit (Report No. 26-0025);
(c) who decided to issue the February 2, 2026 animal-ordinance letter; and
(d) what written or unwritten policies, if any, were cited to justify those actions.

INTERROGATORY NO. 10 – LEAD / GALVANIZED SERVICE LINE AND NOTICE

State whether Defendant determined that the service line to 122 Paras Hill was lead or galvanized previously connected to lead, and if so:
(a) the date that determination was first made;
(b) the department or contractor that made the determination;
(c) the date any written notice was first sent or provided to Plaintiff;
(d) the method of notice (e.g., mail, door hanger, inclusion in a mass mailing); and
(e) whether any internal discussion occurred about the timing or content of notice to Plaintiff.

INTERROGATORY NO. 11 – PUBLIC STATEMENTS AND COMPARABLE TREATMENT

State:
(a) all public statements, including Facebook posts, comments, replies, public meetings, or press interactions, made by any City official (including the Mayor, City Manager, Clerk/Assistant Manager, or Chief of Police) from January 1, 2024 to present that referenced Plaintiff's water account, payment history, alleged late fees, or shutoff status, including for each the date and medium, the speaker, the substance of the statement, and the documents or data the City contends supported the accuracy of each statement at the time it was made; and
(b) from January 1, 2015 to present, each instance in which the City (i) used police officers to hand-deliver a private water bill to any other residential customer, (ii) obtained an administrative search warrant in order to move a vehicle or shut off water service for any other residential customer, or (iii) issued a single bill to any other residential customer showing 0.00 usage with total charges over $500, including for each such customer (with identifying information redacted as needed) the service address, approximate date, and a brief description of the circumstances.

INTERROGATORY NO. 12 – RED-FLAG ALERT, ACCESS REQUESTS, AND BASIS FOR WARRANT

State the specific date, time, software system, and alert category associated with any "red flag," stopped-meter alert, communication-failure alert, tamper alert, leak alert, or similar system-generated condition associated with 122 Paras Hill from January 1, 2025 to February 10, 2026, and for each such alert state:
(a) the exact alert description or code;
(b) the person(s) who reviewed or relied upon the alert;
(c) what action Defendant contends the alert required;
(d) whether Plaintiff requested supporting records, data, or documentation relating to the alert before further access was provided; and

(e) the factual basis for concluding that an administrative search warrant was necessary under the circumstances.

INTERROGATORY NO. 13 – DECEMBER 9, 2025 POLICE CONTACT / SER-DHS INFORMATION

State the specific individual(s) who directed, requested, approved, or authorized Officer Marcus Hamre's contact with Plaintiff on or about December 9, 2025, and state:
(a) what information Officer Hamre was provided before the contact;
(b) whether he was informed of Plaintiff's scheduled meeting with the City Manager;
(c) whether he was instructed to discuss Plaintiff's SER/DHS status, payment status, water account, or shutoff status;
(d) whether any City employee or official requested that police participate in the interaction; and
(e) whether such police involvement was consistent with any written or unwritten City policy or practice relating to civil water-billing matters.

INTERROGATORY NO. 14 – LITIGATION HOLD AND RECORD PRESERVATION

State whether Defendant issued or implemented any litigation hold, preservation notice, document-retention directive, or electronic-data preservation measure relating to Plaintiff, 122 Paras Hill, Plaintiff's FOIA requests, Plaintiff's complaints, or this lawsuit, and if so state:
(a) the date such preservation measures were initiated;
(b) the person(s) who authorized or directed them;
(c) the categories of records or electronically stored information covered;
(d) the departments or individuals instructed to preserve records; and
(e) whether any potentially relevant records, emails, text messages, logs, or electronically stored information were deleted, overwritten, lost, destroyed, or otherwise became unavailable after January 1, 2025.

INTERROGATORY NO. 15 – ELECTRONIC COMMUNICATIONS

Identify all text messages, instant messages, mobile-device communications, or non-email electronic communications, including communications on personal devices used for City business, concerning Plaintiff, 122 Paras Hill, Plaintiff's water account, SER/DHS status, any "red flag" or stopped-meter condition, the administrative warrant, Plaintiff's social-media posts, or Plaintiff's FOIA requests from October 1, 2025 to present, including for each:
(a) the persons participating in the communication;
(b) the date of the communication;
(c) the platform or method used (e.g., text message, Facebook Messenger, iMessage); and
(d) whether the communication still exists and, if not, an explanation of its absence.

INTERROGATORY NO. 16 – BASIS FOR AFFIRMATIVE DEFENSES

For each Affirmative Defense asserted by Defendant in its Answer to the Complaint, state in detail:
(a) all facts that Defendant contends support the defense;
(b) the identity of all individuals with knowledge of those facts; and
(c) the identity of all documents that Defendant contends support or evidence the defense.

Plaintiff reserves the right to serve additional discovery as permitted by the Michigan Court Rules.

Respectfully submitted,

*Antonio Hadley*

Antonio Hadley
Plaintiff, in propria persona
122 Paras Hill Drive
Hartford, MI 49057
(269) 336-9909
antoniohadley@gmail.com

Date: 5-21-26

TRUE COPY
MAY 21 2026
Van Buren County Clerk

STATE OF MICHIGAN
IN THE 36TH JUDICIAL CIRCUIT COURT
FOR THE COUNTY OF VAN BUREN

ANTONIO HADLEY,
Plaintiff,

v.
Hon. Susan Metzger

Case No. 2026-75527-CZ

CITY OF HARTFORD,
Defendant.
_______________________________/

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
AND FIRST REQUESTS FOR ADMISSION TO DEFENDANT CITY OF HARTFORD

Plaintiff Antonio Hadley, in propria persona, requests that Defendant City of Hartford produce the following documents pursuant to MCR 2.310, and answer the following Requests for Admission pursuant to MCR 2.312, within the time provided by the Michigan Court Rules.

DEFINITIONS AND INSTRUCTIONS

A. "City" or "Defendant" means the City of Hartford, together with all of its departments, divisions, boards, commissions, officers, elected officials, employees, agents, contractors, attorneys, and representatives, acting or purporting to act on its behalf.

B. "Plaintiff" means Antonio Hadley.

C. "122 Paras Hill" means 122 Paras Hill Drive, Hartford, Michigan 49057, together with the water account, meter, service line, service address, and associated records relating to that property.

D. "Document" or "documents" means any written, recorded, electronically stored, or graphic matter of any kind, whether original or copy, including but not limited to correspondence, emails, text messages, instant messages, social-media posts, comments, direct messages, memoranda, notes, logs, reports, ledgers, bills, work orders, service tickets, photographs, videos, recordings, spreadsheets, databases, electronically stored information, metadata, and any draft or non-identical copy.

E. "Communication" means any oral, written, electronic, or recorded transmission of information, including but not limited to conversations, meetings, telephone calls, letters, emails, text messages, instant messages, and social-media communications.

F. "Identify," when referring to a person, means to state the person's full name, job title or position, employer, and last known business address and telephone number.

G. "Identify," when referring to a document, means to state the date, author, recipient(s), type of document, general subject matter, and present custodian or location of the document.

H. "Identify," when referring to a communication, means to state the date, the persons involved, the form of the communication, and the general subject matter.

I. "Social media" includes Facebook posts, comments, replies, direct messages, and any other communications or content published or transmitted through a social-media platform.

J. "SER" means State Emergency Relief, and includes related communications or actions involving the Michigan Department of Health and Human Services or any successor agency.

K. "Administrative warrant" means the administrative search warrant referenced in Report No. 26-0025, including the application, affidavit, issuance, execution, and all actions taken pursuant to it.

L. Unless otherwise stated, the relevant time period for these Requests is January 1, 2023 to the present.

M. For each Request for Production, Defendant shall produce all responsive documents in its possession, custody, or control, including documents in the possession of its agents, contractors, departments, officials, employees, and attorneys, except to the extent protected from disclosure.

N. If any document is withheld based on privilege, work-product protection, or any other protection, Defendant shall provide a privilege log identifying the nature of the document, its date, author, recipient(s), general subject matter, and the basis for withholding it.

O. If any responsive document no longer exists or cannot be located, Defendant shall identify the document, state when it was last known to exist, and explain why it is unavailable.

P. Electronically stored information shall be produced in native format where reasonably available, with metadata preserved.

Q. Each matter in the Requests for Admission shall be admitted or denied separately. If Defendant denies any part of a request, Defendant shall specify the portion admitted and the portion denied.

REQUEST FOR PRODUCTION NO. 1 – COMPLETE ACCOUNT FILE

Produce the complete account file for water service at 122 Paras Hill Drive, Hartford, Michigan 49057, from January 1, 2023 to present, including but not limited to:
(a) account ledgers;
(b) meter records and logs;
(c) bills and shutoff notices;
(d) payment records; and
(e) any internal notes or annotations stored in the City's billing or metering systems.

REQUEST FOR PRODUCTION NO. 2 – METER INSTALLATION, REMOVAL, OR REPLACEMENT RECORDS

Produce all documents relating to any installation, removal, inspection, testing, repair, or replacement of any water meter at 122 Paras Hill from January 1, 2015 to present, including work orders, field notes, photographs, service tickets, and any communications with contractors or vendors.

REQUEST FOR PRODUCTION NO. 3 – BILL WITH 0.00 USAGE AND FOUR-FIGURE CHARGES

Produce all documents that support, explain, or relate to the water bill issued to Plaintiff that reflected 0.00 usage and charges exceeding $1,000, including:
(a) underlying meter or system data;
(b) any estimation calculations;
(c) internal emails or notes discussing the bill; and
(d) any approvals or adjustments made by City staff.

REQUEST FOR PRODUCTION NO. 4 – WORK ORDERS AND LEAK INVESTIGATIONS

Produce all work orders, field notes, service tickets, leak-investigation records, or similar documents relating to 122 Paras Hill from January 1, 2023 to present, including any documents that would show a confirmed leak, suspected leak, or meter malfunction on either the City side or customer side.

REQUEST FOR PRODUCTION NO. 5 – FOIA CORRESPONDENCE AND INTERNAL HANDLING

Produce all documents relating to Plaintiff's FOIA and records requests from November 1, 2025 to March 1, 2026, including:
(a) Plaintiff's written requests and any date-stamped copies;
(b) all responses sent to Plaintiff;
(c) internal emails or notes discussing how to respond to Plaintiff's requests; and
(d) any logs or tracking records used for those FOIA requests.

REQUEST FOR PRODUCTION NO. 6 – SER/DHS COMMUNICATIONS AND LEDGERS

Produce all documents relating to DHS/State Emergency Relief (SER) involvement with Plaintiff's water account, including:
(a) communications between the City and DHS/SER;
(b) notices of pledges or payments;
(c) internal emails regarding how SER/DHS funds should be applied; and
(d) account ledgers or reports reflecting the application of such funds.

REQUEST FOR PRODUCTION NO. 7 – ADMINISTRATIVE WARRANT AND SUPPORTING MATERIALS

Produce the complete file relating to the administrative search warrant (Report No. 26-0025) concerning 122 Paras Hill, including:
(a) the warrant application and affidavit;
(b) any drafts or revisions;
(c) any internal emails, memoranda, or notes discussing whether to seek a warrant; and
(d) any reports or records generated after execution of the warrant, including photographs, body-camera or other video, and incident reports.

REQUEST FOR PRODUCTION NO. 8 – POLICIES AND TRAINING MATERIALS

Produce all policies, procedures, manuals, and training materials in effect at any time from January 1, 2020 to present that govern or relate to:
(a) water billing, delinquent accounts, and shutoff decisions;
(b) handling of SER/DHS-assisted accounts;
(c) use of police officers in connection with water-billing or shutoff matters;
(d) use of administrative search warrants in civil matters; and
(e) identification and notice of lead service lines or galvanized lines previously connected to lead.

REQUEST FOR PRODUCTION NO. 9 – SOCIAL-MEDIA AND PUBLIC STATEMENTS ABOUT PLAINTIFF

Produce all social-media posts, comments, messages, or other public communications made by any City official (including the Mayor, City Manager, Clerk/Assistant Manager, or Chief of Police) from January 1, 2024 to present that reference:
(a) Plaintiff by name;
(b) Plaintiff's address; or
(c) Plaintiff's water account, payment history, alleged late fees, or shutoff status,

including any drafts or internal emails discussing how to respond to Plaintiff's public posts.

REQUEST FOR PRODUCTION NO. 10 – LEAD / GALVANIZED INVENTORY AND NOTICE RECORDS

Produce all documents relating to the service-line inventory and customer notice for 122 Paras Hill, including:
(a) records showing when the service line was first identified as lead or galvanized previously connected to lead;
(b) any lists, spreadsheets, or maps that include 122 Paras Hill in a lead or galvanized category;
(c) any notices sent to Plaintiff regarding lead or galvanized service lines; and
(d) any communications discussing when and how to notify Plaintiff.

REQUEST FOR PRODUCTION NO. 11 – OTHER CUSTOMERS WITH SIMILAR TREATMENT (DE-IDENTIFIED IF NECESSARY)

Produce documents sufficient to show, for the period January 1, 2015 to present:
(a) each instance in which the City obtained an administrative search warrant in connection with a residential water account;
(b) each instance in which police officers were sent to a residence to deliver a private water bill or to pressure a customer to address a civil water-billing dispute; and
(c) each instance in which a residential water bill showed 0.00 usage with total charges over $500.

Personal identifying information of other customers may be redacted, provided the remaining information allows comparison of treatment.

REQUEST FOR PRODUCTION NO. 12 – CLAIMS, RISK, AND INVESTIGATION FILES

Produce all documents relating to any internal investigation, claim file, insurance notice, or risk-management review arising out of Plaintiff's complaints, this lawsuit, or any related FOIA dispute, including:
(a) notices to any insurer or risk-pool;
(b) correspondence with defense counsel or adjusters, excluding materials protected by the attorney-client privilege or work-product doctrine, which shall be identified in a privilege log; and
(c) any internal reports or recommendations regarding changes to water-billing, shutoff, FOIA, or lead-notice practices because of Plaintiff's situation.

REQUEST FOR PRODUCTION NO. 13 – BILLING-SOFTWARE AUDIT TRAIL / USER ACTIVITY

Produce all user-activity logs, audit trails, manual-entry logs, override logs, adjustment logs, correction logs, or similar records from Defendant's billing, meter-reading, or account-

management systems, including BS&A, Harmony, Encore, or any related system, showing activity on the 122 Paras Hill account from November 1, 2025 to March 1, 2026.

REQUEST FOR PRODUCTION NO. 14 – RED-FLAG ALERT RECORDS

Produce all documents, screenshots, reports, logs, exports, emails, notes, or communications relating to any "red flag," stopped-meter alert, communication-failure alert, tamper alert, leak alert, or other system-generated alert associated with 122 Paras Hill from January 1, 2025 to February 10, 2026.

REQUEST FOR PRODUCTION NO. 15 – CAD, DISPATCH, AND POLICE COMMUNICATION RECORDS

Produce all CAD logs, dispatch logs, incident logs, call records, officer notes, MDT entries, radio communications, or similar records relating to Plaintiff, 122 Paras Hill, Plaintiff's water account, shutoff activity, SER/DHS discussions, the administrative warrant, or any police contact with Plaintiff from October 1, 2025 to March 1, 2026.

REQUEST FOR PRODUCTION NO. 16 – TEXT MESSAGES AND MOBILE COMMUNICATIONS

Produce all text messages, instant messages, mobile-device communications, or non-email electronic communications, including communications on personal devices used for City business, between, among, or involving City officials, employees, police officers, contractors, or agents concerning Plaintiff, 122 Paras Hill, Plaintiff's water account, SER/DHS status, any "red flag" or stopped-meter condition, Plaintiff's social-media posts, the administrative warrant, or Plaintiff's FOIA requests from October 1, 2025 to present.

REQUEST FOR PRODUCTION NO. 17 – RECORD-RETENTION, DELETION, AND PRESERVATION MATERIALS

Produce all document-retention policies, electronic-storage policies, deletion policies, litigation-hold notices, preservation notices, or similar records relating to the preservation or destruction of records relevant to Plaintiff, 122 Paras Hill, Plaintiff's FOIA requests, or this lawsuit.

REQUEST FOR PRODUCTION NO. 18 – NATIVE ELECTRONIC RECORDS AND METADATA

Produce electronically stored information responsive to Plaintiff's requests, where reasonably available, in native electronic format with metadata preserved, including emails, spreadsheets, meter exports, photographs, PDFs, logs, and electronically generated reports.

REQUEST FOR PRODUCTION NO. 19 – BODY-CAMERA RETENTION AND DELETION RECORDS

Produce all records relating to the retention, deletion, preservation, export, review, or destruction of any body-camera footage associated with:
(a) Plaintiff;
(b) 122 Paras Hill;
(c) the February 10, 2026 warrant execution;
(d) the February 2, 2026 dog-related contact; or
(e) any police contact relating to Plaintiff's water account from October 1, 2025 to March 1, 2026.

REQUEST FOR PRODUCTION NO. 20 – TRO INTERPRETATION AND IMPLEMENTATION

Produce all documents, emails, memoranda, notes, billing directives, software instructions, reports, or other communications relating to the interpretation, implementation, or compliance with the February 20, 2026 Order Restraining Defendant During Pendency of Suit, including any documents:
(a) discussing how pre-February 20, 2026 charges should be reflected on bills or shutoff notices after February 20, 2026;
(b) directing staff how to handle pre-Order and post-Order balances; or
(c) reflecting any internal review or discussion of whether Defendant's billing or shutoff practices complied with the Order.

REQUEST FOR ADMISSION NO. 1 – WORK ORDERS "DO NOT EXIST"

Admit that, in a written response dated December 17, 2025, the City, through RoxAnn Rodney-Isbrecht, stated that "All work orders related to 122 Paras Hill – do not exist."

REQUEST FOR ADMISSION NO. 2 – INTERNAL EMAILS / NOTES "DO NOT EXIST"

Admit that, in the same December 17, 2025 email, the City stated that "Email or notes Internal Communications – do not exist" for 122 Paras Hill.

REQUEST FOR ADMISSION NO. 3 – NO WORK ORDERS PRODUCED BY DECEMBER 17, 2025

Admit that, as of December 17, 2025, the City had not produced to Plaintiff any work orders, service tickets, or field notes concerning the water account at 122 Paras Hill.

REQUEST FOR ADMISSION NO. 4 – NO INTERNAL EMAILS OR NOTES PRODUCED BY DECEMBER 17, 2025

Admit that, as of December 17, 2025, the City had not produced to Plaintiff any internal emails or notes concerning his water account, billing, meter status, or shutoff.

REQUEST FOR ADMISSION NO. 5 – BILL WITH 0.00 USAGE AND FOUR-FIGURE CHARGES

Admit that the City issued at least one water bill to Plaintiff for the 122 Paras Hill account showing 0.00 usage and total charges exceeding $1,000.

REQUEST FOR ADMISSION NO. 6 – NO DOCUMENTED MAJOR LEAK FOR 122 PARAS HILL

Admit that the City is unable to produce any work order, service ticket, or leak-investigation record documenting a confirmed major leak on the customer side at 122 Paras Hill sufficient to explain the cumulative usage figures the City associates with that address.

REQUEST FOR ADMISSION NO. 7 – POLICE VISIT TO DISCUSS PLAINTIFF'S WATER BILL

Admit that, on at least one occasion in or around January 2026, the City caused police officers, including the Chief of Police, to visit Plaintiff's residence specifically to discuss or address his municipal water bill and account status.

REQUEST FOR ADMISSION NO. 8 – DELIVERY OF PLAINTIFF'S PRIVATE WATER BILL BY POLICE

REQUEST FOR ADMISSION NO. 17 – ESSENTIAL NATURE OF RESIDENTIAL WATER SERVICE

Admit that municipal water service is an essential service for basic health and sanitation at residential properties within the City of Hartford.

REQUEST FOR ADMISSION NO. 18 – HEALTH RISKS FROM WATER SHUTOFF

Admit that shutting off water service to an occupied residence can create health and sanitation risks for the occupants of that residence.

REQUEST FOR ADMISSION NO. 19 – NO PRIOR ADMINISTRATIVE WARRANTS FOR OTHER WATER CUSTOMERS

Admit that, prior to seeking the administrative warrant regarding Plaintiff's property, the City had never before sought an administrative search warrant to move a vehicle or shut off water service in connection with a residential water account.

REQUEST FOR ADMISSION NO. 20 – NO PRIOR USE OF POLICE TO DELIVER WATER BILLS TO OTHER CUSTOMERS

Admit that, prior to the events involving Plaintiff, the City had never before used the Chief of Police or other police officers to hand-deliver a private water bill to a residential water customer at their home.

REQUEST FOR ADMISSION NO. 21 – CONDITIONAL ACCESS DISCUSSION

Admit that, before the February 10, 2026 administrative warrant was sought, Plaintiff communicated that access for meter-related inspection or service could occur if supporting documentation or underlying meter data relating to the claimed "red flag" condition was provided.

REQUEST FOR ADMISSION NO. 22 – REQUESTS FOR UNDERLYING DATA OR RECORDS

Admit that, before seeking the February 10, 2026 administrative warrant, Plaintiff requested records, data, logs, or documentation relating to the claimed "red flag," stopped-meter condition, or meter irregularity.

REQUEST FOR ADMISSION NO. 23 – NO EMERGENCY WATER EVENT IDENTIFIED

Admit that the City did not identify any active flooding event, burst pipe, water-main emergency, or immediate public-safety emergency at 122 Paras Hill at the time the administrative warrant was sought.

REQUEST FOR ADMISSION NO. 24 – ADMINISTRATIVE ALTERNATIVES BEFORE WARRANT

Admit that, before seeking the February 10, 2026 administrative warrant, the City did not file a civil collection action, seek injunctive relief, or obtain a court order resolving the disputed water-account balance.

REQUEST FOR ADMISSION NO. 25 – NO WRITTEN POLICY GOVERNING "RED-FLAG" WARRANT ESCALATION

Admit that, as of February 10, 2026, Defendant had no written policy specifically governing escalation from a stopped-meter alert, communication-failure alert, or "red flag" condition to the use of an administrative search warrant for residential property access.

REQUEST FOR ADMISSION NO. 26 – NO WRITTEN POLICY GOVERNING POLICE INVOLVEMENT IN FOIA-RELATED ACCOUNT DISPUTES

Admit that, as of January 1, 2026, Defendant had no written policy authorizing police officers to participate in disputes involving municipal FOIA requests, account-documentation disputes, or requests for underlying billing data relating to residential water accounts.

REQUEST FOR ADMISSION NO. 27 – NO ACTIVE WATER LEAK OBSERVED DURING WARRANT EXECUTION

Admit that, during execution of the February 10, 2026 administrative warrant, City personnel did not observe an active interior flooding event or catastrophic water leak inside the residence.

REQUEST FOR ADMISSION NO. 28 – POST-ORDER BILLS INCLUDING PRE-ORDER CHARGES

Admit that, after February 20, 2026, Defendant issued at least one bill or shutoff notice to Plaintiff that included charges incurred before February 20, 2026.

REQUEST FOR ADMISSION NO. 29 – NO SEPARATE LINE-ITEM FOR PRE-ORDER BALANCE

Admit that, after February 20, 2026, Defendant did not create a separate line-item or separate billing account to distinguish between charges incurred before February 20, 2026 and charges incurred after February 20, 2026 on Plaintiff's bills or shutoff notices.

REQUEST FOR ADMISSION NO. 30 – MAYOR'S FACEBOOK COMMENT ABOUT PLAINTIFF'S WATER BILL

Admit that, in or around January 2026, Mayor Jane Danger responded on Facebook to a post by Plaintiff regarding water quality or disclosure issues by referencing Plaintiff's water-billing status, including statements about Plaintiff's alleged late payments or late fees.

REQUEST FOR ADMISSION NO. 31 – CHARLINE SIKES'S FACEBOOK RESPONSE

Admit that, in the same Facebook thread, Charline Sikes commented in substance asking, "What does that have to do with this post?" and questioned whether the Mayor should have made a public comment about Plaintiff's water bill.

Respectfully submitted,

[signature]

Antonio Hadley
Plaintiff, in propria persona
122 Paras Hill Drive
Hartford, MI 49057
(269) 336-9909
antoniohadley@gmail.com

Date: 5-21-26

TRUE COPY
MAY 21 2026
Van Buren County Clerk

STATE OF MICHIGAN

IN THE 36TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF VAN BUREN

ANTONIO HADLEY,

Plaintiff,

v. Case No. 2026-75527-CZ

Hon. Susan Metzger

CITY OF HARTFORD,

Defendant.

_________________________________/

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY DISPOSITION

Plaintiff Antonio Hadley, appearing in propria persona, respectfully responds to Defendant City of Hartford's Motion for Summary Disposition and states as follows:

I. INTRODUCTION

This case does not arise from a customer who simply refused to pay a water bill. It arises from a Hartford resident who did exactly what the law expects: he obtained State Emergency Relief ("SER") protection, made substantial personal payments, and—together with SER-related credits—paid or secured over $1,200, more than the City's own highest October 2025 bill, then asked in writing how those payments and credits were being applied and why his account showed unexplained charges and "0.00" usage. Instead of meeting with him, answering his FOIA requests, and correcting or explaining its own records, the City of Hartford chose a different path: it turned a civil billing and transparency dispute into a police-backed campaign at a private home.

When Plaintiff Antonio Hadley challenged these discrepancies, invoked his rights under the Freedom of Information Act ("FOIA"), and raised public concerns about water quality, billing, and municipal accountability, the City did not confine itself to ordinary utility procedures. It sent an officer and a water department worker to attempt a shutoff while a meeting with the City Manager was pending, invoked an internal Harmony "flag alert" instead of first providing records, involved the Chief of Police personally in discussions about how and when a disputed civil bill would be paid, prepared affidavit-based warrant materials portraying Plaintiff as refusing meter access despite his documented conditional cooperation, and ultimately executed an administrative warrant that resulted in a winter shutoff, an entry into his residence, and criminal citations tied to the same unresolved dispute.

What makes this case extraordinary is not merely the existence of a billing dispute. Municipalities handle billing disputes every day. What makes this case extraordinary is the level of governmental authority that became involved after Plaintiff began demanding answers. By January 2026, this was no longer a conversation between a resident and a utility department. The City Manager was involved. The City Clerk and FOIA Coordinator were involved. The Mayor publicly involved herself in the dispute. The Chief of Police personally involved himself in the dispute. Police officers appeared at Plaintiff's residence in connection with utility enforcement activity. Affidavits were presented to a magistrate. An administrative warrant was sought and executed. A reasonable factfinder could conclude that what began as a request for records and an explanation of conflicting utility data escalated through nearly every level of municipal authority available to the City of Hartford.

Viewed in the light most favorable to Plaintiff, the admissible evidence—including Plaintiff's Affidavit, the detailed Exhibit Index, billing records, FOIA correspondence, photographs, the City's own BSA and Harmony histories, and the January 21 and February 10, 2026 affidavits and warrant-related documents—does far more than show a routine collection effort. It reveals a pattern in which water service, police presence, and the warrant process were used as leverage against a resident who had secured SER protection, paid down his account, and insisted on transparency and safety. At minimum, this record creates multiple genuine issues of material fact on each count, making summary disposition under MCR 2.116(C)(10) improper.

II. STANDARD OF REVIEW

A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. In evaluating such a motion, the Court must consider affidavits, pleadings, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party. Summary disposition may be granted only if the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

The Court may not weigh credibility or resolve factual disputes on a motion under MCR 2.116(C)(10). If the record presents competing inferences, unresolved contradictions, or disputed facts that bear on the claims or defenses, summary disposition must be denied.

Where summary disposition is sought before discovery is complete, the question is whether further discovery stands a fair chance of uncovering factual support for the opposing party's position. Here, Plaintiff has identified disputed issues and supported them with an affidavit and documentary evidence, while significant technical and internal records remain in Defendant's possession.

III. STATEMENT OF MATERIAL FACTS

This case arises from a simple reality: a Hartford resident who was under State Emergency Relief protection, had paid down his account with over $1,200 in personal and SER funds, and repeatedly asked for records and explanations was treated not as a customer to be answered, but as a problem to be managed with shutoffs, police visits, and a warrant at his home. From October 2025 through February 2026, Plaintiff's efforts to resolve a billing dispute and obtain water-safety information through FOIA and other written notices were met with "0.00" usage entries on the City's own system, shifting and unexplained balances, delayed and incomplete FOIA responses, and then increasing involvement by law enforcement.

As Plaintiff pressed for answers—submitting a written November 26, 2025 FOIA request, serving a December 8, 2025 date-stamped FOIA Violation Notice and related filings, sending a January 5, 2026 FOIA Default Notice, and documenting meter readings and communications—the City did not simply correct its records or explain the PFAS and lead issues he was raising. Instead, it sent an officer and a water worker to his house to attempt a shutoff while a meeting with the City Manager was pending, invoked an internal "flag alert" to demand access to his home, involved the Chief of Police personally in payment discussions he acknowledged had no clear legal basis, and ultimately obtained and executed an administrative warrant that resulted in a winter shutoff, an entry into his residence, and criminal citations. Only after the Circuit Court ordered restoration of water service were his utilities turned back on, and the criminal charges from that warrant event were later dismissed.

This dispute did not escalate through ordinary administrative channels. When residents question a bill, municipalities typically provide records, explain charges, conduct audits, verify meter information, or otherwise resolve discrepancies through administrative processes. Plaintiff's evidence supports a different chronology. According to Plaintiff's evidence, requests for records were met with delay, explanations were replaced with enforcement activity, and administrative questions increasingly became matters involving police presence, public statements by elected officials, warrant applications, and ultimately the

execution of a search warrant at Plaintiff's home. Whether those actions were justified, retaliatory, coercive, or otherwise improper are questions for a factfinder. They are not questions that can be resolved on summary disposition.

Plaintiff incorporates and relies upon the Affidavit of Antonio Hadley and the Exhibit Index with Exhibits A through AI filed concurrently with this Response.

In summary:

1. Plaintiff's household was under periods of State Emergency Relief ("SER") protection beginning on or about October 8, 2025 and again on or about November 10, 2025.

2. Between October 15, 2025 and November 13, 2025, Plaintiff's account received approximately $1,274.00 in payments and credits, including Plaintiff's personal payments, a payment by Casey Rowe, SER assistance, and reconnect-related credits.

3. The payments and credits described above exceeded the City's highest October 2025 bill amount of approximately $1,259.58, yet the City continued to assert delinquent balances, issue shutoff-related notices, and move toward shutoff.

4. On November 4, 2025, during an in-person visit to City Hall while still under SER protection, Plaintiff attempted to resolve the issue administratively. A clerk pulled up his account screen, and the City's own software showed "0.00" usage at the same time the City was asserting substantial monetary balances due, revealing a severe billing irregularity.

5. On November 24, 2025, a written account ledger or printout later provided by City Clerk/FOIA Coordinator RoxAnn Rodney-Isbrecht likewise reflected "0.00" usage while substantial balances were being asserted.

6. Around that same time, City account materials reflected multiple inconsistent balances, including approximately $537.92, $538.00, and $621.16, while usage remained shown as "0.00."

7. On November 26, 2025, Plaintiff submitted a written FOIA request, date-stamped as received by the City, seeking billing ledgers, meter readings, audit logs, work orders, internal communications, service records, meter history, enforcement documentation, and related materials.

8. No written response, denial, or written extension issued by the statutory deadline associated with that November 26, 2025 FOIA request.

9. On December 8, 2025, as reflected by the City's date stamp on his filing, Plaintiff hand-delivered additional written notices to the City, including a FOIA Violation Notice, a Timeline of Violations, a Formal Administrative Liability Notice, and a Final Cease and Desist Notice.

10. On December 9, 2025, while Plaintiff was communicating with the City regarding the billing dispute, the FOIA issue, and SER status, Officer Marcus Hamre accompanied a Water Department worker to Plaintiff's residence in connection with an attempted shutoff of water service.

11. During that interaction, Officer Hamre referenced Plaintiff's DHS/SER status and the scheduled meeting, and when Plaintiff asked whether the matter was civil or criminal in nature, Officer Hamre responded, in substance, that it was "civil" at that time.

12. On December 17, 2025, City Clerk and FOIA Coordinator RoxAnn Rodney-Isbrecht responded to Plaintiff's November 26 FOIA request by email and stated, among other things, that "All work orders related to 122 Paras Hill – do not exist" and "Email or notes Internal Communications – do not exist."

13. That same December 17 FOIA response attached or directed Plaintiff to a BSA History Register reflecting an "Actual" reading of 85,980.00 and a shutoff-related entry stating "SHUT OFF FOR NON-P."

14. On November 26, 2025, December 17, 2025, December 27, 2025, and January 13, 2026, Plaintiff photographed the physical water meter installed at his residence.

15. Those photographs show the same meter body stamped with Serial Number 23369242 and EID 01349085, with readings progressing from approximately 48,424.20 into the high-49,000-gallon range by mid-January 2026.

16. The presently available records do not establish whether the 85,980.00 reading in the BSA History Register originated from the physical meter installed at Plaintiff's residence, a prior retired meter, an incorrectly mapped endpoint, or another account-associated device.

17. The City has not produced meter interchange records, endpoint mapping records, transmitter assignment records, or Harmony Encore audit logs sufficient to identify which physical device generated the disputed 85,980.00 reading.

18. On or about January 5, 2026, Plaintiff served a FOIA Default Notice / Failure to Respond Within Statutory Deadline on the City.

19. On or about January 7 through January 12, 2026, Plaintiff sent additional written communications concerning his FOIA request and his response to the red flag, including a January 12 follow-up regarding the meter irregularity identified in the City's January 7 email.

20. On or about January 7, 2026, City Manager Nicole Brown called Plaintiff and stated that there was a "red flag" or "flag alert" on Plaintiff's water account and that Water Department employee "Ricky" needed to come into the home to inspect the meter.

21. During that call, Plaintiff initially told Ms. Brown that Monday would work for an inspection, but specifically asked that any request and appointment be confirmed in writing.

22. After that call, Ms. Brown sent an email changing the proposed inspection from Monday to the following day instead of the date they had discussed.

23. Plaintiff then made clear to Ms. Brown that he would permit the inspection after the City first provided the billing, meter, and audit-related records he had already requested in writing on November 26 and December 8, 2025, so that he could understand the basis for the alleged irregularities before allowing further inspection.

24. Text messages and emails between Plaintiff and Ms. Brown reflect the exchange regarding the "red flag," the scheduling of Water Department employee Ricky, Plaintiff's insistence on written confirmation, and Plaintiff's conditional agreement to allow entry after FOIA compliance.

25. Plaintiff requested supporting documentation, audit logs, and clarification concerning the alleged flag alert.

26. The City later relied on the alleged "flag alert" and claimed lack of access to Plaintiff's meter to justify inspection demands and warrant-related activity, while simultaneously maintaining in its earlier FOIA response that work orders and internal communications "do not exist."

27. On January 13, 2026, Plaintiff sent a Formal Notice of Preservation of Evidence and Litigation Hold – Municipal Water and Enforcement Matter.

28. On January 13, 2026, Plaintiff received a blocked/private telephone call from Chief Brian Matthews.

29. During the January 13, 2026 blocked/private telephone call, Chief Matthews stated that the Water Department had contacted him regarding Plaintiff's water service, that the City claimed Plaintiff was in arrears, and that the City intended to turn Plaintiff's water off unless some payment or arrangement was made. Chief Matthews further stated, in substance, that he planned to come to Plaintiff's residence to speak with him first, and if Plaintiff did not allow the City to proceed, he would seek a court order and return with paperwork. Plaintiff responded that this was a civil utility dispute, that he was in an active legal dispute with the City, that he was not refusing lawful court-ordered process, and that if Chief Matthews obtained a court order Plaintiff would review it and comply with the lawful process. Plaintiff preserved the substance of this call through transcript, notes, screenshots, and/or related documentation.

30. During that blocked/private call, Chief Matthews did not describe an active crime. He described a water-payment dispute, stated that the City claimed Plaintiff was in arrears, and explained that he would first come speak with Plaintiff before seeking a court order. That evidence supports Plaintiff's position that law enforcement was being used to pressure compliance in a civil utility dispute before any warrant process was completed.

31. Later on January 13, 2026, Chief Matthews and Officer Orvis came to Plaintiff's residence and met with Plaintiff at approximately 2:00 p.m. During that meeting, Chief Matthews presented a Harmony-related printout reflecting an alleged balance of approximately $789.28. When Plaintiff questioned the legal authority for police involvement in enforcing a disputed civil utility account, Chief Matthews responded in substance: "Legally no, but... as a human being," while continuing to pressure compliance and referencing potential criminal consequences.

32. During the January 13, 2026 in-person interaction with Chief Matthews and Officer Orvis, neither officer explicitly asked for immediate entry into the residence, and Plaintiff did not expressly refuse entry.

33. On January 21, 2026, Chief Brian Matthews submitted an affidavit and/or related warrant materials before a magistrate in support of warrant-related relief in which he represented, in substance, that Plaintiff was refusing entry for meter access and that judicial intervention was therefore needed.

34. On or about January 14, 2026, Plaintiff publicly posted concerns regarding Hartford water issues, billing discrepancies, FOIA noncompliance, lead-related concerns, and public accountability, and Mayor Jane Danger publicly commented regarding Plaintiff's alleged unpaid water bill and shutoff status.

35. On February 10, 2026, Chief Matthews submitted or relied upon a further affidavit and administrative search warrant materials seeking authority to inspect the water meter inside Plaintiff's home and move Plaintiff's pickup truck so that City personnel could access the shutoff valve and terminate water service due to alleged nonpayment.

36. The warrant was executed on February 10, 2026. During that event, City personnel shut off water service at the curb, entered the residence to inspect the meter, and criminal citations—including a dog-related citation—were issued in connection with the same overall conflict.

37. The City's own materials indicate that the physical meter was functioning and did not reveal tampering or bypass conditions during the February 10, 2026 inspection, despite the prior reliance on the alleged Harmony "flag alert" and meter concerns to justify escalation.

38. On February 13, 2026, after the Circuit Court entered temporary restraining relief directing restoration of water service, City personnel installed a different water meter at Plaintiff's residence.

39. Plaintiff photographed that replacement meter on February 13, 2026, and the photographs reflect Serial Number 23369306, EID 01348077, and a near-zero reading consistent with a newly installed meter.

40. The sequence of photographs reflects that the meter bearing Serial Number 23369242 and EID 01349085 remained installed from at least November 26, 2025 through January 13, 2026, and that a different meter bearing Serial Number 23369306 and EID 01348077 was installed on or about February 13, 2026.

41. On or about May 21, 2026, the criminal citations associated with the February 10, 2026 events were dismissed.

IV. ARGUMENT

A. COUNT I SHOULD NOT BE DISMISSED BECAUSE PLAINTIFF'S FOIA CLAIM ARISES FROM A WRITTEN REQUEST THE CITY IGNORED UNTIL AFTER THE DEADLINE, THEN ANSWERED WITH SELF-CONTRADICTORY "DOES NOT EXIST" STATEMENTS.

This case does not present a nitpicky dispute about whether a citizen once asked a question verbally at City Hall. It presents a written November 26, 2025 FOIA request for basic billing, meter, audit, and enforcement records that the City was legally required to answer within statutory deadlines and did not. Plaintiff submitted that written request seeking billing ledgers, meter readings, audit logs, work orders, internal communications, service records, meter history, and related materials. No written response, denial, or extension issued within the time required by MCL 15.235(2), even as the City continued to threaten shutoff based on records it refused to fully disclose. Plaintiff's December 8, 2025 date-stamped FOIA Violation Notice and related filings further confirm that the City had received the November 26 written request, had not responded within the time required, and was formally advised of its default while still choosing to withhold key categories of records.

Defendant argues that Count I fails because Plaintiff has acknowledged that his November 4, 2025 request was verbal rather than written. Plaintiff does not dispute that the November 4 interaction at City Hall involved a verbal request for explanation, audit, and review. But Count I is not defeated by that point, because the operative written FOIA request was submitted on November 26, 2025.

The City's Motion does not eliminate the factual and legal questions arising from that November 26 written FOIA request. Plaintiff submitted that written request seeking billing ledgers, meter readings, audit logs, work orders, internal communications, service records, meter history, and related enforcement materials. No written response, denial, or extension was issued by the statutory deadline. Plaintiff then served additional written FOIA-violation and preservation-related notices on December 8, 2025, later served a FOIA Default Notice / Failure to Respond Within Statutory Deadline on January 5, 2026, and sent additional January 7–12 communications concerning the FOIA request and the meter irregularity identified in the City's January 7 email.

Under MCL 15.235(2), a public body must respond to a written FOIA request within five business days of receipt by granting the request, denying it, granting it in part and denying it in part, or issuing a written notice extending the response time by not more than ten additional business days.

When the City finally responded on December 17, 2025, it did not simply produce all responsive records and close the issue. Instead, it stated that "All work orders related to 122 Paras Hill – do not exist" and that "Email or notes Internal Communications – do not exist," while simultaneously producing or directing Plaintiff to records reflecting shutoff activity, an "Actual" reading of 85,980.00, and a later meter/flag narrative that would ordinarily be expected to involve work orders, internal notes, audit trails, or related documentation.

Accordingly, Count I presents genuine issues of material fact concerning: (1) the City's failure to timely respond to the November 26 written FOIA request; (2) whether the December 17 response was complete and made in good faith; and (3) whether the City improperly claimed that responsive categories of records

"do not exist" despite later relying on facts that imply the existence of such records. Summary disposition on Count I should therefore be denied.

B. COUNT II SHOULD NOT BE DISMISSED BECAUSE PLAINTIFF SEEKS EQUITABLE RELIEF AGAINST A PATTERN OF UNRECONCILED RECORDS AND SHUTOFF ACTIONS, NOT A SIMPLE MATH ERROR.

Defendant characterizes Count II as an improper standalone claim for "injunctive relief" and suggests that any confusion about gallon figures is merely a matter of different meters and timeframes. That framing ignores what is actually at stake. Plaintiff's meter photographs, the City's own BSA and Harmony records, and the "0.00" usage entries together show a utility account that the City itself cannot coherently reconcile to a specific physical device and reading history, even as it used those disputed figures as the basis to threaten and carry out shutoff.

Defendant argues that "injunctive relief" is not a standalone cause of action and that Plaintiff has no viable billing-discrepancy theory because he has acknowledged that different gallon figures may pertain to different meters and timeframes. Plaintiff agrees that injunctive relief is a remedy rather than a freestanding cause of action. However, Count II should be read as seeking equitable relief based on substantive disputes concerning the City's billing, shutoff practices, due process, and recordkeeping.

Plaintiff is not claiming that the 234,000-gallon figure and the 49,940-gallon figure must be identical. Rather, Plaintiff's position is that the City has not reconciled its own records. The City's materials reflect cumulative billing and metering figures that do not, on the current record, clearly connect to a properly identified physical device and chain of custody. The BSA History Register reflects an "Actual" reading of 85,980.00. Plaintiff's photographs of the meter physically installed at his residence show a different chronology and a physical reading below 50,000 gallons weeks later. The City has not produced the interchange records, endpoint mapping, transmitter assignment data, or Harmony audit logs necessary to reconcile those records.

Plaintiff also presents evidence that the account reflected "0.00" usage while substantial balances were being asserted, that the City used inconsistent balance figures during the same general timeframe, and that shutoff activity proceeded while Plaintiff was disputing the account, requesting records, and communicating regarding SER protection and assistance.

These are not abstract or speculative disputes. They go directly to the lawfulness and factual basis of the City's shutoff actions and the equitable relief requested. Summary disposition on Count II should therefore be denied.

C. COUNT III SHOULD NOT BE DISMISSED BECAUSE THE RECORD SHOWS POLICE AND WARRANT PROCESSES USED AS LEVERAGE IN A CIVIL DISPUTE, CREATING FACT QUESTIONS ABOUT ULTERIOR PURPOSE.

Defendant reduces Count III to a claim that "the City got a warrant and used it to inspect a meter and move a truck," as if that ends the inquiry. Abuse of process analysis cannot be so narrow. Plaintiff's evidence shows that after he disputed his bill, pursued FOIA rights, complained to oversight bodies, and spoke publicly about Hartford water issues, the City repeatedly chose police involvement and magistrate processes over ordinary administrative channels—sending an officer with a water worker to attempt a shutoff, involving the Chief of Police in payment discussions he admitted had no clear legal basis, and then obtaining a warrant based on a portrayal of "refusal" that the contemporaneous record disputes.

Defendant argues that the abuse-of-process claim fails because the warrant was issued for meter inspection and truck movement, and the City merely carried out the warrant as authorized. That framing is too narrow and ignores the broader evidentiary context.

Plaintiff's claim is not that a warrant existed. Plaintiff's claim is that the warrant process was the culmination of a much larger course of conduct. The Court must evaluate the warrant event within the chronology that preceded it. Before the warrant came the billing dispute. Before the warrant came the "0.00" usage records. Before the warrant came the written FOIA requests. Before the warrant came the City's failure to timely respond. Before the warrant came the City's assertion that work orders and internal communications "do not exist." Before the warrant came the alleged Harmony flag alert. Before the warrant came police-assisted shutoff activity. Before the warrant came the blocked-number call from the Chief of Police. Before the warrant came Plaintiff's public criticism of City conduct. Viewed in isolation, Defendant portrays the warrant as routine. Viewed in context, Plaintiff's evidence supports an inference that the warrant was one step in an escalating effort to gain compliance from a resident who continued demanding records, explanations, and accountability.

Plaintiff's evidence supports a chronology in which a municipal utility dispute escalated into police-backed enforcement after Plaintiff disputed the bill, sought records, raised FOIA violations, complained to oversight bodies, and spoke publicly about Hartford water issues. Police-assisted utility enforcement began during the December 9 attempted shutoff. During that interaction, Plaintiff asked Officer Hamre whether the matter was civil or criminal in nature, and Officer Hamre responded, in substance, that it was "civil" at that time. Chief Matthews personally called Plaintiff from a blocked number and came to Plaintiff's residence on January 13, 2026 during the ongoing dispute. During that encounter, when Plaintiff asked about the legal basis for police involvement in collecting or enforcing a disputed civil utility account, Chief Matthews responded in substance: "Legally no, but… as a human being," while continuing to pressure compliance and referencing potential criminal consequences. Plaintiff further states by affidavit that, during the January 13, 2026 interaction with Chief Matthews and Officer Orvis, neither officer explicitly asked for immediate entry into the residence and Plaintiff did not expressly refuse entry.

Plaintiff's evidence further shows that, when City Manager Nicole Brown first contacted him about the alleged "red flag" on January 7, 2026, he agreed to schedule an inspection with Water Department employee "Ricky" and conditioned access on the City first providing the FOIA records it had already failed to produce. This creates a factual dispute concerning any characterization that Plaintiff categorically refused inspection or access and supports the inference that the City chose to escalate to police and warrant processes rather than resolve the dispute through ordinary administrative means.

Chief Matthews' January 21, 2026 affidavit to the magistrate likewise relied on a characterization that is disputed by the existing record. In substance, Plaintiff was portrayed as refusing entry for meter access, even though Plaintiff's documented position was conditional cooperation tied to prior FOIA compliance and written confirmation rather than a blanket refusal. The later February 10, 2026 affidavit and warrant-related materials further focused on alleged meter concerns even though physical access was then obtained and the City's own materials indicate the meter was functioning and did not reveal tampering or bypass conditions.

The February 10, 2026 warrant event did not occur in a vacuum. It occurred after the alleged Harmony "flag alert," after repeated requests for records, after the City claimed work orders and internal communications did not exist, after Plaintiff's January 5 FOIA default notice and January 7–12 follow-up communications, and after public criticism and oversight requests. The same overall course of conduct culminated not only in shutoff and inspection, but also in criminal charges, including a dog-related citation.

A reasonable factfinder could infer that the process was used not merely for neutral inspection purposes, but as part of a coercive escalation in a disputed civil billing matter. Those questions of motive, use, chronology, and propriety are factual issues that should not be resolved on summary disposition.

D. THE RECORD SUPPORTS A FACTUAL DISPUTE AS TO RETALIATORY AND POLICE-DRIVEN ESCALATION.

Even if certain individual steps in the City's narrative can be described as "routine," the overall progression cannot. Plaintiff's chronology reflects a resident who was under SER protection, making payments, asking for explanations, and invoking FOIA—only to see the City respond with police-assisted shutoff attempts, an internal "flag alert" with incomplete documentation, blocked-number calls from the Chief of Police tying payment to law-enforcement involvement, affidavits portraying him as obstructive when he was seeking records, public comments by the Mayor about his alleged delinquency after he posted about PFAS and lead, and finally an administrative warrant that led to winter shutoff, home entry, and criminal citations.

Even if the Court were to conclude that some portions of the City's narrative are supported, summary disposition would still be improper because the record supports a reasonable inference of retaliatory or coercive escalation. Plaintiff's evidence reflects that, rather than responding to record requests and billing disputes through ordinary administrative channels, the City increasingly involved police, public comments, magistrate proceedings, warrant-related processes, and criminal enforcement mechanisms.

The chronology presented by Plaintiff supports the following progression: utility dispute; SER protection and payments; requests for explanation and records; FOIA noncompliance; unresolved discrepancies; police-assisted attempted shutoff; acknowledgment that the matter was "civil"; FOIA default notice; Harmony "flag alert" claims without full supporting documentation; Nicole Brown's access demand and changed inspection date; January 7–12 follow-up communications on the red flag and meter irregularity; blocked-number call and police pressure; January 13 interaction during which no explicit request for immediate entry was made and no express refusal was given; January 21 magistrate affidavit portraying Plaintiff as refusing entry; February 10 affidavit and warrant execution; and criminalization. At a minimum, this creates factual disputes bearing on motive, process, credibility, and the overall propriety of the City's conduct.

E. SUMMARY DISPOSITION IS PREMATURE BECAUSE CRITICAL RECORDS ABOUT HOW AND WHY CITY OFFICIALS USED THEIR POWER REMAIN SOLELY IN THE CITY'S HANDS.

Even apart from the disputes identified above, Defendant's Motion should be denied as premature under MCR 2.116(H). The City continues to control critical categories of technical and internal records directly relevant to the issues raised in its Motion and to the manner in which it chose to use water service, police involvement, and warrant processes against Plaintiff.

Those outstanding materials include, but are not limited to:

a. Harmony Encore audit logs for Plaintiff's account;

b. meter interchange and installation records for the prior meter and the 2025 change-out;

c. endpoint mapping and transmitter assignment records associated with EID 01349085 and any prior related devices;

d. CAD and dispatch records relating to police involvement in shutoffs, magistrate proceedings, and the February 10, 2026 warrant event;

e. internal communications among City officials regarding the alleged flag alert, SER status, FOIA requests, access demands, magistrate presentations, and shutoff decisions; and

f. shutoff work orders, service tickets, drafts, affidavits, communications, and related warrant materials corresponding to the BSA entries and physical enforcement actions.

Plaintiff's Affidavit identifies the specific categories of facts presently unavailable to him because they are in Defendant's possession, custody, or control, including Harmony Encore audit logs, meter-

interchange records, endpoint/EID mapping, transmitter-assignment records, CAD/dispatch records, shutoff work orders, internal communications, and complete warrant-related records. Those records are expected to show which City actors accessed, created, reviewed, or relied upon the disputed readings, "flag alert," shutoff records, January 21 affidavit representations, and February 10 warrant-related assertions.

MCR 2.116(H) authorizes denial or adjournment of a summary-disposition motion where affidavits show that facts essential to justify opposition may exist but cannot yet be presented. Several of these record categories are uniquely controlled by Defendant and are not otherwise publicly accessible to Plaintiff without formal discovery.

Until those materials are produced and examined, Plaintiff cannot fully test Defendant's assertions that the 85,980.00 "Actual" reading was properly attributable, that the Harmony alert justified the actions taken, that the January 21, 2026 affidavit accurately characterized Plaintiff's position regarding entry, that the February 10, 2026 affidavit accurately characterized the meter issue, that there were no contradictory records, or that the warrant-related events were used solely for proper administrative purposes. Further discovery stands a fair chance of uncovering factual support for Plaintiff's claims and undermining Defendant's version of events. Summary disposition is therefore premature.

V. CONCLUSION

Defendant's Motion depends on resolving disputed inferences, disputed chronology, and disputed interpretations of the City's own records in Defendant's favor, which is improper under MCR 2.116(C)(10).

For all of the foregoing reasons, genuine issues of material fact exist with respect to each count of Plaintiff's Complaint. Defendant has not shown entitlement to judgment as a matter of law under MCR 2.116(C)(10).

Plaintiff respectfully requests that this Court:

1. Deny Defendant City of Hartford's Motion for Summary Disposition in its entirety;

2. Permit this matter to proceed through discovery and further proceedings; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 2, 2026

Antonio Hadley

Plaintiff, In Propria Persona

122 Paras Hill Drive

Hartford, MI 49057

Telephone: (269) 336-9909

Email: antoniohadley@gmail.com

CERTIFICATE OF SERVICE

I certify that on June 2, 2026, I served a copy of this Plaintiff's Response to Defendant's Motion for Summary Disposition, together with the Affidavit of Antonio Hadley and Exhibit Index, upon counsel for Defendant, C. Nicholas Curcio, Curcio Law Firm PLC, 16905 Birchview Drive, Nunica, Michigan 49448, by expedited/overnight U.S. Mail.

Antonio Hadley

STATE OF MICHIGAN

IN THE 36TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF VAN BUREN

ANTONIO HADLEY,

Plaintiff,

v. Case No. 2026-75527-CZ

Hon. Susan Metzger

CITY OF HARTFORD,

Defendant.

__________________________________/

AFFIDAVIT OF ANTONIO HADLEY

Antonio Hadley, being first duly sworn, states as follows:

1. Plaintiff is an adult resident of 122 Paras Hill Drive, Hartford, Michigan. The City of Hartford water account associated with Plaintiff's residence has been identified in City records as Account No. 1713 and/or Account No. 00122-0000-02.

2. Plaintiff makes this affidavit from personal knowledge and from records, photographs, receipts, emails, text messages, videos, audio recordings, account printouts, notices, and other documents maintained by Plaintiff relating to the water account, requests for public records, the City's billing and enforcement actions, and the events described below.

3. On or about October 8, 2025, a first period of State Emergency Relief (SER) protection became active on Plaintiff's water account. Based on the SER approval documentation provided, Plaintiff understood that shutoff activity was prohibited or suspended during the covered period while assistance and account resolution remained pending.

4. On October 15, 2025, Plaintiff made a payment of approximately $200.00 toward the account while SER protection remained active.

5. On or about October 25, 2025, the City generated conflicting account documents concerning the water account. One document reflected an amount of approximately $873.30, while another reflected an amount of approximately $1,259.58 for the same general billing period.

6. On November 4, 2025, Plaintiff went in person to Hartford City Hall to discuss the account and billing discrepancies. During that visit, a clerk identified as Rebecca showed Plaintiff account information on a computer screen reflecting 0.00 usage, despite the substantial balances the City was claiming were owed.

7. During that November 4, 2025 visit, Plaintiff verbally requested an explanation, billing audit, and review of the meter because the balances being asserted did not appear consistent with the usage information being displayed.

8. On November 6, 2025, a payment of approximately $534.00 was made toward the account by Casey Rowe. The receipt from that transaction later bore a handwritten notation stating: "Tony you still owe a balance come see me – Nicole."

9. On November 7, 2025, the City disconnected water service to Plaintiff's residence less than twenty-four hours after the November 6 payment and during the period Plaintiff understood SER protection to still be active.

10. On or about November 10, 2025, a second period of SER protection became active on the account, which Plaintiff understood remained in effect through approximately December 9, 2025.

11. On or about November 13, 2025, water service was restored after additional credits and payments were applied, including approximately $140.00 paid by Plaintiff, approximately $350.00 through DHS/SER assistance, and approximately $50.00 associated with reconnect activity.

12. Between October 15, 2025 and November 13, 2025, the account received payments and credits totaling approximately $1,274.00, including a $200.00 personal payment, a $534.00 payment by Casey Rowe, $350.00 DHS/SER assistance, a $140.00 personal payment, and a $50.00 reconnect-related credit or payment.

13. The total credits of approximately $1,274.00 exceeded the City's highest October 2025 bill amount of approximately $1,259.58. Despite this, the City continued asserting delinquent balances, issuing shutoff-related notices, and pursuing enforcement activity.

14. On or about November 19, 2025, the City issued a shutoff notice reflecting an alleged balance of approximately $621.16.

15. Around the same time period, City account records and ledgers reflected different claimed balances, including approximately $537.92 and approximately $538.00, despite the account simultaneously reflecting 0.00 usage.

16. On November 24, 2025, City account records again reflected 0.00 usage while substantial balances continued to be asserted against Plaintiff, as shown in the November 24, 2025 ledger or printout later provided by City Clerk and FOIA Coordinator RoxAnn Rodney-Isbrecht.

17. On November 26, 2025, at approximately 9:02 a.m., Plaintiff photographed the physical water meter installed at the residence.

18. The meter shown in that photograph reflected a reading of approximately 48,424.20.

19. The same photograph shows the meter body stamped with Serial Number 23369242, Electronic ID or EID 01349085, and a manufacture date of November 2023.

20. Later on November 26, 2025, Plaintiff submitted a written FOIA request to the City seeking records relating to the account, including billing ledgers, meter readings, audit logs, work orders, internal communications, service records, meter history, enforcement documentation, and related materials.

21. Based on the timing of that request, Plaintiff understood the City was required under Michigan FOIA to respond within approximately five business days, by approximately December 2, 2025, either by granting the request, denying the request, or issuing a written notice extending the response time.

22. As of approximately December 2, 2025, Plaintiff had received no written response, no written denial, and no extension notice concerning the November 26 FOIA request.

23. On or about December 4, 2025, Plaintiff again went to City Hall and followed up regarding the unanswered FOIA request, the 0.00 usage issue, and the billing discrepancies. No records, explanation, or corrective action was provided.

24. On December 5, 2025, while SER protection remained active, a twenty-four-hour shutoff notice or tag was placed on Plaintiff's property.

25. On December 8, 2025, Plaintiff hand-delivered multiple written notices to the City, including a FOIA Violation Notice, a Timeline of Violations, a Formal Administrative Liability Notice, and a Final Cease and Desist Notice. These documents were stamped received by the City.

26. In those notices, Plaintiff informed the City that the FOIA deadline had expired, the billing figures were inconsistent, the usage information did not align with the charges, and Plaintiff demanded written compliance and cessation of enforcement activity while the dispute remained unresolved.

27. On December 8, 2025, at approximately 2:35 p.m., Nicole Brown texted Plaintiff asking whether Plaintiff was available to meet.

28. On December 9, 2025, at approximately 8:14 a.m., Plaintiff responded asking what time she was thinking, and at approximately 8:18 a.m. she replied "After 1."

29. On December 9, 2025, at approximately 9:30 a.m., Nicole Brown texted Plaintiff stating: "Our meeting tomorrow does not stop your obligation."

30. Later on December 9, 2025, Officer Marcus Hamre came to Plaintiff's residence with a Water Department worker in connection with an attempted shutoff of water service. No in-person meeting with Nicole Brown took place before this attempted shutoff.

31. Plaintiff took or preserved still photograph(s), video stills, and/or related media showing Officer Marcus Hamre at the residence during the December 9, 2025 attempted shutoff.

32. During this interaction, Officer Marcus Hamre referenced Plaintiff's DHS/SER status and the scheduled meeting while participating in the attempted shutoff activity.

33. During the December 9 attempted shutoff, Plaintiff was communicating with the City concerning the billing dispute, unresolved FOIA request, and active SER issues.

34. During that interaction, Plaintiff asked Officer Hamre whether the matter was civil or criminal in nature. Officer Hamre responded, in substance, that it was "civil" at that time.

35. On December 17, 2025, at approximately 5:02 p.m., Plaintiff received an email from RoxAnn Rodney-Isbrecht, acting as City Clerk and FOIA Coordinator, responding to the November 26 FOIA request.

36. That email stated, among other things, that "All work orders related to 122 Paras Hill – do not exist" and "Email or notes Internal Communications – do not exist."

37. The same email directed Plaintiff to the City's BSA Online portal and attached a BSA History Register relating to the account.

38. The BSA History Register and related City account-system records reflected an "Actual" reading of 85,980.00 associated with the account and also reflected a December 10, 2025 entry stating "SHUT OFF FOR NON-P," despite the earlier and contemporaneous 0.00 usage issues described above.

39. The existence of a shutoff-related entry and related account activity within the City's own system records appeared materially inconsistent with the simultaneous statement that no work orders or internal records existed relating to Plaintiff's property or account.

40. The BSA History Register reflected the 85,980.00 reading as occurring on or about November 24, 2025.

41. On December 17, 2025, at approximately 6:55 p.m., Plaintiff again photographed the physical water meter installed at the residence.

42. That photograph showed the same physical meter bearing Serial Number 23369242 and Electronic ID or EID 01349085, with a reading in approximately the 49,900-gallon range.

43. Additional photographs taken on or about December 27, 2025 and January 13, 2026 likewise showed the same meter, bearing Serial Number 23369242 and EID 01349085, with readings in approximately the 49,945 to 49,994 gallon range.

44. The photographs demonstrate that the same physical meter remained installed at Plaintiff's residence from at least November 26, 2025 through January 13, 2026.

45. The presently available records do not establish whether the 85,980.00 reading originated from the physical meter installed at Plaintiff's residence, a prior retired meter, an incorrectly mapped endpoint, or another account-associated device.

46. The City has not produced meter interchange records, endpoint mapping records, transmitter assignment records, or Harmony Encore audit logs sufficient to identify which physical meter generated the disputed 85,980.00 reading.

47. Further, the BSA History Register reflects the 85,980.00 reading as occurring on approximately November 24, 2025, yet photographs of the physical meter installed at Plaintiff's residence taken on December 17, 2025—approximately twenty-three days later—still reflected readings below approximately 50,000 gallons. This created an apparent chronological conflict between the software-generated "Actual" reading and the physical meter readings documented at the property.

48. On December 17, 2025, after receiving the FOIA response from RoxAnn Rodney-Isbrecht, Plaintiff sent an email to Mayor Jane Danger requesting oversight concerning FOIA noncompliance, billing discrepancies, utility enforcement, and police involvement relating to the residence.

49. On December 17, 2025, Plaintiff also sent follow-up emails challenging the statements that work orders and internal communications "do not exist" and explaining that the City's own records reflected enforcement activity requiring documentation.

50. On or about December 18 and December 19, 2025, Plaintiff sent additional written communications demanding FOIA compliance, preservation of evidence, record certification, and written communication rather than unwritten negotiations.

51. Plaintiff later became aware of a City notice dated December 31, 2025 stating that the residence may or may not contain lead-related service line issues and that the City would pay for replacement.

52. Based upon the information available, Plaintiff became concerned that the City had known of potential lead-related issues for a substantial period of time before providing notification.

53. On or about December 29, 2025 and January 1, 2026, Plaintiff contacted the Michigan Attorney General and EGLE concerning billing discrepancies, FOIA noncompliance, lead and PFAS concerns, meter discrepancies, and police involvement in a civil utility dispute.

54. On January 5, 2026, Plaintiff served a formal FOIA Default Notice / Failure to Respond Within Statutory Deadline on the City.

55. On or about January 7 through January 12, 2026, Plaintiff sent additional written communications concerning the FOIA request and the response to the red flag, including a January 12 formal response titled "Follow-Up on Meter Irregularity Identified in Your Email of January 7."

56. On or about January 7, 2026, City Manager Nicole Brown called Plaintiff and stated that there was a "red flag" or "flag alert" on the water account and that Water Department employee Ricky needed to come into the home to inspect the meter.

57. During that call, Plaintiff initially told Ms. Brown that Monday would work for an inspection, but specifically asked that any request and appointment be confirmed in writing.

58. After the phone call, Ms. Brown sent an email changing the proposed inspection from Monday to the following day instead of the date that had been discussed.

59. In response, Plaintiff informed Ms. Brown that the inspection would be permitted after the City provided the billing, meter, and audit-related records already requested in writing on November 26 and December 8, 2025, so that Plaintiff could understand the basis for the alleged irregularities before allowing further inspection.

60. Text messages and emails between Plaintiff and Ms. Brown reflect this exchange regarding the "red flag," the scheduling of Water Department employee Ricky, the insistence on written confirmation, and Plaintiff's conditional agreement to allow entry after FOIA compliance.

61. Plaintiff requested supporting documentation, audit logs, and clarification concerning the alleged flag alert.

62. Plaintiff does not dispute that the City's software may have generated some form of internal flag alert. The core concern is that the City relied upon the alleged flag activity to justify inspection demands, warrant-related activity, and enforcement escalation while simultaneously maintaining that work orders, internal notes, and related records "do not exist."

63. In a later affidavit, sworn statement, declaration, or related filing, RoxAnn Rodney-Isbrecht described a prior meter retirement, a July 2025 installation, Harmony Encore flag alert activity, and approximately 49,940 gallons.

64. Those later sworn statements materially contrasted with the earlier December 17, 2025 FOIA response stating that work orders and internal communications "do not exist," despite the later reliance on meter-retirement activity, installation activity, and Harmony Encore flag-alert activity that would ordinarily generate related records.

65. A meter retirement and replacement would ordinarily require installation records, interchange records, work orders, endpoint mapping records, inventory records, or related documentation.

66. Likewise, a Harmony Encore "flag alert" would ordinarily involve internal system activity, audit logs, event tracking, software records, or related internal documentation.

67. On January 13, 2026, Plaintiff sent an email containing a formal document titled "Formal Notice of Preservation of Evidence and Litigation Hold – Municipal Water and Enforcement Matter" directly to City administration.

68. On or about January 14, 2026, Plaintiff posted public concerns on the "We Love Hartford Michigan" Facebook page regarding Hartford water issues, billing discrepancies, FOIA noncompliance, lead-related concerns, and public accountability.

69. After that public post, Mayor Jane Danger publicly commented regarding Plaintiff's alleged unpaid water bill and shutoff status. Plaintiff retained screenshots of the comment before it was removed or deleted.

70. On January 13, 2026, Chief Brian Matthews contacted Plaintiff from a blocked or private telephone number concerning the disputed water account.

71. At the time of the call, Plaintiff was speaking with Stephanie White, who witnessed the communication.

72. Plaintiff preserved phone records, call-log information, screenshots, and/or contemporaneous notes reflecting the blocked or private call from Chief Matthews on January 13, 2026, before the subsequent in-person visit.

73. Later on January 13, 2026, Chief Matthews and Officer Orvis came to Plaintiff's residence and met with Plaintiff at approximately 2:00 p.m.

74. Plaintiff took or preserved still photograph(s), video stills, audio-related screenshots, and/or related media showing Chief Matthews and Officer Orvis at the residence during the January 13, 2026 visit.

75. During that meeting, Chief Matthews presented a Harmony-related printout reflecting an alleged balance of approximately $789.28.

76. During the meeting, Plaintiff questioned the legal authority for police involvement in collecting or enforcing a disputed civil utility account.

77. In substance, Chief Matthews stated: "Legally no, but… as a human being," while continuing to pressure compliance and referencing potential criminal consequences. Plaintiff preserved a recording of this interaction.

78. Plaintiff retained the Harmony printout provided by Chief Matthews.

79. On January 21, 2026, Chief Brian Matthews submitted an affidavit and/or related warrant materials before a magistrate in support of warrant-related relief. Based on the records available, those materials represented, in substance, that Plaintiff was refusing or preventing access for meter inspection purposes and that judicial intervention was required.

80. That characterization did not accurately reflect Plaintiff's position, because Plaintiff had informed the City that inspection would be permitted after the City first produced the billing, meter, and audit-related records already requested in writing and after the request was properly confirmed in writing.

81. At no time during the January 13, 2026 interaction with Chief Matthews and Officer Orvis did either officer explicitly ask for immediate entry into the residence, and Plaintiff did not expressly refuse entry to either officer.

82. For several years before February 10, 2026, Plaintiff owned a pickup truck parked near the front area of the property.

83. In or about 2023, the City cited the truck during a blight matter, towed it, and later returned it to substantially the same location.

84. During that prior blight matter, no City official informed Plaintiff that the truck obstructed water shutoff access.

85. From 2023 through February 10, 2026, the truck remained in substantially the same location.

86. On February 2, 2026, after dark, Chief Matthews delivered a sealed dog-related letter to Plaintiff's minor son, Braylen Lowe.

87. On January 21, 2026 and/or February 10, 2026, Chief Matthews submitted or relied upon affidavit(s), administrative search warrant materials, supporting applications, and related records concerning alleged meter-related concerns, alleged access issues relating to the residence, access to the shutoff location, and issues relating to the pickup truck.

88. During the February 10, 2026 warrant execution, City personnel shut off water service at the curb.

89. Plaintiff's pickup truck was not moved or towed before the City shut off the water.

90. The fact that the water was shut off while the truck remained stationary appeared inconsistent with claims that the truck prevented access to the shutoff location.

91. During the February 10, 2026 warrant execution, City personnel entered the residence and inspected the meter.

92. Based on the records presently available, the City's own materials indicate that the physical meter was functioning and did not reveal tampering or bypass conditions during the February 10, 2026 inspection.

93. On February 13, 2026, after the Circuit Court entered temporary restraining relief directing restoration of water service, City personnel installed a different water meter at the residence.

94. Plaintiff photographed that replacement meter on February 13, 2026 at approximately 2:41 p.m.

95. The replacement meter reflected Serial Number 23369306, Electronic ID or EID 01348077, and a near-zero reading consistent with a newly installed meter.

96. The sequence of photographs reflects that the meter bearing Serial Number 23369242 and EID 01349085 remained installed from at least November 26, 2025 through January 13, 2026, and that a different meter bearing Serial Number 23369306 and EID 01348077 was installed on or about February 13, 2026.

97. The February 13, 2026 replacement activity further demonstrated that the City possessed the operational capability to replace or interchange meters and associated endpoints despite earlier representations that related records, work orders, or internal documentation "do not exist."

98. On February 13, 2026, the Circuit Court entered temporary restraining relief directing restoration of water service and restraining further shutoff activity concerning the disputed account pending further proceedings.

99. On or about May 21, 2026, the criminal citations associated with the February 10, 2026 events were dismissed.

100. Plaintiff has requested, but not fully received, Harmony Encore audit logs, endpoint mapping records, transmitter assignment records, meter interchange records, CAD and dispatch records, complete January 21, 2026 and February 10, 2026 warrant-related affidavit materials, and additional records relating to the alleged flag alert and disputed readings.

101. Many of the technical and internal records relevant to these events—including Harmony Encore audit logs, meter interchange records, endpoint mapping records, transmitter assignment records, CAD or dispatch records, internal communications, and complete warrant-related materials—remain within the possession, custody, or control of Defendant City of Hartford and have not yet been fully produced.

102. True and correct copies of the documents, photographs, screenshots, records, and media identified in the accompanying Exhibit Index are attached collectively as Exhibits A through AI.

103. Certain records referenced herein remain within the possession, custody, or control of Defendant City of Hartford or third parties, and Plaintiff reserves the right to supplement this affidavit as additional records become available through discovery, FOIA compliance, subpoena, or other lawful process.

FURTHER AFFIANT SAYETH NOT.

Antonio Hadley

Plaintiff, In Propria Persona

122 Paras Hill Drive

Hartford, MI 49057

Telephone: (269) 336-9909

Email: antoniohadley@gmail.com

STATE OF MICHIGAN )

) ss.

COUNTY OF ____________)

Subscribed and sworn to before me on this _____ day of _________________, 2026, by Antonio Hadley.

Notary Public, State of Michigan

County of ______________________

My Commission Expires: __________

Acting in the County of VAN BUREN

STATE OF MICHIGAN

IN THE 36TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF VAN BUREN

ANTONIO HADLEY,

Plaintiff,

Case No. 2026-75527-CZ

v. Hon. Susan Metzger

CITY OF HARTFORD,

Defendant.

_________________________________/

PLAINTIFF'S EXHIBIT LIST

(Relating to Affidavit of Antonio Hadley)

Exhibit A – October 8, 2025 State Emergency Relief (SER) approval or related documentation showing SER protection for Plaintiff's water account (Aff. ¶3).

Exhibit B – October 15, 2025 payment receipt or account record showing Plaintiff's $200.00 payment toward the water account (Aff. ¶4, ¶12).

Exhibit C – October 25, 2025 conflicting City billing/account documents showing approximately $873.30 and $1,259.58 for the same general billing period (Aff. ¶5, ¶13).

Exhibit D – November 6, 2025 payment receipt for approximately $534.00 made by Casey Rowe, including the handwritten notation "Tony you still owe a balance come see me – Nicole" (Aff. ¶8, ¶12).

Exhibit E – November 10, 2025 SER documentation or account record reflecting activation of the second SER protection period (Aff. ¶10).

Exhibit F – November 13, 2025 reconnect or restoration records, including documentation of approximately $140.00 payment, $350.00 DHS/SER assistance, and $50.00 reconnect-related credit or payment (Aff. ¶11, ¶12).

Exhibit G – November 19, 2025 shutoff notice reflecting alleged balance of approximately $621.16 (Aff. ¶14).

Exhibit H – November 24, 2025 account ledger or printout showing "0.00" usage and alleged balances (Aff. ¶15–¶16).

Exhibit I – November 26, 2025 still photograph(s) showing the physical meter at Plaintiff's residence, including reading of approximately 48,424.20, Serial No. 23369242, and EID 01349085 (Aff. ¶17–¶19).

Exhibit J – November 26, 2025 written FOIA request to the City regarding water account records, meter readings, audit logs, work orders, internal communications, service records, meter history, enforcement documentation, and related materials (Aff. ¶20–¶22).

Exhibit K – December 5, 2025 24-hour shutoff notice/tag placed on Plaintiff's property while SER protection remained active (Aff. ¶24).

Exhibit L – December 8, 2025 FOIA Violation Notice, Timeline of Violations, Formal Administrative Liability Notice, and Final Cease and Desist Notice, stamped received by the City (Aff. ¶25–¶26).

Exhibit M – December 8–9, 2025 text message screenshots between Plaintiff and Nicole Brown regarding scheduling and the message "Our meeting tomorrow does not stop your obligation" (Aff. ¶27–¶29).

Exhibit N – December 9, 2025 still photograph(s), video stills, and/or related media showing Officer Marcus Hamre at Plaintiff's residence during the attempted shutoff (Aff. ¶30–¶33).

Exhibit O – December 17, 2025 FOIA response email from RoxAnn Rodney-Isbrecht, including the statements "All work orders related to 122 Paras Hill – do not exist" and "Email or notes Internal Communications – do not exist" (Aff. ¶35–¶36).

Exhibit P – BSA History Register and related City account-system records reflecting an "Actual" reading of 85,980.00 and a December 10, 2025 entry stating "SHUT OFF FOR NON-P" (Aff. ¶37–¶40).

Exhibit Q – December 17, 2025 still photograph(s) showing the same physical meter at Plaintiff's residence with a reading in approximately the 49,900-gallon range, Serial No. 23369242, and EID 01349085 (Aff. ¶41–¶43).

Exhibit R – December 18–19, 2025 written communications demanding FOIA compliance, preservation of evidence, record certification, and written communication (Aff. ¶48–¶50).

Exhibit S – December 31, 2025 City notice regarding possible lead-related service line issues and City payment for replacement (Aff. ¶51–¶52).

Exhibit T – December 29, 2025 and January 1, 2026 communications from Plaintiff to the Michigan Attorney General and EGLE regarding billing discrepancies, FOIA issues, lead/PFAS concerns, meter discrepancies, and police involvement (Aff. ¶53).

Exhibit U – January 5, 2026 FOIA Default Notice / Failure to Respond Within Statutory Deadline (Aff. ¶54).

Exhibit V – January 7–12, 2026 emails and written communications concerning the FOIA request, the red flag, inspection scheduling, and Plaintiff's January 12 response titled "Follow-Up on Meter Irregularity Identified in Your Email of January 7" (Aff. ¶55–¶61).

Exhibit W – Affidavit, sworn statement, or declaration by RoxAnn Rodney-Isbrecht describing prior meter retirement, July 2025 installation, Harmony Encore flag alert activity, and approximately 49,940 gallons, including statements materially contrasting with the December 17, 2025 FOIA response asserting that work orders and internal communications "do not exist" (Aff. ¶63–¶66).

Exhibit X – January 13, 2026 email from Plaintiff to City administration attaching the "Formal Notice of Preservation of Evidence and Litigation Hold – Municipal Water and Enforcement Matter" (Aff. ¶67).

Exhibit Y – January 13, 2026 audio recording and corresponding call-log or screenshot capturing the blocked/private phone call from Chief Brian Matthews to Plaintiff earlier that day, during which Chief Matthews informed Plaintiff that the City claimed he was in arrears, that his water would be shut off, and that he would come to Plaintiff's home and, if Plaintiff did not cooperate, seek a court order and possible legal charges for alleged obstruction (Aff. ¶70–¶72).

Exhibit Z – January 13, 2026 still photograph(s), video stills, audio-related screenshots, and/or related media showing Chief Brian Matthews and Officer Orvis at Plaintiff's residence during the approximately 2:00 p.m. visit (Aff. ¶73–¶74, ¶81).

Exhibit AA – January 13, 2026 Harmony Encore account printout and related billing document handed to Plaintiff by Chief Matthews during the approximately 2:00 p.m. visit, reflecting an alleged balance of approximately $789.28 and account information for Plaintiff's water service (Aff. ¶75, ¶78).

Exhibit AB – January 13, 2026 packet of documents handed to Plaintiff by Chief Matthews during the approximately 2:00 p.m. visit, including (a) BSA or History Register page(s), (b) Hartford Public Works "Cross Connection; Inspections" language referencing Hartford Code § 51.11, and (c) the list of cited Michigan statutes MCL 750.478a, MCL 750.282, and MCL 750.81e that were highlighted or referenced to warn Plaintiff about alleged obstruction or interference (Aff. ¶75, ¶78, ¶87).

Exhibit AC – January 14, 2026 screenshots of Plaintiff's "We Love Hartford Michigan" Facebook post raising concerns regarding Hartford water issues, billing discrepancies, FOIA noncompliance, lead-related concerns, and accountability (Aff. ¶68).

Exhibit AD – Screenshot(s) of Mayor Jane Danger's public Facebook comment regarding Plaintiff's alleged unpaid water bill and shutoff status (Aff. ¶69).

Exhibit AE – February 2, 2026 sealed dog-related letter delivered to Plaintiff's minor son Braylen Lowe, and/or envelope showing delivery by Chief Matthews (Aff. ¶86).

Exhibit AF – January 21, 2026 and/or February 10, 2026 affidavit(s), administrative search warrant materials, supporting applications, magistrate-related submissions, and related records submitted or relied upon by Chief Matthews concerning alleged meter-related concerns, alleged access to the residence, alleged access to the shutoff location, and the pickup truck (Aff. ¶79, ¶87).

Exhibit AG – February 10, 2026 City shutoff record(s), work order(s), service action record(s), and/or related documentation reflecting water shutoff activity at Plaintiff's account (Aff. ¶88–¶90).

Exhibit AH – February 13, 2026 temporary restraining order or related court order directing restoration of water service and restraining further shutoff activity (Aff. ¶93–¶98).

Exhibit AI – February 13, 2026 still photograph(s) showing the replacement meter installed at Plaintiff's residence (Serial No. 23369306, EID 01348077, near-zero reading) and any service record documenting that meter change (Aff. ¶93–¶97).

Respectfully submitted,

Dated: June 2, 2026

Antonio Hadley

Plaintiff, In Propria Persona

122 Paras Hill Drive

Hartford, MI 49057

Telephone: (269) 336-9909

Email: antoniohadley@gmail.com

# EXHIBIT A

VAN BUREN COUNTY DHS
57150 CR 681
HARTFORD MI 49057

Case Name: **Antonio Hadley**
Case Number: **115080394**
Date: **10/16/2025**
MDHHS Office: **VAN BUREN COUNTY DHS**



Specialist: **M. Connection**
Phone: **(844) 464-3447**
Fax: **(517) 346-9888**
Specialist ID: **MDHHS-VanBuren**

**STATE OF MICHIGAN**
**Department of Health and Human Services**

If you do not understand this, call an MDHHS office in your area.
MDHHS employees are prohibited by law from providing legal advice.
Si ústed no entiende esto, llame a una oficina de MDHHS en su área.
La ley prohíbe a los empleados de MDHHS proporcionar asesoría legal.
إذا واجهت صعوبة في فهم هذا الطلب، فأتصل بمكتب MDHHS الموجود في منطقتك.
يحرّم القانون على موظفي MDHHS إعطاء النصيحة القانونية.

ANTONIO D HADLEY
122 PARAS HILL DR
HARTFORD MI 49057

VAN BUREN COUNTY DHS
57150 CR 681
HARTFORD MI 49057

## STATE EMERGENCY RELIEF DECISION NOTICE

We have made a determination on your request for assistance.

**Eligibility Group Number: 48258811**

| SERVICE REQUESTED | DHS PAYS | YOUR PAYMENT | TOTAL | DATES COVERED |
|---|---|---|---|---|
| Water or Sewage | $ 350.00 | $ 733.93 | $ 1083.93 | 10/08/2025 - 11/06/2025 |

Your total copayment is $ 733.93 and results from $ 0.00 unmet required payments (shortfall), $ 0.00 income/asset copayment, $ 0.00 prorated amount, $ 733.93 contributions from you and/or other sources.

No DHS payment(s) will be made for **any service(s)** until you provide proof that you made your payment(s) shown above. If verification of your payment(s) is not returned by 11/06/2025 the DHS payment(s) will not be made and you will need to reapply. The DHS payment will be authorized ONLY for the item(s) and amount(s) specified above. Payment covers only the time period listed.

$ 0.00 has been identified as illegal usage and has not been considered in this request. You are responsible for this amount.

Your payment may include a contribution for services that are not eligible for SER payment.



00105994000968020100

If you request assistance for a shelter-related item, energy (heating fuel and/or electricity) or other utilities, you must prove you have paid the amount(s) listed below before receiving emergency assistance.

All Shelter Obligations, including all your rent, mortgage or land contract payments and property taxes.

Energy Payment Obligations, Heating Fuel $ 90.00 and Electricity $ 48.00 every month. In addition to these amounts, you must pay any special heating and/or electric allowances, home heating credit, payments or vouchers received from a governmental agency.

Water and/or cooking gas $ 13.00 every month.

# EXHIBIT B

Receipt: 0000002341 10/15/25

**19 WEST MAIN**
**HARTFORD, MI 49057**

Cashier: RSenard
Received Of: ANTONIO HADLEY

122 PARAS HILL DR
HARTFORD MI 49057

The sum of: 200.00

| | | |
|---|---|---|
| **UB** | **1713** | **200.00** |
| | **Total** | **200.00** |

**TENDERED:** Cash 200.00

PAID
OCT 15 2025
CITY OF HARTFORD

Signed: ______________________

# EXHIBIT C

# REMINDER/ SHUT OFF NOTICE

CITY OF HARTFORD
WATER / SEWER SERVICE

CITY OF HARTFORD
19 W. MAIN ST.
HARTFORD, MI 49057

GRAND RAPIDS MI 493
25 OCT 2025 PM 3 L

WE APPRECIATE YOUR PROMPT ATTENTION

TEMP SERVICE REQUESTED

SASSAFRAS

PROPERTY ADDRESS
122 PARAS HILL DRIVE

| CYCLE | SECTION | ACCOUNT NUMBER |
|---|---|---|
| 1 | 4G | PARA-000122-0000-02 |

| DUE DATE | AMOUNT DUE |
|---|---|
| 10/16/25 | $873.30 |

Your account is now PAST DUE. If the amount is not paid by the due date shown above, service will be discontinued. Before service is restored, the total amount due must be paid, plus a reconnect charge of $30.00.

RETURN THIS PORTION WITH PAYMENT

CUSTOMER NAME & ADDRESS
ANTONIO HADLEY
122 PARAS HILL DRIVE

| CYCLE | SECTION | SEQUENCE NO. |
|---|---|---|
| 1 | 4G | |

ACCOUNT NUMBER
PARA-000122-0000-02

| DUE DATE | AMOUNT DUE |
|---|---|
| 10/16/25 | $873.30 |

THE NEW LINK TO VIEW YOUR ACCOUNT IS BSAONLINE.COM/HOME/MUNICIPALITYHOME

ANTONIO HADLEY
122 PARAS HILL DR
HARTFORD, MI 49057

---

CITY OF HARTFORD
19 W. MAIN ST.
HARTFORD, MI 49057

GRAND RAPIDS MI 493
27 OCT 2025 PM 4

TEMP SERVICE REQUESTED

SWEETGUM

PROPERTY ADDRESS
122 PARAS HILL DRIVE

| CYCLE | SECTION | ACCOUNT NO |
|---|---|---|
| 1 | 4G | 1713 |

| FROM | TO | |
|---|---|---|
| 09/01/25 | 09/30/25 | 30 |

UTILITY BILL

| CODE | CURR READ | PREV READ | 1000 GALLONS | |
|---|---|---|---|---|
| PB | | | | $1022.41 |
| WA | 20000A | 5000A | 15,000 | $70.67 |
| SW | 20000A | 5000A | 15,000 | $132.50 |
| CA | | | | $20.00 |
| WI | | | | $14.00 |

BILLING DATE 10/16/2025 AMOUNT DUE $1259.58

AFTER 11/15/2025 PAY THIS LATE AMOUNT $1295.16

RETURN THIS PORTION WITH PAYMENT

CUSTOMER NAME & ADDRESS
ANTONIO HADLEY
122 PARAS HILL DRIVE

| CYCLE | SECTION | SEQUENCE NO. |
|---|---|---|
| 1 | 4G | 4G |

ACCOUNT NO
1713

| BILLING DATE | AMOUNT DUE |
|---|---|
| 10/16/25 | $1259.58 |

| AFTER | PAY THIS LATE AMT. |
|---|---|
| 11/15/25 | $1295.16 |

THE NEW LINK TO VIEW YOUR ACCOUNT IS BSAONLINE.COM/HOME/MUNICIPALITYHOME

ANTONIO HADLEY
122 PARAS HILL DR
HARTFORD, MI 49057

# EXHIBIT D

Receipt: 0000002750 11/06/25

HARTFORD

**19 WEST MAIN**
**HARTFORD, MI 49057**

Cashier: RSenard
Received Of: ANTONIO HADLEY

122 PARAS HILL DR
HARTFORD MI 49057

The sum of: 534.00

| | | |
|---|---|---|
| **UB** | **1713** | **534.00** |
| | **Total** | **534.00** |

**TENDERED:** Cash NP CASH 534.00

RECEIVED
NOV 0 6 2025
CITY OF HARTFORD

Tony, you still owe a balAnce. Come see me. [signature]

Signed: ______________________

# EXHIBIT E

VAN BUREN COUNTY DHS
57150 CR 681
HARTFORD MI 49057

Case Name: Antonio Hadley
Case Number: 115080394
Date: 11/12/2025
MDHHS Office: VAN BUREN COUNTY DHS



Specialist: M. Connection
Phone: (844) 464-3447
Fax: (517) 346-9888
Specialist ID: MDHHS-VanBuren

**STATE OF MICHIGAN**
**Department of Health and Human Services**

If you do not understand this, call an MDHHS office in your area.
MDHHS employees are prohibited by law from providing legal advice.
Si ústed no entiende esto, llame a una oficina de MDHHS en su área.
La ley prohíbe a los empleados de MDHHS proporcionar asesoría legal.
إذا واجهت صعوبة في فهم هذا الطلب، فاتصل بمكتب MDHHS الموجود في منطقتك.
يحرّم القانون على موظفي MDHHS إعطاء النصيحة القانونية.

ANTONIO D HADLEY
122 PARAS HILL DR
HARTFORD MI 49057

VAN BUREN COUNTY DHS
57150 CR 681
HARTFORD MI 49057

## STATE EMERGENCY RELIEF DECISION NOTICE

We have made a determination on your request for assistance.

**Comments:**

DHS WILL PAY $350 FOR PAST DUE & $50 RECONNECT FEE AFTER YOU PROVIDE PROOF OF $188.41 PAYMENT.

**Eligibility Group Number: 48258811**

| SERVICE REQUESTED | DHS PAYS | YOUR PAYMENT | TOTAL | DATES COVERED |
|---|---|---|---|---|
| Water or Sewage | $ 350.00 | $ 138.41 | $ 488.41 | 11/10/2025 - 12/09/2025 |
| Deposit/ Reconnect Fees | $ 50.00 | $ 0.00 | $ 50.00 | 11/10/2025 - 12/09/2025 |

Your total copayment is $ 138.41 and results from $ 0.00 unmet required payments (shortfall), $ 0.00 income/asset copayment, $ 0.00 prorated amount, $ 138.41 contributions from you and/or other sources.

No DHS payment(s) will be made for **any service(s)** until you provide proof that you made your payment(s) shown above. If verification of your payment(s) is not returned by 12/09/2025 the DHS payment(s) will not be made and you will need to reapply. The DHS payment will be authorized ONLY for the item(s) and amount(s) specified above. Payment covers only the time period listed.

$ 0.00 has been identified as illegal usage and has not been considered in this request. You are responsible for this amount.

Your payment may include a contribution for services that are not eligible for SER payment.

If you request assistance for a shelter-related item, energy (heating fuel and/or electricity) or other utilities, you must prove you have paid the amount(s) listed below before receiving emergency assistance.

All Shelter Obligations, including all your rent, mortgage or land contract payments and property taxes.

Energy Payment Obligations, Heating Fuel $ 90.00 and Electricity $ 48.00 every month. In addition to these amounts, you must pay any special heating and/or electric allowances, home heating credit, payments or vouchers received from a governmental agency.

Water and/or cooking gas $ 13.00 every month.

# EXHIBIT F

Receipt: 0000002967 11/13/25

**19 WEST MAIN**
**HARTFORD, MI 49057**

Cashier: RSenard
Received Of: ANTONIO HADLEY

122 PARAS HILL DR
HARTFORD MI 49057

The sum of: 140.00

| | | |
|---|---|---|
| **UB** | **1713** | **140.00** |
| | **Total** | **140.00** |

**TENDERED:** Cash 140.00

PAID

NOV 13 2025

CITY OF HARTFORD

Signed: ______________________________

# EXHIBIT G

# REMINDER/ SHUT OFF NOTICE

CITY OF HARTFORD
WATER / SEWER SERVICE

CITY OF HARTFORD
19 W. MAIN ST.
HARTFORD, MI 49057

GRAND RAPIDS MI 493
19 NOV 2025 PM 6 L

1775 ★ 2025
SASSAFRAS

WE APPRECIATE YOUR PROMPT ATTENTION

TEMP SERVICE REQUESTED

RETURN THIS PORTION WITH PAYMENT

CUSTOMER NAME & ADDRESS
ANTONIO HADLEY
122 PARAS HILL DRIVE

| CYCLE | SECTION | SEQUENCE NO. |
|---|---|---|
| 1 | 4G | |

ACCOUNT NUMBER
PARA-000122-0000-02

| DUE DATE | AMOUNT DUE |
|---|---|
| 11/20/25 | $621.16 |

THE NEW LINK TO VIEW YOUR ACCOUNT IS BSAONLINE.COM/HOME/MUNICIPALITYHOME

PROPERTY ADDRESS
122 PARAS HILL DRIVE

| CYCLE | SECTION | ACCOUNT NUMBER |
|---|---|---|
| 1 | 4G | PARA-000122-0000-02 |

| DUE DATE | AMOUNT DUE |
|---|---|
| 11/20/25 | $621.16 |

Your account is now PAST DUE. If the amount is not paid by the due date shown above, service will be discontinued. Before service is restored, the total amount due must be paid, plus a reconnect charge of $30.00.

ANTONIO HADLEY
122 PARAS HILL DR
HARTFORD, MI 49057

19 NOV 2025PM 6 L
GRAND RAPIDS MI 493

49057-116422

# EXHIBIT H

HISTORY DETAIL LIST FOR CITY OF HARTFORD

| Location Number Posted | Created | Account Number Trx. Type Detail | Action Detail | Service Address Read | Usage | OtherInfo | Customer Name Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| **PARA-000122-0000-02** | | **1713** | | **122 PARAS HILL DRIVE** | | | **ANTONIO HADLEY** | |
| 11/24/2025 | 11/24/2025 | Bill Calculated | 10/01/25-10/31/2 | 0.00 | 0.00 | | 315.17 | 537.92 |
| 11/19/2025 | 11/19/2025 | Payment Posted | 0000003253 | 0.00 | 0.00 | | (348.41) | 222.75 |
| 11/19/2025 | 11/19/2025 | Payment Posted | 0000003252 | 0.00 | 0.00 | | (50.00) | 571.16 |
| 11/16/2025 | 11/17/2025 | Penalty | | 0.00 | 0.00 | | 35.58 | 621.16 |
| 11/13/2025 | 11/13/2025 | Payment Posted | 0000002967 | 0.00 | 0.00 | | (140.00) | 585.58 |
| 11/06/2025 | 11/06/2025 | Payment Posted | 0000002750 | 0.00 | 0.00 | | (534.00) | 725.58 |
| 10/24/2025 | 10/24/2025 | Bill Calculated | 09/01/25-09/30/2 | 0.00 | 0.00 | | 237.17 | 1,259.58 |
| 10/20/2025 | 10/20/2025 | Penalty | | 0.00 | 0.00 | | 27.31 | 1,022.41 |
| 10/20/2025 | 10/20/2025 | Penalty | | 0.00 | 0.00 | | 27.31 | 1,049.72 |
| 10/15/2025 | 10/15/2025 | Payment Posted | 0000002341 | 0.00 | 0.00 | | (200.00) | 995.10 |
| 09/23/2025 | 09/23/2025 | Bill Calculated | 08/01/25-08/31/2 | 0.00 | 0.00 | | 111.17 | 1,195.10 |
| 09/16/2025 | 09/16/2025 | Penalty | | 0.00 | 0.00 | | 10.63 | 1,083.93 |
| 08/21/2025 | 08/21/2025 | Bill Calculated | 07/01/25-07/31/2 | 0.00 | 0.00 | | 70.85 | 1,073.30 |
| 08/20/2025 | 08/20/2025 | Penalty | | 0.00 | 0.00 | | 91.90 | 1,002.45 |
| 07/16/2025 | 07/16/2025 | Penalty | Penalty Transact | 0.00 | 0.00 | P | 38.77 | 297.92 |
| 07/16/2025 | 07/21/2025 | Bill Calculated | 2025JUNE | 0.00 | 0.00 | B | 612.63 | 910.55 |
| 07/03/2025 | 07/03/2025 | Payment Posted | CASH RKS | 0.00 | 0.00 | R | (115.00) | 259.15 |
| 07/02/2025 | 07/02/2025 | Payment Posted | CASH RKS | 0.00 | 0.00 | R | (300.00) | 374.15 |
| 06/16/2025 | 06/16/2025 | Penalty | Penalty Transact | 0.00 | 0.00 | P | 42.36 | 415.67 |
| 06/16/2025 | 06/25/2025 | Bill Calculated | 2025MAY | 0.00 | 0.00 | B | 258.48 | 674.15 |
| 05/16/2025 | 05/16/2025 | Penalty | Penalty Transact | 0.00 | 0.00 | P | 11.86 | 90.96 |
| 05/16/2025 | 05/23/2025 | Bill Calculated | 2025APRIL | 0.00 | 0.00 | B | 282.35 | 373.31 |
| 05/12/2025 | 05/13/2025 | Payment Posted | CASH | 0.00 | 0.00 | R | (200.00) | 79.10 |
| 04/21/2025 | 04/21/2025 | Payment Posted | CASH RKS | 0.00 | 0.00 | R | (210.00) | 279.10 |
| 04/16/2025 | 04/16/2025 | Penalty | Penalty Transact | 0.00 | 0.00 | P | 7.77 | 208.96 |
| 04/16/2025 | 04/17/2025 | Bill Calculated | 2025March | 0.00 | 0.00 | B | 280.14 | 489.10 |
| 03/17/2025 | 03/18/2025 | Payment Posted | CASH RKS | 0.00 | 0.00 | R | (1,000.00) | 176.19 |
| 03/16/2025 | 03/17/2025 | Penalty | Penalty Transact | 0.00 | 0.00 | P | 25.58 | 1,176.19 |
| 03/15/2025 | 03/19/2025 | Bill Calculated | 2025FEBRUARY | 0.00 | 0.00 | B | 51.85 | 1,150.61 |
| 02/16/2025 | 02/18/2025 | Penalty | Penalty Transact | 0.00 | 0.00 | P | 27.17 | 903.24 |
| 02/16/2025 | 02/24/2025 | Bill Calculated | 2025JANUARY | 0.00 | 0.00 | B | 170.52 | 1,073.76 |
| 01/16/2025 | 01/16/2025 | Penalty | Penalty Transact | 0.00 | 0.00 | P | 32.56 | 694.94 |
| 01/16/2025 | 01/21/2025 | Bill Calculated | 2024December | 0.00 | 0.00 | B | 181.13 | 876.07 |

Total Usage: 0.00

# EXHIBIT I


1:17
Hartford
November 26, 2025 9:02 AM
S/N:23369242
CAT. NO.11530040
TB:110
QC: 40109
High: 100
Int: 99.9
Low: 99.9
1349085
1349085
5/8"X1/2"
S/N 23369242
EID 01349085


MASTER METER
EID 01349085
S/N 23369242
5/8" X 1/2"
1349085
1349085
High: 100
Int: 99.9
Low: 99.9

# EXHIBIT J

FOIA REQUEST — COMPLETE WATER ACCOUNT FILE

Date: November 26, 2025

To:

City of Hartford
Attn: FOIA Coordinator
19 West Main St
Hartford, MI 49057

From:

Antonio Hadley
122 Paras Hill Dr
Hartford, MI 49057

RE: Freedom of Information Act Request — Complete Water Account File

Dear FOIA Coordinator,

I am submitting this as a formal FOIA request for my complete water account records. I am requesting
the following documents:

1. Full Water Account Ledger (36 months)
- All charges, payments, adjustments, penalties, late fees, and credits
- Meter reads (actual + estimated)
- Billing cycles & dates
- Any notes, internal comments, or account flags

2. All Water Bills & Shutoff Notices (36 months)
3. All Work Orders Related to My Address (36 months)
4. All DHS/SER Communications Received by the City (Past 12 months)
5. Internal Communication (Emails or Notes)
- Relevant date range: January 1, 2023 – Present

FORMAT REQUESTED:

Digital PDF copies (preferred) or printed copies available for pickup.

RESPONSE TIMELINE:

This request is made under the Michigan FOIA statute. The City is required to respond within 5 business days, or issue a permissible 10-day extension.

Thank you for your cooperation.

Respectfully,

Antonio Hadley

# EXHIBIT K


12:52
December 5, 2025
3:25 PM
FINAL 24-HOUR
WATER
SHUT OFF
NOTICE
MONDAY-THURSDAY 9AM-5PM
FRIDAY 9AM-4PM
PAY ONLINE AT ALLPAID.COM
USE CODE: 9267
AFTERS HOUR TURN ON FEES APPLY
Arrangements CANNOT be made over the phone.
After hours drop box East side of City Hall
Unpaid bills are a lien on the property.
Shut off/Turn on Fee:
Water Turn on after hours: $100
City of Hartford
19 W. Main St. - 269-621-2477

# EXHIBIT L

**:HIBIT C — MASTER TIMELINE OF VIOLATIONS**
**ty of Hartford Water Department**
**count #00122-0000-02**
**tonio Hadley – 122 Paras Hill Dr, Hartford, MI 49057**

RECEIVED
DEC 0 8 2025
CITY OF HARTFORD

**tober 6 – November 6, 2025 — SER Protection Active**
**ıte Emergency Relief (SER) protection was active on the account.**
**ring this period, the account was legally shielded from disconnection under SER rules.**

**vember 6, 2025 — $534 Payment Made**
**iid $534 at the Hartford City office.**
**s payment brought the account into compliance during an active SER protection window.**

**vember 7, 2025 — Improper / Illegal Shutoff**
**ıpite the November 6 payment and SER protection, the City disconnected my water service on November 7.**
**s shutoff violated:**

- **SER protection requirements for households in an active assistance window;**
- **Michigan's required advance notice rules for shutoffs;**
- **Basic due process in the handling of an essential service.**

**'ember 7–8, 2025 — Turn-On and DHS Payments**
**ır the shutoff, I paid an additional $140 to restore service.**
**rtly after, DHS paid:**

- **$350 toward the bill; and**
- **$60 toward the turn-on fee.**

**These payments twice cured any claimed delinquency and extended protection under the active SER case.**

**ember 19, 2025 — Shutoff Notice Mailed (1-Day Deadline)**
**City mailed a shutoff notice dated 11/19/25 with a due date of 11/20/25, effectively providing only one day to respond.**
**is inconsistent with Michigan's utility standards, which require meaningful advance notice before termination of service.**

**ember 20–21, 2025 — Conflicting Balances Issued**
**ınd this time, I received documents and information showing multiple different balances on the same account period, including $621, $537, and $538.**
**ıe contradictions demonstrate serious internal accounting errors or mishandling of ledger entries.**

**ember 26, 2025 — FOIA Request Submitted**
**lovember 26, 2025, I submitted a written Freedom of Information Act (FOIA) request for:**

- **The full billing ledger for Account #00122-0000-02;**
- **All meter readings and meter test logs;**
- **All work orders, service notes, and adjustments on the account.**

**ımber 2, 2025 — FOIA Response Deadline Missed**
**ır MCL 15.235(2), the City was required to respond to my FOIA request within 5 business days (by December 2, 2025), either granting the request, denying it in ng, or issuing a proper extension.**
**ısponse, denial, or extension was issued, putting the City in direct violation of FOIA.**

**mber 4, 2025 — In-Person Follow-Up, No Correction**
**about December 4, 2025, I spoke with Roxanne in person regarding my FOIA request and the billing issues. She acknowledged the situation, but no FOIA response or ıctive action followed.**

**mber 5, 2025 — Door Tag Posted During Active Case Window**
**ecember 5, 2025, a shutoff door tag was posted on my property.**
**was done:**

- **While SER assistance and crisis-resolution activity were still active;**
- **After significant payments by both myself and DHS;**
- **While my FOIA request and dispute remained unresolved.**

**This action shows continuing improper shutoff activity and pressure in the middle of a documented, unresolved dispute.**

**ing — Meter Test Requested, Still Not Performed**
**ıghout this period, I repeatedly requested that the City test or replace the meter to confirm whether the high usage being billed was accurate.**
**eter test, work order, or written result has been provided.**
**ailure prevents accurate verification of usage and undermines the reliability of the billing that is being enforced against me.**

**ıary**
**imeline reflects a pattern of:**

- **SER protection violations;**
- **Improper or illegal shutoffs;**
- **Contradictory account balances;**
- **Failure to respond to FOIA within statutory deadlines;**
- **Continued shutoff activity during an unresolved dispute;**
- **Ongoing refusal to test or replace the meter.**

**This Exhibit is being prepared for potential submission to state oversight agencies and for legal evaluation.**

**)IA VIOLATION NOTICE – IMMEDIATE COMPLIANCE REQUIRED**

**ty of Hartford – FOIA Coordinator**
**West Main Street**
**ırtford, MI 49057**

RECEIVED
DEC 08 2025
CITY OF HARTFORD

**ıar City Clerk / FOIA Coordinator,**

**is letter serves as a formal notice of violation under the Michigan Freedom of Information Act, MCL .231 et seq.**

**ı November 26, 2025, I submitted a written FOIA request seeking:**

- **The full water billing ledger for Account #00122-0000-02;**
- **All meter readings and meter test documentation;**
- **All work orders and service notes related to my water account;**
- **All billing adjustments, internal comments, and account activity records.**

**Under MCL 15.235(2), the City was required to respond to my request within 5 business days —by December 2, 2025—by either:**

1. Granting the request;
2. Issuing a written denial; or
3. Issuing a proper written extension.

To date, I have received **no response, no denial, and no extension.**

**This failure to respond is a direct violation of MCL 15.235(2).**

**In addition, the City's non-response is occurring in the context of documented shutoff issues and inconsistent billing, as outlined in Exhibit C – Master Timeline of Violations, attached or referenced with this notice.**

**MAND FOR IMMEDIATE COMPLIANCE**

**'suant to MCL 15.240(1)(b) and related FOIA enforcement provisions, I hereby demand:**

1. **Immediate production of all requested records in full, unredacted form;**
2. **Written confirmation that all responsive records have been preserved and not destroyed, altered, or withheld;**
3. **A written explanation for the failure to comply with FOIA deadlines, as required by law.**

**If I do not receive the full set of requested documents within 24 hours of your receipt of this notice, I will proceed to:**

- **File a formal FOIA appeal;**
- **Submit a complaint to the Michigan Attorney General; and**
- **Seek all available remedies, including statutory damages and attorney fees, under MCL 15.240.**

**Non-response to this notice will be treated as further evidence of bad-faith withholding and administrative misconduct.**

**Sincerely,**

**onio Hadley**
**Paras Hill Dr**
**tford, MI 49057**
**ount #: 00122-0000-02**
**ne: 269-336-9909**
**ıil: antoniohadley@gmail.com**

**AL CEASE & DESIST NOTICE – WATER SERVICE & ACCOUNT MISCONDUCT**

**' of Hartford Water Department**
**ı: Roxanne [Last Name Unknown]**
**Vest Main Street**
**tford, MI 49057**

RECEIVED
DEC 0 8 2025
CITY OF HA... RD

**Account #00122-0000-02 – 122 Paras Hill Dr, Hartford, MI 49057**

**r Ms. Roxanne,**

**letter serves as a formal and final CEASE & DESIST notice regarding any further attempts to interrupt, disconnect, aten, or impair water service to the above property while there are unresolved disputes, open assistance activity, outstanding legal and administrative issues.**

**ocumented in Exhibit C – Master Timeline of Violations, the City:**

- **Disconnected my water on November 7, 2025 despite SER protection and a payment made on November 6, 2025;**
- **Issued a one-day shutoff notice (mailed 11/19/25, due 11/20/25), which is not consistent with Michigan's required advance notice standards;**
- **Generated conflicting account balances;**
- **Allowed a shutoff door tag to be posted on December 5, 2025, while FOIA, billing disputes, and SER-related protections were still active;**
- **Has not corrected the account or resolved meter concerns.**

**Because of this pattern, any further attempt to:**

- **Disconnect service;**
- **Post a shutoff notice;**
- **Add new late fees or "shutoff" charges; or**
- **Use the threat of shutoff to pressure payment**

**...will be documented and treated as retaliation, harassment, and misconduct in the context of an ongoing legal and administrative dispute.**

**I am directing you to:**

1. **Cease immediately from any shutoff actions or door tags on this account;**
2. **Cease adding new fees or penalties related to threatened shutoff;**
3. Direct any communication regarding the account to **written form only (no phone pressure).**

**If these actions continue, this matter will be included in an administrative complaint to the Michigan Attorney General, the appropriate state regulators, and, if necessary, a civil action for injunctive relief and damages.**

**Sincerely,**

**ıio Hadley**
**ınt #: 00122-0000-02**
**aras Hill Dr**
**ord, MI 49057**
**ɜ: 269-336-9909**
**: antoniohadley@gmail.com**

RMAL ADMINISTRATIVE LIABILITY NOTICE
y of Hartford – Office of the City Manager
tn: Nicole Brown, City Manager
West Main Street
rtford, MI 49057

RECEIVED
DEC 08 2025
CITY OF HARTFORD

: Account #00122-0000-02 – Water Billing, Shutoff Activity & FOIA Non-Compliance

ar Ms. Brown,

is letter is to formally notify you, as City Manager, of a pattern of violations and administrative failures involving my water account and the iduct of the Water Department.

set forth in Exhibit C – Master Timeline of Violations, the following has occurred:

1. Improper / Illegal Shutoff During Relief Period

Water service was disconnected on November 7, 2025, despite:

- An active SER protection window through November 6;
- A payment of $534 made on November 6, 2025;
- Ongoing assistance through DHS.

2. Mishandling of Payments & Conflicting Ledgers

After payments of $200, $534, $140, plus DHS payments of $350 and $50, the account still reflected contradictory balances (including $621, $537, and $538) in different statements and communications.

This raises serious concerns regarding internal accounting, proper application of payments, and record integrity.

3. Improper Shutoff Notice Timing

A shutoff notice mailed on or about November 19, 2025 with a November 20, 2025 due date effectively provided only one day for compliance, which is inconsistent with reasonable and required notice standards for termination of essential services.

4. FOIA Non-Compliance

On November 26, 2025, I submitted a FOIA request for my account records.

No written response, denial, or extension was received by the statutory deadline of December 2, 2025, in violation of MCL 15.235(2).

This exposes the City to potential liability under MCL 15.240, including damages and costs.

5. Failure to Test or Replace the Meter

Despite repeated requests over several weeks, my water meter has not been tested or replaced, and no written documentation has been provided.

Without proper meter testing, the accuracy of the billing and the legitimacy of the large balances claimed cannot be verified.

6. Continuing Shutoff Threats During Dispute

A shutoff door tag was placed on my property on December 5, 2025, despite:

- Previous payments and assistance;
- An open FOIA request;
- An unresolved dispute over both billing and meter accuracy.

UESTED RESOLUTION

ght of the above, I am requesting that the City of Hartford take the following corrective actions:

1. Full review and correction of Account #00122-0000-02, including removal of all improperly assessed fees, duplicate charges, and shutoff-related costs;
2. Written confirmation of the corrected balance and an explanation of how prior payments (including DHS assistance) were applied;
3. Scheduling and completion of a proper meter test or replacement at no cost to me, with written results provided;
4. Immediate suspension of any shutoff activity on this account while these issues are being resolved;
5. Consideration of appropriate relief or damages in light of the improper shutoff, stress, and ongoing disruption created by these errors.

If these matters are not resolved in writing within five (5) business days, I will move forward with formal complaints to the Michigan Attorney General, applicable state oversight agencies, and will explore all available legal remedies.

Sincerely,

onio Hadley
ount #: 00122-0000-02
Paras Hill Dr
ford, MI 49057
ne: 269-336-9909
il: antoniohadley@gmail.com

# EXHIBIT M

9:10

New iMessage

Please confirm immediately that

To:

submitted.
— Tony

Tue, Dec 9 at 2:00 PM

Nicole, after this morning's attempted shutoff with a Hartford Police officer and water department employee at my home – while SER protection, a formal dispute, FOIA, and our scheduled meeting were all active – I no longer believe a meeting tomorrow can be productive or neutral.
I am postponing the meeting while I seek guidance from appropriate state-level agencies regarding the handling of my account and today's incident.
All further communication about my account should be in writing. I will reach back out if and when I am ready to reschedule.
— Tony

Wed, Dec 10 at 7:58 AM

Can u come to the office at 3?

GM

Wed, Dec 17 at 6:01 PM

Nicole,

Thank you for reaching out. I

9:09

New iMessage

discrepancies, SER protection dates, and the outstanding FOIA

To:

I will wait until our meeting tomorrow after 1pm to review the ledger, meter issues, and the full timeline with you and Water Billing.
Thank you.
— Tony

Tue, Dec 9 at 11:10 AM

Nicole, a police officer and a water department employee just arrived at my home attempting another shutoff, despite the active SER protection through 12/09, the formal dispute filed yesterday, the FOIA violation notice, and our scheduled meeting tomorrow.
The officer threatened arrest during what is a civil billing dispute, which is improper and outside legal authority.
Please confirm immediately that all shutoff activity is halted pending tomorrow's meeting and the review of the documents submitted.
— Tony

Tue, Dec 9 at 2:00 PM

Nicole, after this morning's attempted shutoff with a Hartford Police officer and water

iMessage

9:09

**New iMessage**

To: Nikki Brown

Tue, Dec 9 at 8:14 AM

Yes what time you thinking

After 1

Ok

Tue, Dec 9 at 9:30 AM

You needed to had made a payment yesterday and arrangements if you can't pay the past due. Our meeting tomorrow does not stop your obligation.

Thank you for the update, Nicole.
As documented in the formal packet submitted and stamped yesterday, the account is currently in an active dispute review due to the billing irregularities, DHS payment discrepancies, SER protection dates, and the outstanding FOIA request from 11/26 which is still past due.
I will wait until our meeting tomorrow after 1pm to review the ledger, meter issues, and the full timeline with you and Water Billing.
Thank you.
Joey

iMessage

9:09

New iMessage

No shutoff attempts, no tags on the door, and no further action

To:

**This isn't personal, but it *is* accountability. The City is responsible for ensuring proper notice, correct balances, and lawful procedure. I also still haven't received any response to my FOIA request from 11/26, which is now past due under state law.**

**Please confirm for me that:**

1. My account is flagged "Do Not Shut Off" through 12/09/25
2. You will coordinate with Water Billing to stop any further improper notices
3. Our rescheduled meeting will include going over the ledger, meter issues, and billing conflicts

Thank you.
— Tony Hadley

Mon, Dec 8 at 2:35 PM

Hey Tony. Are you available to meet Wednesday?

Tue, Dec 9 at 8:14 AM

Yes what time you thinking

After 1

iMessage

# EXHIBIT N


M. HAMRE

# EXHIBIT O

Gmail

Antonio Hadley <antoniohadley@gmail.com>

---

**Request for Information on water billing account**

4 messages

---

**Roxann Isbrecht** <cityclerk@cityofhartfordmi.org> Wed, Dec 17, 2025 at 5:02 PM
To: antoniohadley@gmail.com <antoniohadley@gmail.com>
Cc: City Manager <citymanager@cityofhartfordmi.org>

Antonio,

1. Attached is your account information. We have switched software companies and you can sign up for an account and view it anytime, free of charge.

https://bsaonline.com/Home/MunicipalityHome?uid=1902 create an account in the top right corner. You can view the same information that is in the attached report.

2. All water bills & shutoff notices are included in the above report.
3. All work orders related to 122 Paras Hill – do not exist.
4. All DHS/Ser communications are confidential and you will need to request the information from DHS/State of Michigan.
5. Email or notes Internal Communications – do not exist.

*RoxAnn Rodney-Isbrecht, Clerk/Assistant Manager*

City of Hartford

19 W Main St

Hartford MI 49057

269-621-2477

269-621-2054 fax

cityclerk@cityofhartfordmi.org

www.cityofhartfordmi.org

Accounts _ 1713 _ 122parashillpdf.pdf

---

**City Manager** <citymanager@cityofhartfordmi.org> Wed, Dec 17, 2025 at 5:13 PM
To: Roxann Isbrecht <cityclerk@cityofhartfordmi.org>, antoniohadley@gmail.com <antoniohadley@gmail.com>

Tony,

I want to set up a meeting with you on Monday. Are you available?

Nicol

[Quoted text hidden]

**António Hadley** <antoniohadley@gmail.com>
To: City Manager <citymanager@cityofhartfordmi.org>
Cc: Roxann Isbrecht <cityclerk@cityofhartfordmi.org>

Wed, Dec 17, 2025 at 5:33 PM

RoxAnn,

Thank you for your response and for providing the account history.

I need to formally clarify several points, as the statements in your email raise material discrepancies concerning account actions, penalties, and due process. Additionally, your response references public self-service access through BSA Online. To be clear, my request was a formal Freedom of Information Act (FOIA) request, not a request for access to publicly available portals.

Public access to BSA Online does not satisfy FOIA obligations.

As of this writing, the City has not provided a FOIA-compliant response to several categories of records requested. The following clarifications and disclosures are required to ensure the accuracy and completeness of the municipal record.

---

## 1. Software Migration

You indicated the City switched software companies. Please confirm in writing:

- The date of the migration
- Whether records prior to migration were preserved
- Whether any records were lost, archived, deleted, or destroyed as part of the transition

---

## 2. Work Orders

You stated that "All work orders related to 122 Paras Hill do not exist."

However, the account history reflects:

- Shutoff-related penalties
- Non-payment shutoff references
- Service-related charges

Please clarify how shutoff-related actions or charges were assessed without any corresponding work orders, authorizations, or service documentation.

---

## 3. Shutoff Notices

You stated that all shutoff notices are included in the report. Please confirm:

- Dates of issuance
- Method of delivery
- Proof of service or posting, if applicable

---

## 4. Police Officer Involvement

My FOIA request included all records related to the dispatch or appearance of a police officer at 122 Paras Hill Dr, including:

- Call logs
- Dispatch records
- Incident or activity reports
- Officer identity
- Any request or authorization made by City personnel

Your response did not acknowledge or address this category. Please confirm whether such records exist and, if so, provide them or cite the specific exemption relied upon.

---

## 5. DHS / SER Records

While I understand DHS internal records are confidential, any City records reflecting communication with DHS, receipt of SER funds, account credits, or application of assistance are municipal records and remain subject to disclosure.

Please confirm whether the City possesses any such records for this account.

---

## 6. Internal Communications

You stated that internal emails or notes do not exist. Please confirm whether this means:

- They were never created, or
- They existed but were deleted, purged, or not retained

---

## FOIA Compliance

Your response does not identify:

- Records searched
- Records produced
- Records withheld
- Exemptions claimed

**Additionally, no extension under MCL 15.235(2)(d) was asserted, and the statutory response period has elapsed.**

**Please provide a complete FOIA-compliant response in writing.**

**This correspondence is being copied to City Manager Nicole Brown for oversight.**

**Respectfully,**

**Antonio Hadley**

**122 Paras Hill Dr**

**Hartford, MI 49057**

**Sent from Gmail Mobile**
**[Quoted text hidden]**

---

**Antonio Hadley** <antoniohadley@gmail.com> Wed, Dec 17, 2025 at 6:00 PM
To: City Manager <citymanager@cityofhartfordmi.org>

Nicole,

Thank you for reaching out. I understand your interest in meeting.

At this point, I believe it would be most productive to schedule any meeting after the City provides a complete written response to my pending FOIA request. The information requested is necessary for clarification and accuracy, and I do not want to rely on informal discussion where records should exist.

I am not refusing to meet — I simply want to ensure that any discussion is informed by the full and complete municipal record, provided in writing. Once that information is received, I am open to coordinating a meeting at a mutually convenient time.

Thank you for your understanding.

Respectfully,
Antonio

**Sent from Gmail Mobile**

**[Quoted text hidden]**

# EXHIBIT P

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created | Service Address / Trx Info / Rate Name | Addl. Info | Billed Usage | Customer Name / Due Date | Meter Read | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|---|
| **1713** | | **122 PARAS HILL DRIVE** | | | **ANTONIO HADLEY** | | | | **642.70** |
| 12/16/2025 | 12/17/2025 | Penalty | | | | 0.00 | 0.00 | 54.78 | 642.70 |
| 03-TURN ON/OFF FEE | | | | 0.00 | 12/16/2025 | | Penalty | | 7.50 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 12/16/2025 | | Penalty | | 2.10 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 12/16/2025 | | Penalty | | 3.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 12/16/2025 | | Penalty | | 27.77 |
| 01-WATER | | WA1-WATER | | 0.00 | 12/16/2025 | | Penalty | | 14.41 |
| 12/10/2025 | 12/10/2025 | Bill Adjustment | SHUT OFF FOR NON-P | | | 0.00 | 0.00 | 50.00 | 587.92 |
| 03-TURN ON/OFF FEE | | | | 0.00 | 11/19/2025 | | Billing | | 50.00 |
| 11/24/2025 | 11/24/2025 | Bill Calculated | 10/01/25-10/31/25 | | | 0.00 | 0.00 | 315.17 | 537.92 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 12/15/2025 | | Billing | | 14.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 12/15/2025 | | Billing | | 20.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 21,190.00 | 12/15/2025 | | Billing | | 185.12 |
| 01-WATER | | WA1-WATER | | 21,190.00 | 12/15/2025 | | Billing | | 96.05 |
| 11/19/2025 | 11/19/2025 | Payment Posted | 0000003253 | | | 0.00 | 0.00 | (348.41) | 222.75 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 11/15/2025 | | Billing | | (14.00) |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 10/15/2025 | | Billing | | (14.00) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 11/15/2025 | | Billing | | (20.00) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 10/15/2025 | | Billing | | (20.00) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 11/15/2025 | | Billing | | (113.94) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 10/15/2025 | | Billing | | (47.50) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 09/15/2025 | | Billing | | (18.63) |
| 01-WATER | | WA1-WATER | | 0.00 | 11/15/2025 | | Billing | | (70.67) |
| 01-WATER | | WA1-WATER | | 0.00 | 10/15/2025 | | Billing | | (29.67) |
| 11/19/2025 | 11/19/2025 | Payment Posted | 0000003252 | | | 0.00 | 0.00 | (50.00) | 571.16 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 09/15/2025 | | Billing | | (11.78) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 09/15/2025 | | Billing | | (20.00) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 09/15/2025 | | Billing | | (1.67) |
| 01-WATER | | WA1-WATER | | 0.00 | 09/15/2025 | | Billing | | (16.55) |
| 11/16/2025 | 11/17/2025 | Penalty | | | | 0.00 | 0.00 | 35.58 | 621.16 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 11/16/2025 | | Penalty | | 2.10 |
| 01-WATER | | WA1-WATER | | 0.00 | 11/16/2025 | | Penalty | | 10.60 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 11/16/2025 | | Penalty | | 19.88 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 11/16/2025 | | Penalty | | 3.00 |
| 11/13/2025 | 11/13/2025 | Payment Posted | 0000002967 | | | 0.00 | 0.00 | (140.00) | 585.58 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 09/15/2025 | | Billing | | (2.22) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/16/2025 | | Billing | | (137.78) |

# HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created | Service Address / Trx Info / Rate Name | Addl. Info / Billed Usage | Customer Name / Meter Read / Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|
| 11/06/2025 | 11/06/2025 | Payment Posted | 0000002750 | 0.00 | 0.00 | (534.00) | 725.58 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | 0.00 | 07/16/2025 | Billing | | (6.00) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | 0.00 | 07/16/2025 | Billing | | (10.00) |
| 02-SEWER | | SW1-CITY METERED SW & RE | 0.00 | 07/16/2025 | Billing | | (273.28) |
| 02-SEWER | | SW1-CITY METERED SW & RE | 0.00 | 07/03/2025 | Billing | | (59.15) |
| 01-WATER | | WA1-WATER | 0.00 | 07/16/2025 | Billing | | (185.57) |
| 11/01/2025 | 11/01/2025 | Meter Read | WATER | 41,190.00 | 21,190.00 | 0.00 | 1,259.58 |
| 10/24/2025 | 10/24/2025 | Bill Calculated | 09/01/25-09/30/25 | 0.00 | 0.00 | 237.17 | 1,259.58 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | 0.00 | 11/15/2025 | Billing | | 14.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | 0.00 | 11/15/2025 | Billing | | 20.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | 15,000.00 | 11/15/2025 | Billing | | 132.50 |
| 01-WATER | | WA1-WATER | 15,000.00 | 11/15/2025 | Billing | | 70.67 |
| 10/20/2025 | 10/20/2025 | Penalty Reversal | DUPLICATE PENALTY | 0.00 | 0.00 | (27.31) | 1,022.41 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | 0.00 | 10/20/2025 | Penalty | | (4.20) |
| 01-WATER | | WA1-WATER | 0.00 | 10/20/2025 | Penalty | | (6.93) |
| 02-SEWER | | SW1-CITY METERED SW & RE | 0.00 | 10/20/2025 | Penalty | | (10.18) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | 0.00 | 10/20/2025 | Penalty | | (6.00) |
| 10/20/2025 | 10/20/2025 | Penalty | | 0.00 | 0.00 | 27.31 | 1,049.72 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | 0.00 | 10/20/2025 | Penalty | | 4.20 |
| 01-WATER | | WA1-WATER | 0.00 | 10/20/2025 | Penalty | | 6.93 |
| 02-SEWER | | SW1-CITY METERED SW & RE | 0.00 | 10/20/2025 | Penalty | | 10.18 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | 0.00 | 10/20/2025 | Penalty | | 6.00 |
| 10/20/2025 | 10/20/2025 | Penalty | | 0.00 | 0.00 | 27.31 | 1,022.41 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | 0.00 | 10/20/2025 | Penalty | | 4.20 |
| 01-WATER | | WA1-WATER | 0.00 | 10/20/2025 | Penalty | | 6.93 |
| 02-SEWER | | SW1-CITY METERED SW & RE | 0.00 | 10/20/2025 | Penalty | | 10.18 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | 0.00 | 10/20/2025 | Penalty | | 6.00 |
| 10/15/2025 | 10/15/2025 | Payment Posted | 0000002341 | 0.00 | 0.00 | (200.00) | 995.10 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | 0.00 | 07/03/2025 | Billing | | (6.02) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | 0.00 | 07/03/2025 | Billing | | (10.02) |
| 02-SEWER | | SW1-CITY METERED SW & RE | 0.00 | 07/03/2025 | Billing | | (105.56) |
| 01-WATER | | WA1-WATER | 0.00 | 07/03/2025 | Billing | | (78.40) |
| 09/30/2025 | 10/24/2025 | Meter Read | WATER | 20,000.00 | 15,000.00 | 0.00 | 1,195.10 |
| 09/23/2025 | 09/23/2025 | Bill Calculated | 08/01/25-08/31/25 | 0.00 | 0.00 | 111.17 | 1,195.10 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | 0.00 | 10/15/2025 | Billing | | 14.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | 0.00 | 10/15/2025 | Billing | | 20.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | 5,000.00 | 10/15/2025 | Billing | | 47.50 |
| 01-WATER | | WA1-WATER | 5,000.00 | 10/15/2025 | Billing | | 29.67 |

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created | Service Address / Trx Info / Rate Name | Addl. Info | Customer Name / Billed Usage | Meter Read / Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|
| 09/16/2025 | 09/16/2025 | Penalty | | | 0.00 | 0.00 | 10.63 | 1,083.93 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 09/16/2025 | Penalty | | 2.10 |
| 01-WATER | | WA1-WATER | | 0.00 | 09/16/2025 | Penalty | | 2.48 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 09/16/2025 | Penalty | | 3.05 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 09/16/2025 | Penalty | | 3.00 |
| 08/27/2025 | 09/23/2025 | Meter Read | WATER | | 5,000.00 | 5,000.00 | 0.00 | 1,073.30 |
| 08/21/2025 | 08/21/2025 | Bill Calculated | 07/01/25-07/31/25 | | 0.00 | 0.00 | 70.85 | 1,073.30 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 09/15/2025 | Billing | | 14.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 09/15/2025 | Billing | | 20.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 1,800.00 | 09/15/2025 | Billing | | 20.30 |
| 01-WATER | | WA1-WATER | | 1,800.00 | 09/15/2025 | Billing | | 16.55 |
| 08/20/2025 | 08/20/2025 | Penalty | | | 0.00 | 0.00 | 91.90 | 1,002.45 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 08/20/2025 | Penalty | | 0.90 |
| 01-WATER | | WA1-WATER | | 0.00 | 08/20/2025 | Penalty | | 27.84 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 08/20/2025 | Penalty | | 61.66 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 08/20/2025 | Penalty | | 1.50 |
| 08/14/2025 | 08/14/2025 | Bill Adjustment | Conversion Balance | | 0.00 | 0.00 | 910.55 | 910.55 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/16/2025 | Penalty | | 0.90 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/03/2025 | Billing | | 6.02 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/16/2025 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/16/2025 | Penalty | | 1.50 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/03/2025 | Billing | | 10.02 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/16/2025 | Billing | | 10.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/16/2025 | Penalty | | 24.64 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/03/2025 | Billing | | 164.71 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/16/2025 | Billing | | 411.06 |
| 01-WATER | | WA1-WATER | | 0.00 | 07/16/2025 | Penalty | | 11.73 |
| 01-WATER | | WA1-WATER | | 0.00 | 07/03/2025 | Billing | | 78.40 |
| 01-WATER | | WA1-WATER | | 0.00 | 07/16/2025 | Billing | | 185.57 |
| 07/31/2025 | 09/23/2025 | Meter Read Adj | WATER | | 0.00 | (122,950.00) | 0.00 | 910.55 |
| 07/31/2025 | 08/06/2025 | Meter Read | WATER | | 122,950.00 | 1,800.00 | 0.00 | 910.55 |
| 07/31/2025 | 08/04/2025 | Meter Read | WATER | | 122,770.00 | 35,340.00 | 0.00 | 910.55 |
| 07/16/2025 | 07/21/2025 | Bill Calculated | 2025JUNE | | 0.00 | 0.00 | 612.63 | 910.55 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/16/2025 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/16/2025 | Billing | | 10.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/16/2025 | Billing | | 411.06 |
| 01-WATER | | WA1-WATER | | 0.00 | 07/16/2025 | Billing | | 185.57 |
| 07/16/2025 | 07/16/2025 | Penalty | Penalty Transactio | | 0.00 | 0.00 | 38.77 | 297.92 |
| 06-PENALTY | | | | 0.00 | 07/16/2025 | Billing | | 38.77 |
| 07/03/2025 | 07/03/2025 | Payment Posted | CASH RKS | | 0.00 | 0.00 | (115.00) | 259.15 |

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created / Rate Name | Service Address / Trx Info | Addl. Info | Customer Name / Meter Read / Billed Usage | Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/03/2025 | Billing | | (2.45) |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/03/2025 | Billing | | (4.08) |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 07/03/2025 | Billing | | (73.67) |
| 01-WATER | WA1-WATER | | | 0.00 | 07/03/2025 | Billing | | (34.80) |
| 07/02/2025 | 07/02/2025 | Payment Posted | CASH RKS | 0.00 | | 0.00 | (300.00) | 374.15 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/02/2025 | Billing | | (5.22) |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/02/2025 | Billing | | (8.72) |
| 06-PENALTY | | | | 0.00 | 07/02/2025 | Billing | | (54.22) |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 07/02/2025 | Billing | | (157.46) |
| 01-WATER | WA1-WATER | | | 0.00 | 07/02/2025 | Billing | | (74.38) |
| 06/30/2025 | 07/07/2025 | Meter Read | WATER | 119,236.00 | | 53,030.00 | 0.00 | 674.15 |
| 06/16/2025 | 06/25/2025 | Bill Calculated | 2025MAY | 0.00 | | 0.00 | 258.48 | 674.15 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 06/16/2025 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 06/16/2025 | Billing | | 10.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 06/16/2025 | Billing | | 164.28 |
| 01-WATER | WA1-WATER | | | 0.00 | 06/16/2025 | Billing | | 78.20 |
| 06/16/2025 | 06/16/2025 | Penalty | Penalty Transactio | 0.00 | | 0.00 | 42.36 | 415.67 |
| 06-PENALTY | | | | 0.00 | 06/16/2025 | Billing | | 42.36 |
| 06/03/2025 | 06/09/2025 | Meter Read | WATER | 113,933.00 | | 20,980.00 | 0.00 | 373.31 |
| 05/22/2025 | 05/23/2025 | Meter Read | WATER | 111,835.00 | | 23,140.00 | 0.00 | 373.31 |
| 05/16/2025 | 05/23/2025 | Bill Calculated | 2025APRIL | 0.00 | | 0.00 | 282.35 | 373.31 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 05/16/2025 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 05/16/2025 | Billing | | 10.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 05/16/2025 | Billing | | 180.91 |
| 01-WATER | WA1-WATER | | | 0.00 | 05/16/2025 | Billing | | 85.44 |
| 05/16/2025 | 05/16/2025 | Penalty | Penalty Transactio | 0.00 | | 0.00 | 11.86 | 90.96 |
| 06-PENALTY | | | | 0.00 | 05/16/2025 | Billing | | 11.86 |
| 05/12/2025 | 05/13/2025 | Payment Posted | CASH | 0.00 | | 0.00 | (200.00) | 79.10 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 05/12/2025 | Billing | | (4.29) |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 05/12/2025 | Billing | | (7.14) |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 05/12/2025 | Billing | | (128.05) |
| 01-WATER | WA1-WATER | | | 0.00 | 05/12/2025 | Billing | | (60.52) |
| 04/21/2025 | 04/21/2025 | Payment Posted | CASH RKS | 0.00 | | 0.00 | (210.00) | 279.10 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 04/21/2025 | Billing | | (11.27) |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 04/21/2025 | Billing | | (18.80) |
| 06-PENALTY | | | | 0.00 | 04/21/2025 | Billing | | (7.77) |

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created | Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Due Date | Customer Name / Meter Read | Usage | Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 04/21/2025 | | | Billing | | (111.15) |
| 01-WATER | | WA1-WATER | | | 0.00 | 04/21/2025 | | | Billing | | (61.01) |
| 04/16/2025 | 04/17/2025 | | Bill Calculated | 2025March | | | 0.00 | 0.00 | | 280.14 | 489.10 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 04/16/2025 | | | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 04/16/2025 | | | Billing | | 10.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 04/16/2025 | | | Billing | | 179.37 |
| 01-WATER | | WA1-WATER | | | 0.00 | 04/16/2025 | | | Billing | | 84.77 |
| 04/16/2025 | 04/16/2025 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | | 7.77 | 208.96 |
| 06-PENALTY | | | | | 0.00 | 04/16/2025 | | | Billing | | 7.77 |
| 03/27/2025 | 03/28/2025 | | Meter Read | WATER | | | 109,521.00 | 22,940.00 | | 0.00 | 201.19 |
| 03/18/2025 | 03/18/2025 | | Bill Adjustment | Turn On Fee | | | 0.00 | 0.00 | | 25.00 | 201.19 |
| 03-TURN ON/OFF FEE | | | | | 0.00 | 03/18/2025 | | | Billing | | 25.00 |
| 03/17/2025 | 03/18/2025 | | Payment Posted | CASH RKS | | | 0.00 | 0.00 | | (1,000.00) | 176.19 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 03/17/2025 | | | Billing | | (25.67) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 03/17/2025 | | | Billing | | (42.79) |
| 06-PENALTY | | | | | 0.00 | 03/17/2025 | | | Billing | | (139.84) |
| 03-TURN ON/OFF FEE | | | | | 0.00 | 03/17/2025 | | | Billing | | (25.00) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 03/17/2025 | | | Billing | | (509.38) |
| 01-WATER | | WA1-WATER | | | 0.00 | 03/17/2025 | | | Billing | | (257.32) |
| 03/16/2025 | 03/17/2025 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | | 25.58 | 1,176.19 |
| 06-PENALTY | | | | | 0.00 | 03/16/2025 | | | Billing | | 25.58 |
| 03/15/2025 | 03/19/2025 | | Bill Calculated | 2025FEBRUARY | | | 0.00 | 0.00 | | 51.85 | 1,150.61 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 03/15/2025 | | | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 03/15/2025 | | | Billing | | 10.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 03/15/2025 | | | Billing | | 20.29 |
| 01-WATER | | WA1-WATER | | | 0.00 | 03/15/2025 | | | Billing | | 15.56 |
| 03/12/2025 | 03/12/2025 | | Bill Adjustment | Turned off non-pay | | | 0.00 | 0.00 | | 25.00 | 1,098.76 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 03/12/2025 | | | Billing | | 12.50 |
| 01-WATER | | WA1-WATER | | | 0.00 | 03/12/2025 | | | Billing | | 12.50 |
| 02/28/2025 | 03/19/2025 | | Meter Read | WATER | | | 107,227.00 | 2,280.00 | | 0.00 | 1,073.76 |
| 02/16/2025 | 02/24/2025 | | Bill Calculated | 2025JANUARY | | | 0.00 | 0.00 | | 170.52 | 1,073.76 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 02/16/2025 | | | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 02/16/2025 | | | Billing | | 10.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 02/16/2025 | | | Billing | | 102.98 |
| 01-WATER | | WA1-WATER | | | 0.00 | 02/16/2025 | | | Billing | | 51.54 |

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created / Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Customer Name / Meter Read / Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|
| 02/16/2025 | 02/18/2025 | Penalty | Penalty Transactio | | 0.00 | 0.00 | 27.17 | 903.24 |
| 06-PENALTY | | | | 0.00 | 02/16/2025 | Billing | | 27.17 |
| 01/31/2025 | 02/20/2025 | Meter Read | WATER | | 106,999.00 | 13,020.00 | 0.00 | 876.07 |
| 01/16/2025 | 01/21/2025 | Bill Calculated | 2024December | | 0.00 | 0.00 | 181.13 | 876.07 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 01/16/2025 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 01/16/2025 | Billing | | 10.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 01/16/2025 | Billing | | 110.38 |
| 01-WATER | WA1-WATER | | | 0.00 | 01/16/2025 | Billing | | 54.75 |
| 01/16/2025 | 01/16/2025 | Penalty | Penalty Transactio | | 0.00 | 0.00 | 32.56 | 694.94 |
| 06-PENALTY | | | | 0.00 | 01/16/2025 | Billing | | 32.56 |
| 01/03/2025 | 01/15/2025 | Meter Read | WATER | | 105,697.00 | 13,980.00 | 0.00 | 662.38 |
| 12/16/2024 | 12/20/2024 | Bill Calculated | 2024NOVEMBER | | 0.00 | 0.00 | 217.04 | 662.38 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 12/16/2024 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 12/16/2024 | Billing | | 10.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 12/16/2024 | Billing | | 135.40 |
| 01-WATER | WA1-WATER | | | 0.00 | 12/16/2024 | Billing | | 65.64 |
| 12/16/2024 | 12/16/2024 | Penalty | Penalty Transactio | | 0.00 | 0.00 | 26.67 | 445.34 |
| 06-PENALTY | | | | 0.00 | 12/16/2024 | Billing | | 26.67 |
| 12/06/2024 | 12/06/2024 | Meter Read | WATER | | 104,299.00 | 17,230.00 | 0.00 | 418.67 |
| 11/16/2024 | 11/22/2024 | Bill Calculated | 2024OCTOBER | | 0.00 | 0.00 | 177.82 | 418.67 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 11/16/2024 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 11/16/2024 | Billing | | 10.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 11/16/2024 | Billing | | 108.07 |
| 01-WATER | WA1-WATER | | | 0.00 | 11/16/2024 | Billing | | 53.75 |
| 11/16/2024 | 11/18/2024 | Penalty | Penalty Transactio | | 0.00 | 0.00 | 27.86 | 240.85 |
| 06-PENALTY | | | | 0.00 | 11/16/2024 | Billing | | 27.86 |
| 10/31/2024 | 10/31/2024 | Payment Posted | CC EFT202410284859 | | 0.00 | 0.00 | (348.44) | 212.99 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/31/2024 | Billing | | (11.90) |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/31/2024 | Billing | | (19.82) |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 10/31/2024 | Billing | | (212.84) |
| 01-WATER | WA1-WATER | | | 0.00 | 10/31/2024 | Billing | | (103.88) |
| 10/29/2024 | 10/29/2024 | Meter Read | WATER | | 102,576.00 | 13,680.00 | 0.00 | 561.43 |
| 10/22/2024 | 10/22/2024 | Payment Posted | CASH | | 0.00 | 0.00 | (120.00) | 561.43 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/22/2024 | Billing | | (1.89) |

# HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created / Rate Name | Service Address / Trx Info | Addl. Info | Customer Name / Meter Read / Billed Usage | Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/22/2024 | Billing | | (3.15) |
| 06-PENALTY | | | | 0.00 | 10/22/2024 | Billing | | (64.65) |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 10/22/2024 | Billing | | (33.81) |
| 01-WATER | WA1-WATER | | | 0.00 | 10/22/2024 | Billing | | (16.50) |
| 10/16/2024 | 10/18/2024 | Bill Calculated | 2024SEPTEMBER | 0.00 | | 0.00 | 185.77 | 681.43 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/16/2024 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/16/2024 | Billing | | 10.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 10/16/2024 | Billing | | 113.61 |
| 01-WATER | WA1-WATER | | | 0.00 | 10/16/2024 | Billing | | 56.16 |
| 10/16/2024 | 10/16/2024 | Penalty | Penalty Transactio | 0.00 | | 0.00 | 27.22 | 495.66 |
| 06-PENALTY | | | | 0.00 | 10/16/2024 | Billing | | 27.22 |
| 09/30/2024 | 10/01/2024 | Meter Read | WATER | 101,208.00 | | 14,400.00 | 0.00 | 468.44 |
| 09/16/2024 | 09/20/2024 | Bill Calculated | 2024AUGUST | 0.00 | | 0.00 | 181.46 | 468.44 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 09/16/2024 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 09/16/2024 | Billing | | 10.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 09/16/2024 | Billing | | 110.61 |
| 01-WATER | WA1-WATER | | | 0.00 | 09/16/2024 | Billing | | 54.85 |
| 09/16/2024 | 09/17/2024 | Penalty | Penalty Transactio | 0.00 | | 0.00 | 27.40 | 286.98 |
| 06-PENALTY | | | | 0.00 | 09/16/2024 | Billing | | 27.40 |
| 08/29/2024 | 08/29/2024 | Meter Read | WATER | 99,768.00 | | 14,010.00 | 0.00 | 259.58 |
| 08/16/2024 | 08/19/2024 | Bill Calculated | 2024JULY | 0.00 | | 0.00 | 182.67 | 259.58 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 08/16/2024 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 08/16/2024 | Billing | | 10.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 08/16/2024 | Billing | | 111.45 |
| 01-WATER | WA1-WATER | | | 0.00 | 08/16/2024 | Billing | | 55.22 |
| 08/16/2024 | 08/16/2024 | Penalty | Penalty Transactio | 0.00 | | 0.00 | 10.03 | 76.91 |
| 06-PENALTY | | | | 0.00 | 08/16/2024 | Billing | | 10.03 |
| 07/29/2024 | 07/29/2024 | Payment Posted | CASH | 0.00 | | 0.00 | (300.00) | 66.88 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/29/2024 | Billing | | (12.52) |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/29/2024 | Billing | | (20.86) |
| 06-PENALTY | | | | 0.00 | 07/29/2024 | Billing | | (19.88) |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 07/29/2024 | Billing | | (169.57) |
| 01-WATER | WA1-WATER | | | 0.00 | 07/29/2024 | Billing | | (77.17) |
| 07/29/2024 | 07/29/2024 | Meter Read | WATER | 98,367.00 | | 14,120.00 | 0.00 | 366.88 |
| 07/16/2024 | 07/19/2024 | Bill Calculated | 2024JUNE | 0.00 | | 0.00 | 147.93 | 366.88 |

| Account Number / Posted / Billing Item | Created / Rate Name | Service Address / Trx Info | Addl. Info / Billed Usage | Customer Name / Meter Read / Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/16/2024 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/16/2024 | Billing | | 10.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | 0.00 | 07/16/2024 | Billing | | 91.17 |
| 01-WATER | WA1-WATER | | 0.00 | 07/16/2024 | Billing | | 40.76 |
| 07/16/2024 | 07/16/2024 | Penalty | Penalty Transactio | 0.00 | 0.00 | 19.88 | 218.95 |
| 06-PENALTY | | | 0.00 | 07/16/2024 | Billing | | 19.88 |
| 07/02/2024 | 07/02/2024 | Payment Posted | CASH | 0.00 | 0.00 | (300.00) | 199.07 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/02/2024 | Billing | | (12.70) |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/02/2024 | Billing | | (21.17) |
| 06-PENALTY | | | 0.00 | 07/02/2024 | Billing | | (38.31) |
| 02-SEWER | SW1-CITY METERED SW & RE | | 0.00 | 07/02/2024 | Billing | | (155.74) |
| 01-WATER | WA1-WATER | | 0.00 | 07/02/2024 | Billing | | (72.08) |
| 07/01/2024 | 07/01/2024 | Meter Read | WATER | 96,955.00 | 11,670.00 | 0.00 | 499.07 |
| 06/16/2024 | 06/20/2024 | Bill Calculated | 2024MAY | 0.00 | 0.00 | 132.50 | 499.07 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | 0.00 | 06/16/2024 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | 0.00 | 06/16/2024 | Billing | | 10.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | 0.00 | 06/16/2024 | Billing | | 80.00 |
| 01-WATER | WA1-WATER | | 0.00 | 06/16/2024 | Billing | | 36.50 |
| 06/16/2024 | 06/17/2024 | Penalty | Penalty Transactio | 0.00 | 0.00 | 16.79 | 366.57 |
| 06-PENALTY | | | 0.00 | 06/16/2024 | Billing | | 16.79 |
| 06/04/2024 | 06/05/2024 | Meter Read | WATER | 95,788.00 | 10,200.00 | 0.00 | 349.78 |
| 05/16/2024 | 05/21/2024 | Bill Calculated | 2024APRIL | 0.00 | 0.00 | 111.92 | 349.78 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | 0.00 | 05/16/2024 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | 0.00 | 05/16/2024 | Billing | | 10.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | 0.00 | 05/16/2024 | Billing | | 65.10 |
| 01-WATER | WA1-WATER | | 0.00 | 05/16/2024 | Billing | | 30.82 |
| 05/16/2024 | 05/16/2024 | Penalty | Penalty Transactio | 0.00 | 0.00 | 21.52 | 237.86 |
| 06-PENALTY | | | 0.00 | 05/16/2024 | Billing | | 21.52 |
| 05/02/2024 | 05/06/2024 | Meter Read | WATER | 94,768.00 | 8,240.00 | 0.00 | 216.34 |
| 04/18/2024 | 04/19/2024 | Payment Posted | CASH | 0.00 | 0.00 | (200.00) | 216.34 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | 0.00 | 04/18/2024 | Billing | | (9.68) |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | 0.00 | 04/18/2024 | Billing | | (16.13) |
| 06-PENALTY | | | 0.00 | 04/18/2024 | Billing | | (31.48) |
| 02-SEWER | SW1-CITY METERED SW & RE | | 0.00 | 04/18/2024 | Billing | | (96.33) |
| 01-WATER | WA1-WATER | | 0.00 | 04/18/2024 | Billing | | (46.38) |
| 04/16/2024 | 04/22/2024 | Bill Calculated | 2024MARCH | 0.00 | 0.00 | 143.42 | 416.34 |

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created / Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Customer Name / Meter Read / Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 04/16/2024 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 04/16/2024 | Billing | | 10.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 04/16/2024 | Billing | | 87.90 |
| 01-WATER | WA1-WATER | | | 0.00 | 04/16/2024 | Billing | | 39.52 |
| 04/16/2024 | 04/16/2024 | Penalty | Penalty Transactio | | 0.00 | 0.00 | 16.70 | 272.92 |
| 06-PENALTY | | | | 0.00 | 04/16/2024 | Billing | | 16.70 |
| 04/01/2024 | 04/01/2024 | Meter Read | WATER | | 93,944.00 | 11,240.00 | 0.00 | 256.22 |
| 03/16/2024 | 03/20/2024 | Bill Calculated | 2024FEBRUARY | | 0.00 | 0.00 | 111.29 | 256.22 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 03/16/2024 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 03/16/2024 | Billing | | 10.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 03/16/2024 | Billing | | 64.65 |
| 01-WATER | WA1-WATER | | | 0.00 | 03/16/2024 | Billing | | 30.64 |
| 03/16/2024 | 03/18/2024 | Penalty | Penalty Transactio | | 0.00 | 0.00 | 14.78 | 144.93 |
| 06-PENALTY | | | | 0.00 | 03/16/2024 | Billing | | 14.78 |
| 02/29/2024 | 02/29/2024 | Payment Posted | CASH RKS | | 0.00 | 0.00 | (240.00) | 130.15 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 02/29/2024 | Billing | | (10.39) |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 02/29/2024 | Billing | | (17.32) |
| 06-PENALTY | | | | 0.00 | 02/29/2024 | Billing | | (35.44) |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 02/29/2024 | Billing | | (120.51) |
| 01-WATER | WA1-WATER | | | 0.00 | 02/29/2024 | Billing | | (56.34) |
| 02/27/2024 | 03/06/2024 | Meter Read | WATER | | 92,820.00 | 8,180.00 | 0.00 | 370.15 |
| 02/16/2024 | 02/19/2024 | Bill Calculated | 2024JANUARY | | 0.00 | 0.00 | 98.48 | 370.15 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 02/16/2024 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 02/16/2024 | Billing | | 10.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 02/16/2024 | Billing | | 55.38 |
| 01-WATER | WA1-WATER | | | 0.00 | 02/16/2024 | Billing | | 27.10 |
| 02/16/2024 | 02/16/2024 | Penalty | Penalty Transactio | | 0.00 | 0.00 | 14.11 | 271.67 |
| 06-PENALTY | | | | 0.00 | 02/16/2024 | Billing | | 14.11 |
| 01/30/2024 | 01/31/2024 | Meter Read | WATER | | 92,002.00 | 6,960.00 | 0.00 | 257.56 |
| 01/16/2024 | 01/21/2024 | Bill Calculated | 2023DECEMBER | | 0.00 | 0.00 | 94.07 | 257.56 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 01/16/2024 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 01/16/2024 | Billing | | 10.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 01/16/2024 | Billing | | 52.18 |
| 01-WATER | WA1-WATER | | | 0.00 | 01/16/2024 | Billing | | 25.89 |
| 01/16/2024 | 01/16/2024 | Penalty | Penalty Transactio | | 0.00 | 0.00 | 21.33 | 163.49 |

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created / Rate Name | Service Address / Trx Info | Addl. Info / Billed Usage | Customer Name / Meter Read / Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|
| 06-PENALTY | | | 0.00 | 01/16/2024 | Billing | | 21.33 |
| 12/28/2023 | 12/29/2023 | Meter Read | WATER | 91,306.00 | 6,540.00 | 0.00 | 142.16 |
| 12/21/2023 | 12/21/2023 | Payment Posted | EFT#20231218399454 | 0.00 | 0.00 | (345.35) | 142.16 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | 0.00 | 12/21/2023 | Billing | | (14.46) |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | 0.00 | 12/21/2023 | Billing | | (24.10) |
| 06-PENALTY | | | 0.00 | 12/21/2023 | Billing | | (19.14) |
| 02-SEWER | SW1-CITY METERED SW & RE | | 0.00 | 12/21/2023 | Billing | | (198.48) |
| 01-WATER | WA1-WATER | | 0.00 | 12/21/2023 | Billing | | (89.17) |

# HISTORY REGISTER FOR CITY OF HARTFORD SUMMARY

## Billing Summary

| Billing Item | Billing | Sales Tax | Penalty | Interest | Total |
|---|---|---|---|---|---|
| 01-WATER | 1,549.59 | 0.00 | 73.99 | 0.00 | 1,623.58 |
| 02-SEWER | 3,205.98 | 0.00 | 147.18 | 0.00 | 3,353.16 |
| 03-TURN ON/OFF FEE | 0.00 | 0.00 | 7.50 | 0.00 | 7.50 |
| 06-PENALTY | 430.36 | 0.00 | 0.00 | 0.00 | 430.36 |
| 07-SEWER CAPITAL RESERVE | 290.02 | 0.00 | 18.00 | 0.00 | 308.02 |
| 09-WATER IMPROVEMENT PROJ | 182.02 | 0.00 | 12.30 | 0.00 | 194.32 |
| | 5,657.97 | 0.00 | 258.97 | 0.00 | 5,916.94 |

## Receipting Summary

| Billing Item | Billing | Sales Tax | Penalty | Interest | Total |
|---|---|---|---|---|---|
| 01-WATER | (1,330.41) | 0.00 | 0.00 | 0.00 | (1,330.41) |
| 02-SEWER | (2,724.50) | 0.00 | 0.00 | 0.00 | (2,724.50) |
| 03-TURN ON/OFF FEE | (25.00) | 0.00 | 0.00 | 0.00 | (25.00) |
| 06-PENALTY | (410.73) | 0.00 | 0.00 | 0.00 | (410.73) |
| 07-SEWER CAPITAL RESERVE | (284.10) | 0.00 | 0.00 | 0.00 | (284.10) |
| 09-WATER IMPROVEMENT PROJ | (176.46) | 0.00 | 0.00 | 0.00 | (176.46) |
| | (4,951.20) | 0.00 | 0.00 | 0.00 | (4,951.20) |

## Adjustment Summary

| Billing Item | Billing | Sales Tax | Penalty | Interest | Total |
|---|---|---|---|---|---|
| 01-WATER | 12.50 | 0.00 | 0.00 | 0.00 | 12.50 |
| 02-SEWER | 12.50 | 0.00 | 0.00 | 0.00 | 12.50 |
| 03-TURN ON/OFF FEE | 75.00 | 0.00 | 0.00 | 0.00 | 75.00 |
| | 100.00 | 0.00 | 0.00 | 0.00 | 100.00 |

## Other Information

| Billing Item | Billing Usage | Adjusted Usage | Billing Units |
|---|---|---|---|
| 01-WATER | 42,990.00 | 0.00 | 26.00 |
| 02-SEWER | 42,990.00 | 0.00 | 26.00 |
| 03-TURN ON/OFF FEE | 0.00 | 0.00 | 2.00 |
| 06-PENALTY | 0.00 | 0.00 | 19.00 |
| 07-SEWER CAPITAL RESERVE | 0.00 | 0.00 | 25.00 |
| 09-WATER IMPROVEMENT PROJECT | 0.00 | 0.00 | 25.00 |
| | 85,980.000000 | 0.000000 | 123.00 |

## GRAND TOTALS

| Billing Item | Billed | Adjusted | Penalty/Int | Receipt | Credit Xfer | Total |
|---|---|---|---|---|---|---|
| 01-WATER | 1,285.62 | 288.20 | 62.26 | (1,330.41) | 0.00 | 305.67 |
| 02-SEWER | 2,630.21 | 612.91 | 122.54 | (2,724.50) | 0.00 | 641.16 |
| 03-TURN ON/OFF FEE | 0.00 | 75.00 | 7.50 | (25.00) | 0.00 | 57.50 |
| 06-PENALTY | 0.00 | 0.00 | 430.36 | (410.73) | 0.00 | 19.63 |
| 07-SEWER CAPITAL RESE | 270.00 | 21.52 | 16.50 | (284.10) | 0.00 | 23.92 |
| 09-WATER IMPROVEMENT | 170.00 | 12.92 | 11.40 | (176.46) | 0.00 | 17.86 |

HISTORY REGISTER FOR CITY OF HARTFORD SUMMARY

| | | | | | |
|---|---|---|---|---|---|
| 4,355.83 | 1,010.55 | 650.56 | (4,951.20) | 0.00 | 1,065.74 |

## ACCOUNT DETAILS

| | | | |
|---|---|---|---|
| CUSTOMER ACCT. NO. | PARA00012200 | ELECTRONIC ID | 1349085 |
| SERVICE ADDRESS | 122 PARAS HILL DRIVE | METER SN | 01349085 |
| ROUTE NUMBER | 1 | SERVICE START DATE | N/A |
| EMAIL | N/A | LAST READ DATE | 12/19/2025 01:00 AM |
| PHONE | N/A | LAST READ (Gallons) | 49910 |
| | | METER STATUS | - |

10/19/2025 - 12/19/2025 Read Frequency Daily Legend: Alert




Total consumption for report period: 12520 (Gallons)

Legend: Change Out

| Consumption Date | Read (Gallons) | Consumption (Gallons) | Last Read Time | Read Method | Meter Status |
|---|---|---|---|---|---|
| 10/19/2025 | 37890 | 500 | 10/19/2025 11:00 PM | Fixed Network | - |
| 10/20/2025 | 38090 | 200 | 10/20/2025 11:00 PM | Fixed Network | - |
| 10/21/2025 | 38410 | 320 | 10/21/2025 11:00 PM | Fixed Network | - |
| 10/22/2025 | 38650 | 240 | 10/22/2025 11:00 PM | Fixed Network | - |
| 10/23/2025 | 38910 | 260 | 10/23/2025 11:00 PM | Fixed Network | - |
| 10/24/2025 | 39230 | 320 | 10/24/2025 11:00 PM | Fixed Network | - |
| 10/25/2025 | 39550 | 320 | 10/25/2025 11:00 PM | Fixed Network | - |
| 10/26/2025 | 39970 | 420 | 10/26/2025 11:00 PM | Fixed Network | - |

| Consumption Date | Read (Gallons) | Consumption (Gallons) | Last Read Time | Read Method | Meter Status |
|---|---|---|---|---|---|
| 10/27/2025 | 40190 | 220 | 10/27/2025 11:00 PM | Fixed Network | - |
| 10/28/2025 | 40580 | 390 | 10/28/2025 11:00 PM | Fixed Network | - |
| 10/29/2025 | 40900 | 320 | 10/29/2025 11:00 PM | Fixed Network | - |
| 10/30/2025 | 40990 | 90 | 10/30/2025 11:00 PM | Fixed Network | - |
| 10/31/2025 | 41170 | 180 | 10/31/2025 11:00 PM | Fixed Network | - |
| 11/01/2025 | 41470 | 300 | 11/01/2025 11:00 PM | Fixed Network | - |
| 11/02/2025 | 42050 | 580 | 11/02/2025 11:00 PM | Fixed Network | - |
| 11/03/2025 | 42580 | 530 | 11/03/2025 11:00 PM | Fixed Network | - |
| 11/04/2025 | 42950 | 370 | 11/04/2025 11:00 PM | Fixed Network | - |
| 11/05/2025 | 43220 | 270 | 11/05/2025 11:00 PM | Fixed Network | - |
| 11/06/2025 | 43590 | 370 | 11/06/2025 11:00 PM | Fixed Network | - |
| 11/07/2025 | 43820 | 230 | 11/07/2025 11:00 PM | Fixed Network | - |
| 11/08/2025 | 44160 | 340 | 11/08/2025 11:00 PM | Fixed Network | - |
| 11/09/2025 | 44570 | 410 | 11/09/2025 11:00 PM | Fixed Network | - |
| 11/10/2025 | 44790 | 220 | 11/10/2025 11:00 PM | Fixed Network | - |
| 11/11/2025 | 45100 | 310 | 11/11/2025 11:00 PM | Fixed Network | - |
| 11/12/2025 | 45340 | 240 | 11/12/2025 11:00 PM | Fixed Network | - |
| 11/13/2025 | 45570 | 230 | 11/13/2025 11:00 PM | Fixed Network | - |
| 11/14/2025 | 45890 | 320 | 11/14/2025 11:00 PM | Fixed Network | - |
| 11/15/2025 | 46190 | 300 | 11/15/2025 11:00 PM | Fixed Network | - |
| 11/16/2025 | 46510 | 320 | 11/16/2025 11:00 PM | Fixed Network | - |
| 11/17/2025 | 46700 | 190 | 11/17/2025 11:00 PM | Fixed Network | - |
| 11/18/2025 | 46880 | 180 | 11/18/2025 11:00 PM | Fixed Network | - |
| 11/19/2025 | 47080 | 200 | 11/19/2025 11:00 PM | Fixed Network | - |
| 11/20/2025 | 47230 | 150 | 11/20/2025 11:00 PM | Fixed Network | - |
| 11/21/2025 | 47420 | 190 | 11/21/2025 11:00 PM | Fixed Network | - |
| 11/22/2025 | 47700 | 280 | 11/22/2025 11:00 PM | Fixed Network | - |
| 11/23/2025 | 48010 | 310 | 11/23/2025 11:00 PM | Fixed Network | - |
| 11/24/2025 | 48250 | 240 | 11/24/2025 11:00 PM | Fixed Network | - |
| 11/25/2025 | 48400 | 150 | 11/25/2025 11:00 PM | Fixed Network | - |
| 11/26/2025 | 48540 | 140 | 11/26/2025 11:00 PM | Fixed Network | - |
| 11/27/2025 | 48650 | 110 | 11/27/2025 11:00 PM | Fixed Network | - |
| 11/28/2025 | 48770 | 120 | 11/28/2025 11:00 PM | Fixed Network | - |
| 11/29/2025 | 48870 | 100 | 11/29/2025 11:00 PM | Fixed Network | - |

harmony encore

| Consumption Date | Read (Gallons) | Consumption (Gallons) | Last Read Time | Read Method | Meter Status |
|---|---|---|---|---|---|
| 11/30/2025 | 49000 | 130 | 11/30/2025 11:00 PM | Fixed Network | - |
| 12/01/2025 | 49120 | 120 | 12/01/2025 11:00 PM | Fixed Network | - |
| 12/02/2025 | 49200 | 80 | 12/02/2025 11:00 PM | Fixed Network | - |
| 12/03/2025 | 49300 | 100 | 12/03/2025 11:00 PM | Fixed Network | - |
| 12/04/2025 | 49400 | 100 | 12/04/2025 11:00 PM | Fixed Network | - |
| 12/05/2025 | 49450 | 50 | 12/05/2025 11:00 PM | Fixed Network | - |
| 12/06/2025 | 49510 | 60 | 12/06/2025 11:00 PM | Fixed Network | - |
| 12/07/2025 | 49590 | 80 | 12/07/2025 11:00 PM | Fixed Network | - |
| 12/08/2025 | 49630 | 40 | 12/08/2025 11:00 PM | Fixed Network | - |
| 12/09/2025 | 49680 | 50 | 12/09/2025 11:00 PM | Fixed Network | - |
| 12/10/2025 | 49750 | 70 | 12/10/2025 11:00 PM | Fixed Network | - |
| 12/11/2025 | 49780 | 30 | 12/11/2025 11:00 PM | Fixed Network | - |
| 12/12/2025 | 49810 | 30 | 12/12/2025 11:00 PM | Fixed Network | - |
| 12/13/2025 | 49840 | 30 | 12/13/2025 11:00 PM | Fixed Network | - |
| 12/14/2025 | 49860 | 20 | 12/14/2025 11:00 PM | Fixed Network | - |
| 12/15/2025 | 49870 | 10 | 12/15/2025 11:00 PM | Fixed Network | - |
| 12/16/2025 | 49890 | 20 | 12/16/2025 11:00 PM | Fixed Network | - |
| 12/17/2025 | 49900 | 10 | 12/17/2025 11:00 PM | Fixed Network | - |
| 12/18/2025 | 49910 | 10 | 12/18/2025 11:00 PM | Fixed Network | - |
| 12/19/2025 | 49910 | 0 | 12/19/2025 01:00 AM | Fixed Network | - |

Total consumption for report period: 12520 (Gallons)


MASTER METER

# EXHIBIT Q


MASTER METER
11/01/2023
S/N 23369242
TB 110
CAT. NO 11530040
QC 40109
3
High: 100
Int: 99.9
Low: 99.9
1349085
1349085
5/8"X1/2"
S/N 23369242
EID 01349085


Hartford
December 17, 2025 6:55 PM
MASTER METER
11/01/2023
S/N:23369242
CAT. NO.11530040
TB:110
QC: 40109
3
High: 100
Int: 99.9
Low: 99.9
1349085
1349085
5/8"X1/2"

# EXHIBIT R

Gmail

Antonio Hadley <antoniohadley@gmail.com>

## Formal Demand for Record Certification, Enforcement Freeze, and FOIA Compliance

**Antonio Hadley** <antoniohadley@gmail.com> Thu, Dec 18, 2025 at 4:34 PM
To: City Manager <Citymanager@cityofhartfordmi.org>

Nicole, RoxAnn,

This email constitutes a formal written demand for clarification and certification of municipal records related to my utility account and related enforcement activity.

I am in receipt of a written response asserting that:
• No work orders exist
• No shutoff documentation exists
• No internal communications exist
• No enforcement records exist
and that the only available information is a public billing portal.

That position directly conflicts with documented City actions, including repeated shutoff attempts, police involvement, meter-related activity, and enforcement measures occurring over multiple years.

Accordingly, I am requesting the following, in writing:

1. Certification of Records
Please certify whether the City of Hartford maintains any records—electronic or physical—relating to:
• Water shutoffs or attempted shutoffs at 122 Paras Hill Dr (2021–present)
• Police involvement connected to utility enforcement
• Meter installation, replacement, testing, or adjustment
• Vehicle enforcement actions involving my property
• Internal communications regarding my account or enforcement

If records are asserted not to exist, please identify:
• The individual who conducted the search
• The systems searched
• The applicable record retention policies

2. Designation of System of Record
Please identify which ledger or system constitutes the City's official "system of record" for my account, as multiple conflicting account records have been produced.

3. Enforcement Freeze
Pending reconciliation and FOIA compliance, I am requesting written confirmation that:
• No utility enforcement actions will occur
• No police contact will be initiated
• No shutoff notices or tags will be issued

4. FOIA Compliance
My FOIA requests submitted beginning November 2025 remain unanswered. Directing a requester to a public portal does not satisfy Michigan FOIA obligations. Please advise when a compliant response will be issued.

This request is made to resolve discrepancies procedurally and avoid unnecessary escalation. I am requesting a written response.

Respectfully,
Antonio Hadley
122 Paras Hill Dr
Hartford, MI 49057

# EXHIBIT S

City of Hartford * County of Van Buren * State of Michigan

12/31/2025

122 PARAS HILL DR

**SUBJECT: Notification that your water service line is made of *galvanized previously connected to lead materials***

Dear Water Customer:

It has been determined that some or all of your water service line is made of galvanized previously connected to lead materials. People living in homes with a galvanized previously connected to lead service line have an increased risk of exposure to lead from their drinking water. This letter serves to notify you of this risk and provides information to help you reduce your risk of lead exposure. Please share this information with anyone who drinks and/or cooks using water at this property.

**Health effects of lead**

Exposure to lead in drinking water can cause serious health effects in all age groups. Infants and children can have decreases in IQ and attention span. Lead exposure can lead to new learning and behavior problems or exacerbate existing learning and behavior problems. The children of persons who are exposed to lead before or during pregnancy can have increased risk of these adverse health effects. Adults can have increased risks of heart disease, high blood pressure, kidney or nervous system problems.

**Steps you can take to reduce your exposure to lead in your water**

Below are recommended actions you may take, separately or in combination, to reduce your exposure to lead in your drinking water. The list also includes where you may find more information and is not intended to be a complete list or to imply that all actions equally reduce lead in drinking water.

- ***Consider using a lead-reducing filter***. The Michigan Department of Health and Human Services (MDHHS) recommends Michigan households use a certified lead-reducing drinking water filter if your home has or if you are uncertain if it has a source of lead, such as one of the following:
    - A lead service line, or galvanized previously connected to lead service line, carrying water from the street to your residence.
    - Lead or galvanized plumbing.

        - Copper plumbing with lead solder before 1988 (EGLE recommendation).
        - Old faucets and fittings that were sold before 2014.
    - Use the filter until you are able to remove sources of household lead plumbing, such as:
        - Replace pre-2014 faucets.
        - Get a lead inspection and replace needed plumbing.
    - Look for filters that are tested and certified to NSF/ANSI Standard 53 for lead reduction and NSF/ANSI Standard 42 for particulate reduction (Class I).
    - For filters to work properly, follow the manufacturer's instructions.

- ***Run your water to flush out lead-containing water***. The more time water has been sitting in your home's pipes, the more lead it may contain. Therefore, if your water has not been used for several hours, run the water before using it for drinking or cooking. This flushes lead-containing water from the pipes. Because your home has a galvanized service line that was previously connected to lead, run the water for at least five minutes to flush water from your home or building's plumbing and the lead service line.

- ***Use cold water for drinking and cooking.*** Do not cook with or drink water from the hot water tap; lead dissolves more easily into hot water.

- **Boiling water does not remove lead from water.** Filter cold water, then boil the filtered water as necessary.

- ***Clean your aerator.*** The aerator on the end of your faucet is a screen that will catch debris. This debris could include particulate lead. The aerator should be removed at least every six months to rinse out any debris.

- ***Check for other sources of lead.*** In addition to your service line, other plumbing in your home may contain lead and could increase the levels of lead in your drinking water. These may include faucets, valves, and soldered joints. It is recommended that homeowners contact a licensed plumber and have a plumbing assessment done to determine if your in-home plumbing is a source of lead in your drinking water.

- ***Test your water for lead.*** If you wish to get your drinking water tested, call your water supply or use a certified lab. To find a certified lab, go to Michigan.gov/EGLElab and click on "Certifications."

- ***Learn about construction in your neighborhood***. Construction may cause more lead to be released from a lead service line or galvanized service line if present. Contact us to find out about any construction or maintenance work that may disturb your service line.

- ***Learn about your drinking water.*** Read your water supply's Annual Water Quality Report (Consumer Confidence Report) that is mailed to you each year or find it at your local water utility's website.

**Get your child tested to determine lead levels in their blood.**

A family doctor or pediatrician can perform a blood test for lead and provide information about the health effects of lead. State, city, or county departments of health can also provide information about how you can have your child's blood tested for lead. The Centers for Disease Control (CDC) and Prevention recommends public health actions when the level of lead in a child's blood is 3.5 micrograms per deciliter (ug/dL) or more. For more information and links to CDC's website, please visit https://www.epa.gov/ground-water-and-drinking-water/basic-information-about-lead-drinking-water.

**Replacing lead service lines**

All water supplies in Michigan are actively identifying and replacing service lines that contain lead and galvanized previously connected to lead. All portions of the service line that contain lead and galvanized previously connected to lead that the water system owns, as well as the homeowner's portion, must be replaced at the water supply's expense. Contact us to learn about our service line replacement plan and timeline.

Partial replacement of service lines, where there is still lead or galvanized previously connected to lead materials remaining when service is restored, are banned due to increased lead exposure and potential health risks, except in the case of emergencies like a leak or loss of pressure.

If you have an issue with your side of the service line (generally, from the curb stop to the inside of your home), contact your water supply **first** to coordinate efforts and fully replace the service line. If an emergency repair is necessary, take additional precautionary measures to reduce potential exposure to lead during replacement or construction.

**Contact us**

Please contact City of Hartford at **269-621-2477** if you have questions regarding this letter.

Sincerely,

NICOL PULLUIAM

City Manager
**City of Hartford**
**269-621-2477**

# EXHIBIT T

Gmail Antonio Hadley <antoniohadley@gmail.com>

## Oversight Request — Hartford (MI) Water Billing Data Integrity Review

**Antonio Hadley** <antoniohadley@gmail.com> Mon, Dec 29, 2025 at 8:35 AM
To: <EGLE-Assist@michigan.gov>

Hello,

My name is Antonio Hadley, resident of Hartford, Michigan.
I am requesting guidance and oversight regarding contradictory municipal water/sewer billing data and enforcement actions at my residence.

Complaint ID with MI Attorney General:
2025-cp12290826375-A

There are discrepancies between the physical meter (49,945.27 gallons) and three official City totals (234,680; 85,980; 122,950 spike). Enforcement actions, shutoff, and police involvement occurred while the data is unresolved.

I am requesting:
• Confirmation of EGLE jurisdiction or referral
• Whether EGLE maintains oversight on municipal billing data integrity or reporting
• Instructions for submitting documentation if appropriate

Thank you,
Antonio Hadley
122 Paras Hill Dr, Hartford MI

Sent from Gmail Mobile

Gmail

Antonio Hadley <antoniohadley@gmail.com>

**FOIA Request :: E605223-012726**
2 messages

**EGLE FOIA Request Center** <michiganegle@govqa.us> Mon, Feb 9 at 1:30 PM
To: antoniohadley@gmail.com <antoniohadley@gmail.com>

--- Please respond above this line ---

February 09, 2026

Reference Number: E605223-012726

Antonio Hadley
122 Paras Hill Dr
HARTFORD, MI 49057

Dear Antonio Hadley:

This notice responds to your request for records, received by the Michigan Department of Environment, Great Lakes, and Energy (EGLE) requesting information under the Freedom of Information Act (FOIA), MCL 15.231 *et seq*.

Your request will be granted as to existing, nonexempt records in EGLE's possession falling within the scope of the request.

Section 4(4) of the FOIA, MCL 15.234(4), provides that a public body must provide a detailed itemization that clearly lists and explains the allowable charges for the necessary copying of a public record for inspection; actual mailing costs; actual incremental cost of duplication or publication, including labor; and the cost of search, examination, review, and deletion and separation of exempt from nonexempt information, which compose the total fee for estimating and charging purposes.

To commence the processing of the request, under section 4(8) of the FOIA, MCL 15.234(8), EGLE requires a one-half good faith deposit of $241.70 based on an estimated total cost of $483.40. Failure to charge would result in an unreasonably high cost to EGLE in this particular instance because employees must be taken away from pending work to process the request and expend additional time to complete regularly assigned departmental work. Please refer to the invoice for a breakdown of the fees assessed.

After receipt of $241.70, EGLE will complete the processing of the request within an estimated 15 business days. Section 4(8) of the FOIA, MCL 15.234(8), provides that the time frame estimate is nonbinding upon the public body, but the public body shall provide the estimate in good faith and strive to be reasonably accurate and provide the public records in a manner based on this state's public policy set forth in section 1(2) of the FOIA, MCL 15.231(2), and the nature of the request in the particular instance.

Section 4(14) of the FOIA, MCL 15.234(4)(14), provides that if a deposit that is required under subsection (8) or (11) is not received by the public body within 45 days from receipt by the requesting person of the notice that a deposit is required, and if the requesting person has not filed an appeal of the deposit amount pursuant to section 10a, the request shall be considered abandoned by the requesting person

and the public body is no longer required to fulfill the request. Notice of a deposit requirement under subsection (8) or (11) is considered received 3 days after it is sent, regardless of the means of transmission. Notice of a deposit requirement under subsection (8) or (11) must include notice of the date by which the deposit must be received, which date is 48 days after the date the notice is sent [March 29, 2026].

Upon completing the processing of the request, EGLE will send notice of the balance due, the statutory basis for exemptions, if any, and the statutory remedial rights, if applicable. After receipt of the balance due, copies of the records will be provided to you.

You may submit the payment online, please visit the following link: FOIA Payment Center.

If you would like to discuss whether the request can be refined to reduce the costs, or you have any other questions, please access your online account and reply to this message there.

To review a copy of EGLE's FOIA policy and procedure, public written summary, and several online databases, go to www.michigan.gov/eglefoia.

Kind regards,

EGLE FOIA

---

**Antonio Hadley** <antoniohadley@gmail.com> Mon, Feb 9 at 2:24 PM
To: EGLE FOIA Request Center <michiganegle@govqa.us>

Sent from Gmail Mobile

On Mon, Feb 9, 2026 at 1:30 PM EGLE FOIA Request Center <michiganegle@govqa.us> wrote:

Hello EGLE FOIA Office,

Re: FOIA Request E605223-012726

Thank you for the fee deposit notice. Before I submit the deposit, I am requesting that EGLE refine this FOIA into phased production to reduce cost and to focus first on the most critical oversight records.

Please treat this request as PHASED and provide a revised itemized estimate for Phase 1 only, produced electronically:

PHASE 1 (Priority Production — high-value oversight records)

1. Lead Service Line (LSL) / DWAM (Jan 1, 2024 – Jan 21, 2026):
    - Current and prior LSL inventories for PWSID MI0003070 (City of Hartford CWS / WSSN 03070)
    - Verification/inspection logs and any DWAM project updates/status reports referencing inspection counts (including "67 out of 169")

- Any EGLE compliance determinations related to LSL inventory/notifications

2. Lead and Copper Rule (LCR) (Jan 1, 2024 – Jan 21, 2026):
   - LCR sampling results and summary compliance/oversight records for PWSID MI0003070 (electronic export if available)
3. PFAS (Jan 1, 2018 – Dec 31, 2020):
   - PFAS sampling results / lab reports and any final/summary reports for PWSID MI0003070 (electronic export if available)

For cost reduction:

- Please pause Phase 2 (broader communications/complaints/other records) until Phase 1 is produced.
- If any of the Phase 1 materials are available via an existing EGLE database export (e.g., compliance sampling exports), please provide them in that format to reduce labor time.
- I continue to request a fee waiver or reduction due to public interest and community health transparency. If a full waiver is not granted, please provide the revised Phase 1 estimate so I can decide on deposit/payment.

Thank you,

Antonio Hadley

122 Paras Hill Dr, Hartford MI 49057

antoniohadley@gmail.com

269-336-9909

[Quoted text hidden]

Gmail

Antonio Hadley <antoniohadley@gmail.com>

---

**FORMAL REQUEST FOR INVESTIGATION — City of Hartford (MI) Billing Discrepancies, FOIA Failures & Misuse of Authority**

---

**Antonio Hadley** <antoniohadley@gmail.com> Mon, Dec 29, 2025 at 6:52 AM
To: <miag@michigan.gov>

Dear Michigan Attorney General Consumer Protection Division,

My name is Antonio Hadley, homeowner at 122 Paras Hill Dr, Hartford, Michigan (49057). I am requesting a formal investigation into the City of Hartford's water/sewer billing practices and administrative conduct, based on documented evidence of:
• Contradictory billing records and unverified consumption data
• Enforcement based on numbers that do not mathematically align with my physical meter
• FOIA obstruction and incomplete responses
• Misuse of law enforcement during a civil billing dispute
• Service shutoff during an active, unresolved dispute

I am not seeking a customer service response or mediation attempt; I am requesting regulatory intervention due to patterns that appear systemic, not isolated.

These issues have been ongoing since 2023, beginning with the involvement of Officer Mike Prince, and continuing into 2024–2025 through the actions of city staff and police personnel.

No allegations are being made at this time; however, the evidence appears to indicate serious administrative failures that may constitute misconduct, negligence, or potential violations of consumer protection law if verified.

———

I. Meter vs. City Numbers — Irreconcilable Discrepancies

My in-home physical meter shows:
49,945.27 gallons (lifetime total as of 11/30/2024).

City officials have billed and enforced based on three separate totals:

City Source (Official) Stated Total Gallons Variance
RoxAnne Rodney-Isbrecht (Clerk) 234,680 gallons +184,735 gallons
Nicole Brown (City Manager) 85,980 gallons +36,035 gallons
Separate billing history 122,950 gallon spike no work order / no explanation

These contradictions demonstrate that the city's own records do not reconcile to each other or to the physical meter, yet they are still being used for billing, shutoff, and enforcement.

———

II. FOIA Obstruction — MCL 15.231

FOIA requests were submitted on:
• 11/10/2024
• 11/26/2024
• 12/08/2024

Responses have been incomplete and contradictory, with statements such as "no records exist" conflicting with billing histories, implied meter resets, and police contact. This creates an environment where there is no transparent path to due process.

---

III. Misuse of Authority & Police Involvement

Since 2023, the following officers have appeared at my residence for billing-related matters:
• Officer Mike Prince
• Officer Marcus Harmon
• Officer Sean Poole

This suggests a practice where law enforcement is being used as a collection mechanism, rather than through civil process.

Color of Law Concern

At minimum, the involvement of police officers in a civil billing context raises questions under the definition of "action under color of law", where government authority may have been used outside its lawful scope. I am not asserting criminal intent, but the pattern warrants review to determine whether power has been used in a coercive, retaliatory, or unauthorized manner.

---

IV. Service Shutoff During Dispute

Water was shut off from November 7 to November 13, 2024, despite:
• A billing dispute already on record
• Active DHS/State assistance
• Winter conditions
• Children in the home

This forced reliance on bottled water and compromised health and safety.

---

V. Requested Actions

I respectfully request:
1. A formal investigation into Hartford's billing, enforcement, and administrative record-keeping systems.
2. A full audit of charges and penalties from 2021–present, reconciled to the physical meter.
3. A review of whether police involvement constitutes misuse of authority.
4. Immediate suspension of enforcement actions until billing data is verified.
5. Guidance or intervention to prevent further shutoffs or coercive collections during investigation.

---

VI. Evidence Available (Upon Request)

To preserve chain-of-custody and avoid premature disclosure, I will provide exhibits once an investigator is assigned:
• Meter verification (willing to swear under oath)
• City billing ledgers and internal contradictions
• Texts/emails from staff and city manager
• DHS verification timeline
• Shutoff documentation & witness timeline

---

Contact

Antonio Hadley
📍 122 Paras Hill Dr, Hartford MI 49057
📧 antoniohadley@gmail.com
📞 269-336-9909

Respectfully,
/s/ Antonio Hadley
Pro Se | Resident

Sent from Gmail Mobile

# EXHIBIT U

Gmail **Antonio Hadley <antoniohadley@gmail.com>**

---

**FOIA DEFAULT NOTICE — Failure to Respond Within Statutory Deadline (Intent to Enforce)**

---

**Antonio Hadley** <antoniohadley@gmail.com> Mon, Jan 5 at 1:01 PM
To: City Manager <Citymanager@cityofhartfordmi.org>

Nicole Pulliam

City Manager

City of Hartford

19 West Main St

Hartford, MI 49057

Cc: City Attorney

Cc: City Council

Cc: City Clerk

From: Antonio Hadley

122 Paras Hill Dr

Hartford, MI 49057

Date: January 6, 2026

---

City Manager Pulliam,

This correspondence serves as formal notice of default under the Michigan Freedom of Information Act (MCL 15.231 et seq.).

On November 4, 2025, I submitted a written FOIA request to the City of Hartford requesting records related to my water account, including but not limited to meter data, billing calculations, usage records, and enforcement activity.

As of today, the City has failed to provide a written response, failed to grant or deny the request, and failed to issue a lawful extension within the time required by statute.

Under MCL 15.235(2), a public body must respond within 5 business days of receipt of a FOIA request, or issue a valid written extension.

The City's failure to respond constitutes a denial by operation of law.

This letter places the City on notice of the following:

1. The City is in violation of the Michigan FOIA for failure to respond within the statutory timeframe.
2. The FOIA request is now deemed denied, triggering my right to appeal and enforce under MCL 15.240.
3. Continued non-response exposes the City to civil enforcement, including statutory damages, attorney fees, and costs.

Accordingly, I hereby demand the following:

- Immediate written acknowledgment of this FOIA default
- Immediate production of all responsive records without further delay
- Written identification of any records claimed as exempt, including the specific statutory basis for each exemption

Please be advised that enforcement actions have already been initiated through external oversight channels, and continued failure to comply will result in further escalation as permitted by law.

This matter can still be resolved without litigation if the City produces the requested records promptly.

I expect written confirmation.

Respectfully,

Antonio Hadley

122 Paras Hill Dr

Hartford, MI 49057

Sent from Gmail Mobile

# EXHIBIT V

Gmail

**Antonio Hadley <antoniohadley@gmail.com>**

---

## Meter Inspection

2 messages

---

**City Manager** <citymanager@cityofhartfordmi.org> Wed, Jan 7 at 3:39 PM
To: antoniohadley@gmail.com <antoniohadley@gmail.com>
Cc: Hartford Public Works <DPW@cityofhartfordmi.org>

Hello Tony,

Per our telephone conversation, you would like my request in writing. I received an alert from our meter system that the meter at 122 Paras Hill was flagged; therefore, the Department of Public Works needs to inspect it. Per our conversation, the meter is located inside the home; therefore, I would like to send Ricky, the public works superintendent, to your home first thing tomorrow morning. January 8th between 9 am and 11 am. Unfortunately, this cannot wait until Monday for inspection.

What time is good for you tomorrow?

**Nicol S. Pulluiam** (changed from Brown)

City Manager

City of Hartford

19 West Main Street

Hartford, MI 49057

**Phone**: 269-621-2477

**Email**:citymanager@cityofhartfordmi.org

www.cityofhartfordmi.org

**Antonio Hadley** <antoniohadley@gmail.com>
To: City Manager <citymanager@cityofhartfordmi.org>
Cc: Hartford Public Works <DPW@cityofhartfordmi.org>

Wed, Jan 7 at 4:59 PM

Hello Nicole,

I am following up to formally address the recent statement that the water meter at my address was "flagged" by a City system and to ensure the record accurately reflects the sequence of events to date.

As context, this matter did not begin recently. It has involved ongoing billing disputes, multiple unanswered FOIA requests, and repeated written communications over an extended period. Throughout that time, no system alert, work order, or meter-related issue was identified or disclosed.

Most notably, I was informed by the Water Department that no paperwork or records existed pertaining to my address. Against that backdrop, the recent assertion that the meter is now "flagged" requires clarification and supporting documentation.

If a legitimate system flag exists, there must be a verifiable transition point at which the meter status changed from normal operation to a flagged condition. Accordingly, before any inspection or interior access is contemplated, I am requesting the following be produced in writing:

- The date and time the meter allegedly became flagged
- The specific system or platform that generated the alert
- The nature of the alert (e.g., read error, communication issue, usage anomaly, leak indication, etc.)
- Any associated log entry, work order, or report tying the alert specifically to my address

At this time, I cannot consent to interior access that would generate new readings, photographs, or documentation while the City has not produced its existing records and while FOIA requests remain unanswered. Proceeding otherwise would risk altering the evidentiary baseline before the historical record is established.

This position is not a refusal to cooperate. It is a request for transparency and documentation before further action is taken.

For clarity and recordkeeping, I have outlined below a concise timeline of key communications and actions. This timeline is based on written correspondence, texts, mailed notices, and stamped submissions already in the City's possession.

---

Timeline Summary (For Reference)

- November 4 – Initial FOIA request submitted seeking billing history, meter read data, system logs, and account records.
- November 26 – Follow-up communications sent regarding billing discrepancies and lack of FOIA response.
- December 5 – Cease and desist issued; letter of urgency sent to the City Manager requesting documentation and suspension of enforcement.
- December 8 – Text message received from you requesting a meeting; no mention of a meter issue, emergency, or system flag.
- December 9 (morning) – I responded to the meeting request. Shortly thereafter, I received a text stating that payment of the bill was required.
- December 9 (same day) – Police were sent to my residence in connection with the billing dispute, despite no documented emergency or meter issue.
- December 17 – Formal email sent to the City Manager documenting FOIA violations and due process concerns.
- December 18 – Formal letter of demand sent to the City.
- December 19 – Formal notice sent to you and Roxanne documenting ongoing FOIA violations, coercive enforcement, and preservation of evidence.
- Post–December 19 – I was advised that no paperwork existed for my address; thereafter, the assertion of a newly "flagged" meter was introduced.

---

Given this sequence, the timing of the newly asserted "flag" is unclear and requires documentation before any further steps are taken.

Once the City provides the records supporting its claim and fulfills its outstanding FOIA obligations, I am willing to revisit inspection logistics in a coordinated and transparent manner.

I look forward to your response.

Antonio Hadley
122 Paras Hill Dr

Sent from Gmail Mobile
[Quoted text hidden]

Gmail **Antonio Hadley <antoniohadley@gmail.com>**

---

## Follow-Up on Meter Irregularity Identified in Your Email of January 7

---

**Antonio Hadley** <antoniohadley@gmail.com> Mon, Jan 12 at 12:29 PM
To: City Manager <Citymanager@cityofhartfordmi.org>

Ms. Brown,

I am following up on your email dated January 7, in which you acknowledged a red flag regarding the water meter associated with my account and indicated that the issue required further review.

As of today, no follow-up communication, findings, documentation, or corrective action has been provided.

This email is to formally document that:
- The meter irregularity was identified by you,
- The issue was acknowledged as requiring attention,
- No resolution or explanation has been issued despite the passage of time, and
- Billing enforcement and account pressure have continued in the absence of clarification.

If any investigation, testing, review, or internal determination was conducted in response to the January 7 red flag, please identify it and provide the corresponding records.
If no follow-up was conducted, please confirm that fact.

This communication is intended solely to ensure the record accurately reflects what was identified, what actions were taken, and what actions were not.

Antonio Hadley

Sent from Gmail Mobile

Gmail

Antonio Hadley <antoniohadley@gmail.com>

## FOIA Supplement – Water System Records, DSMI Classification, and Billing Basis (2021–Present)

**Antonio Hadley** <antoniohadley@gmail.com> Mon, Jan 12 at 12:30 PM
To: Roxann Isbrecht <cityclerk@cityofhartfordmi.org>, City Manager <Citymanager@cityofhartfordmi.org>

FOIA Coordinator,

This email serves as a supplemental request under the Michigan Freedom of Information Act, expanding upon my prior FOIA request(s) to include records that must exist based on the City's own actions, public meetings, contracts, inspections, and enforcement.

This request covers the period January 1, 2021 to present.

Please produce the following:

A. DSMI / Service Line Classification Records
1. All Distribution System Materials Inventory (DSMI) inspection results for my address (interior and exterior).
2. The service line material classification assigned to my address.
3. Any internal lists, flags, or databases identifying properties with galvanized, lead, or unknown service line materials.
4. Any guidance, protocols, or mitigation measures associated with those classifications.

B. Grant, Project, and Governance Records
5. Records related to the Drinking Water Asset Management (DWAM) grant discussed and approved at the November 15, 2021 City Commission meeting.
6. Records showing how DSMI findings were recorded, stored, and used after inspections were completed.
7. Any documents supporting a "no significant impact" determination relied upon for continued billing or enforcement at properties identified through DSMI.

C. Billing and Meter Basis
8. Complete account ledger for my property, including all charges, credits, adjustments, estimates, and corrections.
9. Meter read history with dates, values, and method of collection.
10. Any internal worksheets, software outputs, or calculations used to derive billed usage.
11. Records relating to meter irregularities, investigations, or red flags associated with my account.

D. Enforcement and Communication
12. Records authorizing billing enforcement actions taken while FOIA requests were pending.
13. Communications related to enforcement actions taken during periods of identified meter irregularity.

If any requested records do not exist, please state that explicitly.

If any portion of this request is denied, please cite the specific statutory exemption relied upon.

This request is limited to records that must exist as a result of City actions and public proceedings.

Antonio Hadley

Sent from Gmail Mobile

# EXHIBIT W

**AFFIDAVIT OF ROXANN RODNEY-ISBRECHT**

RoxAnn Rodney-Isbrecht, being sworn, states as follows:

1. I am employed by the City of Hartford as the City Clerk and Assistant City Manager. In that capacity, I am responsible for, among other things, the City's water and sewer utility billing function and the maintenance of customer account records. I also serve as the City's FOIA Coordinator.

2. The City maintains a utility account in the name of Antonio Hadley for water and sewer service at 122 Paras Hill Drive, Hartford, Michigan (the "Account"). Mr. Hadley is, and at all relevant times has been, the named account holder on the Account.

3. In the summer of 2025, the City replaced the water meter serving 122 Paras Hill Drive as part of a City-wide infrastructure upgrade. The prior meter was retired and a new meter was installed at the property in or around July 2025.

4. Mr. Hadley fell behind on his water and sewer bills and began carrying an unpaid balance on the Account in the later part of 2025.

5. Consistent with the City's ordinary practice, the City sent Mr. Hadley a series of notices in late 2025 and early 2026 informing him of the delinquent balance on the Account and notifying him that, absent payment, water service to the property would be terminated.

6. At no point did Mr. Hadley bring the Account current. Instead, Mr. Hadley responded to the City's notices by requesting large amounts of information and documentation through FOIA and by making conclusory assertions that his bill was incorrect.

7. In response to a FOIA request received on or about November 26, 2025, I provided Mr. Hadley all billing and metering records in the City's possession, custody, or control pertaining to the Account, beginning at the time Mr. Hadley first opened it.

8. On January 7, 2026, while reviewing water metering records in the City's Harmony Encore software, I noticed a "flag alert" on the Account. The alert stemmed from the fact that there had been no water usage recorded at Mr. Hadley's property for nearly two weeks, as shown in the printout attached as Exhibit 3 to *City's Brief in Support of Motion for Summary Disposition* (the "MSD Brief"). Exhibit 3 is a true and accurate copy of the Harmony Encore record for Mr. Hadley's account as of 2:06 p.m. on January 7. Notably, the printout shows that a total of 49,940 gallons had been consumed at the property since the meter was installed in the summer of 2025. Mr. Hadley cited this number in his complaint in this case.

9. Exhibit 6 to the MSD Brief is a true and accurate copy of the City's BSA History Register for the Account, which is generated and maintained by the City in the ordinary course of its operations.

10. As of February 10, 2026, the date the administrative search warrant was executed, Mr. Hadley's Account was in arrears by $789.

I have personal knowledge that the statements in the foregoing affidavit are true and correct, and would so testify if called as a witness in a court proceeding.

*[Signature on Next Page]*

RoxAnn Rodney-Isbrecht

Signed and sworn to before me this 6 day of May, 2026.

Kristen K. Matthias

Notary Public, STATE OF MICHIGAN

Acting in VAN BUREN County
My commission expires: 01/13/2033

# EXHIBIT X

Gmail

Antonio Hadley <antoniohadley@gmail.com>

# Formal Notice of Preservation of Evidence and Litigation Hold – Municipal Water and Enforcement Matter

**Antonio Hadley** <antoniohadley@gmail.com> Tue, Jan 13 at 4:54 PM
To: City Manager <Citymanager@cityofhartfordmi.org>

To: City Manager, City Attorney
Cc: Utility Director, Police Chief

This correspondence serves as formal notice of anticipated litigation and a demand for immediate preservation of evidence related to the City's administration of municipal water service, billing, enforcement practices, and law-enforcement involvement concerning my account and residence.

The City is hereby placed on notice that all documents, records, data, communications, and electronically stored information potentially relevant to this matter must be preserved and must not be altered, deleted, overwritten, or destroyed.

This preservation obligation includes, but is not limited to:
- Billing records, ledgers, and account histories (including superseded or corrected versions);
- Meter data, photographs, readings, and usage calculations;
- Internal communications between the utility department, City administration, legal counsel, and law enforcement;
- Police call logs, CAD records, incident reports, and body-camera or dash-camera footage;
- Policies, training materials, and directives governing water enforcement and police involvement;
- Communications with contractors, engineers, consultants, or state agencies regarding water quality or system integrity.

This notice is issued because the City:
- Possessed actual or imputed knowledge of unresolved water system and record integrity issues;
- Received notice of dispute and requests for reconciliation; and
- Nevertheless engaged in enforcement activity, including police involvement, related to municipal water service.

Any destruction, alteration, or failure to preserve evidence after receipt of this notice may constitute spoliation and may result in adverse inferences, sanctions, or expanded liability.

Please confirm in writing that the City has implemented a litigation hold and has taken appropriate steps to preserve all relevant materials.

Sincerely,
Antonio Hadley
Hartford, Michigan

Sent from Gmail Mobile

# EXHIBIT Y

EXHIBIT Y
EXHIBIT RECORDING TRANSCRIPT (EXCERPT)

Date of Recording: January 13, 2026
Parties to Conversation: Antonio Hadley (Plaintiff) and Chief Brian Matthews (Hartford Police Department)
Filing Reference: Plaintiff's Affidavit and Exhibit List (Exhibit Y)

[START OF EXCERPT]

ANTONIO HADLEY: ...Please refrain from coming to my home today or any other day unless you got court ordered to do so. The city cannot order you to come to my home or call me for a civil matter. There's a color and law that you're violating. And I got civil, I got civil rights. You're violating those...

CHIEF MATTHEWS: Go ahead. It's my turn, talk. Now, that is the plan, Mr. Hadley, that I will come over with a court order. And that's not what I want to do, because if you obstruct, you're gonna get yourself illegal problems.

ANTONIO HADLEY: Listen, man, if you got a court order, just come over and show it to me and we good, man. Right now, you just called me and told me that the city asked you to cut my, come cut my water off because of whatever. I'm trying to...

[...]

ANTONIO HADLEY: So right now you got a court order is what you're saying.

CHIEF MATTHEWS: No, I, no, what I'm saying is that, is that I'm going to try to talk to you in person to show you what we actually have, and then if you do not, I will come back with, with the court order.

[END OF EXCERPT]

CERTIFICATION OF ACCURACY

I, Antonio Hadley, appearing in propria persona, hereby certify under penalty of perjury that the foregoing document is a true, accurate, and verbatim excerpt of a continuous electronic audio recording captured between myself and Chief Brian Matthews on January 13, 2026. Plaintiff maintains the full, uninterrupted audio recording in his possession, available for production or in-court playback at the request of the Court.

Dated: June 1, 2026

______________________________
Antonio Hadley, Plaintiff Pro Se
122 Paras Hill Drive
Hartford, MI 49057
Telephone: (269) 336-9909
Email: antoniohadley@gmail.com

# EXHIBIT Z


Home
January 13 2:02PM


January 13 2:02PM
Home

# EXHIBIT AA

01/13/2026 11:20 AM

harmony encore

# ANTONIO HADLEY

## ACCOUNT DETAILS

| | | | |
|---|---|---|---|
| CUSTOMER NAME | ANTONIO HADLEY | ELECTRONIC ID | 1349085 |
| CUSTOMER ACCT. NO. | PARA00012200 | METER SN | 01349085 |
| SERVICE ADDRESS | 122 PARAS HILL DRIVE | SERVICE START DATE | N/A |
| ROUTE NUMBER | 1 | LAST READ DATE | 01/13/2026 01:00 AM |
| EMAIL | N/A | LAST READ (Gallons) | 49940 |
| PHONE | N/A | METER STATUS | - |

11/13/2025 - 01/13/2026 Read Frequency Daily

Legend: Alert




Total consumption for report period: 4600 (Gallons)

Legend: Change Out

| Consumption Date | Read (Gallons) | Consumption (Gallons) | Last Read Time | Read Method | Meter Status |
|---|---|---|---|---|---|
| 11/13/2025 | 45570 | 230 | 11/13/2025 11:00 PM | Fixed Network | - |
| 11/14/2025 | 45890 | 320 | 11/14/2025 11:00 PM | Fixed Network | - |
| 11/15/2025 | 46190 | 300 | 11/15/2025 11:00 PM | Fixed Network | - |
| 11/16/2025 | 46510 | 320 | 11/16/2025 11:00 PM | Fixed Network | - |
| 11/17/2025 | 46700 | 190 | 11/17/2025 11:00 PM | Fixed Network | - |
| 11/18/2025 | 46880 | 180 | 11/18/2025 11:00 PM | Fixed Network | - |
| 11/19/2025 | 47080 | 200 | 11/19/2025 11:00 PM | Fixed Network | - |

| Consumption Date | Read (Gallons) | Consumption (Gallons) | Last Read Time | Read Method | Meter Status |
|---|---|---|---|---|---|
| 11/20/2025 | 47230 | 150 | 11/20/2025 11:00 PM | Fixed Network | - |
| 11/21/2025 | 47420 | 190 | 11/21/2025 11:00 PM | Fixed Network | - |
| 11/22/2025 | 47700 | 280 | 11/22/2025 11:00 PM | Fixed Network | - |
| 11/23/2025 | 48010 | 310 | 11/23/2025 11:00 PM | Fixed Network | - |
| 11/24/2025 | 48250 | 240 | 11/24/2025 11:00 PM | Fixed Network | - |
| 11/25/2025 | 48400 | 150 | 11/25/2025 11:00 PM | Fixed Network | - |
| 11/26/2025 | 48540 | 140 | 11/26/2025 11:00 PM | Fixed Network | - |
| 11/27/2025 | 48650 | 110 | 11/27/2025 11:00 PM | Fixed Network | - |
| 11/28/2025 | 48770 | 120 | 11/28/2025 11:00 PM | Fixed Network | - |
| 11/29/2025 | 48870 | 100 | 11/29/2025 11:00 PM | Fixed Network | - |
| 11/30/2025 | 49000 | 130 | 11/30/2025 11:00 PM | Fixed Network | - |
| 12/01/2025 | 49120 | 120 | 12/01/2025 11:00 PM | Fixed Network | - |
| 12/02/2025 | 49200 | 80 | 12/02/2025 11:00 PM | Fixed Network | - |
| 12/03/2025 | 49300 | 100 | 12/03/2025 11:00 PM | Fixed Network | - |
| 12/04/2025 | 49400 | 100 | 12/04/2025 11:00 PM | Fixed Network | - |
| 12/05/2025 | 49450 | 50 | 12/05/2025 11:00 PM | Fixed Network | - |
| 12/06/2025 | 49510 | 60 | 12/06/2025 11:00 PM | Fixed Network | - |
| 12/07/2025 | 49590 | 80 | 12/07/2025 11:00 PM | Fixed Network | - |
| 12/08/2025 | 49630 | 40 | 12/08/2025 11:00 PM | Fixed Network | - |
| 12/09/2025 | 49680 | 50 | 12/09/2025 11:00 PM | Fixed Network | - |
| 12/10/2025 | 49750 | 70 | 12/10/2025 11:00 PM | Fixed Network | - |
| 12/11/2025 | 49780 | 30 | 12/11/2025 11:00 PM | Fixed Network | - |
| 12/12/2025 | 49810 | 30 | 12/12/2025 11:00 PM | Fixed Network | - |
| 12/13/2025 | 49840 | 30 | 12/13/2025 11:00 PM | Fixed Network | - |
| 12/14/2025 | 49860 | 20 | 12/14/2025 11:00 PM | Fixed Network | - |
| 12/15/2025 | 49870 | 10 | 12/15/2025 11:00 PM | Fixed Network | - |
| 12/16/2025 | 49890 | 20 | 12/16/2025 11:00 PM | Fixed Network | - |
| 12/17/2025 | 49900 | 10 | 12/17/2025 11:00 PM | Fixed Network | - |
| 12/18/2025 | 49910 | 10 | 12/18/2025 11:00 PM | Fixed Network | - |
| 12/19/2025 | 49920 | 10 | 12/19/2025 11:00 PM | Fixed Network | - |
| 12/20/2025 | 49930 | 10 | 12/20/2025 11:00 PM | Fixed Network | - |
| 12/21/2025 | 49940 | 10 | 12/21/2025 11:00 PM | Fixed Network | - |
| 12/22/2025 | 49940 | 0 | 12/22/2025 11:00 PM | Fixed Network | - |
| 12/23/2025 | 49940 | 0 | 12/23/2025 11:00 PM | Fixed Network | - |

| Consumption Date | Read (Gallons) | Consumption (Gallons) | Last Read Time | Read Method | Meter Status |
|---|---|---|---|---|---|
| 12/24/2025 | 49940 | 0 | 12/24/2025 11:00 PM | Fixed Network | - |
| 12/25/2025 | 49940 | 0 | 12/25/2025 11:00 PM | Fixed Network | - |
| 12/26/2025 | 49940 | 0 | 12/26/2025 11:00 PM | Fixed Network | - |
| 12/27/2025 | 49940 | 0 | 12/27/2025 11:00 PM | Fixed Network | - |
| 12/28/2025 | 49940 | 0 | 12/28/2025 11:00 PM | Fixed Network | - |
| 12/29/2025 | 49940 | 0 | 12/29/2025 11:00 PM | Fixed Network | - |
| 12/30/2025 | 49940 | 0 | 12/30/2025 11:00 PM | Fixed Network | - |
| 12/31/2025 | 49940 | 0 | 12/31/2025 11:00 PM | Fixed Network | - |
| 01/01/2026 | 49940 | 0 | 01/01/2026 11:00 PM | Fixed Network | - |
| 01/02/2026 | 49940 | 0 | 01/02/2026 11:00 PM | Fixed Network | - |
| 01/03/2026 | 49940 | 0 | 01/03/2026 11:00 PM | Fixed Network | - |
| 01/04/2026 | 49940 | 0 | 01/04/2026 11:00 PM | Fixed Network | - |
| 01/05/2026 | 49940 | 0 | 01/05/2026 11:00 PM | Fixed Network | - |
| 01/06/2026 | 49940 | 0 | 01/06/2026 11:00 PM | Fixed Network | - |
| 01/07/2026 | 49940 | 0 | 01/07/2026 11:00 PM | Fixed Network | - |
| 01/08/2026 | 49940 | 0 | 01/08/2026 11:00 PM | Fixed Network | - |
| 01/09/2026 | 49940 | 0 | 01/09/2026 11:00 PM | Fixed Network | - |
| 01/10/2026 | 49940 | 0 | 01/10/2026 11:00 PM | Fixed Network | - |
| 01/11/2026 | 49940 | 0 | 01/11/2026 11:00 PM | Fixed Network | - |
| 01/12/2026 | 49940 | 0 | 01/12/2026 11:00 PM | Fixed Network | - |
| 01/13/2026 | 49940 | 0 | 01/13/2026 01:00 AM | Fixed Network | - |

Total consumption for report period: 4600 (Gallons)

# EXHIBIT AB

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created / Rate Name | Service Address / Trx Info | Addl. Info | Customer Name / Meter Read / Billed Usage | Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|
| 1713 | | 122 PARAS HILL DRIVE | | ANTONIO HADLEY | | | | 789.28 |
| 12/31/2025 | 01/06/2026 | Meter Read | WATER | 49,940.00 | | 940.00 | 0.00 | 789.28 |
| 12/28/2025 | 12/28/2025 | Bill Calculated | 11/01/25-11/30/25 | 0.00 | | 0.00 | 146.58 | 789.28 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 01/16/2026 | Billing | | 14.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 01/16/2026 | Billing | | 20.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 7,810.00 | 01/16/2026 | Billing | | 71.39 |
| 01-WATER | WA1-WATER | | | 7,810.00 | 01/16/2026 | Billing | | 41.19 |
| 12/16/2025 | 12/17/2025 | Penalty | | 0.00 | | 0.00 | 54.78 | 642.70 |
| 03-TURN ON/OFF FEE | | | | 0.00 | 12/16/2025 | Penalty | | 7.50 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 12/16/2025 | Penalty | | 2.10 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 12/16/2025 | Penalty | | 3.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 12/16/2025 | Penalty | | 27.77 |
| 01-WATER | WA1-WATER | | | 0.00 | 12/16/2025 | Penalty | | 14.41 |
| 12/10/2025 | 12/10/2025 | Bill Adjustment | SHUT OFF FOR NON-P | 0.00 | | 0.00 | 50.00 | 587.92 |
| 03-TURN ON/OFF FEE | | | | 0.00 | 11/19/2025 | Billing | | 50.00 |
| 11/30/2025 | 12/19/2025 | Meter Read | WATER | 49,000.00 | | 7,810.00 | 0.00 | 537.92 |
| 11/24/2025 | 11/24/2025 | Bill Calculated | 10/01/25-10/31/25 | 0.00 | | 0.00 | 315.17 | 537.92 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 12/15/2025 | Billing | | 14.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 12/15/2025 | Billing | | 20.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 21,190.00 | 12/15/2025 | Billing | | 185.12 |
| 01-WATER | WA1-WATER | | | 21,190.00 | 12/15/2025 | Billing | | 96.05 |
| 11/19/2025 | 11/19/2025 | Payment Posted | 0000003253 | 0.00 | | 0.00 | (348.41) | 222.75 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 11/15/2025 | Billing | | (14.00) |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/15/2025 | Billing | | (14.00) |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 11/15/2025 | Billing | | (20.00) |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/15/2025 | Billing | | (20.00) |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 11/15/2025 | Billing | | (113.94) |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 10/15/2025 | Billing | | (47.50) |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 09/15/2025 | Billing | | (18.63) |
| 01-WATER | WA1-WATER | | | 0.00 | 11/15/2025 | Billing | | (70.67) |
| 01-WATER | WA1-WATER | | | 0.00 | 10/15/2025 | Billing | | (29.67) |
| 11/19/2025 | 11/19/2025 | Payment Posted | 0000003252 | 0.00 | | 0.00 | (50.00) | 571.16 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 09/15/2025 | Billing | | (11.78) |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 09/15/2025 | Billing | | (20.00) |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 09/15/2025 | Billing | | (1.67) |
| 01-WATER | WA1-WATER | | | 0.00 | 09/15/2025 | Billing | | (16.55) |
| 11/16/2025 | 11/17/2025 | Penalty | | 0.00 | | 0.00 | 35.58 | 621.16 |

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created | Service Address / Trx Info / Rate Name | Addl. Info | Billed Usage | Customer Name / Meter Read / Due Date | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 11/16/2025 | Penalty | | 2.10 |
| 01-WATER | | WA1-WATER | | 0.00 | 11/16/2025 | Penalty | | 10.60 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 11/16/2025 | Penalty | | 19.88 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 11/16/2025 | Penalty | | 3.00 |
| 11/13/2025 | 11/13/2025 | Payment Posted | 0000002967 | | 0.00 | 0.00 | (140.00) | 585.58 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 09/15/2025 | Billing | | (2.22) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/16/2025 | Billing | | (137.78) |
| 11/06/2025 | 11/06/2025 | Payment Posted | 0000002750 | | 0.00 | 0.00 | (534.00) | 725.58 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/16/2025 | Billing | | (6.00) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/16/2025 | Billing | | (10.00) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/16/2025 | Billing | | (273.28) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/03/2025 | Billing | | (59.15) |
| 01-WATER | | WA1-WATER | | 0.00 | 07/16/2025 | Billing | | (185.57) |
| 11/01/2025 | 11/01/2025 | Meter Read | WATER | | 41,190.00 | 21,190.00 | 0.00 | 1,259.58 |
| 10/24/2025 | 10/24/2025 | Bill Calculated | 09/01/25-09/30/25 | | 0.00 | 0.00 | 237.17 | 1,259.58 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 11/15/2025 | Billing | | 14.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 11/15/2025 | Billing | | 20.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 15,000.00 | 11/15/2025 | Billing | | 132.50 |
| 01-WATER | | WA1-WATER | | 15,000.00 | 11/15/2025 | Billing | | 70.67 |
| 10/20/2025 | 10/20/2025 | Penalty Reversal | DUPLICATE PENALTY | | 0.00 | 0.00 | (27.31) | 1,022.41 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 10/20/2025 | Penalty | | (4.20) |
| 01-WATER | | WA1-WATER | | 0.00 | 10/20/2025 | Penalty | | (6.93) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 10/20/2025 | Penalty | | (10.18) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 10/20/2025 | Penalty | | (6.00) |
| 10/20/2025 | 10/20/2025 | Penalty | | | 0.00 | 0.00 | 27.31 | 1,049.72 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 10/20/2025 | Penalty | | 4.20 |
| 01-WATER | | WA1-WATER | | 0.00 | 10/20/2025 | Penalty | | 6.93 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 10/20/2025 | Penalty | | 10.18 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 10/20/2025 | Penalty | | 6.00 |
| 10/20/2025 | 10/20/2025 | Penalty | | | 0.00 | 0.00 | 27.31 | 1,022.41 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 10/20/2025 | Penalty | | 4.20 |
| 01-WATER | | WA1-WATER | | 0.00 | 10/20/2025 | Penalty | | 6.93 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 10/20/2025 | Penalty | | 10.18 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 10/20/2025 | Penalty | | 6.00 |
| 10/15/2025 | 10/15/2025 | Payment Posted | 0000002341 | | 0.00 | 0.00 | (200.00) | 995.10 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/03/2025 | Billing | | (6.02) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/03/2025 | Billing | | (10.02) |

# HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created / Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Customer Name / Due Date | Meter Read | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|---|
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 07/03/2025 | | Billing | | (105.56) |
| 01-WATER | WA1-WATER | | | 0.00 | 07/03/2025 | | Billing | | (78.40) |
| 09/30/2025 | 10/24/2025 | Meter Read | WATER | | | 20,000.00 | 15,000.00 | 0.00 | 1,195.10 |
| 09/23/2025 | 09/23/2025 | Bill Calculated | 08/01/25-08/31/25 | | | 0.00 | 0.00 | 111.17 | 1,195.10 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 10/15/2025 | | Billing | | 14.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 10/15/2025 | | Billing | | 20.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 5,000.00 | 10/15/2025 | | Billing | | 47.50 |
| 01-WATER | WA1-WATER | | | 5,000.00 | 10/15/2025 | | Billing | | 29.67 |
| 09/16/2025 | 09/16/2025 | Penalty | | | | 0.00 | 0.00 | 10.63 | 1,083.93 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 09/16/2025 | | Penalty | | 2.10 |
| 01-WATER | WA1-WATER | | | 0.00 | 09/16/2025 | | Penalty | | 2.48 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 09/16/2025 | | Penalty | | 3.05 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 09/16/2025 | | Penalty | | 3.00 |
| 08/27/2025 | 09/23/2025 | Meter Read | WATER | | | 5,000.00 | 5,000.00 | 0.00 | 1,073.30 |
| 08/21/2025 | 08/21/2025 | Bill Calculated | 07/01/25-07/31/25 | | | 0.00 | 0.00 | 70.85 | 1,073.30 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 09/15/2025 | | Billing | | 14.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 09/15/2025 | | Billing | | 20.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 1,800.00 | 09/15/2025 | | Billing | | 20.30 |
| 01-WATER | WA1-WATER | | | 1,800.00 | 09/15/2025 | | Billing | | 16.55 |
| 08/20/2025 | 08/20/2025 | Penalty | | | | 0.00 | 0.00 | 91.90 | 1,002.45 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 08/20/2025 | | Penalty | | 0.90 |
| 01-WATER | WA1-WATER | | | 0.00 | 08/20/2025 | | Penalty | | 27.84 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 08/20/2025 | | Penalty | | 61.66 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 08/20/2025 | | Penalty | | 1.50 |
| 08/14/2025 | 08/14/2025 | Bill Adjustment | Conversion Balance | | | 0.00 | 0.00 | 910.55 | 910.55 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/16/2025 | | Penalty | | 0.90 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/03/2025 | | Billing | | 6.02 |
| 09-WATER IMPROVEMENT PRO | WI-WATER IMPROVEMENT PRO | | | 0.00 | 07/16/2025 | | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/16/2025 | | Penalty | | 1.50 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/03/2025 | | Billing | | 10.02 |
| 07-SEWER CAPITAL RESERVE | SW4-SEWER CAPITAL RESERV | | | 0.00 | 07/16/2025 | | Billing | | 10.00 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 07/16/2025 | | Penalty | | 24.64 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 07/03/2025 | | Billing | | 164.71 |
| 02-SEWER | SW1-CITY METERED SW & RE | | | 0.00 | 07/16/2025 | | Billing | | 411.06 |
| 01-WATER | WA1-WATER | | | 0.00 | 07/16/2025 | | Penalty | | 11.73 |
| 01-WATER | WA1-WATER | | | 0.00 | 07/03/2025 | | Billing | | 78.40 |
| 01-WATER | WA1-WATER | | | 0.00 | 07/16/2025 | | Billing | | 185.57 |
| 07/31/2025 | 09/23/2025 | Meter Read Adj | WATER | | | 0.00 | (122,950.00) | 0.00 | 910.55 |
| 07/31/2025 | 08/06/2025 | Meter Read | WATER | | | 122,950.00 | 1,800.00 | 0.00 | 910.55 |
| 07/31/2025 | 08/04/2025 | Meter Read | WATER | | | 122,770.00 | 35,340.00 | 0.00 | 910.55 |
| 07/16/2025 | 07/21/2025 | Bill Calculated | 2025JUNE | | | 0.00 | 0.00 | 612.63 | 910.55 |

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number<br>Posted<br>Billing Item | Created | Service Address<br>Trx Info<br>Rate Name | Addl. Info | Billed Usage | Customer Name<br>Meter Read<br>Due Date | Usage<br>Transaction Type | History Amount | Account Balance<br>History Balance<br>Item Amount |
|---|---|---|---|---|---|---|---|---|
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/16/2025 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/16/2025 | Billing | | 10.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/16/2025 | Billing | | 411.06 |
| 01-WATER | | WA1-WATER | | 0.00 | 07/16/2025 | Billing | | 185.57 |
| 07/16/2025 | 07/16/2025 | Penalty | Penalty Transactio | | 0.00 | 0.00 | 38.77 | 297.92 |
| 06-PENALTY | | | | 0.00 | 07/16/2025 | Billing | | 38.77 |
| 07/03/2025 | 07/03/2025 | Payment Posted | CASH RKS | | 0.00 | 0.00 | (115.00) | 259.15 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/03/2025 | Billing | | (2.45) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/03/2025 | Billing | | (4.08) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/03/2025 | Billing | | (73.67) |
| 01-WATER | | WA1-WATER | | 0.00 | 07/03/2025 | Billing | | (34.80) |
| 07/02/2025 | 07/02/2025 | Payment Posted | CASH RKS | | 0.00 | 0.00 | (300.00) | 374.15 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 07/02/2025 | Billing | | (5.22) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 07/02/2025 | Billing | | (8.72) |
| 06-PENALTY | | | | 0.00 | 07/02/2025 | Billing | | (54.22) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 07/02/2025 | Billing | | (157.46) |
| 01-WATER | | WA1-WATER | | 0.00 | 07/02/2025 | Billing | | (74.38) |
| 06/30/2025 | 07/07/2025 | Meter Read | WATER | | 119,236.00 | 53,030.00 | 0.00 | 674.15 |
| 06/16/2025 | 06/25/2025 | Bill Calculated | 2025MAY | | 0.00 | 0.00 | 258.48 | 674.15 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 06/16/2025 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 06/16/2025 | Billing | | 10.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 06/16/2025 | Billing | | 164.28 |
| 01-WATER | | WA1-WATER | | 0.00 | 06/16/2025 | Billing | | 78.20 |
| 06/16/2025 | 06/16/2025 | Penalty | Penalty Transactio | | 0.00 | 0.00 | 42.36 | 415.67 |
| 06-PENALTY | | | | 0.00 | 06/16/2025 | Billing | | 42.36 |
| 06/03/2025 | 06/09/2025 | Meter Read | WATER | | 113,933.00 | 20,980.00 | 0.00 | 373.31 |
| 05/22/2025 | 05/23/2025 | Meter Read | WATER | | 111,835.00 | 23,140.00 | 0.00 | 373.31 |
| 05/16/2025 | 05/23/2025 | Bill Calculated | 2025APRIL | | 0.00 | 0.00 | 282.35 | 373.31 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 05/16/2025 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 05/16/2025 | Billing | | 10.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 05/16/2025 | Billing | | 180.91 |
| 01-WATER | | WA1-WATER | | 0.00 | 05/16/2025 | Billing | | 85.44 |
| 05/16/2025 | 05/16/2025 | Penalty | Penalty Transactio | | 0.00 | 0.00 | 11.86 | 90.96 |
| 06-PENALTY | | | | 0.00 | 05/16/2025 | Billing | | 11.86 |
| 05/12/2025 | 05/13/2025 | Payment Posted | CASH | | 0.00 | 0.00 | (200.00) | 79.10 |

HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number<br>Posted<br>Billing Item | Created | Service Address<br>Trx Info<br>Rate Name | Addl. Info | Billed Usage | Customer Name<br>Meter Read<br>Due Date | Usage<br>Transaction Type | History Amount | Account Balance<br>History Balance<br>Item Amount |
|---|---|---|---|---|---|---|---|---|
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 05/12/2025 | Billing | | (4.29) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 05/12/2025 | Billing | | (7.14) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 05/12/2025 | Billing | | (128.05) |
| 01-WATER | | WA1-WATER | | 0.00 | 05/12/2025 | Billing | | (60.52) |
| 04/21/2025 | 04/21/2025 | Payment Posted | CASH RKS | | 0.00 | 0.00 | (210.00) | 279.10 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 04/21/2025 | Billing | | (11.27) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 04/21/2025 | Billing | | (18.80) |
| 06-PENALTY | | | | 0.00 | 04/21/2025 | Billing | | (7.77) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 04/21/2025 | Billing | | (111.15) |
| 01-WATER | | WA1-WATER | | 0.00 | 04/21/2025 | Billing | | (61.01) |
| 04/16/2025 | 04/17/2025 | Bill Calculated | 2025March | | 0.00 | 0.00 | 280.14 | 489.10 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 04/16/2025 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 04/16/2025 | Billing | | 10.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 04/16/2025 | Billing | | 179.37 |
| 01-WATER | | WA1-WATER | | 0.00 | 04/16/2025 | Billing | | 84.77 |
| 04/16/2025 | 04/16/2025 | Penalty | Penalty Transactio | | 0.00 | 0.00 | 7.77 | 208.96 |
| 06-PENALTY | | | | 0.00 | 04/16/2025 | Billing | | 7.77 |
| 03/27/2025 | 03/28/2025 | Meter Read | WATER | | 109,521.00 | 22,940.00 | 0.00 | 201.19 |
| 03/18/2025 | 03/18/2025 | Bill Adjustment | Turn On Fee | | 0.00 | 0.00 | 25.00 | 201.19 |
| 03-TURN ON/OFF FEE | | | | 0.00 | 03/18/2025 | Billing | | 25.00 |
| 03/17/2025 | 03/18/2025 | Payment Posted | CASH RKS | | 0.00 | 0.00 | (1,000.00) | 176.19 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 03/17/2025 | Billing | | (25.67) |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 03/17/2025 | Billing | | (42.79) |
| 06-PENALTY | | | | 0.00 | 03/17/2025 | Billing | | (139.84) |
| 03-TURN ON/OFF FEE | | | | 0.00 | 03/17/2025 | Billing | | (25.00) |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 03/17/2025 | Billing | | (509.38) |
| 01-WATER | | WA1-WATER | | 0.00 | 03/17/2025 | Billing | | (257.32) |
| 03/16/2025 | 03/17/2025 | Penalty | Penalty Transactio | | 0.00 | 0.00 | 25.58 | 1,176.19 |
| 06-PENALTY | | | | 0.00 | 03/16/2025 | Billing | | 25.58 |
| 03/15/2025 | 03/19/2025 | Bill Calculated | 2025FEBRUARY | | 0.00 | 0.00 | 51.85 | 1,150.61 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | 0.00 | 03/15/2025 | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | 0.00 | 03/15/2025 | Billing | | 10.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | 0.00 | 03/15/2025 | Billing | | 20.29 |
| 01-WATER | | WA1-WATER | | 0.00 | 03/15/2025 | Billing | | 15.56 |
| 03/12/2025 | 03/12/2025 | Bill Adjustment | Turned off non-pay | | 0.00 | 0.00 | 25.00 | 1,098.76 |

# HISTORY REGISTER FOR CITY OF HARTFORD

| Account Number / Posted / Billing Item | Created | Rate Name | Service Address / Trx Info | Addl. Info | Billed Usage | Due Date | Customer Name / Meter Read | Usage / Transaction Type | History Amount | Account Balance / History Balance / Item Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 03/12/2025 | | Billing | | 12.50 |
| 01-WATER | | WA1-WATER | | | 0.00 | 03/12/2025 | | Billing | | 12.50 |
| 02/28/2025 | 03/19/2025 | | Meter Read | WATER | | | 107,227.00 | 2,280.00 | 0.00 | 1,073.76 |
| 02/16/2025 | 02/24/2025 | | Bill Calculated | 2025JANUARY | | | 0.00 | 0.00 | 170.52 | 1,073.76 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 02/16/2025 | | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 02/16/2025 | | Billing | | 10.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 02/16/2025 | | Billing | | 102.98 |
| 01-WATER | | WA1-WATER | | | 0.00 | 02/16/2025 | | Billing | | 51.54 |
| 02/16/2025 | 02/18/2025 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | 27.17 | 903.24 |
| 06-PENALTY | | | | | 0.00 | 02/16/2025 | | Billing | | 27.17 |
| 01/31/2025 | 02/20/2025 | | Meter Read | WATER | | | 106,999.00 | 13,020.00 | 0.00 | 876.07 |
| 01/16/2025 | 01/21/2025 | | Bill Calculated | 2024December | | | 0.00 | 0.00 | 181.13 | 876.07 |
| 09-WATER IMPROVEMENT PRO | | WI-WATER IMPROVEMENT PRO | | | 0.00 | 01/16/2025 | | Billing | | 6.00 |
| 07-SEWER CAPITAL RESERVE | | SW4-SEWER CAPITAL RESERV | | | 0.00 | 01/16/2025 | | Billing | | 10.00 |
| 02-SEWER | | SW1-CITY METERED SW & RE | | | 0.00 | 01/16/2025 | | Billing | | 110.38 |
| 01-WATER | | WA1-WATER | | | 0.00 | 01/16/2025 | | Billing | | 54.75 |
| 01/16/2025 | 01/16/2025 | | Penalty | Penalty Transactio | | | 0.00 | 0.00 | 32.56 | 694.94 |
| 06-PENALTY | | | | | 0.00 | 01/16/2025 | | Billing | | 32.56 |
| 01/03/2025 | 01/15/2025 | | Meter Read | WATER | | | 105,697.00 | 13,980.00 | 0.00 | 662.38 |

Billing Summary

| Billing Item | Billing | Sales Tax | Penalty | Interest | Total |
|---|---|---|---|---|---|
| 01-WATER | 1,073.93 | 0.00 | 73.99 | 0.00 | 1,147.92 |
| 02-SEWER | 2,201.85 | 0.00 | 147.18 | 0.00 | 2,349.03 |
| 03-TURN ON/OFF FEE | 0.00 | 0.00 | 7.50 | 0.00 | 7.50 |
| 06-PENALTY | 186.07 | 0.00 | 0.00 | 0.00 | 186.07 |
| 07-SEWER CAPITAL RESERVE | 190.02 | 0.00 | 18.00 | 0.00 | 208.02 |
| 09-WATER IMPROVEMENT PROJ | 124.02 | 0.00 | 12.30 | 0.00 | 136.32 |
| | 3,775.89 | 0.00 | 258.97 | 0.00 | 4,034.86 |

Receipting Summary

| Billing Item | Billing | Sales Tax | Penalty | Interest | Total |
|---|---|---|---|---|---|
| 01-WATER | (868.89) | 0.00 | 0.00 | 0.00 | (868.89) |
| 02-SEWER | (1,737.22) | 0.00 | 0.00 | 0.00 | (1,737.22) |
| 03-TURN ON/OFF FEE | (25.00) | 0.00 | 0.00 | 0.00 | (25.00) |
| 06-PENALTY | (201.83) | 0.00 | 0.00 | 0.00 | (201.83) |
| 07-SEWER CAPITAL RESERVE | (161.55) | 0.00 | 0.00 | 0.00 | (161.55) |
| 09-WATER IMPROVEMENT PROJ | (102.92) | 0.00 | 0.00 | 0.00 | (102.92) |
| | (3,097.41) | 0.00 | 0.00 | 0.00 | (3,097.41) |

Adjustment Summary

| Billing Item | Billing | Sales Tax | Penalty | Interest | Total |
|---|---|---|---|---|---|
| 01-WATER | 12.50 | 0.00 | 0.00 | 0.00 | 12.50 |
| 02-SEWER | 12.50 | 0.00 | 0.00 | 0.00 | 12.50 |
| 03-TURN ON/OFF FEE | 75.00 | 0.00 | 0.00 | 0.00 | 75.00 |
| | 100.00 | 0.00 | 0.00 | 0.00 | 100.00 |

Other Information

| Billing Item | Billing Usage | Adjusted Usage | Billing Units |
|---|---|---|---|
| 01-WATER | 50,800.00 | 0.00 | 15.00 |
| 02-SEWER | 50,800.00 | 0.00 | 15.00 |
| 03-TURN ON/OFF FEE | 0.00 | 0.00 | 2.00 |
| 06-PENALTY | 0.00 | 0.00 | 7.00 |
| 07-SEWER CAPITAL RESERVE | 0.00 | 0.00 | 14.00 |
| 09-WATER IMPROVEMENT PROJECT | 0.00 | 0.00 | 14.00 |
| | 101,600.000000 | 0.000000 | 67.00 |

GRAND TOTALS

| Billing Item | Billed | Adjusted | Penalty/Int | Receipt | Credit Xfer | Total |
|---|---|---|---|---|---|---|
| 01-WATER | 809.96 | 288.20 | 62.26 | (868.89) | 0.00 | 291.53 |
| 02-SEWER | 1,626.08 | 612.91 | 122.54 | (1,737.22) | 0.00 | 624.31 |
| 03-TURN ON/OFF FEE | 0.00 | 75.00 | 7.50 | (25.00) | 0.00 | 57.50 |
| 06-PENALTY | 0.00 | 0.00 | 186.07 | (201.83) | 0.00 | (15.76) |
| 07-SEWER CAPITAL RESE | 170.00 | 21.52 | 16.50 | (161.55) | 0.00 | 46.47 |
| 09-WATER IMPROVEMENT | 112.00 | 12.92 | 11.40 | (102.92) | 0.00 | 33.40 |

HISTORY REGISTER FOR CITY OF HARTFORD SUMMARY

| | | | | | | |
|---|---|---|---|---|---|---|
| | 2,718.04 | 1,010.55 | 406.27 | (3,097.41) | 0.00 | 1,037.45 |

(B) A dwelling using an existing well may continue to use the well as long as that well is functional, without repairs. At the time as the well becomes non-functioning or needs repair, the dwelling place shall be required to connect to the city water system.
(Ord. passed 11-24-2003) Penalty, see § 10.99

## § 51.10 PRIVATE WATER SUPPLY SYSTEMS.

(A) *Approval required.* No person shall install or maintain any private water supply system such as a well for a sprinkler system, within the city, without first obtaining approval from the City Commission. The approval will not be issued if the system is used for potable water.

(B) *Interconnection of private and city water systems.* There shall be no interconnection between any private water supply system and the city water system.

(C) *Installation of private wells.* Construction of any well must meet the requirements of M.C.L.A. §§ 333.12701 *et seq.*, as amended.
(Ord. passed 11-24-2003) Penalty, see § 10.99

## § 51.11 CROSS CONNECTION; INSPECTIONS.

It shall be the duty of the city to cause inspections to be made of all properties served by the public water supply where cross connections between a private water system and the public water supply is deemed possible. The frequency of inspections and reinspections based on potential health hazards involved shall be as established by the city.
(Ord. passed 11-24-2003)

## § 51.12 RIGHT OF CITY TO ACCESS FOR INSPECTION; REFUSAL DEEMED EVIDENCE OF CROSS CONNECTION.

The representative of the city shall have the right to enter at any reasonable time any property served by a connection to the public water supply system of the city for the purpose of inspecting the piping system thereof for cross connections. On request, the owner, lessee or occupants of any property so served shall furnish to the inspection agency any pertinent information regarding the piping system on the property. The refusal of the information or refusal of access, when requested, shall be deemed evidence of the presence of cross connections between a private water system and the public water system.
(Ord. passed 11-24-2003)

## § 51.13 DISCONTINUANCE OF SERVICE UNTIL ELIMINATION OF CROSS CONNECTION.

The city is hereby authorized and directed to discontinue water service after reasonable notice to any property wherein any connection in violation of this section exists, and to take the other precautionary measures deemed necessary to eliminate any danger of contamination of the public water supply system. Water service to the property shall not be restored until the cross connection has been eliminated in compliance with the provisions of this section.
(Ord. passed 11-24-2003)

## § 51.14 PROTECTION OF POTABLE WATER SUPPLY.

The potable water supply made available on the properties served by the public water supply shall be protected from possible contamination, as specified by this section and by the State and City Plumbing Codes. Any water outlet which could be sued for potable of domestic purposes and which is not supplied by the potable system must be labeled in a conspicuous manner as "water unsafe for drinking."
(Ord. passed 11-24-2003) Penalty, see § 10.99

## § 51.15 BONDING AND FINANCING OF WATER SYSTEM.

Because certain requirements as to bonding and financing the water system have been previously enacted, Ord. 157, adopted June 27, 1987 and on file in the offices of the city, is herein adopted by reference. When there is an inconsistency between this chapter and Ord. 157, Ord. 157 shall control. Ord. 157 shall automatically terminate upon the payment of the last sums due under that ordinance.
(1993 Code, § 5.28)

## § 51.16 PROVISIONS SUPPLEMENTAL TO STATE PLUMBING CODE.

This provisions of this chapter do not supersede the State Plumbing Code, but are supplementary to it.
(Ord. passed 11-24-03)

### *FEES AND CHARGES*

## § 51.30 WATER FURNISHED BY THE SYSTEM.

Water furnished by the system shall be measured by meters installed by the city. The rates established for the use of water furnished by the system shall be set by the city from time to time.

(B) Quarterly charges established for the use of city sewers shall be based upon § 52.08 of this chapter.
(1993 Code, § 5.63)

### § 52.24 CONNECTION FEE.

All connection to the system shall be made by the city and the city shall charge a fee for the connections as set forth in § 52.08.
(1993 Code, § 5.64)

### § 52.25 BILLING.

All bills shall be rendered to users monthly. If the bills are not paid within 30 days after the date rendered, a penalty of 15% of the amount of the bill shall be added and collected. Charges for sewer and water services may constitute a lien on the property served.
(1993 Code, § 5.65)

### § 52.26 REVISION OF RATES.

The rates hereby fixed are estimated to be sufficient to provide for the payment of operation and maintenance charges and replacement costs of the system. The rates shall be reviewed no later than the first regularly scheduled meeting of the City Council in the second month after the commencement of the city's fiscal year and the same may be revised and fixed by resolution of the City Council as may be necessary to produce the amounts required to pay the charges and expenditures and provide the funds. To effect this purpose, the Department of Public Works for the city shall prepare and present to the City Council annually at the time as they shall designate a complete financial report of the sewage treatment system, stating the expenses of the treatment. In addition to reviewing the rates to insure that they are providing sufficient revenue, the rates they shall be reviewed to insure that revenue is being generated by each user in proportion to the cost of providing the service to the particular user and to meet debt retirement.
(1993 Code, § 5.66)

### § 52.27 NO FREE SERVICE.

No free service shall be furnished by the system to any person, firm or corporation, public or private, or to any public agency or instrumentality.
(1993 Code, § 5.67)

(C) *Equivalent user factor.* Each premises other than a single-family residence shall pay a connection charge multiplied by a factor representing a ratio of sewage used by the class of premises to normal single-family residential use.

(D) *Payment of connection charge.* Connection charges as set forth above shall be due and payable upon connection to the systems. The charges, however, may be payable on yearly installments not to exceed 20 in number. Interest at the rate of 8% per annum shall be charged on the unpaid balance of the connection charge. If paid in installments, the first installment of the connection charge shall be payable on connection and all subsequent installments plus interest shall be payable on December 1 of each succeeding year.

(E) *Pumping and filling of septic tanks and dry wells.* Within 60 days after connection to the systems, all existing septic tanks and dry wells shall be pumped and filled with sand in accordance with Van Buren County Health Department requirements. No new or replacement septic tanks and/or dry wells shall be added.

(F) *Plugging of water wells.* Within 90 days of connection to the water distribution system, all existing water wells, with the exception of wells used exclusively for irrigation, shall be plugged and closed in accordance with Van Buren County Health Department requirements. No new or replacement septic tanks and/or dry wells shall be added.

(G) *Future connections.* Future connections shall be at a cost as determined in Ord. 41, on file in the offices of the city, plus 20%. A future connection shall be any connection requested after January 1, 2002. Before connection to the systems, all users shall obtain a permit for connection from the City Building Inspector at a cost to be determined by the City Administration and subject to modification from time to time. The permit applications shall include a diagram of the proposed connections prepared by the applicant. Before covering the connections, the Building Inspector shall certify the diagram and allow cover to take place.
(1993 Code, § 5.71)

## § 52.43 ENFORCEMENT.

(A) The connection fees, which are under the provisions of Public Act 94 of 1933, M.C.L.A. § 21, as amended, shall become a lien on all premises served thereby, unless notice is given that a tenant is responsible, are hereby recognized to constitute the lien, and whenever any charge against any piece of property shall be delinquent for 6 months, the city officials in charge of the collection thereof shall certify annually, on August 1 of each year, to the tax assessing officer of the city the facts of the delinquency, whereupon the charge shall be by him entered upon the next tax roll as a charge against the premise and shall be collected and the lien thereof enforced in the same manner as general city taxes against the premises are collected and the lien thereof enforced. Provided, however, where notice is given that a tenant is responsible for the charges and service as provided by Public Act 94 of 1933, M.C.L.A. § 21, as amended, no further services shall be rendered to the premises until a cash deposit in the amount of $600 shall have been made as security for payment of the charges and service.

(B) In addition to the foregoing, the city shall have the right to shut off sewer and/or water services to any premises for which charges for sewer and/or water services are more than 1 year delinquent, and the services shall not be reestablished until all delinquent charges and penalties and a turn-on charge, to be specified by the city, have been paid. Further, the city may recover the charges and penalties through court action.
(1993 Code, § 5.72)

### § 52.44 APPLICATION OF FEES.

The connection fees hereby fixed are estimated to be sufficient to provide for the payment of the expenses of construction, administration and operation, the expenses for maintenance of the systems as are necessary to preserve the same in good repair and working order, to provide for the payment of the contractual obligations of the city relating to the systems.
court action.
(1993 Code, § 5.73)

### § 52.45 EXEMPTIONS.

The following premises within the Center Street Extension are exempt from this mandatory connection subchapter until its present system fails:

| *Name* | *Address* | *Tax ID No.* |
|---|---|---|
| House | 60440 CR 687<br>Hartford, MI | 8052-821-003-00 |

(1993 Code, § 5.74)

## § 51.33 BILLING.

All bills shall be rendered to users on a monthly basis. If the bills are not paid within 30 days after the date rendered, a service charge of 15% of the amount of the bill shall be added to the original bill.
(1993 Code, § 5.5)

## § 51.34 ENFORCEMENT.

(A) The city shall have the right to shut off and discontinue the supply of water to any premises where bills are unpaid for 30 days or more from the date rendered. The service shall be shut-off in those cases after a 5 day "shut off notice" has been sent. Shut off charges and turn-on charges as set from time to time by the city shall be collected in addition to the amount of the delinquent bill, before water service is turned on.

(B) Charges for water service shall constitute a lien on the property served. On or before March 1 of each year, the office in charge of collection of the charges shall deliver to the tax assessing officer a certified statement of all water charges then 6 months past due and unpaid. The tax assessing officer shall then place the charges on the next general tax roll and the same shall be collected as part of the general city taxes. Suit may be immediately commenced for those fees owing outside of the city.
(1993 Code, § 5.6)

## § 51.35 RATE CHARGES.

The rates fixed, as set from time to time by the city, are estimated to be sufficient to provide for the payment of the expenses of administration and operation and the expenses for maintenance of the system as are necessary to preserve the same in good repair and working order, to provide for the payment of the interest upon and the principal of all the bonds as and when the same become due and payable, and the creation of the reserve therefore required by this chapter, and to provide for the other expenditures and funds for the system as this chapter may require. The rates shall be fixed and revised from time to time as may be necessary.
(1993 Code, § 5.8)

MICHIGAN LEGISLATURE

Michigan Compiled Laws Complete Through PA 38 of 2025

Senate adjourned until Wednesday, January 14, 2026 12:00 PM

House adjourned until Wednesday, January 14, 2026 12:00 PM

Home Legislature Laws More Sign Up Log In

# MCL - Section 750.478a

Download Section

Chapter 750

Act 328 of 1931

328-1931-LXX

◀ Previous Section Next Section ▶

**THE MICHIGAN PENAL CODE (EXCERPT)**
**Act 328 of 1931**

**750.478a Legal process; intimidation, hindering, or obstruction of public officer or employee.**

Sec. 478a.

(1) A person shall not attempt to intimidate, hinder, or obstruct a public officer or public employee or a peace officer in the discharge of his or her official duties by a use of unauthorized process.

(2) Except as provided in subsection (3), a person who violates subsection (1) is guilty of a misdemeanor punishable by imprisonment for not more than 2 years or a fine of not more than $1,000.00, or both.

(3) A person who violates subsection (1) after 1 or more prior convictions for violating subsection (1) is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $2,000.00, or both.

(4) This section does not apply to a lien authorized under a statute of this state.

(5) This section does not prohibit a person from being charged with, convicted of, or sentenced for any other violation of law that individual commits while violating this section.

(6) This section does not prohibit individuals from assembling lawfully or lawful free expression of opinions or designation of group affiliation or association.

(7) As used in this section:

(a) "Lawful tribunal" means a tribunal created, established, authorized, or sanctioned by law or a tribunal of a private organization, association, or entity to the extent that the organization, association, or entity seeks in a lawful manner to affect

only the rights or property of persons who are members or associates of that organization, association, or entity.

(b) "Legal process" means a summons, complaint, pleading, writ, warrant, injunction, notice, subpoena, lien, order, or other document issued or entered by or on behalf of a court or lawful tribunal or lawfully filed with or recorded by a governmental agency that is used as a means of exercising or acquiring jurisdiction over a person or property, to assert or give notice of a legal claim against a person or property, or to direct persons to take or refrain from an action.

(c) "Public employee" means an employee of this state, an employee of a city, village, township, or county of this state, or an employee of a department, board, agency, institution, commission, authority, division, council, college, university, court, school district, intermediate school district, special district, or other public entity of this state or of a city, village, township, or county in this state, but does not include a person whose employment results from election or appointment.

(d) "Public officer" means a person who is elected or appointed to any of the following:

(i) An office established by the state constitution of 1963.

(ii) A public office of a city, village, township, or county in this state.

(iii) A department, board, agency, institution, commission, court, authority, division, council, college, university, school district, intermediate school district, special district, or other public entity of this state or a city, village, township, or county in this state.

(e) "Unauthorized process" means either of the following:

(i) A document simulating legal process that is prepared or issued by or on behalf of an entity that purports or represents itself to be a lawful tribunal or a court, public officer, or other agency created, established, authorized, or sanctioned by law but that is not a lawful tribunal or a court, public officer, or other agency created, established, authorized, or sanctioned by law.

(ii) A document that would otherwise be legal process except that it was not issued or entered by or on behalf of a court or lawful tribunal or lawfully filed with or recorded by a governmental agency as required by law. However, this subparagraph does not apply to a document that would otherwise be legal process but for 1 or more technical defects, including, but not limited to, errors involving names, spelling, addresses, or time of issue or filing or other defects that do not relate to the substance of the claim or action underlying the document.

**History:** Add. 1998, Act 360, Eff. Jan. 1, 1999

Acceptable Use Policy Privacy Policy DMCA Policy Comment Form
Legislative Directory Accessibility Site Map

Bills Meetings Laws

The Michigan Legislature Website is a free service of the Legislative Service Bureau in cooperation with the Michigan Legislative Council, the Michigan House of Representatives, the Michigan Senate, and the Library of Michigan. This site is intended to provide accurate and timely legislative information to the citizens of the State of Michigan and other interested parties. Additional historical documents can be found at

MICHIGAN LEGISLATURE

Michigan Compiled Laws Complete Through PA 38 of 2025

Senate adjourned until Wednesday, January 14, 2026 12:00 PM House adjourned until Wednesday, January 14, 2026 12:00 PM

Home Legislature Laws More Sign Up Log In

# MCL - Section 750.282

Download Section

Chapter 750

Act 328 of 1931

328-1931-XLIII

◀ Previous Section Next Section ▶

**THE MICHIGAN PENAL CODE (EXCERPT)**
**Act 328 of 1931**

**750.282 Offenses against water, steam, electric, or gas companies, or propane gas dealers or distributors, and boards or municipalities owning or operating plants; misdemeanor; felony; civil action not impaired by criminal prosecution; presumption; prima facie evidence of violation.**

Sec. 282.

(1) A person shall not do any of the following:

(a) Willfully or fraudulently injure, or fraudulently allow to be injured, a meter, wire, line, pipe, or appliance belonging to a water, steam, electric, or gas company, or propane gas dealer or distributor.

(b) Willfully or fraudulently prevent a water, steam, electric, gas, or propane gas meter belonging to a water, steam, electric, or gas company, or propane gas dealer or distributor from duly registering the quantity of water, steam, electric current, gas, or propane gas measured through the meter, or in any way hinder or interfere with the meter's proper action or just registration.

(c) Attach a line, wire, or pipe to a line, wire, pipe, or main belonging to a water, steam, electric, or gas company, or propane gas dealer or distributor. This subdivision does not apply to the use of a ground wire to ground an electrical system.

(d) Willfully or fraudulently interfere with a pressure regulator device on a propane gas tank or incorporated into a propane gas system.

(e) Use or burn or cause to be used or burned any water, steam, electric current, gas, or propane gas supplied by a water, steam, electric, or gas company, or propane gas dealer or distributor, without the written consent of the company or the propane gas dealer or distributor, or the authorized agent or officer of the company or the propane gas dealer or distributor, unless the water, steam, electric current, gas, or propane gas passes through a meter or is measured by a meter set by the company or the propane gas dealer or distributor; fraudulently use the water, steam, electric current, gas, or propane gas, or fraudulently waste the water, steam, electric current, gas, or propane gas supplied by a water, steam, electric, or gas company, or propane gas dealer or distributor.

(2) A person who violates subsection (1) is guilty of a misdemeanor if the value of the water, steam, electric current, gas, or propane gas used, burned, or wasted, or the damage caused, as a result of the violation, is not more than $500.00. A person who violates subsection (1) is guilty of a felony if the value of the water, steam, electric current, gas, or propane gas used, burned, or wasted, or the damage caused, as a result of the violation, is more than $500.00.

(3) A criminal prosecution under this section shall not in any way impair the right of the company or the propane gas dealer or distributor to full compensation in damages by civil action.

(4) The provisions of this section shall extend and apply to all offenses against all water, steam, electric, or gas companies, or propane gas dealers or distributors, and boards or municipalities owning or operating plants for producing, manufacturing, furnishing, transmitting, or conducting water, steam, electricity, or gas, either natural, liquefied, or artificial.

(5) A person who attaches any line, wire, or pipe or any other device or process to any line, wire, or pipe of a water, steam, electric, or gas company, or propane gas dealer or distributor which interferes with the proper operation and just registration of a meter within the meaning of this section, or who interferes with a pressure regulator device on a propane gas tank or incorporated into a propane gas system, is presumed to do so with intent to avoid, or to enable another to avoid, payment for the service involved.

(6) In all prosecutions under this section, proof that the defendant, other than a lessor, had control of or occupied the premises where the offense was committed, or received the benefit of the water, steam, electric current, gas, or propane gas used or consumed, shall be prima facie evidence of a violation of this section.

**History:** 1931, Act 328, Eff. Sept. 18, 1931 ;-- CL 1948, 750.282 ;-- Am. 1984, Act 37, Eff. Apr. 12, 1984 ;-- Am. 1987, Act 32, Eff. Mar. 30, 1988

**Former Law:** See section 2 of Act 277 of 1911, being CL 1915, § 15362; and CL 1929, § 17043.

Acceptable Use Policy Privacy Policy DMCA Policy Comment Form Legislative Directory Accessibility Site Map

Bills Meetings Laws

The Michigan Legislature Website is a free service of the Legislative Service Bureau in cooperation with the Michigan Legislative Council, the Michigan House of Representatives, the Michigan Senate, and the Library of Michigan. This site is intended to provide accurate and timely legislative information to the citizens of the State of Michigan and other interested parties. Additional historical documents can be found at https://www.michigan.gov/libraryofmichigan. The information obtained from this site is not intended to replace official versions of that information and is subject to revision. The Legislature presents this information, without warranties, express or implied, regarding the accuracy of the information, timeliness, or completeness. If you believe the information is inaccurate, out-of-date, or incomplete or if you have problems accessing or reading the information, please send your concerns to the appropriate agency using the online Comment Form in the bar above this text.

# MCL - Section 750.383a

Download Section

Chapter 750

Act 328 of 1931

328-1931-LVI

◀ Previous Section Next Section ▶

**THE MICHIGAN PENAL CODE (EXCERPT)**
**Act 328 of 1931**

**750.383a Destruction of certain property used in connection with appliance or component of electric, telecommunication, or natural gas infrastructure that is property of utility; violation; penalty; "utility" defined.**
Sec. 383a.

A person, without lawful authority, shall not willfully cut, break, obstruct, injure, destroy, tamper with or manipulate, deface, or steal any machinery, tools, equipment, telephone line or post, telegraph line or post, telecommunication line, tower, or post, electric line, post, tower or supporting structures, electric wire, insulator, switch, or signal, natural gas pipeline, water pipeline, steam heat pipeline or the valves or other appliances or equipment appertaining to or used in connection with those lines, or any other appliance or component of the electric, telecommunication, or natural gas infrastructure that is the property of a utility. A person who violates this section is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not more than $5,000.00, or both. As used in this section, "utility" includes any pipeline, gas, electric, heat, water, oil, sewer, telephone, telegraph, telecommunication, radio, railway, railroad, airplane, transportation, communication or other system, whether or not publicly owned, that is operated for the public use.

**History:** Add. 1941, Act 190, Imd. Eff. June 16, 1941 ;-- Am. 1947, Act 61, Imd. Eff. Apr. 28, 1947 ;-- CL 1948, 750.383a ;-- Am. 2008, Act 413, Eff. Mar. 1, 2009



The Michigan Legislature Website is a free service of the Legislative Service Bureau in cooperation with the Michigan Legislative Council, the Michigan House of Representatives, the Michigan Senate, and the Library of Michigan. This site is intended to provide accurate and timely legislative information to the citizens of the State of Michigan and other

interested parties. Additional historical documents can be found at https://www.michigan.gov/libraryofmichigan. The information obtained from this site is not intended to replace official versions of that information and is subject to revision. The Legislature presents this information, without warranties, express or implied, regarding the accuracy of the information, timeliness, or completeness. If you believe the information is inaccurate, out-of-date, or incomplete or if you have problems accessing or reading the information, please send your concerns to the appropriate agency using the online Comment Form in the bar above this text.

MICHIGAN LEGISLATURE

Michigan Compiled Laws Complete Through PA 38 of 2025

Senate adjourned until Wednesday, January 14, 2026 12:00 PM House adjourned until Wednesday, January 14, 2026 12:00 PM

Home Legislature Laws More Sign Up Log In

# MCL - Section 750.81e

Download Section

Chapter 750

Act 328 of 1931

328-1931-XI

◀ Previous Section Next Section ▶

**THE MICHIGAN PENAL CODE (EXCERPT)**
**Act 328 of 1931**

**750.81e Assault or battery of employee or contractor of public utility; violation as misdemeanor or felony; penalty; other violations; definitions.**
Sec. 81e.

(1) Except as otherwise provided in this section, a person who assaults, batters, or assaults and batters an individual while the individual is performing his or her duties as an employee or contractor of a public utility or because of the individual's status as an employee or contractor of a public utility is guilty of a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00, or both.

(2) A person who assaults, batters, or assaults and batters an individual while the individual is performing his or her duties as an employee or contractor of a public utility or because of the individual's status as an employee or contractor of a public utility causing the individual bodily injury requiring medical attention or medical care is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $1,000.00, or both.

(3) A person who assaults, batters, or assaults and batters an individual while the individual is performing his or her duties as an employee or contractor of a public utility or because of the individual's status as an employee or contractor of a public utility causing the individual serious impairment of a body function is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not less than $1,000.00 or more than $5,000.00, or both.

(4) This section does not prohibit a person from being charged with, convicted of, or punished for any other violation of law arising out of the same transaction as the violation of this section.

(5) As used in this section:

(a) "Public utility" means a utility that provides steam, gas, heat, electricity, water, cable television, telecommunications services, or pipeline services, whether privately, municipally, or cooperatively owned.

(b) "Serious impairment of a body function" means that term as defined in section 58c of the Michigan vehicle code, 1949 PA 300, MCL 257.58c.

**History:** Add. 2010, Act 131, Eff. Oct. 19, 2010

Acceptable Use Policy Privacy Policy DMCA Policy Comment Form Legislative Directory
Accessibility Site Map

Bills Meetings Laws

The Michigan Legislature Website is a free service of the Legislative Service Bureau in cooperation with the Michigan Legislative Council, the Michigan House of Representatives, the Michigan Senate, and the Library of Michigan. This site is intended to provide accurate and timely legislative information to the citizens of the State of Michigan and other interested parties. Additional historical documents can be found at https://www.michigan.gov/libraryofmichigan. The information obtained from this site is not intended to replace official versions of that information and is subject to revision. The Legislature presents this information, without warranties, express or implied, regarding the accuracy of the information, timeliness, or completeness. If you believe the information is inaccurate, out-of-date, or incomplete or if you have problems accessing or reading the information, please send your concerns to the appropriate agency using the online Comment Form in the bar above this text.

# EXHIBIT AC

2:31

Hartford Michigan Happenings
Tony Hadley · Jan 14 ·

# PUBLIC NOTICE TO HARTFORD RESIDENTS — WATER QUALITY & DISCLOSURE TIMELINE

This is not about a water bill.

This is about water safety, transparency, and delayed disclosure.

In 2019, PFAS contamination was formally identified in the Hartford area. That discovery triggered a legal duty for the City of Hartford to evaluate the integrity of its entire drinking water system — including older infrastructure known to contain lead and galvanized service lines.

Between 2019 and 2025, the City of Hartford:

- Accepted millions of dollars in public funding for water-related infrastructure projects
- Retained professional engineering and environmental firms to inspect and manage water system conditions
- Conducted verified service line inspections and asset management work
- Publicly acknowledged inspection progress prior to 2025

When a city hires experts with public funds to investigate its water system, the law treats what those experts find — or reasonably should have found — as knowledge of the City itself. That responsibility cannot be delayed, delegated, or avoided.

Yet many residents were not notified of lead or galvanized service line risks until December 31, 2025 — years after investigations began and more than a year after the City

Comment as Tony H...

2:32 1 of 1

Hartford Michigan Happenings
Tony Hadley · Jan 14 ·

Yet many residents were not notified of lead or galvanized service line risks until December 31, 2025 — years after investigations began and more than a year after the City confirmed that verification work was already underway.

This leaves only two possibilities:

- If the City did not know about lead or galvanized service line risks after 2019, then it failed its legal duty to investigate a compromised system.
- If the City did know, then it failed its legal duty to warn residents in a timely manner.

Either way, responsibility rests with the City — not with residents.

This conclusion is not speculation. It is supported by the City's own public records, including meeting minutes, funding approvals, engineering contracts, and official reports acknowledging inspection progress before 2025.

Residents should not need to decode paperwork or wait for year-end notices to learn about risks in their drinking water. Transparency is a legal obligation — not a last-minute formality.

📌 SOURCE NOTES FOR RESIDENTS

- 2019 — PFAS contamination identified in the Hartford area (EGLE investigations; Du-Wel site vicinity)
- May 9, 2023 — Special Business Meeting
- Agenda Item: Hartford Township Water Main Extension (PFAS)

Comment as Tony H...

2:32 1 of 1

Hartford Michigan Happenings
Tony Hadley · Jan 14 ·

- Agenda Item: Hartford Township Water Main Extension (PFAS)
- Amount Approved: $2,137,854
- Contractor: Harris ConAg, LLC
- Source: Special Meeting Minutes, Old Business section
- 2021–2024 — Engineering and environmental work conducted
- Firms: Wightman & Associates; Plummer's Environmental
- Purpose: Asset management and service line verification
- November 2024 — City Manager Report
- Statement: "The original 20% of service inspections has been completed... approximately 67 out of 128 properties identified."
- December 31, 2025 — Lead / galvanized service line notices issued to residents

27 29

Most relevant

**Helen Sullivan**
As far as the rate increase..
The increase is on the sewage side of your bill. Improvements cost and as we all know the cost of everything has gone up. City governments are not immune to these cost increases.
All the water that goes down your drain, your toilet or on your lawn is charged the sewer charge.
What can you do....
Stop letting the water run...brushing your teeth, doing dishes, shaving, letting the

Comment as Tony H...

# EXHIBIT AD

Today

8:02

We L❤ve Hartford Michigan
Tony Hadley · 23h

Jane Danger
Kelly Jo Klutts Glassnor please note that Mr Hadley has not been paying his bills on time and has accrued many outstanding late fees....
7h Like Reply

Kelly Jo Klutts Glassnor
Jane Danger yeah there are some they can't afford the water
1h Like Reply

Write a reply...

Write a reply...

Charlene Clark Sikes Admin
What does that have to do with what he posted? Does paying the bill on time change anything he posted about?:
22m Like Reply

Charlene Clark Sikes Admin
Also is it public knowledge whet[...] person is behind on a bill? Is ther[...]

Comment publicly as...


Today
7:53
We L❤ve Hartford Michigan
Tony Hadley · 23h
Charlene Clark Sikes Admin
What does that have to do with what he posted? Does paying the bill on time change anything he posted about?:
13m Like Reply
Write a reply...
Charlene Clark Sikes Admin
Also is it public knowledge whether a person is behind on a bill? Is there a place i can go to see that information? If not, then it should not be put out there by a city official.
2m Like Reply
Tony Hadley
Mayor Danger —
My post addresses documented water quality findings, inspection timelines, and public disclosure obligations. It does not reference, invite, or require discussion of any resident's personal billing information.
Publicly citing a resident's alleged account status—particularly when that account is under formal dispute—raises serious concerns about the appropriate use of administrative
Comment publicly as...

# Exhibit B

STATE OF MICHIGAN
IN THE 36th JUDICIAL CIRCUIT COURT FOR THE COUNTY OF VAN BUREN

ANTONIO HADLEY,
Plaintiff,

v.

CITY OF HARTFORD,
Defendant.

Hon. Susan Metzger
Case No. 2026-75527-CZ

______________________________________/

**OPINION AND ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANT'S MOTION FOR SUMMARY DISPOSITION**

## PROCEDURAL POSTURE

Plaintiff Antonio Hadley filed a Complaint *in pro per* on February 12, 2026, alleging a violation of the Freedom of Information Act and seeking injunctive relief to prevent Defendant City of Hartford from shutting off water service to the residence of Plaintiff and his family. Plaintiff alleges a discrepancy in water meter readings contemporaneous with a significant utility meter replacement project undertaken by Defendant. Plaintiff filed his Motion for Ex Parte Temporary Restraining Order the same day, which the Court granted on February 13, 2026. The matter presents three counts: a Freedom of Information Act claim (Count I); a dispute over the cause of the water meter reading discrepancies and the resulting billing, pled as a claim for injunctive relief (Count II); and an abuse of process claim arising from Defendant's actions to access Plaintiff's meter (Count III). Defendant has brought a motion for summary disposition pursuant to MCR 2.116(C)(10) seeking dismissal of all three of Plaintiff's counts.

Discovery in Michigan is open and broad, encompassing any non-privileged matter relevant to a party's claims or defenses, subject only to a protective order on a showing of annoyance, embarrassment, oppression, or undue burden. MCR 2.302(B)(1), (C); *Reed Dairy Farm v Consumers Power Co*, 227 Mich App 614, 616; 576 NW2d 709 (1998); *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 398; 872 NW2d 223 (2015). Decisions on discovery are reviewed for abuse of discretion. *Reed Dairy Farm*, 227 Mich App at 616. Summary disposition under MCR 2.116(C)(10) is generally premature when granted before discovery on a disputed issue is complete. *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009) (footnote omitted). A party who proceeds *in propria persona* is held to the same standards as a member of the bar and is not excused from complying with the court rules. *Totman v Sch Dist of Royal Oak*, 135 Mich App 121, 126; 352 NW2d 364 (1984); *Bachor v Detroit*, 49 Mich App 507, 512; 212 NW2d 302 (1973). Although Michigan courts may extend pro se litigants reasonable procedural accommodation in the interest of fairness, this is a matter of judicial discretion rather than an entitlement to relaxed substantive standards. MICH CODE JUD CONDUCT, Canon 3(A)(4). Michigan law generally favors the determination